

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

June 12, 2019

<u>**Via CM/ECF and Electronic Mail**</u>

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   <u>*Moore, et al v. Cohen, et al.*, **1:19-cv-4977-ALC**</u>

Dear Judge Carter:

    We represent Defendants Sacha Baron Cohen, Showtime Networks Inc. ("SNI"), and CBS Corporation ("CBS") (collectively, "Defendants") in the above-referenced case.  We write pursuant to Rule 2.A of Your Honor's Individual Practices to request a pre-motion conference before making a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

    Plaintiffs bring claims for defamation, intentional infliction of emotional distress, and fraud arising out of Plaintiff Judge Roy Moore's appearance in a comedy television program called "Who Is America?" ("Program"), which was created by and stars Defendant Cohen and aired on the Showtime cable network (which is owned by SNI, a wholly owned subsidiary of CBS).  As a condition to appear in the Program, Judge Moore signed a Standard Consent Agreement (the "SCA"). This action was transferred from the U.S. District Court for the District of Columbia under 28 U.S.C. § 1404(a) pursuant to the venue selection clause in the SCA.

    As set forth herein, Plaintiffs' claims fail as a matter of law for two reasons: <u>First</u>, the claims are barred by the express terms of a waiver contained in the SCA.  <u>Second</u>, independent of his waiver, each of the claims fails on its merits under well settled law.

**<u>Background</u>**

    Defendant Cohen is a comedian, actor, writer and producer, who is best known for projects which, like the Program, record the reactions of real Americans to the outrageous antics of various fictional characters played by Cohen himself, such as the films *Borat* and *Bruno* and the television program *Da Ali G Show*.  Judge Moore served as the Chief Justice of the Alabama Supreme Court and was the Republican nominee for the U.S. Senate in a 2017 special election.  Plaintiff Kayla Moore, his wife, is an active figure in Alabama politics as well.  During his Senate campaign, Judge Moore was confronted with widely reported claims that he had initiated inappropriate sexual encounters with young women—including one who was underage at the time—in the 1970s, while he was in his 30s.  In December 2017, Judge Moore lost the election.

    In February 2018, Judge Moore was interviewed for a segment of the Program, in which Mr. Cohen appeared in character as "Erran Morad," an Israeli anti-terrorism expert.  The segment opens with a montage of television news anchors reporting on the accusations of sexual misconduct against Judge Moore, before cutting to the interview itself.  During the interview,

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

"Morad" discusses the Israeli military's use of technology to fight terrorist attacks. Morad shows Judge Moore a device (that looks like a hand-held metal detector used at security checkpoints) that is supposedly able to detect the presence of sex offenders and pedophiles in the vicinity. When Morad waves the device in front of Judge Moore, it audibly "beeps," suggesting the widely-reported allegations of sexual misconduct by Judge Moore. Judge Moore quickly cuts off the interview and leaves as Morad insists that the device must be malfunctioning, saying "I am not saying you are a sex offender at all."[1]

**Basis for the Motion**

### A.    The Claims Are Barred By the Consent Agreement Signed by Judge Moore

Plaintiffs' claims fail first because the SCA signed by Judge Moore expressly provides that he "***waives, and agrees not to bring at any time in the future, any claims***" against anyone associated with the Program, specifically identifying the exact claims he has asserted in this action (defamation, infliction of emotional distress and fraud). SCA ¶ 4 (emphasis added). New York courts routinely grant motions to dismiss, enforcing similar waiver agreements, in actions brought by unsatisfied film and television participants,[2] and the result here should be no different.[3]

Plaintiffs have attempted to avoid enforcement of the SCA by arguing that it was induced by fraud because Judge Moore was allegedly told he was being interviewed for a documentary in connection with his receipt of an award for his support of the State of Israel. However, that argument is squarely foreclosed by the SCA, which provides that "in entering into [the SCA], ***the Participant is not relying upon any promises or statements made by anyone about the nature of the Program or the identity, behavior, or qualifications of any other Participants***, *cast members, or other persons involved in the Program*." SCA ¶ 5 (emphasis added). Here, each of the allegedly false or fraudulent statements made to Plaintiffs concerned the "nature of the Program" and "identity" of those "involved in the Program." Under the clear terms of the SCA, Plaintiffs cannot claim to have reasonably relied on those statements.

In fact, this exact same fraudulent inducement argument was rejected by this Court and the Second Circuit in litigation arising out of Mr. Cohen's *Borat* film, in which the participants signed agreements almost identical to the SCA. Judge Preska readily dismissed the plaintiffs' claims pursuant to the same waiver language, and the Second Circuit affirmed. *See Psenicska v. Twentieth Century Fox Film Corp.*, No. 07 Civ. 10972, 2008 WL 4185752 (S.D.N.Y. Sept. 3, 2008), *aff'd*, 409 F. App'x 368 (2d Cir. 2009). As the Second Circuit held, "where a plaintiff 'has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded,' the disclaimer 'destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon those

---

[1] The segment can be viewed in its entirety on YouTube at https://youtu.be/3kaJaDx51iw.

[2] *See, e.g.*, *Bihag v. A&E Television Networks, LLC*, 669 F. App'x 17, 18 (2d Cir. 2016); *Psenicska*, 409 F. App'x at 371; *Shapiro v. NFGTV, Inc.*, No. 16 Civ. 9152 (PGG), 2018 WL 2127806 (S.D.N.Y. Feb. 9, 2018); *Klapper v. Graziano*, 129 A.D.3d 674, 676 (2d Dep't 2015), *leave to appeal denied*, 30 N.Y.3d 988 (2017).

[3] Although only Judge Moore signed the SCA, Ms. Moore's claims are wholly derivative of Judge Moore's claims and also fail. *See, e.g., Sylvester v. City of N.Y.*, 385 F. Supp. 2d 431, 442 (S.D.N.Y. 2005) (holding that emotional distress claim cannot be based on "false statements … directed at the plaintiffs' family member, but not the plaintiffs").

contrary oral representations.'" 409 F. App'x at 371 (citation omitted).  In short, under the SCA and the law of this Circuit, the claims are waived and the case must be dismissed.[4]

### B. The Claims Also Fail as a Matter of Law

Even apart from the SCA's clear waiver, Plaintiffs' claims also fail as a matter of law. Plaintiffs claim that Defendants defamed Judge Moore by "representing and publishing … that Judge Moore [was] a pedophile and sex offender."  Compl. ¶ 27. However, this ignores the context of the challenged statements.  After a montage of news reports of the allegations against Judge Moore, Cohen, as a fictional Israeli intelligence officer, uses an obviously fake "device," in the context of a satirical comedy television show. It is well settled that a libel claim must be premised on a provably false statement of *fact* about the plaintiff.  And no reasonable viewer of *Who Is America?* would reasonably believe that comedian Sacha Baron Cohen had procured an authentic "sex offender detector" wand, and was "publishing," as a matter of provable fact, that Judge Moore was a sex offender or pedophile. Instead, viewers would understand the Program to be satirical political commentary about widely publicized allegations against a public figure.

A long line of cases protects political satire like this, including the Supreme Court's decision in *Hustler Magazine, Inc. v. Falwell*, where the Court explained that

> The sort of robust political debate encouraged by the First Amendment is bound to produce speech that is critical of those who hold public office … Such criticism, inevitably, will not always be reasoned or moderate; public figures … will be subject to vehement, caustic, and sometimes unpleasantly sharp attacks. The candidate who vaunts his spotless record and sterling integrity cannot convincingly cry "Foul!" when an opponent or an industrious reporter attempts to demonstrate the contrary.

485 U.S. 46, 50, 51-52 (1988) (citations omitted) (dismissing emotional distress claim over parody advertisement about Jerry Falwell that "could not reasonably have been interpreted as stating actual facts" about him); *see also Farah v. Esquire Magazine*, 736 F.3d 528, 536 (D.C. Cir. 2014) (affirming dismissal of libel claims over article that was "fully protected satire").[5]

We look forward to discussing these issues further with Your Honor at the conference.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara


cc:    Plaintiffs' counsel (via CM/ECF and email)

---

[4] Plaintiffs have raised a variety of other arguments to avoid enforcement of the SCA.  As Defendants will explain in their motion to dismiss, none of these arguments remotely passes muster.

[5] In addition, Plaintiffs' fraud and emotional distress claims are based entirely on the purported harm to Judge Moore's reputation, and therefore must be dismissed along with his libel claim.  *See, e.g., Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 530 n.10 (S.D.N.Y. 2013) (collecting cases).