

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

June 27, 2019

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Moore, et al v. Cohen, et al.*, **1:19-cv-4977-ALC**

Dear Judge Carter:

  We represent Defendants Sacha Baron Cohen, Showtime Networks Inc. ("SNI"), and CBS Corporation ("CBS") (collectively, "Defendants") in the above-referenced case.  We write pursuant to the Court's Order of June 21, 2019 (ECF No. 39).  Defendants oppose Plaintiffs' request to stay this action pending their intended filing of a petition for a writ of mandamus to the D.C. Circuit, presumably to challenge the transfer of this case to this Court.  Plaintiffs' mandamus petition, if filed, has no chance of success and a stay could delay this action for months, if not a year or more.

  Indeed, although Plaintiffs were fully aware that this Court ordered Defendants to respond to Plaintiffs' proposed motion by today, Plaintiffs still have not even filed their mandamus petition.  This delay alone underscores that Plaintiffs appear to be simply stalling the resolution of this case.  This lawsuit was filed more than ten months ago and, as already laid out in Defendants' pre-motion letter (ECF No. 37), is utterly without merit.  There is no reason to allow Plaintiffs to indefinitely delay the termination of this case further when they have shown no urgency to filing their proposed mandamus petition.

  When, and if, the contemplated mandamus petition is filed, it should be summarily dismissed.  Under well-established D.C. Circuit law, that D.C. court is without jurisdiction to hear a mandamus petition (or any appeal) in a case that has already been transferred to another court.  *See Katopothis v. Windsor-Mount Joy Mutual Ins. Co.*, 905 F.3d 661, 665 (D.C. Cir. 2018) ("The basic rule in civil practice is that if a case is physically transferred before an appeal or a petition for mandamus has been filed, the court of appeals in the transferor circuit has no jurisdiction to review the transfer.") (quoting *In re Briscoe*, 976 F.2d 1425, 1426 (D.C. Cir. 1992)).[1]

  Here, Plaintiffs did not even file a motion for reconsideration of the April 29, 2019 transfer order until after the case was transferred to this Court on May 13, 2019.  *See* D.D.C.

---

[1] *See also In re Asemani*, 455 F.3d 296, 299-300 (D.C. Cir. 2006); *In re Sosa*, 712 F.2d 1479, 1480 (D.C. Cir. 1983); *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974)) ("[I]t is … clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer.").

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

June 27, 2019
Page 2

ECF Nos. 34-36.[2]  The district court thus correctly denied Plaintiffs' motion for reconsideration because it no longer had jurisdiction over the case.  *See* D.D.C. ECF No. 39 at 2-3.  Now, more than six weeks after the case was transferred (and four weeks after it was opened in this Court), the D.C. Circuit clearly does not have jurisdiction to even consider Plaintiffs' petition.  However, based on the typical timeline for resolution of similar petitions, the dismissal of Plaintiffs' petition—though inevitable—likely will not occur for several months, if not longer.  Defendants should not have to wait for the processing of a frivolous mandamus petition—one that Plaintiffs have not even filed—to have this equally meritless case against them dismissed.  That is particularly true here since the claims challenge Defendants' exercise of First Amendment rights.  *Cf. Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) ("[T]he Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits").

At a minimum, even if the Court were inclined to stay this case pending resolution of the mandamus petition, there is no basis to stay the filing of Plaintiffs' counsel's application to be admitted *pro hac vice*.  As Defendants previously informed Plaintiffs' counsel, Defendants would consent to that application so long as counsel abides by all local rules and applicable orders in moving for admission.  At this point, in moving for a stay of the proceedings, Plaintiffs are seeking relief from this Court, and must therefore be represented by properly admitted counsel.

Defendants stand ready to move forward with this case.  Please do not hesitate to contact us if the Court would like any further information.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara


cc:     Plaintiffs' counsel (via CM/ECF and email)

---

[2] In their reply in support of their motion for reconsideration, Plaintiffs argued that the D.C. courts retained jurisdiction because the case had not yet been opened up in this Court when they filed their motion.  But the D.C. Circuit cases are clear that it is the transfer *out* that deprives the transferor circuit of jurisdiction, not the processing of the new case in the transferee court.  *See, e.g., In re Asemani*, 455 F.3d at 299-300 (no jurisdiction when electronic transfer out occurred on August 26 and notice of appeal was docketed August 27).