

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

June 5, 2020

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Moore, et al v. Cohen, et al.*, **1:19-cv-4977-ALC**

Dear Judge Carter:

We represent Defendants Sacha Baron Cohen ("Cohen"), Showtime Networks Inc. ("SNI"), and CBS Corporation n/k/a ViacomCBS Inc. ("CBS") (collectively, "Defendants") in the above-referenced case.  We write pursuant to the Court's Order of May 29, 2020 to submit supplemental letter briefing to address two issues: (1) The status/existence of Yerushalayim TV at the time Plaintiff Judge Moore signed the Consent Agreement; and (2) The legal relationship between Yerushalayim TV and the Defendants at the time Plaintiff Judge Moore signed the Consent Agreement (the "Order").

As the Court is aware, Defendants' Motion to Dismiss rests on two independent grounds.  First, basic First Amendment protections bar claims arising out of political satire of public figures, like the comedy sketch at issue here depicting famed political satirist Cohen skewering Judge Moore concerning issues raised in his Alabama Senate campaign.  *See, e.g., Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 50 (1988); *see also* ECF No. 51 ("Defs. Mem") at 18-24.  Second, as an alternative basis for dismissal, Plaintiffs' claims fail since Judge Moore executed a Standard Consent Agreement on February 14, 2018 and expressly waived the very claims asserted in this action.  In short, the Court need not even reach the argument regarding the Consent Agreement.  But, should it do so, and if the Court determines that the Consent Agreement is not enforceable, or otherwise does not act to waive the claims at issue – and we believe that the law does not support either conclusion – the Court can and should still dismiss the action as barred by the First Amendment.

The issues raised in the Order can be simply addressed and only underscore that the Consent Agreement is fully enforceable and acts to waive Plaintiffs' claims.  As for the Order's first issue:  Yerushalayim Television, LLC ("YTV") is a limited liability company organized in the State of Wyoming, and registered on October 6, 2017 (four months before Judge Moore signed the Consent Agreement).  For the Court's reference, a copy of the Articles of Organization for the company is attached as **Exhibit A** to this letter.[1]

---

[1] The Court may take judicial notice of this document, which was filed with the Wyoming Secretary of State, and remains publicly available on the Wyoming state government's website.  *See, e.g., Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (holding that "it is

4841-9105-7855v.1 3940173-000105

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

June 5, 2020
Page 2

Next, the Court seeks to understand the legal relationship between YTV and the Defendants at the time Plaintiff Moore signed the Consent Agreement. As an initial matter, the Court need not delve into the corporate structure of YTV in order to find that the Consent Agreement bars Plaintiffs' claims. The Consent Agreement – which Plaintiffs acknowledge Judge Moore signed – waives claims against the Producer YTV and "any of its assignees or licensees *or anyone associated with the Program*." SCA ¶ 4 (emphasis added); *see also id.* ¶ 1 (defining the "Program" as the "reality-style television series" in which Judge Moore was participating, and on which he was ultimately featured). Plaintiffs have sensibly never tried to argue that Cohen (who is the star and credited producer of the Program), SNI (the owner of SHOWTIME, the television network that exhibited the Program) or CBS (SNI's parent company) are somehow not "associated with the Program." In short, each Defendant specifically falls within the terms of the Consent Agreement. This should end the inquiry.

Indeed, New York courts have not hesitated to enforce television appearance releases of claims against parties that are "closely intertwined in the production" of the show at issue, even if those parties are not expressly listed by name in the agreement. *Klapper v. Graziano*, 41 Misc. 3d 401, 408–09 (Sup. Ct. Kings Cty. 2013) (finding the "technical challenge" raised by the plaintiff to the enforcement as against companies not named in the appearance release he signed to be "without merit"), *aff'd*, 129 A.D.3d 674, 676 (2d Dep't 2015) ("The clear intent of the Appearance Release was to release from liability Left/Right, Inc., and those acting with it or on its behalf to produce the reality show"), *leave to appeal denied*, 30 N.Y.3d 988 (2017); *see also* ECF No. ECF No. 51 ("Defs. Mem.") at 17-18. Here, of course, the Consent Agreement by its express terms includes each of the Defendants since they were indisputably "associated with the Program," or were otherwise "closely intertwined in the production" of the Program.

But, to address this Court's specific question, there is no dispute that Cohen is the ultimate owner of a number of production companies that were used for the production and ownership of the Program, including YTV, and that one of Cohen's affiliated companies licensed the Program to SNI. In support of their motion to transfer the case to this Court, which the District Court for the District of Columbia granted on April 29, 2019 (*see* ECF No. 34), Defendants submitted a declaration from Brendan Countee, Vice President of Original Programming for SNI, establishing that SNI licensed the Program from two production companies that jointly owned it, La Quinta Entertainment, LLC ("La Quinta") and Please You Can Touch LLC (together, the "Production Companies"). *See* ECF No. 27-4 ¶ 4. Defendants also submitted a declaration from Todd Schulman, an Executive Producer of the Program, establishing that Cohen produced the Program in connection with the two Production Companies, of which he was the ultimate sole owner. *See* ECF No. 27-3 ("Schulman Decl.") ¶ 4. The Schulman Declaration established further that Cohen's Production Companies also worked with other affiliated production companies, of which Cohen is again the ultimate sole owner, including YTV. Specifically, YTV is ultimately a wholly owned subsidiary of La Quinta (which is, in turn, wholly owned by Cohen). *Id.* ¶ 7.

---

clearly proper to take judicial notice of …government records," including documents "retrieved from official government websites," including that of a state Secretary of State).

June 5, 2020
Page 3

      In sum, filings already in the record in this case and documents of which the Court can take judicial notice confirm that, at the time Judge Moore signed the Consent Agreement, (1) YTV was a legally established limited liability company (and had been for several months), and (2) YTV is wholly owned by one of the Production Companies that is, in turn, wholly owned by Defendant Cohen, as are the entities that owned and licensed the Program to Defendant SNI (a wholly owned subsidiary of Defendant CBS).

      Importantly, in the Consent Agreement, the counterparty "Producer" is defined to include YTV and "its assigns, licensees, parents, subsidiaries, and affiliates." SCA at 1. The waiver of claims protects "the Producer," as well as its "assignees or licensees or anyone associated with the Program." *Id.* ¶ 4. By any possible measure, the Consent Agreement (and, in particular, the waiver of claims) fully applies to Defendants Cohen, SNI and CBS. They are each, respectively, a "parent," an "affiliate" or a "licensee," and all three are indisputably "associated with the Program." Indeed, to find that a waiver of claims in this type of appearance release applies only to the particular named production company, and not any other producers of the program or the entities that actually aired the program would defeat the entire purpose of these agreements, which "are commonly used in the entertainment industry." *Klapper*, 129 A.D.3d at 675. For each of these independent reasons, there can be no dispute that YTV was an incorporated entity at the time the Consent Agreement was signed and that all of the Defendants were released by the express terms of the Consent Agreement.

      We appreciate the Court's careful consideration of these important issues. Please do not hesitate to let us know if the Court would like any further information in order to resolve the case.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara


cc:      Plaintiffs' counsel (via CM/ECF and email)

# Exhibit A



**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

For Office Use Only
**Ed Murray, WY Secretary of State**
**FILED:** Oct 6 2017 11:08AM
**Original ID:** 2017-000771418

# Limited Liability Company
# Articles of Organization

**I. The name of the limited liability company is:**
YERUSHALAYIM TELEVISION, LLC

**II. The name and physical address of the registered agent of the limited liability company is:**
Hirst Applegate Registered Agent Services, Inc.
1720 Carey Ave Ste 400
Cheyenne, WY 82001

**III. The mailing address of the limited liability company is:**
900 Wilshire Blvd.
Suite 1000
Beverly Hills, CA 90212

**IV. The principal office address of the limited liability company is:**
900 Wilshire Blvd
Suite 1000
Beverly Hills, CA 90212

**V. The organizer of the limited liability company is:**
Jenifer Wallis
801 S. Figueroa St., 15th flr, Los Angeles, CA 90017

| | | |
|---|---|---|
| **Signature:** | *Jenifer Wallis* | **Date:** 10/06/2017 |
| Print Name: | **Jenifer Wallis** | |
| Title: | **Attorney of record for LLC** | |
| Email: | **jcw@manningllp.com** | |
| Daytime Phone #: | **(213) 553-2494** | |

**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

☑ I am the person whose signature appears on the filing; that I am authorized to file these documents on behalf of the business entity to which they pertain; and that the information I am submitting is true and correct to the best of my knowledge.

☑ I am filing in accordance with the provisions of the Wyoming Limited Liability Company Act, (W.S. 17-29-101 through 17-29-1105) and Registered Offices and Agents Act (W.S. 17-28-101 through 17-28-111).

☑ I understand that the information submitted electronically by me will be used to generate Articles of Organization that will be filed with the Wyoming Secretary of State.

☑ I intend and agree that the electronic submission of the information set forth herein constitutes my signature for this filing.

☑ I have conducted the appropriate name searches to ensure compliance with W.S. 17-16-401.

**Notice Regarding False Filings: Filing a false document could result in criminal penalty and prosecution pursuant to W.S. 6-5-308.**

> **W.S. 6-5-308. Penalty for filing false document.**
>
> (a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he files with the secretary of state and willfully or knowingly:
>
> (i) Falsifies, conceals or covers up by any trick, scheme or device a material fact;
>
> (ii) Makes any materially false, fictitious or fraudulent statement or representation; or
>
> (iii) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

☑ I acknowledge having read W.S. 6-5-308.

**Filer is:**   ☑ An Individual   ☐ An Organization

**Filer Information:**
**By submitting this form I agree and accept this electronic filing as legal submission of my Articles of Organization.**

| | | | |
|---|---|---|---|
| Signature: | *Jenifer Wallis* | Date: | 10/06/2017 |
| Print Name: | Jenifer Wallis | | |
| Title: | Attorney of record for LLC | | |
| Email: | jcw@manningllp.com | | |
| Daytime Phone #: | (213) 553-2494 | | |

Wyoming Secretary of State
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

## Consent to Appointment by Registered Agent

**Hirst Applegate Registered Agent Services, Inc.**, whose registered office is located at **1720 Carey Ave Ste 400, Cheyenne, WY 82001**, voluntarily consented to serve as the registered agent for **YERUSHALAYIM TELEVISION, LLC** and has certified they are in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

I have obtained a signed and dated statement by the registered agent in which they voluntarily consent to appointment for this entity.

| | | |
|---|---|---|
| Signature: | *Jenifer Wallis* | Date: **10/06/2017** |
| Print Name: | **Jenifer Wallis** | |
| Title: | **Attorney of record for LLC** | |
| Email: | **jcw@manningllp.com** | |
| Daytime Phone #: | **(213) 553-2494** | |

# STATE OF WYOMING
## Office of the Secretary of State

I, ED MURRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF ORGANIZATION

**YERUSHALAYIM TELEVISION, LLC**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **6th** day of **October, 2017** at **11:08 AM.**

Remainder intentionally left blank.



Filed Date: 10/06/2017

_____
Secretary of State

Filed Online By:

Jenifer Wallis

on 10/06/2017