

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

July 2, 2020

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Moore, et al v. Cohen, et al.*, **1:19-cv-4977-ALC**

Dear Judge Carter:

  We represent Defendants Sacha Baron Cohen, Showtime Networks Inc., and CBS Corporation n/k/a ViacomCBS Inc. (collectively, "Defendants") in the above-referenced case. We write to seek clarity regarding the scope of this Court's ruling from earlier today.

  Specifically, this Court ruled today that it needed limited discovery on the relationship between Yerushalayim TV and the parties in this case before it could dismiss this action pursuant to the Consent Agreement that was signed by Plaintiff Judge Moore.

  This Court, however, did not address the independent grounds for dismissal that were raised in Defendants' Motion to Dismiss. Independent of dismissing the action based on the terms of the Consent Agreement, Defendants moved to dismiss on the following grounds:

- Plaintiff's Roy Moore's defamation and intentional infliction claims are barred under *Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 50 (1988) and related case law protecting political satire.  ECF No. 51 ("Defs. Mem") at 18-23; ECF. No. 57 ("Defs. Reply") at 7-9.

- Both Plaintiffs' intentional infliction claims independently fail because the alleged conduct is not sufficiently "extreme or outrageous" as a matter of law. Defs. Mem at 23-24.

- Plaintiff Kayla Moore's intentional infliction claim also fails as a matter of law because it rests on allegedly defamatory statements directed at Judge Moore. Defs. Mem at 24 n.18.

- Both Plaintiffs' fraud claims fail as they have not sufficiently pled any pecuniary losses and, in any event, the fraud claim is barred under the First Amendment. Defs. Mem. 24-25; Reply at 10.

July 2, 2020
Page 2

      Defendants respectfully request clarity on whether this Court will rule on these issues now or if it intends to rule on these independent grounds after the limited discovery has concluded.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara

cc:      Plaintiffs' counsel (via CM/ECF and email)