# KLAYMAN LAW GROUP
### A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.

2020 Pennsylvania Ave. N.W., #800
Washington, DC, 20006

Tel: 561-558-5336
Fax: 202-379-9289

July 6, 2020

**Via ECF**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Moore, et al. v. Cohen, et al.*, 1:19-cv-4977-ALC

Dear Judge Carter:

Just hours after Your Honor denied Defendants' motion to dismiss and ordered discovery, their counsel penned an unsolicited letter to the Court. This letter was unnecessary, given that Your Honor's ruling was crystal clear, as shown from the attached transcript of the proceeding, and was apparently crafted for media consumption.

The letter was also presumptively arrogant as in it Defendants' counsel took it upon herself to declare, without any basis at all, that Your Honor ordered discovery only to justify a predetermined dismissal of Plaintiffs' complaint. It then goes on to pressure Your Honor to rule on Defendants other defenses before discovery. Indeed, in Your Honor's oral ruing, you made specific reference to Defendants exercising their right to move for summary judgment at an appropriate time. And the Court did not limit discovery as Defendants' counsel misrepresents, as it provides only that " [i]t seems to me that the bulk of discovery will be related to this agreement (the release) and the corporate relationships discussed." *See* Attachment – Exhibit 1.

As the letter and the transcript are clear and speak for themselves – and indeed Your Honor asked the parties if they had any questions after you issued your ruling and there were none by Defendants' counsel when you gave both of us this opportunity – Defendants' unsolicited letter should respectfully be stricken from the record as it is only a tactical gambit for public consumption.

Plaintiffs thus move to strike this unsolicited and inaccurate letter from the record.

Respectfully submitted,

Larry Klayman, Esq.
Counsel for Chief Justice Roy Moore and Kayla Moore

Encl: Attached as Exhibit 1 – Court Transcript of July 2, 2020

# EXHIBIT 1

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   ROY STEWART MOORE and KAYLA
     MOORE,
 4
                    Plaintiffs,              New York, N.Y.
 5
              v.                             19 Civ. 4977 (ALC)
 6
     SACHA NOAM BARON COHEN,
 7   SHOWTIME, INC., AND CBS
     CORPORATION,
 8
                    Defendants.
 9
     ------------------------------x           Teleconference
10
                                               Decision
11
                                               July 2, 2020
12                                             10:00 a.m.

13   Before:

14                  HON. ANDREW L. CARTER, JR.,

15                                             District Judge

16

17
                              APPEARANCES
18

19   KLAYMAN LAW GROUP, P.A.
          Attorneys for Plaintiffs
20   BY:  LARRY E. KLAYMAN

21
     DAVIS WRIGHT TREMAINE LLP
22        Attorneys for Defendants
     BY:  ELIZABETH A. McNAMARA
23        RACHEL STROM

24

25
```

1         (Case called)
2         THE DEPUTY CLERK:  Counsel, please state your
3    appearance for the plaintiff.
4         MR. KLAYMAN:  Larry Klayman for plaintiffs Chief
5    Justice Roy Moore and his wife, Kayla.
6         THE DEPUTY CLERK:  And for the defendants.
7         MS. McNAMARA:  Elizabeth McNamara and Rachel Strom for
8    the defendants Sacha Baron Cohen, Showtime, and CBS.
9         THE DEPUTY CLERK:  Thank you.
10        THE COURT:  Okay.  Good morning.  I hope everyone is
11   safe and healthy.
12        I am going to rule orally on the motion to dismiss,
13   and then I will find out how counsel wish to proceed.
14        I have reviewed the parties' original motion to
15   dismiss briefings and supplemental submissions.
16        One issue the parties discussed in briefing is whether
17   defendants are able to enforce the standard consent agreement.
18   The only signatories to the agreement are Yerushalayim TV and
19   Roy Moore.  By its terms, the agreement provides that
20   Yerushalayim TV includes its assigns, licensees, parents,
21   subsidiaries, and affiliates.  The agreement further provides
22   that Roy Moore waives and agrees not to bring at any time in
23   the future any claims, including a list of enumerated claims,
24   against the producer or against any of the assignees or
25   licensees or anyone associated with the program which are

1    related to the program or its production or this agreement.

2            Whether defendants are encompassed by these terms is
3    dependent on their relationship to Yerushalayim TV.  In their
4    motion to dismiss and supplemental briefings, defendants
5    explain their connection to Yerushalayim TV as follows:

6            Yerushalayim TV is a limited liability company
7    organized in Wyoming and owned by Sacha Baron Cohen.

8            Yerushalayim TV is a wholly owned subsidiary of the
9    production company La Quinta Entertainment, LLC.

10           La Quinta owns the television program "Who is
11   America?" jointly with another production company, Please You
12   Can Touch, LLC.

13           La Quinta and Please You Can Touch licensed "Who is
14   America?" to Showtime Networks, Incorporated.

15           However, none of this information appears in
16   plaintiffs' complaint.  In fact, in their complaint, plaintiffs
17   allege that Yerushalayim TV does not actually exist.  Although
18   based on the fact that Showtime produced Cohen's "Who is
19   America?" program, including the episode at issue, it seems
20   likely that defendants are at least associated with the
21   program, that is not a fact I can assume at this phase of the
22   litigation.  It also is not enough to allow me to determine
23   whether defendants can enforce the contract to which only
24   Yerushalayim TV and Judge Moore were signatories.

25           At the motion to dismiss stage, I cannot consider

1  facts outside the scope of the complaint.  I also must draw all
2  reasonable inferences in plaintiffs' favor.  *See Santos v.*
3  *Medina*, 417 F.Supp.3d 280, 285 (S.D.N.Y. 2019).  At this stage,
4  I cannot resolve the factual issue of defendants' relationships
5  to Yerushalayim TV and thus the applicability and impact of the
6  consent agreement on the Moores' claims.
7           Based on this analysis, I deny defendants' motion to
8  dismiss.
9           I think it makes sense to give the parties a chance to
10 discuss the scope of discovery going forward.  We should be
11 able to move to summary judgment fairly quickly.  It seems to
12 me that the bulk of discovery will be related to this agreement
13 and the corporate relationships discussed, but I think at this
14 point it makes sense to give the parties a chance to meet and
15 confer and give me a joint status report regarding the scope of
16 discovery and a timetable for discovery.  I would propose that
17 the parties give me that two weeks from today, July 16.
18           That's a lot to digest.  Let me see what counsel's
19 thoughts are on that, starting with counsel for the plaintiff.
20           MR. KLAYMAN:  I think that's a very good suggestion,
21 your Honor.  We agree with that schedule.
22           THE COURT:  Okay.
23           Defense counsel.
24           MS. McNAMARA:  And, your Honor, we are fine with
25 that -- your Honor, this is Elizabeth McNamara speaking.  We

1  are fine with that schedule, as well.
2              THE COURT:  Okay.
3              All right.  So, again, the motion to dismiss is
4  denied.  We will have the parties give me a joint status report
5  on July 16 regarding the scope of discovery and a timeline.
6              Anything else from plaintiffs' counsel today?
7              MR. KLAYMAN:  Not at this time, your Honor.  Thank
8  you.
9              THE COURT:  Okay.  Anything else from defense counsel
10 today?
11             MS. McNAMARA:  No, your Honor.  Thank you very much.
12             THE COURT:  Okay.  Thank you.  Please stay safe.  We
13 are adjourned.
14                                oOo
15
16
17
18
19
20
21
22
23
24
25