UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x

ROY STEWART MOORE and KAYLA MOORE,

             Plaintiffs,

      - against -

SACHA NOAM BARON COHEN, SHOWTIME
NETWORKS, INC., AND CBS CORPORATION,

             Defendants.
------------------------------------------------------------x

Index No. 19 Civ. 4977 (ALC)

ECF CASE

**DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT**

Defendants Sacha Baron Cohen ("Cohen"), Showtime Networks Inc. ("SNI") and CBS Corporation n/k/a ViacomCBS Inc. ("CBS") (collectively, "Defendants"), by and through their undersigned counsel, Davis Wright Tremaine LLP, answer the Complaint ("Complaint") of plaintiffs Roy Stewart Moore and Kayla Moore (collectively, "Plaintiffs").

## I. RESPONSE TO "INTRODUCTION"[1]

1. This paragraph asserts a legal conclusion to which no answer is required. To the extent an answer may be required, Defendants admit that Plaintiffs have brought this action against Defendants for claims of defamation, intentional infliction of emotional distress and fraud.

## II. RESPONSE TO "JURISDICTION AND VENUE"

1. This paragraph asserts a legal conclusion to which no answer is required. To the extent an answer may be required, Defendants do not contest the jurisdiction of this Court.[2]

---

[1] Plaintiffs' Complaint includes headings for different sections that do not allege any facts. Defendants include those headings in their Answer for the sake of clarity. To the extent any of the section headings are deemed to be allegations of fact, Defendants deny each and every such allegation.

[2] Plaintiffs' Complaint repeats paragraph number 1. Defendants adopt that numbering here.

2. This paragraph asserts a legal conclusion to which no answer is required. To the extent an answer may be required, Defendants do not contest that venue is proper in this Court.

**III.  RESPONSE TO "PARTIES"**

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Defendants admit the allegations of this paragraph.

6. Defendants admit that SNI is a corporation with headquarters in New York. Defendants SNI and CBS admit that SNI is a wholly-owned subsidiary of ViacomCBS Inc. Defendant Cohen denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

7. Defendants admit that CBS Corporation is now known as ViacomCBS Inc. and is headquartered in New York.

**IV.  RESPONSE TO "STANDING"**

8. This paragraph asserts a legal conclusion to which no answer is required. To the extent this paragraph is deemed to include any allegations of fact, Defendants deny each and every such allegation.

**V.  RESPONSE TO "FACTS"**

9. Defendants admit the allegations of this paragraph.

10. Defendants admit that Defendant Cohen is an actor, comedian, screenwriter, and producer who has portrayed disguised fictional characters such as Ali G, Borat and Brüno in different shows and movies, but lack knowledge or information sufficient to form a belief as to what Mr. Cohen is "best known for."

11. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that Defendant Cohen has interviewed individuals, including Judge Moore, while in character. Except as expressly admitted, Defendants deny each and every remaining allegation in this paragraph.

12. Defendants deny the allegations in this paragraph, but aver that, at the time the Complaint was filed, "Who is America?" was the most recent project of Defendant Cohen's that had been publicly released.

13. Defendants admit that "Who is America?" premiered on the SHOWTIME network, which is owned by SNI, and that SNI is a wholly owned subsidiary of ViacomCBS Inc. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

14. Defendants deny that they "aired" "Who is America?", but Defendants admit that "Who is America?" was exhibited on the SHOWTIME network, and Defendants admit the remaining allegations of this paragraph.

15. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that an interview with Judge Moore was filmed on or about February 14, 2018 in Washington, D.C., and that the program containing that interview was exhibited on the SHOWTIME network. Defendant Cohen admits that individuals working with him represented to Plaintiffs that Yerushalayim TV was the producer of the show that Judge Moore would appear on; that Plaintiffs were being invited to Washington, D.C. for Judge Moore to receive an award for his strong support of Israel in commemoration of its 70th anniversary as a nation state; and that the ceremony and presentation of the award would take place during the interview. Defendants SNI and CBS lack

knowledge or information sufficient to form a belief as to the truth of the allegations concerning exactly what representations were made to the Plaintiffs.  Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

16. This paragraph asserts legal conclusions to which no answer is required.  To the extent this paragraph is deemed to contain allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what Plaintiffs would or would not have agreed to do.  Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph, and aver that, in light of the Standard Consent Agreement that Judge Moore signed, any reliance on the alleged representations referred to in the Complaint was not reasonable.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what Plaintiffs would or would not have agreed to do.  Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph, and aver that, in light of the Standard Consent Agreement that Judge Moore signed, any reliance on the representations set forth in the Complaint was not reasonable.

18. This paragraph asserts legal conclusions to which no answer is required.  To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that Defendant Cohen interviewed Judge Moore in character as Erran Morad, a fictional Israeli anti-terrorism expert and former Mossad agent.  Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

19. This paragraph asserts legal conclusions to which no answer is required.  To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that during the taping of the segment featuring Judge Moore, Defendant Cohen was in disguise as Erran Morad,

playing a fictional character other than himself. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what Plaintiffs would or would not have agreed to do. Defendants aver that, in light of the Standard Consent Agreement that Judge Moore signed, any reliance on the alleged representations referred to in the Complaint was not reasonable.

21. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants aver that the segment of "Who is America?" described speaks for itself and respectfully refer the Court to the segment for its true content and meaning. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

22. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that the segment was exhibited on television in the U.S. and certain other countries, and refers this Court to the episode of "Who is America?" at issue here for its true content and meaning. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

23. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that SNI and CBS received a letter from Melissa Isaak, Esq. concerning Judge Moore's participation in the segment at issue, aver that the letter speaks for itself, and respectfully refer the Court to that document for the true contents thereof. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

24. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants aver that the letter referred to in this paragraph speaks for itself, and respectfully refer the Court to that document for the true contents thereof. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

25. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants deny each and every such allegation.

### RESPONSE TO "FIRST CAUSE OF ACTION"
*Defamation Per Se*
*Plaintiff Roy S. Moore*

26. Defendants repeat and re-allege their responses to each and every allegation contained in the paragraphs set forth above.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that SNI exhibited "Who is America?" in this district, nationwide and in certain other countries, and admit that SNI is a wholly owned subsidiary of ViacomCBS Inc. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

30. Defendants deny the allegations of this paragraph.

31. Defendants deny the allegations of this paragraph.

32. Defendants deny the allegations of this paragraph.

### RESPONSE TO "SECOND CAUSE OF ACTION"
*Intentional Infliction of Emotional Distress*

33. Defendants repeat and re-allege their responses to each and every allegation contained in the paragraphs set forth above.

34. Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants deny the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38. Defendants deny the allegations of this paragraph.

## RESPONSE TO "THIRD CAUSE OF ACTION"
### *Fraud*

39. Defendants repeat and re-allege their responses to each and every allegation contained in the paragraphs set forth above.

40. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that "Who is America?" was exhibited on SHOWTIME, which is owned and operated by SNI; and that SNI is a wholly owned subsidiary of ViacomCBS Inc. Defendant Cohen further admits that individuals working with him represented that the show segment that Judge Moore was to appear on was being produced by Yerushalayim TV; Defendants SNI and CBS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning exactly what representations were made to Plaintiffs. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

41. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendant Cohen admits that individuals working with him represented to Judge Moore and Mrs. Moore that they were being flown to Washington D.C. for Judge Moore to receive an award for his support of Israel and to

commemorate the 70th anniversary of its founding as a Jewish nation state; Defendants SNI and CBS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning exactly what representations were made to Plaintiffs. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

42. Defendants deny the allegations of this paragraph.

43. Defendants deny the allegations of this paragraph.

44. This paragraph asserts legal conclusions to which no answer is required. To the extent this paragraph is deemed to contain allegations of fact, Defendants admit that Defendant Cohen represented to Judge Moore that he was "Erran Morad," and that Defendant Cohen's true identity was disguised. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what Plaintiffs would or would not have agreed to do. Except as otherwise admitted, Defendants deny each and every remaining allegation of this paragraph, and aver that, in light of the Standard Consent Agreement that Judge Moore signed, any reliance on the alleged representations referred to in the Complaint was not reasonable.

46. Defendants deny the allegations of this paragraph.

47. Defendants deny the allegations of this paragraph.

48. Defendants deny the allegations of this paragraph.

## **GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendant denies all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

4841-5430-7523v.4 3940173-000105

**DEFENSES**

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

**FIRST DEFENSE**

The Complaint fails to state a cause of action against any Defendant, in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims fail in whole or in part because those claims were waived in the Standard Consent Agreement signed by Judge Moore.

**THIRD DEFENSE**

Plaintiffs' claims fail in whole or in part because some or all of the statements in suit are not capable of being proven true or false and/or constitute opinion or satire and, hence, are non-actionable under the First and Fourteenth Amendments to the U.S. Constitution, the Constitutions of the States of New York and California, and governing common law.

**FOURTH DEFENSE**

Plaintiffs' claims fail in whole or in part because some or all of the statements in suit, to the extent they are capable of being proven true or false, are true or substantially true and, therefore, are absolutely protected under the First and Fourteenth Amendments to the U.S. Constitution, the Constitutions of the States of New York and California, and by governing common law.

**FIFTH DEFENSE**

Plaintiff Kayla Moore's claims fail in whole or in part because of lack of standing.

4841-5430-7523v.4 3940173-000105

**SIXTH DEFENSE**

Plaintiffs' claims fail in whole or in part because some or all of the statements in suit are not reasonably susceptible to a defamatory meaning, and thus cannot give rise to any claim against Defendants.

**SEVENTH DEFENSE**

Plaintiffs' claims fail in whole or in part because Defendants did not publish the statements in suit with negligence, gross irresponsibility, actual malice, or any other applicable degree of fault.

**EIGHTH DEFENSE**

Plaintiffs' claims fail in whole or in part because some or all of the statements in suit are not defamatory *per se* or defamatory *per quod*, and Plaintiffs have not alleged or suffered any special damages.

**NINTH DEFENSE**

Plaintiffs' claims fail in whole or in part because some or all of the statements in suit are privileged under New York law, California law, and common law.

**TENTH DEFENSE**

Plaintiff Roy Moore's defamation claim is barred in whole or in part by the "libel-proof plaintiff" doctrine because his reputation with respect to the statements at issue was already too tarnished to be further injured by allegedly false statements on that subject.

**ELEVENTH DEFENSE**

Plaintiffs' claims fail in whole or in part because Plaintiffs have not suffered any actual harm or damages as a result of, or proximately caused by, the statements in suit.

10

## TWELFTH DEFENSE

Plaintiffs may not recover punitive damages since the statements in suit were not published with constitutional "actual malice" and/or common law malice.

## THIRTEENTH DEFENSE

The Complaint, to the extent it seeks punitive damages, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the U.S. Constitution and the Constitutions of the States of New York and California.

## FOURTEENTH DEFENSE

Plaintiffs' claims for intentional infliction of emotional distress fail in whole or in part because Defendants' conduct was not sufficiently extreme or outrageous.

## FIFTEENTH DEFENSE

Plaintiffs' claims for intentional infliction of emotional distress and fraud are barred as duplicative of their defamation claim, which also fails.

## SIXTEENTH DEFENSE

Plaintiffs' claims for fraud fail in whole or in part because any reliance on alleged misrepresentations was not reasonable.

## SEVENTEENTH DEFENSE

Plaintiffs' claims for fraud fail in whole or in part because they did not suffer any pecuniary damages.

## EIGHTEENTH DEFENSE

Plaintiffs' claims fail in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate the injuries and damages allegedly suffered.

4841-5430-7523v.4 3940173-000105

**NINETEENTH DEFENSE**

All or part of Plaintiffs' alleged injuries and damages were caused and/or contributed to by third parties who Plaintiffs have not sued.

**TWENTIETH DEFENSE**

Defendants reserve the right to amend their Answer and Defenses to assert such additional, yet unstated, defenses as may later become available or apparent to Defendants.

WHEREFORE, Defendants demand judgment dismissing the Complaint, together with the costs and disbursements of the action, including reasonable attorneys' fees, and such other further relief as is fair and equitable.

Dated: July 22, 2020              Respectfully Submitted,

                                  */s/ Elizabeth A. McNamara*

                                  DAVIS WRIGHT TREMAINE LLP

                                  Elizabeth A. McNamara
                                  Rachel F. Strom
                                  Eric J. Feder

                                  1251 Avenue of the Americas, 21st Floor
                                  New York, New York  10020
                                  (212) 489-8230
                                  (212) 489-8340 (fax)


                                  Of Counsel:

                                  Russell Smith, Esq.
                                  Jeff Holmes, Esq.
                                  SMITH DEHN LLP
                                  2500 Broadway
                                  Building F, Suite F-125
                                  Santa Monica, California  90404
                                  (310) 396-9045
                                  rsmith@smithdehn.com
                                  jholmes@smithdehn.com

                                  *Attorneys for Defendants*

4841-5430-7523v.4 3940173-000105