November 16, 2020

**Via CM/ECF and Electronic Mail**

Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:     *Moore, et al v. Cohen, et al.*, **1:19-cv-4977-JPC**

Dear Judge Cronan:

The parties in the above-referenced case respectfully submit this joint letter pursuant to the Court's order of October 13, 2020, requiring the parties to submit a joint report updating the Court on the status of the case (ECF No. 83).

1. **Current Counsel**

The names and contact information of counsel is correctly reflected on the docket.

2. **Nature of the Case and Principal Defenses**

Plaintiffs Judge Roy Moore and Kayla Moore assert claims for defamation (Judge Moore only), intentional infliction of emotional distress (both plaintiffs) and fraud (both plaintiffs) against Defendants Sacha Baron Cohen, Showtime Networks, Inc., and CBS Corporation (n/k/a ViacomCBS Inc.) based on Judge Moore's appearance in a television program called "Who is America?" (the "Program").

   a. **Plaintiffs:**

Defendants in their recitation below seek to improperly relitigate matters that have been adjudicated multiple times before Judge Andrew Carter. His rulings are law of the case. Plaintiffs will file a supplement to this status report within three days confirming this in detail as their counsel just received Defendants' latest attempt to have a third bite of the apple.

   b. **Defendants:**

Plaintiffs' claims fail for multiple reasons, both legal and factual.  On November 13, 2020, Defendants filed a letter (ECF No. 90) requesting a pre-motion conference for an early motion for summary judgment on two principal grounds:  First, Plaintiffs' claims are barred in their entirety by the Standard Consent Agreement ("SCA") that Judge Moore signed as a condition of appearing on the Program.  In that document, Judge Moore expressly waived and agreed not to bring any claims against "anyone associated with the Program" that are "related to the Program or its production," including, among other specifically enumerated claims, the three claims asserted in this action: "infliction of emotional distress (whether allegedly intentional or negligent)," "defamation (such as any allegedly false statements made in the Program)," or "fraud (such as any alleged deception about the Program or this consent agreement)."  *See* SCA ¶ 4.  In the SCA, Judge Moore also disclaimed any reliance upon "any promises or statements made by anyone about the nature of the Program or the identity, behavior, or qualifications of any participants, cast members, or other persons involved in the Program." *Id.* ¶ 5.  In *Psenicska v. Twentieth Century Fox Film Corp.*, the Second Circuit affirmed enforcement of nearly

identical contractual language in claims brought by dissatisfied participants in the *Borat* movie (also created by and starring Defendant Cohen), and held that the same disclaimer language precluded the plaintiffs from arguing that they were fraudulently induced into signing the agreements. 409 F. App'x 368 (2d Cir. 2009). In addition, in this case, the District Court for the District of Columbia enforced the forum selection clause in the SCA to transfer this case from that court, where Plaintiffs first filed the case, to this Court.[1]

The second ground on which summary judgment can be granted at this stage is that the claims fail under the First Amendment, which precludes claims based on harm to reputation (whether styled as defamation, infliction of emotional distress ("IIED"), or fraud claims) where the statements at issue "could not reasonably have been interpreted as stating actual facts" about a plaintiff. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50, 51-52 (1988). No reasonable viewer of the program could have believed that an obviously fictional character played by a famous comedian known for performing outlandish stunts possessed an actual "pedophile detector device" that was "detecting" that Judge Moore was a sex offender. In any event, courts have long recognized First Amendment protection for political satire of public figures and officials, like Judge Moore, even where that satire is "vehement, caustic, … [or] unpleasantly sharp." *Id.* And even beyond the First Amendment principles, Plaintiffs have failed to even adequately allege—and cannot possibly prove—the elements of an IIED or fraud claim, including because they do not identify the type of "extreme and outrageous conduct" necessary to sustain an IIED claim under New York law, and do not identify any out-of-pocket pecuniary losses, which are required to establish a fraud claim.

As set forth in Defendants' pre-motion letter, Judge Carter denied the motion to dismiss because the facts necessary to establish the applicability of SCA (specifically information about the relationship of the party that signed the SCA with the Defendants) were outside the scope of what he could consider on a Rule 12 motion. But Defendants have now produced the necessary documents to establish those facts, and can proceed directly to summary judgment on these two grounds.

If the parties are required to engage in full discovery, Defendants will move for summary judgment on at least two additional grounds. First, upon a full evidentiary record, Plaintiffs will be unable to establish that Defendants made any factual statement about Judge Moore (who is a public official and public figure) with "actual malice"—that is, "with knowledge that it was false or with reckless disregard of whether or not it was false. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). The allegations against Judge Moore were reported extensively in multiple, reputable news sources, including Pulitzer Prize winning reporting in the *Washington Post*. Plaintiffs will not be able to show that Defendants had any subjective doubt about the veracity of these allegations. Second, based on this reporting, it appears likely that Defendants will be able to establish that, to the extent the segment of the Program contained any factual statements about Judge Moore, those statements were substantially true, which also precludes liability.

---

[1] Although the other plaintiff, Mrs. Moore, did not personally sign the SCA, its provisions are enforceable against her for multiple reasons, including because her claims are "closely related to" and, in fact, completely derivative of, Judge Moore's claims. *See* ECF No. 65 (addressing viability of Mrs. Moore's claims).

3. **Jurisdiction**

   Jurisdiction is proper on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as follows:

   - Plaintiffs are citizens of Alabama.
   - Defendant Sacha Baron Cohen is a citizen of California.
   - Defendant Showtime Network, Inc. is incorporated and has its principle place of business in New York.
   - Defendant CBS Corporation (n/k/a ViacomCBS Inc.) is incorporated and has its principle place of business in New York.
   - Plaintiff is seeking damages in excess of $95,000,000.

4. **Deadlines**

   The deadline for completion of discovery is February 21, 2021.  No other deadlines have yet been set.

5. **Previously Scheduled Conferences with the Court**

   There are no previously scheduled conference dates with the Court that have not yet occurred.

6. **Outstanding Motions**

   Defendants have filed a letter requesting a pre-motion conference for a motion for summary judgment.

7. **Pending Appeals**

   There are no pending appeals.

8. **Discovery Undertaken to Date**

   The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

   Plaintiffs have served requests for the production of documents from Defendants.  Defendants have served written responses and objections and made an initial document production.

   Defendants have served interrogatories and requests for the production of documents to Plaintiffs.  Plaintiffs have served responses and objections to that discovery, and have made an initial document production.

   No depositions have yet been noticed or taken place.

   ***Defendants Position On Discovery***: As set forth in Defendants' pre-motion conference letter, Defendants believe that further discovery should be stayed pending resolution of its contemplated motion for summary judgment.  Defendants have produced corporate records and state filings establishing that the entity that signed the SCA was a validly formed LLC wholly

owned by Defendant Cohen through certain intermediate production companies, of which he is ultimately the sole member. These documents resolve the open factual issues that prevented the Judge Carter from granting Defendants' motion to dismiss. Defendants believe that this early motion for summary judgment will avoid a number of discovery disputes between the parties regarding the appropriate scope of discovery.

### 9. Settlement Discussions

The parties had brief settlement discussions after the case was first transferred to this Court in August 2019, but were unable to reach resolution.

### 10. Alternative Dispute Resolution

*Defendants' Position on Alternative Dispute Resolution*: Given the important First Amendment issues at stake, the merits of their defenses, and Plaintiffs' demands in the initial discussions, Defendants do not believe that mediation or other alternate dispute resolution mechanisms would be productive at this stage.

### 11. Length of Trial

The parties estimate that trial will last ten (10) days.

Respectfully Submitted,

Davis Wright Tremaine LLP
/s/Elizabeth A. McNamara
*Counsel to Defendants*

Klayman Law Group
/s/ Larry Klayman
*Counsel to Plaintiffs*

4830-0125-2562v.5 3940173-000105