# KLAYMAN LAW GROUP

## A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.
leklayman@gmail.com

7050 W. Palmetto Park Rd. Ste. 284
Boca Raton, FL 33433

Tel: 561-558-5336
Fax: 202-379-9289

November 25, 2020

Via CM/ECF and Electronic Mail

Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Moore, et. al v. Cohen*, et. al, 19-cv-04977

Dear Judge Cronan:

In the parties' recently filed Joint Status Report, Plaintiffs pointed out that Judge Andrew Carter had already reached and ruled upon Defendants' latest of several attempts to avoid discovery in this case.

Prior to our status conference which Your Honor set for December 3, 2020, Plaintiffs Chief Justice Roy Moore and his wife Kayla respectfully request that you review the enclosed pleadings and orders.

Defendants think that with a newly assigned judge on the case, they can get a third bite of the apple. Not only are Judge Carter's rulings law of the case, but Defendants have stonewalled discovery. In this regard, I am enclosing their obstructionist discovery responses, along with our discovery requests. I am prepared to discuss this at the status conference and will ask you to award sanctions for these obstructionist tactics, calculated only to run up legal fees and costs for my clients.

The few documents that were produced by Defendants had already been provided and raise more questions than they answer. Please review the following link:

https://www.dropbox.com/sh/4n44wcxnhcsuffj/AAAvK0OERFv4VUoLKdwpIZbva?dl=0

With their considerable financial resources, Defendants apparently believe that they can defy court orders, the norms of civil trial practice, and do as they please, hoping that you will agree with them and negate Judge Carter's prior rulings.

Thank you for your consideration and courtesy.

1

Sincerely,

Larry Klayman, Esq.
Counsel for the Moores

cc: All counsel of record



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

June 12, 2019

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     ***Moore, et al v. Cohen, et al.*, 1:19-cv-4977-ALC**

Dear Judge Carter:

We represent Defendants Sacha Baron Cohen, Showtime Networks Inc. ("SNI"), and CBS Corporation ("CBS") (collectively, "Defendants") in the above-referenced case. We write pursuant to Rule 2.A of Your Honor's Individual Practices to request a pre-motion conference before making a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

Plaintiffs bring claims for defamation, intentional infliction of emotional distress, and fraud arising out of Plaintiff Judge Roy Moore's appearance in a comedy television program called "Who Is America?" ("Program"), which was created by and stars Defendant Cohen and aired on the Showtime cable network (which is owned by SNI, a wholly owned subsidiary of CBS). As a condition to appear in the Program, Judge Moore signed a Standard Consent Agreement (the "SCA"). This action was transferred from the U.S. District Court for the District of Columbia under 28 U.S.C. § 1404(a) pursuant to the venue selection clause in the SCA.

As set forth herein, Plaintiffs' claims fail as a matter of law for two reasons: First, the claims are barred by the express terms of a waiver contained in the SCA. Second, independent of his waiver, each of the claims fails on its merits under well settled law.

**Background**

Defendant Cohen is a comedian, actor, writer and producer, who is best known for projects which, like the Program, record the reactions of real Americans to the outrageous antics of various fictional characters played by Cohen himself, such as the films *Borat* and *Bruno* and the television program *Da Ali G Show*. Judge Moore served as the Chief Justice of the Alabama Supreme Court and was the Republican nominee for the U.S. Senate in a 2017 special election. Plaintiff Kayla Moore, his wife, is an active figure in Alabama politics as well. During his Senate campaign, Judge Moore was confronted with widely reported claims that he had initiated inappropriate sexual encounters with young women—including one who was underage at the time—in the 1970s, while he was in his 30s. In December 2017, Judge Moore lost the election.

In February 2018, Judge Moore was interviewed for a segment of the Program, in which Mr. Cohen appeared in character as "Erran Morad," an Israeli anti-terrorism expert. The segment opens with a montage of television news anchors reporting on the accusations of sexual misconduct against Judge Moore, before cutting to the interview itself. During the interview,

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

June 12, 2019
Page 2

"Morad" discusses the Israeli military's use of technology to fight terrorist attacks. Morad shows Judge Moore a device (that looks like a hand-held metal detector used at security checkpoints) that is supposedly able to detect the presence of sex offenders and pedophiles in the vicinity. When Morad waves the device in front of Judge Moore, it audibly "beeps," suggesting the widely-reported allegations of sexual misconduct by Judge Moore. Judge Moore quickly cuts off the interview and leaves as Morad insists that the device must be malfunctioning, saying "I am not saying you are a sex offender at all."[1]

**Basis for the Motion**

### A.     The Claims Are Barred By the Consent Agreement Signed by Judge Moore

Plaintiffs' claims fail first because the SCA signed by Judge Moore expressly provides that he "*waives, and agrees not to bring at any time in the future, any claims*" against anyone associated with the Program, specifically identifying the exact claims he has asserted in this action (defamation, infliction of emotional distress and fraud). SCA ¶ 4 (emphasis added). New York courts routinely grant motions to dismiss, enforcing similar waiver agreements, in actions brought by unsatisfied film and television participants,[2] and the result here should be no different.[3]

Plaintiffs have attempted to avoid enforcement of the SCA by arguing that it was induced by fraud because Judge Moore was allegedly told he was being interviewed for a documentary in connection with his receipt of an award for his support of the State of Israel. However, that argument is squarely foreclosed by the SCA, which provides that "in entering into [the SCA], *the Participant is not relying upon any promises or statements made by anyone about the nature of the Program or the identity, behavior, or qualifications of any other Participants*, *cast members, or other persons involved in the Program*." SCA ¶ 5 (emphasis added). Here, each of the allegedly false or fraudulent statements made to Plaintiffs concerned the "nature of the Program" and "identity" of those "involved in the Program." Under the clear terms of the SCA, Plaintiffs cannot claim to have reasonably relied on those statements.

In fact, this exact same fraudulent inducement argument was rejected by this Court and the Second Circuit in litigation arising out of Mr. Cohen's *Borat* film, in which the participants signed agreements almost identical to the SCA. Judge Preska readily dismissed the plaintiffs' claims pursuant to the same waiver language, and the Second Circuit affirmed. *See Psenicska v. Twentieth Century Fox Film Corp.*, No. 07 Civ. 10972, 2008 WL 4185752 (S.D.N.Y. Sept. 3, 2008), *aff'd*, 409 F. App'x 368 (2d Cir. 2009). As the Second Circuit held, "where a plaintiff 'has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded,' the disclaimer 'destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon those

---

[1] The segment can be viewed in its entirety on YouTube at https://youtu.be/3kaJaDx51iw.

[2] *See, e.g.*, *Bihag v. A&E Television Networks, LLC*, 669 F. App'x 17, 18 (2d Cir. 2016); *Psenicska*, 409 F. App'x at 371; *Shapiro v. NFGTV, Inc.*, No. 16 Civ. 9152 (PGG), 2018 WL 2127806 (S.D.N.Y. Feb. 9, 2018); *Klapper v. Graziano*, 129 A.D.3d 674, 676 (2d Dep't 2015), *leave to appeal denied*, 30 N.Y.3d 988 (2017).

[3] Although only Judge Moore signed the SCA, Ms. Moore's claims are wholly derivative of Judge Moore's claims and also fail. *See, e.g.*, *Sylvester v. City of N.Y.*, 385 F. Supp. 2d 431, 442 (S.D.N.Y. 2005) (holding that emotional distress claim cannot be based on "false statements … directed at the plaintiffs' family member, but not the plaintiffs").

June 12, 2019
Page 3

contrary oral representations.'" 409 F. App'x at 371 (citation omitted).  In short, under the SCA
and the law of this Circuit, the claims are waived and the case must be dismissed.[4]

**B.      The Claims Also Fail as a Matter of Law**

Even apart from the SCA's clear waiver, Plaintiffs' claims also fail as a matter of law.
Plaintiffs claim that Defendants defamed Judge Moore by "representing and publishing … that
Judge Moore [was] a pedophile and sex offender."  Compl. ¶ 27. However, this ignores the
context of the challenged statements.  After a montage of news reports of the allegations against
Judge Moore, Cohen, as a fictional Israeli intelligence officer, uses an obviously fake "device,"
in the context of a satirical comedy television show. It is well settled that a libel claim must be
premised on a provably false statement of *fact* about the plaintiff.  And no reasonable viewer of
*Who Is America?* would reasonably believe that comedian Sacha Baron Cohen had procured an
authentic "sex offender detector" wand, and was "publishing," as a matter of provable fact, that
Judge Moore was a sex offender or pedophile. Instead, viewers would understand the Program to
be satirical political commentary about widely publicized allegations against a public figure.

A long line of cases protects political satire like this, including the Supreme Court's
decision in *Hustler Magazine, Inc. v. Falwell*, where the Court explained that

> The sort of robust political debate encouraged by the First Amendment is bound
> to produce speech that is critical of those who hold public office … Such
> criticism, inevitably, will not always be reasoned or moderate; public figures …
> will be subject to vehement, caustic, and sometimes unpleasantly sharp attacks.
> The candidate who vaunts his spotless record and sterling integrity cannot
> convincingly cry "Foul!" when an opponent or an industrious reporter attempts to
> demonstrate the contrary.

485 U.S. 46, 50, 51-52 (1988) (citations omitted) (dismissing emotional distress claim over
parody advertisement about Jerry Falwell that "could not reasonably have been interpreted as
stating actual facts" about him); *see also Farah v. Esquire Magazine*, 736 F.3d 528, 536 (D.C.
Cir. 2014) (affirming dismissal of libel claims over article that was "fully protected satire").[5]

We look forward to discussing these issues further with Your Honor at the conference.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara

cc:      Plaintiffs' counsel (via CM/ECF and email)

---

[4] Plaintiffs have raised a variety of other arguments to avoid enforcement of the SCA.  As Defendants will explain in
their motion to dismiss, none of these arguments remotely passes muster.

[5] In addition, Plaintiffs' fraud and emotional distress claims are based entirely on the purported harm to Judge
Moore's reputation, and therefore must be dismissed along with his libel claim.  *See, e.g., Lan Sang v. Ming Hai*,
951 F. Supp. 2d 504, 530 n.10 (S.D.N.Y. 2013) (collecting cases).



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

June 27, 2019

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     _**Moore, et al v. Cohen, et al., 1:19-cv-4977-ALC**_

Dear Judge Carter:

We represent Defendants Sacha Baron Cohen, Showtime Networks Inc. ("SNI"), and CBS Corporation ("CBS") (collectively, "Defendants") in the above-referenced case. We write pursuant to the Court's Order of June 21, 2019 (ECF No. 39). Defendants oppose Plaintiffs' request to stay this action pending their intended filing of a petition for a writ of mandamus to the D.C. Circuit, presumably to challenge the transfer of this case to this Court. Plaintiffs' mandamus petition, if filed, has no chance of success and a stay could delay this action for months, if not a year or more.

Indeed, although Plaintiffs were fully aware that this Court ordered Defendants to respond to Plaintiffs' proposed motion by today, Plaintiffs still have not even filed their mandamus petition. This delay alone underscores that Plaintiffs appear to be simply stalling the resolution of this case. This lawsuit was filed more than ten months ago and, as already laid out in Defendants' pre-motion letter (ECF No. 37), is utterly without merit. There is no reason to allow Plaintiffs to indefinitely delay the termination of this case further when they have shown no urgency to filing their proposed mandamus petition.

When, and if, the contemplated mandamus petition is filed, it should be summarily dismissed. Under well-established D.C. Circuit law, that D.C. court is without jurisdiction to hear a mandamus petition (or any appeal) in a case that has already been transferred to another court. _See Katopothis v. Windsor-Mount Joy Mutual Ins. Co._, 905 F.3d 661, 665 (D.C. Cir. 2018) ("The basic rule in civil practice is that if a case is physically transferred before an appeal or a petition for mandamus has been filed, the court of appeals in the transferor circuit has no jurisdiction to review the transfer.") (quoting _In re Briscoe_, 976 F.2d 1425, 1426 (D.C. Cir. 1992)).[1]

Here, Plaintiffs did not even file a motion for reconsideration of the April 29, 2019 transfer order until after the case was transferred to this Court on May 13, 2019. _See_ D.D.C.

---

[1] _See also In re Asemani_, 455 F.3d 296, 299-300 (D.C. Cir. 2006); _In re Sosa_, 712 F.2d 1479, 1480 (D.C. Cir. 1983); _Starnes v. McGuire_, 512 F.2d 918, 924 (D.C. Cir. 1974)) ("[I]t is … clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer.").

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

June 27, 2019
Page 2

ECF Nos. 34-36.[2]  The district court thus correctly denied Plaintiffs' motion for reconsideration because it no longer had jurisdiction over the case.  *See* D.D.C. ECF No. 39 at 2-3.  Now, more than six weeks after the case was transferred (and four weeks after it was opened in this Court), the D.C. Circuit clearly does not have jurisdiction to even consider Plaintiffs' petition.  However, based on the typical timeline for resolution of similar petitions, the dismissal of Plaintiffs' petition—though inevitable—likely will not occur for several months, if not longer.  Defendants should not have to wait for the processing of a frivolous mandamus petition—one that Plaintiffs have not even filed—to have this equally meritless case against them dismissed.  That is particularly true here since the claims challenge Defendants' exercise of First Amendment rights.  *Cf. Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) ("[T]he Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits").

At a minimum, even if the Court were inclined to stay this case pending resolution of the mandamus petition, there is no basis to stay the filing of Plaintiffs' counsel's application to be admitted *pro hac vice*.  As Defendants previously informed Plaintiffs' counsel, Defendants would consent to that application so long as counsel abides by all local rules and applicable orders in moving for admission.  At this point, in moving for a stay of the proceedings, Plaintiffs are seeking relief from this Court, and must therefore be represented by properly admitted counsel.

Defendants stand ready to move forward with this case.  Please do not hesitate to contact us if the Court would like any further information.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara

cc:    Plaintiffs' counsel (via CM/ECF and email)

---

[2] In their reply in support of their motion for reconsideration, Plaintiffs argued that the D.C. courts retained jurisdiction because the case had not yet been opened up in this Court when they filed their motion.  But the D.C. Circuit cases are clear that it is the transfer *out* that deprives the transferor circuit of jurisdiction, not the processing of the new case in the transferee court.  *See, e.g., In re Asemani*, 455 F.3d at 299-300 (no jurisdiction when electronic transfer out occurred on August 26 and notice of appeal was docketed August 27).

# KLAYMAN LAW GROUP

### A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.  2020 Pennsylvania Ave. N.W., #800  Tel: 310-595-0800
Washington, DC, 20006  Fax: 202-379-9289

July 16, 2019

**Via Electronic Mail and Federal Express**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   ***Moore, et al. v. Cohen, et al.*, 1:19-cv-4977-ALC**

Dear Judge Carter:

Pursuant to Your Honor's Order of July 2, 2019 [Dkt. # 41], Plaintiffs hereby respectfully submit the following based on the compelling facts and laws of this case:

**Introduction**

First, the alleged Standard Consent Agreement (the "Agreement") between Plaintiffs and "Yerushalayim TV" is void and unenforceable for several reasons. The Restatement (Second) and New York law prohibit such types of "agreements" because it is a longstanding principle of contract law that a misrepresentation of material facts may be a basis for the rescission of a contract and thus void. The Agreement is also based on several levels of fraud. Moreover, a release that employs general terms will not bar subsequent claims outside the parties' contemplation at the time the release was executed. As discussed below, the Agreement cannot stand.

Second, Plaintiffs state valid claims against Defendants as a matter of law. Even a comedian with the reputation of Sasha Baron Cohen does not enjoy a James Bond-like 007 license to slander and defame. "[T]he danger implicit in affording blanket protection to humor or comedy should be obvious, for surely one's reputation can be as effectively and thoroughly destroyed with ridicule as by any false statement of fact. 'The principle is clear that a person shall not be allowed to murder another person's reputation in jest.'" *Frank v. National Broadcasting Co.*, 119 A.D.2d 252, 257, (N.Y. App. Div. 1986) (citations omitted).

Whether couched as opinion, humor, or rhetorical hyperbole, which Defendants attempt, defamatory statements made by a comedian are actionable where a reasonable listener or viewer could conclude that he or she was asserting or implying false facts about a plaintiff. If the challenged statements and conduct are reasonably susceptible to such a defamatory interpretation, their true meaning is a question of fact for the jury to resolve at trial.

Defendants' televised statements and actions about Judge Moore are reasonably susceptible to a defamatory interpretation. Under New York law, these defamatory statements and actions are a recognized form of defamation for false statements relating to Judge Moore's conduct of his trade,

1

business or profession and also accuse him of one of the most heinous crimes. Accordingly, Plaintiffs have stated viable claims for defamation.[1]

**Argument**

### A.     The Consent Agreement is Invalid and of No Force and Effect.

The Agreement was procured through fraud after fraud and cannot stand on this basis alone. Here, however, because Plaintiffs intend to fully brief the fraud issue in their opposition to Defendants' motion to dismiss, Plaintiffs focus on another aspect of why the Agreement cannot stand. Simply put, New York law does not construe a general release to bar claims for injuries unknown at the time the release was executed, even when the release contains broad language. *E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006).

Under New York law, the dispositive factor in determining the scope of a release is the parties' intent. *E*Trade Fin. Corp.*, 420 F. Supp. 2d at 284-85; *Neuman v. Harmon*, 965 F. Supp. 503, 509 (S.D.N.Y. 1997). "[A] release like any contract must be construed to give force and effect to the intention of the parties." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 404 (2d Cir. 2000) (applying New York law). A court must "**determine the intent of the parties by examining the entirety of the settlement, the parties' acts, and all other conduct and surrounding circumstances that bear on the issue.**" *Actrade Liquidation Trust v. Greenwich Ins. Co. (In re Actrade Fin. Techs. Ltd.)*, 424 B.R. 59, 73 (S.D.N.Y. 2009) (emphasis added).[2]

Here, notwithstanding that the Agreement was procured through fraud, there is no question that Plaintiffs never contemplated a waiver of all rights when executing the Agreement, particularly since Judge Moore *affirmatively crossed out and initialed* the language which referred to "sexual oriented or offensive behavior or questioning." A representative for "Yerushalayim TV" accepted Judge Moore's change to the agreement and then signed it. Clearly, there was no meeting of the minds here and the entire Agreement was based on a lie.

Moreover, Defendants' example of case authority does not apply. In *Psenicksa v. Twentieth Century Fox Film Corp.*, No. 07-cv-10972, 2008 Dist. LEXIS 69214 (S.D.N.Y. Sept. 3, 2008), movie participant plaintiffs filed suit against film companies based on "oral misrepresentations" about the nature of the film. *Psenicksa v. Twentieth Century Fox Film Corp.*, 409 F. App'x 368, 370 (2d Cir. 2009). But, Plaintiffs here do not argue that the Agreement cannot stand because of an outside, oral agreement between the parties. Rather, Plaintiffs argue that the Agreement cannot stand because Judge Moore never contemplated or intended to waive his rights, based on – and backed up by – his crossing out and initialing the very phrase in the Agreement which Defendants

---

[1] Plaintiffs have also stated and pled viable claims for intentional infliction of emotional distress and fraud, but this brief Letter to the Court focuses on defamation only.

[2] California even provides *an automatic preservation* of claims that a releasing party may not know exist at the time of executing a release. For over 100 years, since 1872, the California Civil Code provided: "[a] general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party." Cal. Civ. Code § 1542. **New York law has mirrored this Code**. *See Clinton Street Food Corp.*, 254 B.R. 523, 535 (S.D.N.Y. 2000); *Cahill v. Regan*, 5 N.Y.2d 292, 184 N.Y.S.2d 348, 157 N.E.2d 505 (1959).

think allows them carte blanche to defame him in the most malicious way.

### B.     Plaintiffs Sufficiently Pled Claims Against Defendants as a Matter of Law.

Defendants argue that their maliciously false actions and statements concerning Judge Moore are not premised on a provably false statement of fact. Defs. Let. at p. 3. Defendants' argument not only goes too far but is incorrect, principally because it ignores the very definition of defamation and the limited role of the court in determining whether a publication is susceptible of a defamatory meaning. Defendants' misconduct clearly conveys the point that Judge Moore is a pedophile, and Defendants sanction this point. A court's role, however, is merely to say whether the publication and actions of Defendants could reasonably be construed as "tend[ing] to expose [Judge Moore] to hatred, contempt, or aversion, or to induce an evil or unsavory opinion of him . . ." *Tracy v. Newsday, Inc.*, 5 N.Y.2d 134, 135-36, 182 N.Y.2d 1, 3 (1959). Defendants also confuse the law. The issue is not whether a reasonable viewer would believe that a "sex offender detector" wand is real; indeed defamation law does not require that interpretation. Rather, the issue is whether a viewer could have perceived a defamatory meaning. The author of an alleged defamatory publication need not have asserted the fact directly; he or she still may be liable if he asserts it by implication. *See Lutz v. Watson*, 136 A.D.2d 888, 525 N.Y.S.2d 80 (4th Dept. 1998).

Here, accusing someone of being a pedophile is not a matter of "poking fun" but an act of defamation in the worst way. Defendants' lean on the fact that Defendant Cohen used a "wand" with Judge Moore, thereby arguing that there is no such thing as an "authentic" sex offender wand. Defs. Let. at p 3. But, the implication that every viewer gleans from that wand and Defendants' misconduct is that not only are Defendants accusing Judge Moore of being a pedophile but that *he actually is* a pedophile, as he set off the "wand," realistic or not. There is nothing "nonsensical[,]" "silly" or even remotely humorous about that, particularly since Defendants even concede that there had been "a montage of news reports of the allegations against Judge Moore." *Id.*

Defendants' accusations are grounded in assertions of fact about Plaintiffs' alleged activities and are not framed in hyperbole, but rather purport to reply on news reports that establish the existence of Plaintiffs' alleged misconduct. *See Kelly v. Schmidberger*, 806 F.2d 44, 48 (2d Cir. 1986) (finding statement that plaintiff priests placed church property "in their own names" to be factual and imputing corrupt and possibly criminal conduct); *Coliniatis v. Dimas*, 848 F. Supp. 462, 466, 467 (S.D.N.Y. 1994) (determining that letter making accusation on "information of substantial but not absolute reliability" that company executive was engaged in a kick-back scheme could be factually verified and did not contain loose, figurative, or hyperbolic language that would negate the impression that the writer was asserting a statement of fact). This type of defamation, which, among other things, accuses Judge Moore of the worst kind of crime, is actionable on its face.

Defendants' contrived "long line" of cases that they purport to rely on in support of their position are easily distinguishable. For example, the *one* case that they actually cite, *Hustler v. Magazine, Inc. v. Falwell*, 485 U.S. 46, 50, 51-52 (1988), is inapposite. In an effort to save space, Plaintiffs will distinguish the case in their opposition to Defendants' motion to dismiss. The bottom line is this: one cannot engage in rank fraud and then falsely brand any person a pedophile on national and international television and escape without legal consequences. Defendants profited handsomely from their illegal actions, even arrogantly, shamelessly and proudly submitting and then promoting their repugnant scheme to defame for Golden Globe and Emmy awards. Now, they must be held to account for the damage done to Plaintiffs.

Plaintiffs look forward to briefing these and related issues fully in their opposition to Defendants' impending motion to dismiss.

Sincerely,

Larry Klayman

cc: Defendants' counsel

# KLAYMAN LAW GROUP

### A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.                2020 Pennsylvania Ave. N.W., #800                Tel: 561-558-5336
                                    Washington, DC, 20006                          Fax: 202-379-9289

March 16, 2020

**Via ECF**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**      ***Moore, et al. v. Cohen, et al.*, 1:19-cv-4977-ALC and the Court's Order During the
             Status Conference of March 9, 2020 – Letter Brief Setting Forth Misstatements of
             Fact and Law.**

Dear Judge Carter:

          Pursuant to Your Honor's Order of March 9, 2020, Plaintiffs hereby respectfully submit
the following based on the compelling facts and law of this case:

**Introduction**

          Defendants misstate four (4) fundamental aspects of this case. The first major
misrepresentation is Defendants' intentional misreading of the law in New York, which
expressly incorporates California law, concerning releases.

          The second misrepresentation is that Defendants essentially ignore the hard fact that
Plaintiff Judge Moore explicitly crossed out and initialed the language which referred to "sexual
oriented or offensive behavior or questioning" and that by the plain language of the release itself,
Defendants cannot be released from violating their own signed "release."

          A third misrepresentation is that it is clear to any reasonable person that this case is not at
all analogous to the cases Defendants cite to, particularly *Hustler Magazine, Inc. v. Falwell*, 485
U.S. 46 (1988) and the Borat case, *Psenicska v. Twentieth Century Fox Film Corp.*, 2008 WL
4185752 (S.D.N.Y. Sept. 3, 2008). Those cases were instances of true parody, not an attempt to
capitalize and financially profit on very vicious yet very real allegations of sexual misconduct
against the former Chief Justice of Alabama.

          And fourth, Defendants intentionally and misleadingly ignore the hard fact that they were
put on notice prior to the publication of the per se defamatory broadcast that it would be
defamatory, thus cementing the uncontroverted fact that the release cannot exonerate them from
any claim of actual malice and thus defamation per se. Further, both CBS and Showtime were

not even identified or named in the inoperative release, and their actions are simply not covered by the inoperative release.

**Defendants Misstate the Law**

First, New York law does not construe a general release to bar claims for injuries unknown at the time the release was executed, even when the release contains broad language. *E\*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006). The fundamental legal principle that a release does not extent to claims that a party does not know or suspect at the time of executing the release is deeply rooted in American law. Indeed, every jurisdiction includes some form of law refusing to bar claims for injuries undiscovered at the time the parties execute an agreement, including New York. For example, in a landmark decision styled *E\*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006), the Court held unequivocally:

> **A release that employs general terms will not bar claims outside the parties' contemplation at the time the release was executed. New York law does not construe a general release to bar claims for injuries unknown at the time the release was executed, even when the release contains broad language (internal citations omitted); Cal. Civ. Code § 1542 (West 2005) [] ("A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.").**

*Id.* at 284 (emphasis added); *see also*, *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 354 F. Supp. 2d 293, 299 (S.D.N.Y. 2004) (same holding). Neither New York case is overruled.

In California, consistent with other state laws, this ingrained doctrine dates back to at least 1872 when Section 1542 was first codified in the Civil Code. Originally, Section 1542 read:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Cal. Civ. Code § 1542 (before January 1, 2019). This provides an automatic preservation of claims that a releasing party may not know exist at the time of executing a release. On February 16, 2018, the California Conference of Bar Associations introduced a bill clarifying changes in the terminology of Section 1542 and sought to create an even lower threshold for a releasor to attack an executed release. Effective January 1, 2019 the release language provided in Section 1542 reads:

> A general release does not extend to claims which **that** the creditor **or releasing party** does not know or suspect to exist in his or her favor at the time of executing the release which **and that**, if known by him or her, must **would** have materially affected his or her settlement with the debtor **or released party**.

2

Cal. Civ. Code § 1542. This statutory amendment resulted from California Senate Bill No. 1431 and as Section 3 of the bill states, the amendments "are declaratory of existing law." The amended version adds "releasing party" and "released party" alongside "creditor" and "debtor" and also changes "must have materially affected" to "would have materially affected" regarding the creditor's or releasing party's decision to settle. Importantly, a court or arbitrator can conclude that "would have materially affected" is a far lesser standard than "must have materially affected." Thus, settlement and release agreements are even more vulnerable to attack as applied to unknown claims. The intent of this statute is to prevent the person releasing claims from inadvertently waiving unknown claims merely by signing a release. *Casey v. Proctor*, 59 Cal.2d 97 (1963).

For decades, New York law has mirrored and adopted the seminal, California Supreme Court case *Casey v. Proctor* and California Civil Code § 1542. "It is also a firm principle of New York law that it is less likely that claims are covered by a general release if they are unknown at the time of the release." *Actrade Liquidation Trust v. Greenich Ins. Co. (In re Actrade Fin. Techs. Ltd.)*, 424 B.R. 59 (S.D.N.Y. 2009); *see also Clinton Street Food Corp*., 254 B.R. 523, 535 (S.D.N.Y. 2000) (citing *Enock v. Nat'l Westminister Bankcorp*, 226 App. Div. 2d 235, 641, N.Y.2d 27, 28 (1st Dep't 1996). **Both the *E\*Trade Fin Corp.* and *Maddaloni Jewelers, Inc.* courts even use California Code § 1542 *as a citation* to support their position in the U.S. District Court for the Southern District of New York**. *E\*Trade Fin. Corp.*, 420 F. Supp. 2d at 284; *Maddaloni Jewelers, Inc*., 354 F. Supp. 2d at 299. Indeed, "[e]ven the most broadly drawn general release cannot necessarily be taken at face value." *Clinton*, 254 B.R. at 534.

In *Actrade Liquidation Trust*, a debtor's successor-in-interest, i.e., a liquidation trust and another debtor's trustee, sought a declaratory judgment that defendants were liable on bonds aggregating $14 million that they issued in favor of debtor. *Actrade Liquidation Trust*, 424 B.R. at 60-61. The court denied cross-motions for summary judgment on the defense of the release and the parties proceeded to trial. At trial, the sole issue was the viability of the release defense. There was "no question" that the release "cover[ed] *all* claims against the Sureties." *Id*. at 69. (emphasis in original). The court held that the "general language would be conclusive **but for the principle of New York law that a release, general on its face, will be limited to those claims within the contemplation of the parties at the time**." *Id*. (emphasis added). "[T]he cases are many in which the release has been avoided with respect to uncontemplated transactions despite the generality of the language in the release form. *Id*. (citing *Mangini v. McClurg*, 24 N.Y.2d 556, 562, 301 N.Y.S.2d 508, 249 N.E.2d 386 (1969).

As stated in *Mangini*, "the New York cases in which a release has been limited and found not to cover unforeseen matters are in fact 'many.'" *Actrade Liquidation Trust*, 424 B.R. at 69 (citing *Mangini*, 24 N.Y.2d at 562). Cases cited by *Mangini* include *Cahill v. Regan*, 5 N.Y.2d 292, 184 N.Y.S.2d 348, 157 N.E.2d 505 (1959), where the court held that: "[c]ertainly, a release may not be read to cover matters which the parties did not desire or intend to dispose of." *Id*. at 299-300. In *Cahill*, releases were exchanged in a replevin action, and one party sought to apply them to a subsequent patent dispute. The court limited the releases to the matters in dispute at the time the releases were executed and, on this ground, declined to extend the general releases to the later patent action. *Id*.

The *Mangini* court also cited *Simon v. Simon*, 174 App. Div. 447, 84 N.Y.S.2d 307 (1st Dep't 1948), in which it was held that "[w]hether a release is to be treated as including all possible claims depends upon the purpose for which the release is given." *Id*. at 449. In *Simon*, the court held that the parties sought to settle alimony claims and a claim by the plaintiff to a co-partnership interest when the parties executed the release. There was no dispute at the time as to the plaintiff's title to certain property. Although the release was general in form, the court declined to bar any claims relating to such property. *See also Haskell v. Miller*, 221 App. Div. 48, 222 N.Y.S. 619 (1st Dep't 1927) (holding that the fact that settlement agreements contained recitals regarding particular claims limited the general words of a release to the claims that were within the parties' contemplation); *Mitchell v. Mitchell*, 170 A.D. 452, 156 N.Y.S. 76 (App. Div. 1915) (same); *Rubinstein v. Rubinstein*, 109 N.Y.S.2d 725, 732 (Sup. Ct. N.Y. Co. 1951) (same).

Additionally, the dispositive factor in determining the scope of a release, which Defendants must know, is the parties' intent. *Id*. at 284-85; *see also Neuman v. Harmon*, 965 F. Supp. 503, 509 (S.D.N.Y. 1997). A court must "determine the intent of the parties by examining the entirety of the settlement, the parties' acts, and all other conduct and surrounding circumstances that bear on the issue." *Actrade*, 424 B.R. at 73. See below.

## Defendants Ignore Their Own Inoperative Release

Second, consistent with Defendants' misrepresentation of New York law is their refusal to even acknowledge the fact that Plaintiff Judge Moore explicitly crossed out and initialed the language in the release which referred to "sexual oriented or offensive behavior or questioning." By signing the agreement, Defendants agreed to this express modification. But, even if Defendants did not agree to it – which they did – the "release" would still fail as there could not have been a meeting of the minds or an intent to be bound to something that the Judge affirmatively did not agree to. Again, "[t]he words must manifest the releasor's intent to discharge and the dispositive element in determining the scope of a release is the parties' intent. *Neuman*, 965 F. Supp. at 509; *see also Albany Savings Bank v. Halpin*, 918 F. Supp. 553, 557 (N.D.N.Y. 1996) (the intent of the parties "governs the scope of a release."). This Court must determine intent by examining, among other things, "the parties' acts." *Actrade Liquidation Trust*, 424 B.R. at 73. When Plaintiff Judge Moore modified the release and crossed out the language referring to sexual behavior, and Defendants signed it, not only did they agree not to raise any sexual issue but also it clearly demonstrates that the parties did not have a meeting of the minds.

## Defendants' Citations Are Not Applicable

Third, the Borat and Jerry Falwell cases are inapposite and simply do not apply. *Psenicksa v. Twentieth Century Fox Film Corp*., No. 07-cv-10972, 2008 Dist. LEXIS 69214 (S.D.N.Y. Sept. 3, 2008) discussed oral misrepresentations, not a signed "release" where one party signed and agreed to a modification concerning the very issue that was sued upon. And *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988) held that the First Amendment does not permit a public figure's recovery for what was *clearly* a parody and *did not purport to convey any true facts*. *Id*. at 57. The plaintiff there, a well-known pastor and televangelist, was depicted as recalling his "first time" during a drunken incestuous rendezvous with his mother in an

4

outhouse. *Id*. at 48. Moreover, there, on the bottom of the advertisement parody which presented the ridiculous story read "ad parody not to be taken seriously." *Id*.

Here, Defendants' misconduct clearly conveys the point that Plaintiff Judge Moore is a pedophile as he set off the "sex offender detector."

THIS IS NOT PARODY, BUT A REFERENCE TO A REAL LIFE BUT OUTRAGEOUSLY AND FALSE ALLEGATION THAT IF LEFT UNADDRESSED WOULD RING TRUE! DEFENDANTS CANNOT DISINGENUOUSLY HIDE BEHIND THE PHONY VEIL OF ALLEGED PARODY, WHICH THIS IS NOT!

This Court's role is to merely say whether the publication and actions of Defendants could reasonably be construed as "tend[ing] to expose [Judge Moore] to hatred, contempt, or aversion, or to induce an evil or unsavory opinion of him. . ." *Tracy v. Newsday, Inc*., 5 N.Y.2d 134, 135-36, 182 N.Y.2d 1, 3 (1959). The issue is not whether a "sex offender wand" is real; indeed defamation law does not require that interpretation. The issue is whether a viewer could have perceived a defamatory meaning. Defendants' misleading accusations are grounded in assertions of fact about Plaintiffs' alleged activities and are not framed in hyperbole, but rather purport to rely on news reports that allegedly establish the existence of Plaintiffs' alleged misconduct. *See Kelly v. Schmidberger*, 806 F.2d 44, 48 (2d Cir. 1986) (finding statement that plaintiff priests placed church property "in their own names" to be factual and imputing corrupt and possibly criminal conduct); *Coliniatis v. Dimas*, 848 F. Supp. 462, 466, 467 (S.D.N.Y. 1994) (determining that letter making accusation on "information of substantial but not absolute reliability" that company executive was engaged in a kick-back scheme could be factually verified and did not contain loose, figurative, or hyperbolic language that would negate the impression that the writer was asserting a statement of fact). This type of defamation, which, among other things, accuses Judge Moore of the worst kind of crime, is actionable on its face.

### Plaintiff Judge Moore Put Defendants on Notice Before the Defamatory Publication

Plaintiff Judge Moore put Defendants on notice before their defamatory publication that if they aired the fraudulently induced interview, appropriate legal remedies would follow. *See* Exhibit 1. Specifically, counsel for Plaintiff Judge Moore sent a letter to David Nevins, President and CEO of Showtime and Leslie Moonves, CEO of CBS which read:

PLEASE BE ADVISED that my client, Judge Roy Moore, was fraudulently induced to fly to Washington, DC in mid-February 2018 for an interview with so-called Yerushalayim TV. I understand that Showtime and CBS intend to air this interview.

During that interview, Judge Moore signed a release. However, "[a] release obtained by fraud is void." *Taylor v. Dorough*, 547 So.2d 536, 540 (Ala. 1989).

If CBS/Showtime airs an episode based on the above-referenced fraudulently obtained interview that defames my client, resort to appropriate legal remedies will follow.

This letter is a preemptive notice under § 6-5-186, Ala. Code 1975.

*See* Exhibit 1. Despite this warning, Defendants, to boost the ratings of their show, for pure profit, maliciously aired the defamatory broadcast anyway. Plaintiff Judge Moore informed Defendants that the so-called release was obtained through fraud and was therefore void and inoperative. Moreover, to the extent the release "releases" a party from liability – which it does not – Defendants CBS and Showtime were not even named in the alleged release. Therefore, even if the Court found it operative – which this Court cannot find -- Defendants still would not be released from their outrageous and malicious conduct.

## Conclusion

Plaintiff Judge Moore respectfully asks this Court to step in and dispel the arrogant notion that these media conglomerates are immune from liability when they intentionally and maliciously destroy a person's reputation. Indeed, "the danger implicit in affording blanket protection to Defendants' phony claim of parody simply does not wash. That straw dog simply will not hunt! The principle under New York law is clear and well established; namely that a person shall not be allowed to murder another person's reputation (even) in jest." *Frank v. National Broadcasting, Co*., 119 A.D.2d 252, 257 (N.Y. App. Div. 1986).

For all of these compelling reasons, Defendants' motion to dismiss must now be denied and this case should now move forward.

Sincerely,

/s/ Larry Klayman
Larry Klayman, Esq.

cc: Defendants' Counsel

6

EXHIBIT 1

Mr. David Nevins
President & CEO
Showtime Networks, Inc.
1633 Broadway
New York, NY 10019

Leslie Moonves, CEO
CBS Corporation
51 W. 52nd Street
New, NY 10019

**RE:** *Fraudulently obtained interview with Judge Roy Moore*

Dear Mr. Nevins:

PLEASE BE ADVISED that my client, Judge Roy Moore, was fraudulently induced to fly to Washington, DC in mid-February 2018 for an interview with so-called Yerushalayim TV. I understand that Showtime and CBS intend to air this interview.

During that interview, Judge Moore signed a release. However, "[a] release obtained by fraud is void." *Taylor v. Dorough*, 547 So. 2d 536, 540 (Ala. 1989).

If CBS/Showtime airs an episode based on the above-referenced fraudulently obtained interview that defames my client, resort to appropriate legal remedies will follow.

This letter is a preemptive notice under § 6-5-186, Ala. Code 1975.

Sincerely,

Melissa L. Isaak

Isaak Law Firm
1290 Shellfield Rd
Enterprise, AL 36330

EE 136181280 US

**UNITED STATES POSTAL SERVICE ®**

**PRIORITY MAIL EXPRESS™**

**PAYMENT BY ACCOUNT (if applicable)**

USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
☐ 10:30 AM Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.*

**TO:** (PLEASE PRINT) PHONE ( )

Mr. David Nevins
President & CEO
Showtime Networks, Inc
1633 Broadway
New York, NY 10019

ZIP + 4® (U.S. ADDRESSES ONLY)

1 0 0 1 9 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☑ 1-Day ☐ 2-Day ☐ Military ☐ DPO

PO ZIP Code: 36330
Scheduled Delivery Date (MM/DD/YY): 07/27/18
Postage: $24.70

Date Accepted (MM/DD/YY): 07/26/18
Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM
Insurance Fee | COD Fee

Time Accepted: 2:10 ☐ AM ☑ PM
10:30 AM Delivery Fee
Return Receipt Fee: $2.75 | Live Animal Transportation Fee

Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees

Weight: ☑ Flat Rate  2-1 ozs. | Acceptance Employee Initials: BS | $27.45

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

LABEL 11-B, OCTOBER 2016  PSN 7690-02-000-9996  2-CUSTOMER CO

---

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT) PHONE 334-790-4636

Isaak Law Firm
1290 Shellfield Rd
Enterprise, AL 36330

EE 136181276 US

**UNITED STATES POSTAL SERVICE ®**

**PRIORITY MAIL EXPRESS™**

**PAYMENT BY ACCOUNT (if applicable)**

USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
☐ 10:30 AM Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.*

**TO:** (PLEASE PRINT) PHONE ( )

Leslie Moonves, CEO
CBS Corporation
51 W 52nd St
New York, NY 10019

ZIP + 4® (U.S. ADDRESSES ONLY)

1 0 0 1 9 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☑ 1-Day ☐ 2-Day ☐ Military ☐ DPO

PO ZIP Code: 36330
Scheduled Delivery Date (MM/DD/YY): 07/27/18
Postage: $24.70

Date Accepted (MM/DD/YY): 07/26/18
Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM
Insurance Fee | COD Fee

Time Accepted: 2:07 ☐ AM ☑ PM
10:30 AM Delivery Fee
Return Receipt Fee | Live Animal Transportation Fee

Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees

Weight: ☑ Flat Rate  2-1 ozs. | Acceptance Employee Initials: BS | $27.45

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

LABEL 11-B, OCTOBER 2016  PSN 7690-02-000-9996  2-CUSTOMER CO

```
=========================================
                 ENTERPRISE
               616 GLOVER AVE
                 ENTERPRISE
                     AL
                 36330-2008
                 0127600330
07/26/2018    (800)275-8777    2:11 PM
=========================================
=========================================
Product               Sale        Final
Description           Qty         Price

PM Exp 1-Day .         1         $24.70
Flat Rate Env
    (Domestic)
    (NEW YORK, NY  10019)
    (Flat Rate)
    (Signature Requested)
    (Scheduled Delivery Date)
    (Friday 07/27/2018 12:00 PM)
    (Money Back Guarantee)
    (USPS Tracking #)
    (EE136181276US)
PM Exp                 1          $0.00
Insurance
    (Up to $100.00 included)
Return                 1          $2.75
Receipt
    (@@USPS Return Receipt #)
    (9590940240038079567762)
PM Exp 1-Day           1         $24.70
Flat Rate Env
    (Domestic)
    (NEW YORK, NY  10019)
    (Flat Rate)
    (Signature Requested)
    (Scheduled Delivery Date)
    (Friday 07/27/2018 12:00 PM)
    (Money Back Guarantee)
    (USPS Tracking #)
    (EE136181280US)
PM Exp                 1          $0.00
Insurance
    (Up to $100.00 included)
Return                 1          $2.75
Receipt
    (@@USPS Return Receipt #)
    (9590940240038079567779)
-----------------------------------------
Total                            $54.90
-----------------------------------------
Cash                             $60.00
Change                          ($5.10)

Includes up to $100 insurance

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm.

            Preview your Mail
           Track your Packages
           Sign up for FREE @
          www.informeddelivery.com


All sales final on stamps and postage
Refunds for guaranteed services only
        Thank you for your business
```

# KLAYMAN LAW GROUP
## A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.    2020 Pennsylvania Ave. N.W., #800    Tel: 561-558-5336

Washington, DC, 20006

Fax: 202-379-9289

March 27, 2020

**<u>Via ECF</u>**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:    ***Moore, et al. v. Cohen, et al.*, 1:19-cv-4977-ALC and the Court's Order During the Status Conference of March 9, 2020 – Letter Brief Reiterating the Bona Fide Actionable Claims of Mrs. Kayla Moore Against Defendants**

Dear Judge Carter:

Pursuant to Your Honor's Order of March 9, 2020 concerning whether this case may proceed with only Plaintiff Kayla Moore ("Mrs. Moore") as a plaintiff, Plaintiffs hereby respectfully submit the following based on the compelling facts and law of this case:

First, Plaintiffs submit that both Plaintiff Judge Roy Moore ("Judge Moore") and his wife, Mrs. Moore, have sufficiently pled causes of action for defamation for Judge Moore and intentional infliction of emotional distress and fraud for both Judge Moore and Mrs. Moore. As outlined in Plaintiffs previous letter brief of March 16, 2020 [Dkt. # 63], Defendants' release fails to protect them for their malicious conduct for a myriad of reasons, not the least of which is the fact that Defendants agreed to Judge Moore's alteration of it, thereby acknowledging his desire to change it while simultaneously proving that they acted intentionally when they maliciously defamed him.

Second, and importantly, Mrs. Moore is not a party to the release. Even assuming, *arguendo*, that the Defendants' release is solid, it is only between Judge Moore and the fictious and non-existent Yerushalayim TV. "This is an agreement between Yerushalayim TV (including its assigns, licensees, parents, subsidiaries, and affiliates) (collectively, the "Producer") and the undersigned participant (the "Participant"). *See* Exhibit 1. It is crystal clear that Mrs. Moore is not the "Participant" as it was only Judge Moore and Yerushalayim TV who signed the release.

Third, Mrs. Moore sufficiently pled that she was directly affected by Defendants' unlawful conduct. *See* Compl. at ¶ 8. Indeed, the Complaint is replete with allegations concerning Mrs. Moore. For example, Mrs. Moore pled:

In order to **fraudulently induce Judge Moore and Mrs. Moore** to travel to Washington, D.C., where filming was to and did take place, and where the majority of acts pled herein occurred . . . Defendant Cohen and his agents falsely and fraudulently represented to Plaintiff that Yerushalayim TV – which does not actually exist – was the producer and broadcaster of the show . . . Defendant Cohen and his agents **falsely and fraudulently represented that Judge Moore and Mrs. Moore were both being invited to Washington, D.C**., for Judge Moore to receive an award for his strong support of Israel in commemoration of its 70th anniversary as a nation state.

Compl. at ¶ 15 (emphasis added).

Had **Judge Moore and Mrs. Moore** known that Defendant Cohen had fraudulently induced Judge Moore into this interview, which as a "set up" to harm and **thus damage Plaintiffs and the rest of their entire family**, Judge Moore would not have agreed to appear. Plaintiff**s** relied on and had reason to rely on Defendant Cohen's and his agents' representations including Defendants Showtime and CBS, which he was led to believe were truthful and he had no reason to doubt.

*Id*. at ¶ 16 (emphasis added).

Had Plaintiff**s** known that the promise of a bona fide award was a ruse to trick Judge Moore into appearing on "Who is America?", Judge Moore would not have agreed to appear on Defendants Cohen's, Showtime's and CBS's show and **Mrs. Moore would not have agreed to travel to Washington D.C. to accompany and honor her husband.**

*Id*. at ¶ 17 (emphasis added).

"Mrs. Moore was forced to endure the effects of this interview" which "falsely painted, portrayed, mocked and with malice defamed Judge Moore as a sex offender, which he is not." Compl. at ¶ 18. The Complaint continued: "Had Judge Moore and Mrs. Moore know that "Erran Morad" was Defendant Cohen . . . Plaintiffs would not have agreed to travel to Washington, D.C. *Id*. at ¶ 20 (emphasis added). "[Defendants' misconduct] has severely harmed Judge Moore's reputation and caused him, **Mrs. Moore**, and his entire family severe emotional distress, as well as caused and will cause Plaintiffs financial damage. *Id*. at ¶ 22 (emphasis added).

Fourth, Mrs. Moore sufficiently pled the requisite elements of intentional infliction of emotional distress. Under New York law, to be successful in a claim for intentional infliction of emotional distress, a plaintiff need only show: (1) extreme and outrageous conduct; (2) intent to cause or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *Chanko v. Am. Broadcasting Companies, Inc*., 27 N.Y.3d 46, 56-67 (N.Y Ct. App. 2016) (citing *Howell v. N.Y. Post Co*., 81 N.Y.2d 115, 121 (N.Y. Ct. App. 1993)).

Here, Mrs. Moore expressly pled that "Judge Moore has been the subject of widespread ridicule and has suffered severe loss of reputation, which has in turn also caused him, Mrs. Moore, and his entire family severe emotional distress and financial damage . . ." Compl. at ¶ 38. She also pled that [she has] suffered extreme emotional distress as a result of Judge Moore being falsely portrayed, mocked and defamed as a sex offender and pedophile in this district, on national television and worldwide." *Id*. at ¶ 37.

Importantly, demonstrating that the harm was caused "intentionally or recklessly" can support the tort of intentional infliction of emotional distress. *Freihofer v. Hearst Corp.*, 490 N.Y.S.2d 735, 741 (1985); see also *James v. Flynn*, 19 N.Y.S.3d 618, 620 (2015) ("[R]eckless conduct is encompassed within the tort of intentional infliction of emotional distress . . ."). There is no question that Defendants acted intentionally when they maliciously defamed Judge Moore and intentionally caused Mrs. Moore severe emotional distress by first inviting her to travel from Alabama to the District of Columbia under false pretenses and then by forcing her to watch them maliciously mock and defame her husband in the worst possible way as a criminal, sex offender. In *Klinge v. Ithaca College*, 167 Misc. 2d 458 (N.Y. Sup. Ct. 1995), for example, the court held that even "[a]n unprivileged publication of a charge of plagiarism in an academic community, if false or made with reckless indifference to its truth, meets the threshold test requiring extreme and outrageous conduct." *Id*. at 467. It is undisputable that portraying to the world that the former Chief Justice of the Supreme Court of Alabama is a pedophile in front of his wife is far more outrageous and extreme than a false charge of plagiarism.

And finally, Mrs. Moore sufficiently pled the requisite elements of fraud. In New York, a plaintiff need only plead: (1) a material misrepresentation or omission of fact; (2) knowledge of that fact's falsity; (3) an intent to induce reliance; and (4) justifiable reliance by the plaintiff; and (5) damages. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015). Mrs. Moore pled that Defendants "made false material representations that [plaintiffs] were being flown to Washington, D.C to receive an award." Compl. at ¶ 41. "Defendant[s] . . . knowingly made this false material representation to fraudulently induct Judge Moore to appear on the program, with Mrs. Moore present . . ." *Id*. at ¶ 42. "Plaintiffs justifiably relied on Defendant Cohen's and the other Defendants false representations[.]" *Id*. at ¶ 43. "Judge Moore, Mrs. Moore, and his entire family have suffered extreme emotional distress as a result" and that "Plaintiffs [have] been the subject of widespread ridicule and Plaintiffs' entire family, including Mrs. Moore, have suffered loss of reputation, financial loss, and loss of time spent going to and being in Washington, D.C." *Id*. at ¶ 48.

Because Mrs. Moore is not a party to the "release" and because she sufficiently pled that Defendants harmed her and in fact they did harm her, this case can proceed with only her as a plaintiff even in the extremely unlikely event that the allegations of Judge Moore are dismissed.

Your Honor, Plaintiffs look forward to the Court disposing of the meritless motions to dismiss of the Defendants and allowing this case to now proceed to discovery.

Sincerely,


Larry Klayman
cc: Defendants' counsel



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

March 26, 2020

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     ***Moore, et al v. Cohen, et al.*, 1:19-cv-4977-ALC**

Dear Judge Carter:

We represent Defendants Sacha Baron Cohen, Showtime Networks Inc. ("SNI"), and CBS Corporation ("CBS") (collectively, "Defendants") in the above-referenced case. We write pursuant to the Court's Order of March 9, 2020 to (a) respond to Plaintiffs' March 18, 2020 submission (ECF No. 63) (the "Submission") and (b) address Your Honor's questions regarding the merits of the claims by co-Plaintiff Kayla Moore.

### A.     Plaintiffs' March 18 Submission Simply Reiterates Arguments Defendants Already Addressed

As Defendants understood the Court's Order of March 9, 2020, Plaintiffs were asked to make a submission identifying and clarifying the precise misstatements on which their claims are based (the "Submission"). Rather than comply with the Court's request, Plaintiffs' Submission is nothing more than a sur-reply in further opposition to the motion to dismiss, trying to cast legal arguments with which Plaintiffs disagree as "misstate[ments of] … fundamental aspects of this case." This is not what the Court directed Plaintiffs to file.

Apart from the fact that Plaintiffs' unauthorized sur-reply is not responsive to the Court's Order, the Submission does nothing more than rehash arguments Plaintiffs have already made, even going so far as to recycle entire paragraphs wholesale from Plaintiffs' opposition brief. *Compare* ECF No. 63 at 2, *with* ECF No. 55 at 9-10 (including identical block quote from *E\*Trade Fin. Corp.* case), and ECF No. 63 at 3, *with* ECF No. 55 at 10 (identical paragraphs discussing *Actrade Liquidation Trust* case).

Defendants addressed in their reply memo of law in further support of the motion to dismiss <u>all</u> of the arguments in Plaintiffs' Submission, and will not burden the Court with reprinting those points again here. *See* ECF No. 57 ("Defs. Reply") at 4-5 (addressing Plaintiffs' "general release" argument); *id.* at 5-7 (addressing the impact (or lack thereof) of Judge Moore's crossing out a single phrase concerning privacy claims in the Standard Consent Agreement); *id.* at 1-3, 7-9 (discussing the controlling nature of *Psenicska* and *Hustler v. Falwell*, and, more broadly, Plaintiff Judge Moore's inability to assert a defamation claim based on obvious political satire); and *id.* at 3 n.4 (pointing out that Plaintiffs had not "provide[d] [any] authority for the

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

March 27, 2020
Page 2

proposition that a party can unilaterally nullify a contract by simply announcing their belief that it was fraudulently induced" in a letter).

As for identifying the specific statements from the Episode that Plaintiff Judge Moore contends are false and defamatory, Plaintiffs' submission is silent. They make no effort to identify a single actual statement, beyond repeating the conclusory assertion that the Episode "conveys the point that Plaintiff Judge Moore is a pedophile" because he "set off" a (plainly fake) "sex offender detector." ECF No. 63 at 5. Plaintiffs have provided no additional clarification for the Court, and Defendants have fully addressed why these previously identified conclusions have no merit. *See* ECF No. 51 ("Defs. Mem.") at 18-22; Defs. Reply at 7-9.[1] Thus, for the reasons laid out in Defendants' motion papers, Plaintiff Judge Moore's defamation claim must be dismissed.

## B. Mrs. Moore's Tag-Along Claims Cannot Survive Dismissal of Judge Moore's Claims

The Court also ordered that the parties address the viability of Plaintiff Kayla Moore's claims independent from Judge Moore's claims. For numerous reasons, Mrs. Moore's claims for intentional infliction of emotional distress and fraud cannot survive dismissal any more than Judge Moore's can. First, although she did not physically sign the Standard Consent Agreement, Mrs. Moore's claims are within the scope of the waiver of claims contained therein because her claims are entirely derivative of the claims that Judge Moore waived and, further, because, as president of the Foundation for Moral Law, which received a donation as part of the consideration for the Standard Consent Agreement, she is a beneficiary of the Agreement. Second, even if the Standard Consent Agreement were not enforced against her, her claims fail on their merits.

### 1. Plaintiffs Cannot Avoid the Waiver of Claims in the Standard Consent Agreement by Adding Mrs. Moore as a Plaintiff

Mrs. Moore's claims should be dismissed at the outset because the waiver of claims in the Standard Consent Agreement precludes the only claims she asserted, *i.e.*, her claims for intentional infliction of emotional distress and fraud, both of which are expressly included in the list of claims being waived. *See* Defs. Mem. at 6 (quoting SCA ¶ 4). The fact that she did not personally sign the Standard Consent Agreement does not alter this conclusion.

As noted in Defendants' opening brief, it is well settled that "[p]laintiffs cannot escape their contractual obligations simply by joining parties who did not sign the contract and then claiming that the [provisions] do[] not apply." *Novak v. Tucows, Inc.*, No. 06 CV 1909, 2007 WL 922306, at *13 (E.D.N.Y. Mar. 26, 2007) (citation omitted), *aff'd*, 330 F. App'x 204 (2d Cir.

---

[1] Plaintiff Judge Moore tries to underscore his conclusory contention with an all-caps observation that "THIS IS NOT PARODY". ECF No. 63, at 5 (emphasis in original). But that hardly addresses the Court's Order to provide the Court with the actual alleged misstatements that are being challenged. Nor do Plaintiffs expand on the alleged misrepresentations that they claim induced them to come to Washington, D.C. for the interview depicted in the Episode. Those alleged misrepresentations are spelled out in Plaintiffs' Complaint, and Plaintiffs have not identified any additional statements. *See, e.g.,* Compl. ¶ 15.

March 27, 2020
Page 3

2009). *See* Defs. Mem. at 18 n.13. Accordingly, courts routinely enforce contractual provisions against parties that did not personally sign the contract, under a variety of theories. *See, e.g.*, *Hines v. 1025 Fifth Ave., Inc.*, No. 14-cv-3661, 2015 WL 765943, at *4 (S.D.N.Y. Feb. 23, 2015) (enforcing waiver of jury trial in co-op lease against father and daughter, even though agreement containing clause was signed only by their wife/mother, because they were third party beneficiaries of lease); *Buckley v. Nat'l Freight, Inc.*, 90 N.Y.2d 210, 216–17 (1997) (wife's signing of settlement agreement releasing claims barred husband's claim for loss of consortium because claim was derivative of released claims); *Rector v. Calamus Grp., Inc.*, 17 A.D.3d 960, 962 (3d Dep't 2005) (enforcing limitation of liability in home inspection contract against wife of signatory to agreement under theory that wife was third-party beneficiary of agreement); *Salazar v. On the Trail Rentals, Inc.*, 506 F. App'x 709, 711–13 (10th Cir. 2012) (enforcing exculpatory clause in snowmobile rental agreement, signed by decedent in crash, against survivors seeking to bring wrongful death claims, to preclude wrongful death claims because, "if [decedent] had no right to prosecute a claim, neither do plaintiffs").

In particular, courts in this Circuit have held that provisions of a contract can be enforced against a non-signatory when they are "'closely related' to one of the signatories such that 'enforcement . . . is foreseeable by virtue of the relationship between the signatory and the party sought to be bound." *MGM Studios Inc. v. Canal+ Distrib. S.A.S.,* No. 07 Civ. 2918, 2010 WL 537583, at *5 (S.D.N.Y. Feb. 9, 2010) (enforcing forum selection clause). In particular, courts have "repeatedly found non-signatories 'closely related' to signatories where their interests are completely derivative of and directly related to, if not predicated upon the signatory party's interests or conduct." *KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377, 386–87 (S.D.N.Y. 2011) (citations and internal quotation marks omitted) (collecting cases).

Here, Mrs. Moore's claims are plainly "completely derivative of," "directly related to" and "predicated upon" Judge Moore's claims. *Id.* In the Complaint, the damages claimed by *both* Plaintiffs are framed in terms of reputational harm *to Judge Moore*. *See* Defs. Mem. at 24 n.18-19; Compl. ¶¶ 37-38 (alleging that "Plaintiffs have suffered extreme emotional distress *as a result of Judge Moore being falsely portrayed, mocked and defamed as a sex offender and pedophile*" and that "Judge Moore has been the subject of widespread ridicule and has suffered *severe loss of reputation, which has in turn also caused him, Mrs. Moore, and his entire family severe emotional distress …*") (emphasis added); *id.* ¶ 47 (alleging that, as a result of Defendants' "false and fraudulent representations, Judge Moore, Mrs. Moore, and his entire family have suffered extreme emotional distress *as a result of Judge Moore being falsely portrayed as a sex offender and pedophile…*") (emphasis added). Accordingly, the waiver of those claims by Judge Moore also serves as a waiver of Mrs. Moore's derivative claims.

In fact, applying these principles in this very case, the District Court for the District of Columbia did not hesitate to enforce the forum selection clause in the Standard Consent Agreement against both Judge Moore and Mrs. Moore on the grounds that Mrs. Moore's claims are "***closely related***" and "***derivative from***" Judge Moore's claims, so she therefore "can't complain about the transfer" to this court.. ECF No. 55-1 (Transcript of Hearing Before Hon. Thomas F. Hogan, Arp. 29, 2019, *Moore v. Cohen, et al*., 18-cv-2082 (D.D.C.)) at 32:8-33:1 (emphasis added).

March 27, 2020
Page 4

Even when the claims are not entirely derivative of the claims made by the signatory to the agreement, the Second Circuit has still enforced a contract against a non-signatory where the non-signatory received a "direct benefit" from the contract containing the operative clause. *See, e.g., Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349, 353 (2d Cir. 1999) ("A party is estopped from denying its obligation to arbitrate when it receives a 'direct benefit' from a contract containing an arbitration clause."). For this reason as well, the waiver of claims contained in the Standard Consent Agreement can be enforced against Mrs. Moore. Specifically, Mrs. Moore is the president of the Foundation for Moral Law, the non-profit organization founded by Judge Moore. Pursuant to the Standard Consent Agreement, the Foundation for Moral Law received a $200 donation as partial consideration for the Agreement. *See* ECF No. 52-1. Having received a "direct benefit" from the Standard Consent Agreement, Mrs. Moore is estopped from avoiding the effect of the waiver of claims contained in the agreement. *See generally LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 156 (E.D.N.Y. 2012) ("Certainly, a number of courts in this Circuit and others have espoused the general principle that a party is estopped from denying a contract provision when it has directly benefited from the contract.") (collecting cases).

In sum, whether under the "derivative claims" or "direct-benefit estoppel" theory, the Standard Consent Agreement's waiver of the precise claims asserted here ("(h) infliction of emotional distress" and "(p) fraud") applies with equal force to Mrs. Moore's entirely redundant claims. Thus, for that reason alone, the Court should dismiss her claims.

## 2. Mrs. Moore's Claims Also Fail On Their Merits

As discussed in Defendants' motion papers, even if the Standard Consent Agreement did not exist (or was not enforced against either or both Plaintiffs), Mrs. Moore's claims still fail as a matter of law and should be dismissed. Mrs. Moore does not join in the defamation claim, nor could she, since she would not have standing to assert that claim on behalf of her husband. Instead, she joins her husband's claims for intentional infliction of emotional distress and fraud. However, as discussed above, Mrs. Moore's claims are entirely derivative of Judge Moore's, since they arise out of the exact same facts and are based solely on alleged harm to *his* reputation. *See* Compl. ¶¶ 37-38, 47-48. Therefore, as a general matter, the dismissal of Judge Moore's claims necessarily defeats her claims as well. *See, e.g., Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 606 (E.D.N.Y. 2011) (holding that "a derivative action that depends on the viability of the primary cause of action"—there, a loss of consortium claim—"must be dismissed when the primary claim is dismissed); *Lee v. TMZ Prods. Inc*, 710 F. App'x 551, 560–61 (3d Cir. 2017) ("[T]he failure of Lee's underlying defamation and emotional distress claims requires dismissal of the derivative claims asserted by her family members.").

Even if Mrs. Moore's claims could somehow stand on their own (and, as pleaded, they cannot), they still cannot survive dismissal. As set forth in Defendants' motion papers, the emotional distress claim (on behalf of each Plaintiff) fails for numerous independent reasons, including because it is duplicative of the meritless defamation claim, and is therefore barred by *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988), and because Plaintiffs cannot plead the requisite "extreme and outrageous" conduct necessary to support such a claim based on the airing of a single, satirical interview segment. *See* Defs. Mem. at 22-24. Mrs. Moore's claim

March 27, 2020
Page 5

has the added deficiency that she is claiming emotional distress based on the harm to *Judge Moore's* reputation. As noted in Defendants' opening brief, "[j]ust as '[o]nly the party about whom the allegedly libelous statements were made has standing to sue' for defamation, a 'family member not named in [an] allegedly defamatory [publication] has no claim for emotional distress.'" Defs. Mem. at 24 n.18 (quoting *Chaiken v. VV Publ'g Corp.*, No. 91 Civ. 2102, 1992 WL 168282, at *2 (S.D.N.Y. June 30, 1992)). *See also Sylvester v. City of N.Y.*, 385 F. Supp. 2d 431, 442 (S.D.N.Y. 2005) (noting lack of authority for emotional distress claim from "false statements … directed at the plaintiffs' family member, but not the plaintiffs").

Similarly, Plaintiffs have failed adequately to plead a fraud claim on behalf of either Judge Moore or Mrs. Moore. *See* Defs. Mem. at 24-25; Defs. Reply at 9-10. It is well settled that Judge Moore cannot premise a fraud claim on harm to his own reputation, which is all that Plaintiffs assert. *See* Compl. ¶¶ 47-48; *see, e.g.*, *Chevron Corp. v. Donziger*, No. 11-cv-691, 2013 WL 3879702, at *2 (S.D.N.Y. July 29, 2013) (noting "principle that New York does not permit recovery on a fraud theory for reputational injury"); *W. Tsusho Co. v. Prescott Bush & Co.*, No. 92-cv-3378, 1993 WL 228072, at *3 (S.D.N.Y. June 23, 1993) (explaining that "[o]nly actual pecuniary loss is compensable in fraud," which does not include harm to "personal reputations" or "lost time"); *see also* Defs. Mem. at 24-25. *A fortiori*, Mrs. Moore cannot plead a fraud claim on reputational harm to *someone else*. *Cf. Chaiken*, 1992 WL 168282, at *2. Further, Plaintiffs have also failed to allege <u>any</u> pecuniary loss from the alleged fraud, which they must do to survive dismissal. *See* Defs. Reply at 10.

Finally, and more broadly, this entire lawsuit is an affront to the First Amendment by a controversial public figure seeking to squelch political satire, which decades ago the Supreme Court underscored is a critical part of our national discourse. *See Falwell*, 485 U.S. at 51-52. Whatever harm there has been to Judge Moore's reputation came about because of allegations of misconduct that were widely reported before the Episode was created, not as a result of mockery on a satiric comedy show. Indeed, the satirical effect of the Episode is based entirely on those *pre-existing* allegations. Judge Moore cannot salvage his unfounded effort to chill First Amendment-protected speech by enlisting his wife to assert the same deficient claims. This entire case should be dismissed with prejudice.

We appreciate the Court's consideration of these important issues. Please do not hesitate to let us know if the Court would like any further information in order to resolve the case.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara

cc:     Plaintiffs' counsel (via CM/ECF and email)



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

June 5, 2020

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:      ***Moore, et al v. Cohen, et al.*, 1:19-cv-4977-ALC**

Dear Judge Carter:

We represent Defendants Sacha Baron Cohen ("Cohen"), Showtime Networks Inc. ("SNI"), and CBS Corporation n/k/a ViacomCBS Inc. ("CBS") (collectively, "Defendants") in the above-referenced case.  We write pursuant to the Court's Order of May 29, 2020 to submit supplemental letter briefing to address two issues: (1) The status/existence of Yerushalayim TV at the time Plaintiff Judge Moore signed the Consent Agreement; and (2) The legal relationship between Yerushalayim TV and the Defendants at the time Plaintiff Judge Moore signed the Consent Agreement (the "Order").

As the Court is aware, Defendants' Motion to Dismiss rests on two independent grounds. First, basic First Amendment protections bar claims arising out of political satire of public figures, like the comedy sketch at issue here depicting famed political satirist Cohen skewering Judge Moore concerning issues raised in his Alabama Senate campaign.  *See, e.g., Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 50 (1988); *see also* ECF No. 51 ("Defs. Mem") at 18-24. Second, as an alternative basis for dismissal, Plaintiffs' claims fail since Judge Moore executed a Standard Consent Agreement on February 14, 2018 and expressly waived the very claims asserted in this action.  In short, the Court need not even reach the argument regarding the Consent Agreement.  But, should it do so, and if the Court determines that the Consent Agreement is not enforceable, or otherwise does not act to waive the claims at issue – and we believe that the law does not support either conclusion – the Court can and should still dismiss the action as barred by the First Amendment.

The issues raised in the Order can be simply addressed and only underscore that the Consent Agreement is fully enforceable and acts to waive Plaintiffs' claims.  As for the Order's first issue:  Yerushalayim Television, LLC ("YTV") is a limited liability company organized in the State of Wyoming, and registered on October 6, 2017 (four months before Judge Moore signed the Consent Agreement).  For the Court's reference, a copy of the Articles of Organization for the company is attached as **Exhibit A** to this letter.[1]

---

[1] The Court may take judicial notice of this document, which was filed with the Wyoming Secretary of State, and remains publicly available on the Wyoming state government's website.  *See, e.g., Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (holding that "it is
4841-9105-7855v.1 3940173-000105

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

June 5, 2020
Page 2

Next, the Court seeks to understand the legal relationship between YTV and the Defendants at the time Plaintiff Moore signed the Consent Agreement. As an initial matter, the Court need not delve into the corporate structure of YTV in order to find that the Consent Agreement bars Plaintiffs' claims. The Consent Agreement – which Plaintiffs acknowledge Judge Moore signed – waives claims against the Producer YTV and "any of its assignees or licensees *or anyone associated with the Program*." SCA ¶ 4 (emphasis added); *see also id.* ¶ 1 (defining the "Program" as the "reality-style television series" in which Judge Moore was participating, and on which he was ultimately featured). Plaintiffs have sensibly never tried to argue that Cohen (who is the star and credited producer of the Program), SNI (the owner of SHOWTIME, the television network that exhibited the Program) or CBS (SNI's parent company) are somehow not "associated with the Program." In short, each Defendant specifically falls within the terms of the Consent Agreement. This should end the inquiry.

Indeed, New York courts have not hesitated to enforce television appearance releases of claims against parties that are "closely intertwined in the production" of the show at issue, even if those parties are not expressly listed by name in the agreement. *Klapper v. Graziano*, 41 Misc. 3d 401, 408–09 (Sup. Ct. Kings Cty. 2013) (finding the "technical challenge" raised by the plaintiff to the enforcement as against companies not named in the appearance release he signed to be "without merit"), *aff'd*, 129 A.D.3d 674, 676 (2d Dep't 2015) ("The clear intent of the Appearance Release was to release from liability Left/Right, Inc., and those acting with it or on its behalf to produce the reality show"), *leave to appeal denied*, 30 N.Y.3d 988 (2017); *see also* ECF No. ECF No. 51 ("Defs. Mem.") at 17-18. Here, of course, the Consent Agreement by its express terms includes each of the Defendants since they were indisputably "associated with the Program," or were otherwise "closely intertwined in the production" of the Program.

But, to address this Court's specific question, there is no dispute that Cohen is the ultimate owner of a number of production companies that were used for the production and ownership of the Program, including YTV, and that one of Cohen's affiliated companies licensed the Program to SNI. In support of their motion to transfer the case to this Court, which the District Court for the District of Columbia granted on April 29, 2019 (*see* ECF No. 34), Defendants submitted a declaration from Brendan Countee, Vice President of Original Programming for SNI, establishing that SNI licensed the Program from two production companies that jointly owned it, La Quinta Entertainment, LLC ("La Quinta") and Please You Can Touch LLC (together, the "Production Companies"). *See* ECF No. 27-4 ¶ 4. Defendants also submitted a declaration from Todd Schulman, an Executive Producer of the Program, establishing that Cohen produced the Program in connection with the two Production Companies, of which he was the ultimate sole owner. *See* ECF No. 27-3 ("Schulman Decl.") ¶ 4. The Schulman Declaration established further that Cohen's Production Companies also worked with other affiliated production companies, of which Cohen is again the ultimate sole owner, including YTV. Specifically, YTV is ultimately a wholly owned subsidiary of La Quinta (which is, in turn, wholly owned by Cohen). *Id.* ¶ 7.

---

clearly proper to take judicial notice of …government records," including documents "retrieved from official government websites," including that of a state Secretary of State).

June 5, 2020
Page 3

     In sum, filings already in the record in this case and documents of which the Court can take judicial notice confirm that, at the time Judge Moore signed the Consent Agreement, (1) YTV was a legally established limited liability company (and had been for several months), and (2) YTV is wholly owned by one of the Production Companies that is, in turn, wholly owned by Defendant Cohen, as are the entities that owned and licensed the Program to Defendant SNI (a wholly owned subsidiary of Defendant CBS).

     Importantly, in the Consent Agreement, the counterparty "Producer" is defined to include YTV and "its assigns, licensees, parents, subsidiaries, and affiliates." SCA at 1. The waiver of claims protects "the Producer," as well as its "assignees or licensees or anyone associated with the Program." *Id.* ¶ 4. By any possible measure, the Consent Agreement (and, in particular, the waiver of claims) fully applies to Defendants Cohen, SNI and CBS. They are each, respectively, a "parent," an "affiliate" or a "licensee," and all three are indisputably "associated with the Program." Indeed, to find that a waiver of claims in this type of appearance release applies only to the particular named production company, and not any other producers of the program or the entities that actually aired the program would defeat the entire purpose of these agreements, which "are commonly used in the entertainment industry." *Klapper*, 129 A.D.3d at 675. For each of these independent reasons, there can be no dispute that YTV was an incorporated entity at the time the Consent Agreement was signed and that all of the Defendants were released by the express terms of the Consent Agreement.

     We appreciate the Court's careful consideration of these important issues. Please do not hesitate to let us know if the Court would like any further information in order to resolve the case.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara

cc:     Plaintiffs' counsel (via CM/ECF and email)

# Exhibit A





**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

For Office Use Only

**Ed Murray, WY Secretary of State**
**FILED: Oct 6 2017 11:08AM**
**Original ID: 2017-000771418**

# Limited Liability Company
# Articles of Organization

**I. The name of the limited liability company is:**

YERUSHALAYIM TELEVISION, LLC

**II. The name and physical address of the registered agent of the limited liability company is:**

Hirst Applegate Registered Agent Services, Inc.
1720 Carey Ave Ste 400
Cheyenne, WY 82001

**III. The mailing address of the limited liability company is:**

900 Wilshire Blvd.
Suite 1000
Beverly Hills, CA 90212

**IV. The principal office address of the limited liability company is:**

900 Wilshire Blvd
Suite 1000
Beverly Hills, CA 90212

**V. The organizer of the limited liability company is:**

Jenifer Wallis
801 S. Figueroa St., 15th flr, Los Angeles, CA 90017

**Signature:** *Jenifer Wallis*                    Date: **10/06/2017**

Print Name:     **Jenifer Wallis**

Title:          **Attorney of record for LLC**

Email:          **jcw@manningllp.com**

Daytime Phone #:  **(213) 553-2494**



☑ I am the person whose signature appears on the filing; that I am authorized to file these documents on behalf of the business entity to which they pertain; and that the information I am submitting is true and correct to the best of my knowledge.

☑ I am filing in accordance with the provisions of the Wyoming Limited Liability Company Act, (W.S. 17-29-101 through 17-29-1105) and Registered Offices and Agents Act (W.S. 17-28-101 through 17-28-111).

☑ I understand that the information submitted electronically by me will be used to generate Articles of Organization that will be filed with the Wyoming Secretary of State.

☑ I intend and agree that the electronic submission of the information set forth herein constitutes my signature for this filing.

☑ I have conducted the appropriate name searches to ensure compliance with W.S. 17-16-401.

**Notice Regarding False Filings: Filing a false document could result in criminal penalty and prosecution pursuant to W.S. 6-5-308.**

---

**W.S. 6-5-308. Penalty for filing false document.**

(a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he files with the secretary of state and willfully or knowingly:

(i) Falsifies, conceals or covers up by any trick, scheme or device a material fact;

(ii) Makes any materially false, fictitious or fraudulent statement or representation; or

(iii) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

---

☑ I acknowledge having read W.S. 6-5-308.

**Filer is:**  ☑ An Individual  ☐ An Organization

## Filer Information:
**By submitting this form I agree and accept this electronic filing as legal submission of my Articles of Organization.**

Signature:  *Jenifer Wallis*  Date: **10/06/2017**

Print Name:  **Jenifer Wallis**

Title:  **Attorney of record for LLC**

Email:  **jcw@manningllp.com**

Daytime Phone #:  **(213) 553-2494**

*Wyoming*
Secretary of State

**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

# Consent to Appointment by Registered Agent

**Hirst Applegate Registered Agent Services, Inc.**, whose registered office is located at **1720 Carey Ave Ste 400, Cheyenne, WY 82001**, voluntarily consented to serve as the registered agent for **YERUSHALAYIM TELEVISION, LLC** and has certified they are in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

I have obtained a signed and dated statement by the registered agent in which they voluntarily consent to appointment for this entity.

**Signature:**    *Jenifer Wallis*                    Date:  **10/06/2017**

Print Name:    **Jenifer Wallis**

Title:    **Attorney of record for LLC**

Email:    **jcw@manningllp.com**

Daytime Phone #:    **(213) 553-2494**

# STATE OF WYOMING
## Office of the Secretary of State

I, ED MURRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

## CERTIFICATE OF ORGANIZATION

### YERUSHALAYIM TELEVISION, LLC

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **6th** day of **October**, **2017** at **11:08 AM.**

Remainder intentionally left blank.

Secretary of State

Filed Date: 10/06/2017

Filed Online By:

Jenifer Wallis

on 10/06/2017

# KLAYMAN LAW GROUP

### A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.          2020 Pennsylvania Ave. N.W., #800          Tel:    561-558-5336

Washington,          DC,          20006

Fax: 202-379-9289

June 5, 2020

**Via ECF**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:     _Moore, et al. v. Cohen, et al._, 1:19-cv-4977-ALC and the Court's Order of May 29, 2020 Addressing Two (2) Issues**

Dear Judge Carter:

Pursuant to Your Honor's Order of May 29, 2020 concerning "(1) [t]he status/existence of Yerushalayim TV at the time Plaintiff Moore signed the Consent Agreement; and (2) [t]he legal relationship between Yerushalayim TV and the Defendants at the time Plaintiff Moore signed the Consent Agreement[,]" Plaintiffs Judge Moore and Kayla Moore hereby respectfully submit the following based on the compelling facts and law of this case:

First and foremost, respectfully, the Court's inquiry is not germane to the overriding issue that disposes of the Court's inquiry.

 Based on the express terms of the Consent Agreement, which was signed by Judge Moore and Yerushalayim TV ("YTV"), there was no waiver as to "any allegedly sexual oriented or offensive behavior or questioning." This portion of the Consent Agreement was crossed out by Judge Moore, and subsequently, this version of the Consent Agreement was agreed to and signed by YTV. Thus, based on simple, indisputable contract law, any claims arising from "any allegedly sexual oriented or offensive behavior or questioning" were not waived by Judge Moore. It is also indisputable that falsely and maliciously accusing an individual of being a pedophile on television falls under "any allegedly sexual oriented or offensive behavior or questioning." Thus, it simply does not matter who or what YTV was at the time, or who it was owned or operated by. The Consent Agreement does not govern this case, as shown by the express terms of the Consent Agreement itself.

Second, as set forth in Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF No. 55, the fundamental legal principle that a release does not extend to claims that a party does not know or suspect at the time of executing the release is deeply rooted in American law. For

example, in a landmark decision styled *E\*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006), the Court held unequivocally:

> A release that employs general terms will not bar claims outside the parties' contemplation at the time the release was executed. New York law does not construe a general release to bar claims for injuries unknown at the time the release was executed, even when the release contains broad language (internal citations omitted); Cal. Civ. Code § 1542 (West 2005) [] ("A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.")

*Id*. at 284 (emphasis added); *see also Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc*., 354 F. Supp. 2d 293, 299 (S.D.N.Y. 2004). "It is also a firm principle of New York law that it is less likely that claims are covered by a general release if they are unknown at the time of the release." A*ctrade Liquidation Trust v. Greenich Ins. Co. (In re Actrade Fin. Techs. Ltd*.), 424 B.R. 59 (S.D.N.Y. 2009).

IMPORTANTLY, AS SET FORTH ABOVE, NEW YORK LAW FOLLOWS AND THUS INCORPORATES CAL. CIV. CODE SECTION 1542, WHICH IS CRYSTAL CLEAR ON THIS POINT.

The Consent Agreement here is a "textbook" example of an improper and disallowed general release. Plaintiffs never intended to even appear on "Who is America?" much less be falsely accused of pedophilia before a world-wide audience.

<u>Third</u>, Defendant Cohen's name does not appear anywhere on YTV's initial filing with the Wyoming Secretary of State. *See* <u>Exhibit 1</u>. According to the Articles of Organization, the organizer of YTV was Jenifer Wallis. Defendant Cohen's name is nowhere to be found on YTV's Articles of Organization, much less CBS or Showtime. Additionally, as further evidence that YTV was nothing but a ruse to trick Judge Moore and others, it appears to have been dissolved in December of 2019. *See* <u>Exhibit 2</u>.

The U.S. District Court for the District of Columbia's ("D.C. Court") rationale for finding that Defendants could enforce the transfer provision of the Consent Agreement appears to have been based solely on the self-serving declaration of Todd Schulman. ECF No. 6-1 (Motion to Transfer). At the April 29, 2029 hearing, the D.C. Court held found, "Defendant submitted a declaration from the executive producer of the program which states this YTV is only owned by defendant Cohen. It's only owned through the production company which owns the program and licenses it that's a licensee then to defendant Showtime and CBS." At a minimum, Plaintiffs should be allowed to depose Mr. Schulman, as well as Defendant Cohen, should the Court determine that the issue of YTV's ownership is germane to the facts of the case.

BUT THIS IS UNNECESSARY IN ANY EVENT, AS THE CONSENT AGREEMENT DOES NOT APPLY GIVEN THE MEETING OF THE MINDS OF THE PARTIES WHO

EXPLICITLY AGREED THAT THERE NOT BE "ANY SEXUAL ORIENTED OR OFFENSIVE BEHAVIOR OR QUESTIONING!


      In sum, while it is apparent from YTV's formation documents that Defendant Cohen is not mentioned or listed, the Court need not even take this into account, as the Consent Agreement clearly does not govern this case. Judge Moore, at the time, had the foresight to not waive any claims pertaining to "any allegedly sexual oriented or offensive behavior or questioning." This was agreed to by YTV. Thus, the Consent Agreement is inoperative given the facts of the case.

      This honorable Court must now allow this case to finally move forward.


Respectfully,


_/s/ Larry Klayman_____
Larry Klayman, Esq.
Counsel for Chief Justice Roy Moore

cc: Defendants' counsel

# EXHIBIT 1


For Office Use Only

**Ed Murray, WY Secretary of State**
**FILED: Oct 6 2017 11:08AM**
**Original ID: 2017-000771418**

# Limited Liability Company
# Articles of Organization

**I. The name of the limited liability company is:**

YERUSHALAYIM TELEVISION, LLC

**II. The name and physical address of the registered agent of the limited liability company is:**

Hirst Applegate Registered Agent Services, Inc.

1720 Carey Ave Ste 400

Cheyenne, WY 82001

**III. The mailing address of the limited liability company is:**

900 Wilshire Blvd.

Suite 1000

Beverly Hills, CA 90212

**IV. The principal office address of the limited liability company is:**

900 Wilshire Blvd

Suite 1000

Beverly Hills, CA 90212

**V. The organizer of the limited liability company is:**

Jenifer Wallis

801 S. Figueroa St., 15th flr, Los Angeles, CA 90017

**Signature:**    *Jenifer Wallis*                          Date:   **10/06/2017**

Print Name:    **Jenifer Wallis**

Title:    **Attorney of record for LLC**

Email:    **jcw@manningllp.com**

Daytime Phone #:    **(213) 553-2494**



**Secretary of State**

**Wyoming Secretary of State**

2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

---

☑ I am the person whose signature appears on the filing; that I am authorized to file these documents on behalf of the business entity to which they pertain; and that the information I am submitting is true and correct to the best of my knowledge.

☑ I am filing in accordance with the provisions of the Wyoming Limited Liability Company Act, (W.S. 17-29-101 through 17-29-1105) and Registered Offices and Agents Act (W.S. 17-28-101 through 17-28-111).

☑ I understand that the information submitted electronically by me will be used to generate Articles of Organization that will be filed with the Wyoming Secretary of State.

☑ I intend and agree that the electronic submission of the information set forth herein constitutes my signature for this filing.

☑ I have conducted the appropriate name searches to ensure compliance with W.S. 17-16-401.

**Notice Regarding False Filings: Filing a false document could result in criminal penalty and prosecution pursuant to W.S. 6-5-308.**

---

**W.S. 6-5-308. Penalty for filing false document.**

(a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he files with the secretary of state and willfully or knowingly:

(i) Falsifies, conceals or covers up by any trick, scheme or device a material fact;

(ii) Makes any materially false, fictitious or fraudulent statement or representation; or

(iii) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

---

☑ I acknowledge having read W.S. 6-5-308.

**Filer is:**   ☑ An Individual   ☐ An Organization

## Filer Information:

**By submitting this form I agree and accept this electronic filing as legal submission of my Articles of Organization.**

Signature:   *Jenifer Wallis*                          Date:   **10/06/2017**

Print Name:   **Jenifer Wallis**

Title:   **Attorney of record for LLC**

Email:   **jcw@manningllp.com**

Daytime Phone #:   **(213) 553-2494**

**Wyoming Secretary of State**

2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

# Consent to Appointment by Registered Agent

**Hirst Applegate Registered Agent Services, Inc.**, whose registered office is located at **1720 Carey Ave Ste 400, Cheyenne, WY 82001**, voluntarily consented to serve as the registered agent for **YERUSHALAYIM TELEVISION, LLC** and has certified they are in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

I have obtained a signed and dated statement by the registered agent in which they voluntarily consent to appointment for this entity.

Signature: *Jenifer Wallis*          Date: **10/06/2017**

Print Name: **Jenifer Wallis**

Title: **Attorney of record for LLC**

Email: **jcw@manningllp.com**

Daytime Phone #: **(213) 553-2494**

# STATE OF WYOMING
## Office of the Secretary of State

I, ED MURRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF ORGANIZATION

**YERUSHALAYIM TELEVISION, LLC**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **6th** day of **October**, **2017** at **11:08 AM.**

Remainder intentionally left blank.

Secretary of State

Filed Online By:

Jenifer Wallis

on 10/06/2017

Filed Date: 10/06/2017

# EXHIBIT 2

# STATE OF WYOMING ✴ SECRETARY OF STATE
## EDWARD A. BUCHANAN
## BUSINESS DIVISION

Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
Phone 307-777-7311
Website: https://sos.wyo.gov · Email: business@wyo.gov

## Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | **YERUSHALAYIM TELEVISION, LLC** | | |
|---|---|---|---|
| **Filing ID** | **2017-000771418** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

## General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Delinquent |
| | | Standing - RA | Good |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 10/06/2017 11:08 AM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | 12/09/2019 |

**Principal Address**

900 Wilshire Blvd
Suite 1000
Beverly Hills, CA 90212

**Mailing Address**

900 Wilshire Blvd.
Suite 1000
Beverly Hills, CA 90212

**Registered Agent Address**

Hirst Applegate Registered Agent Services, Inc.
1720 Carey Ave Ste 400
Cheyenne, WY 82001

**Parties**

| Type | Name / Organization / Address |
|---|---|
| Organizer | Jenifer Wallis  801 S. Figueroa St., 15th flr, Los Angeles, CA 90017 |

**Notes**

| Date | Recorded By | Note |
|---|---|---|

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

Name **YERUSHALAYIM TELEVISION, LLC**

**Filing ID** 2017-000771418

Type        Limited Liability Company              Status              Inactive - Administratively Dissolved (Tax)

## Most Recent Annual Report Information

| | | | | | |
|---|---|---|---|---|---|
| Type | Original | | | AR Year | 2018 |
| License Tax | $50.00 | AR Exempt | N | AR ID | 03965310 |
| AR Date | 11/14/2018 5:49 PM | | | | |
| Web Filed | Y | | | | |

### Officers / Directors

| Type | Name / Organization / Address |
|---|---|

| **Principal Address** | **Mailing Address** |
|---|---|
| 900 Wilshire Blvd | 900 Wilshire Blvd. |
| Suite 1000 | Suite 1000 |
| Beverly Hills, CA 90212 | Beverly Hills, CA 90212 |

## Annual Report History

| Num | Status | Date | Year | Tax |
|---|---|---|---|---|
| 03965310 | Original | 11/14/2018 | 2018 | $50.00 |

## Amendment History

| ID | Description | Date |
|---|---|---|
| 2019-002705779 | Dissolution / Revocation - Tax | 12/09/2019 |
| | Filing Status Changed From: Active To: Inactive - Administratively Dissolved (Tax) | |
| | Inactive Date Changed From: No Value To: 12/09/2019 | |
| 2019-002656956 | Delinquency Notice - Tax | 10/02/2019 |
| 2018-002380715 | Delinquency Notice - Tax | 10/02/2018 |
| See Filing ID | Initial Filing | 10/06/2017 |



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

July 2, 2020

**Via CM/ECF and Electronic Mail**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:  ___Moore, et al v. Cohen, et al.___**, 1:19-cv-4977-ALC**

Dear Judge Carter:

We represent Defendants Sacha Baron Cohen, Showtime Networks Inc., and CBS Corporation n/k/a ViacomCBS Inc. (collectively, "Defendants") in the above-referenced case. We write to seek clarity regarding the scope of this Court's ruling from earlier today.

Specifically, this Court ruled today that it needed limited discovery on the relationship between Yerushalayim TV and the parties in this case before it could dismiss this action pursuant to the Consent Agreement that was signed by Plaintiff Judge Moore.

This Court, however, did not address the independent grounds for dismissal that were raised in Defendants' Motion to Dismiss. Independent of dismissing the action based on the terms of the Consent Agreement, Defendants moved to dismiss on the following grounds:

- Plaintiff's Roy Moore's defamation and intentional infliction claims are barred under *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50 (1988) and related case law protecting political satire. ECF No. 51 ("Defs. Mem") at 18-23; ECF. No. 57 ("Defs. Reply") at 7-9.

- Both Plaintiffs' intentional infliction claims independently fail because the alleged conduct is not sufficiently "extreme or outrageous" as a matter of law. Defs. Mem at 23-24.

- Plaintiff Kayla Moore's intentional infliction claim also fails as a matter of law because it rests on allegedly defamatory statements directed at Judge Moore. Defs. Mem at 24 n.18.

- Both Plaintiffs' fraud claims fail as they have not sufficiently pled any pecuniary losses and, in any event, the fraud claim is barred under the First Amendment. Defs. Mem. 24-25; Reply at 10.

4820-2493-5361v.1 3940173-000105

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.


July 2, 2020
Page 2

       Defendants respectfully request clarity on whether this Court will rule on these issues now or if it intends to rule on these independent grounds after the limited discovery has concluded.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara

cc:     Plaintiffs' counsel (via CM/ECF and email)

# KLAYMAN LAW GROUP

## A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.

2020 Pennsylvania Ave. N.W., #800
Washington, DC, 20006

Tel: 561-558-5336
Fax: 202-379-9289

July 2, 2020

**Via ECF**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   *Moore, et al v. Cohen et al.,* **1:19-cv-4977-ALC**

Dear Judge Carter:

   Defendants' letter filed late this afternoon misrepresents Your Honor's ruling of today, denying their motion to dismiss. Plaintiffs have ordered a copy of today's transcript setting forth Your Honor's ruling.

   Following the July 4th holiday, Plaintiffs will respond substantively to this misleading letter, apparently filed for public consumption and the media.

   Have a nice holiday weekend.

Sincerely,

Larry Klayman
cc: Defendants' counsel

1

# KLAYMAN LAW GROUP

### A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.

2020 Pennsylvania Ave. N.W., #800
Washington, DC, 20006

Tel: 561-558-5336
Fax: 202-379-9289

July 6, 2020

**Via ECF**

Hon. Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   ***Moore, et al. v. Cohen, et al., 1:19-cv-4977-ALC***

Dear Judge Carter:

Just hours after Your Honor denied Defendants' motion to dismiss and ordered discovery, their counsel penned an unsolicited letter to the Court. This letter was unnecessary, given that Your Honor's ruling was crystal clear, as shown from the attached transcript of the proceeding, and was apparently crafted for media consumption.

The letter was also presumptively arrogant as in it Defendants' counsel took it upon herself to declare, without any basis at all, that Your Honor ordered discovery only to justify a predetermined dismissal of Plaintiffs' complaint. It then goes on to pressure Your Honor to rule on Defendants other defenses before discovery. Indeed, in Your Honor's oral ruling, you made specific reference to Defendants exercising their right to move for summary judgment at an appropriate time. And the Court did not limit discovery as Defendants' counsel misrepresents, as it provides only that " [i]t seems to me that the bulk of discovery will be related to this agreement (the release) and the corporate relationships discussed." *See* Attachment – Exhibit 1.

As the letter and the transcript are clear and speak for themselves – and indeed Your Honor asked the parties if they had any questions after you issued your ruling and there were none by Defendants' counsel when you gave both of us this opportunity – Defendants' unsolicited letter should respectfully be stricken from the record as it is only a tactical gambit for public consumption.

Plaintiffs thus move to strike this unsolicited and inaccurate letter from the record.

Respectfully submitted,

Larry Klayman, Esq.
Counsel for Chief Justice Roy Moore and Kayla Moore

Encl: Attached as Exhibit 1 – Court Transcript of July 2, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7/8/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

MOORE et al,                                    :
                                                :
                              Plaintiff,        :
                                                :         **1:19-cv-4977 (ALC)**
              -against-                          :
                                                :         **ORDER**
COHEN et al,                                     :
                                                :
                              Defendants.        :
                                                :
----------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

        The Court is in receipt of Defendants' letter and Plaintiffs' response. (ECF Nos. 72-74).

The motion to dismiss is denied in its entirety. Defendants may raise the issues addressed in their

letter in a subsequent motion for summary judgment. If there is any discovery regarding

Defendants' First Amendment argument, that discovery should take place at the same time as the

discovery related to the Consent Agreement. Defendants' letter will not be struck from the record.


**SO ORDERED.**

**Dated:**  July 8, 2020                     _____

    New York, New York                         **ANDREW L. CARTER, JR.**
                                                **United States District Judge**



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax
lizmcnamara@dwt.com

November 13, 2020

**Via CM/ECF and Electronic Mail**
Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    ***Moore, et al v. Cohen, et al.*, 1:19-cv-4977-ALC**

Dear Judge Cronan:

We represent Defendants Sacha Baron Cohen, Showtime Networks Inc. ("SNI"), and CBS Corporation n/k/a ViacomCBS Inc. ("ViacomCBS") (collectively, "Defendants") in the above-referenced case. We write pursuant to Rule 6.A of Your Honor's Individual Practices to request a pre-motion conference for an early motion for summary judgment and a stay of further discovery pending resolution of that motion, without prejudice to either party making a later motion for summary judgment on other grounds after the close of discovery, in the event the requested motion is denied.

Defendants submit that early discovery establishes that the Standard Consent Agreement entered into by Plaintiff Judge Roy Moore is binding and bars Plaintiffs' claims against all Defendants. Independently, the claims fail as fully protected parody under the First Amendment. Given the important First Amendment values at stake, as then Judge Kavanaugh observed, "the Supreme Court directs courts to expeditiously weed out unmeritorious defamation suits." *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109–10 (D.C. Cir. 2017).

**Background**

In this case, Plaintiffs assert claims for defamation, intentional infliction of emotional distress, and fraud arising out of Judge Moore's appearance in a comedy television program called "Who Is America?" (the "Program"), which was created by and stars Defendant Cohen, and aired on SNI's SHOWTIME television network (SNI is a wholly owned subsidiary of ViacomCBS). During the segment with Judge Moore, Cohen appears as a fictional Israeli Mossad agent character and uses an obviously pretend device to "detect" whether Judge Moore was a "sex offender" in satirical commentary on the widely reported allegations (featured in the segment) of misconduct by Judge Moore that led to his loss in the special election for the U.S. Senate seat for Alabama in 2017.

Defendants moved to dismiss the complaint under Rule 12(b)(6), on two grounds: First, the action is barred by the comprehensive waiver of claims contained in the Standard Consent Agreement ("SCA") that Judge Moore signed as a condition of appearing on the Program. The Second Circuit has affirmed enforcement of an almost identical agreement involving the very same performer (in connection with the *Borat* film) in the face of the same arguments about fraudulent inducement that Plaintiffs make in this case. *See Psenicska v. Twentieth Century Fox Film Corp.*, 409 F. App'x 368, 371 (2d Cir. 2009); *see also* ECF No. 51 (Defs. Mem.) at 9-11; ECF No. 57 (Defs. Reply) at 1-3. Second, the claims fail on their merits because the First

4838-5643-2338v.2 3940173-000105

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

November 13, 2020
Page 2

Amendment protects satirical commentary concerning public officials where, as here, the statements at issue "could not reasonably be interpreted as stating actual facts" about the plaintiff. *Hustler v. Falwell*, 485 U.S. 46, 50 (1988).

Supporting the first ground, Defendants showed the SCA was entered into between Judge Moore and a production company called Yerushalayim TV ("YTV"), which the SCA defines to include the company and its "assigns, licensees, parents, subsidiaries and affiliates." *See* ECF No. 52-1. Further, the evidence showed that YTV was wholly owned by certain production companies that are, in turn, wholly owned by Defendant Cohen, and those production companies licensed the Program to SNI. By the SCA's express terms, Judge Moore agreed to waive the exact claims "related to the Program" asserted in this action as against "anyone associated with the Program," including the Defendants, and Judge Moore specifically disclaimed any reliance on statements "about the nature of the Program or the identity, behavior, or qualifications of any … persons involved in the Program." *Id. See Psenicska*, 409 F. App'x at 371 (holding this language in the *Borat* agreements destroyed the plaintiffs' fraudulent inducement arguments).

On July 2, 2020, Judge Carter held a conference in which he denied the motion to dismiss because the application of the SCA to each Defendant was "dependent on [their] relationship to YTV." However, the existence of YTV as a valid legal entity and each Defendant's relationship to YTV were facts outside the four corners of the complaint and could not be assumed on a Rule 12(b)(6) motion. Separately, Judge Carter declined to rule on the merits of Defendants' First Amendment arguments. *See* ECF No. 88 (Transcript of July 2 Conference) at 3-4; ECF No. 75 (Order stating that Defendants may make those arguments on summary judgment).

In denying the motion to dismiss, Judge Carter noted that the case "should be able to move to summary judgment fairly quickly," because "the bulk of discovery will be related to [the SCA] and the corporate relationships discussed." *See id.* at 4. Although the Court later denied Defendants' request to formally bifurcate discovery into two phases, even the Plaintiffs acknowledged that Defendants are "free to move for summary judgment at any time," once there is "sufficient proof" in the record. *See* ECF No. 86 (Transcript of July 31 Conference).

**An Early Motion For Summary Judgment Is Appropriate Here**

The record now contains the necessary evidence to dismiss the action. In particular, Defendants have produced to Plaintiffs the documents sufficient to establish the key facts Judge Carter was unable to find at the pleading stage. Defendants produced corporate records and state filings establishing that YTV was a validly formed LLC, wholly owned by Defendant Cohen through certain intermediate production companies, of which he is ultimately the sole member. Two of those production companies are the co-owners of the Program, and entered into an agreement with SNI to license the Program to SNI. Based on these business and public records, there can be no genuine dispute that Defendant Cohen is the ultimate "parent" of YTV, and SNI and ViacomCBS (SNI's parent) are ultimately YTV's "licensees." Accordingly, the waiver of claims in the SCA is fully applicable to and enforceable by the Defendants. And even if the SCA did not dispose of Plaintiffs' claims – and it does – the claims fail as a matter of law based on an examination of the relevant segment of the Program on its face; no further discovery would be necessary to rule on the First Amendment defenses.

Courts in both this Circuit, and the D.C. Circuit (where Plaintiffs initially filed this action) recognize the "particular value in resolving defamation claims at the pleading stage"—or

November 13, 2020
Page 3

as early as possible—"so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms." *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 456-57 (S.D.N.Y. 2012) (citation omitted). As found by the D.C. Circuit:

> The First Amendment guarantees freedom of speech and freedom of the press. Costly and time-consuming defamation litigation can threaten those essential freedoms. To preserve First Amendment freedoms and give reporters, commentators, bloggers, and tweeters (among others) the breathing room they need to pursue the truth, the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits.

*Kahl*, 856 F.3d at 109–10; *see also id.* at 116 ("Summary proceedings are essential in the First Amendment area because if a suit entails long and expensive litigation, then the protective purpose of the First Amendment is thwarted even if the defendant ultimately prevails.") (citation omitted); *see also Adelson v. Harris*, 973 F. Supp. 2d 467, 481 (S.D.N.Y. 2013) ("Because a defamation suit may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself, courts should, where possible, resolve defamation actions at the pleading stage.") (citation omitted), *aff'd*, 876 F.3d 413 (2d Cir. 2017).

This is a case brought by a controversial, outspoken public official that challenges the fundamental right of a comedian to satirize widely publicized allegations against him. With the production of the limited set of corporate records, there is sufficient evidence to grant judgment for Defendants as a matter of law under Rule 56 immediately, a ruling that would be consistent with the Second Circuit's *Psenicska* decision enforcing the same agreements for the *Borat* movie. Defendants respectfully submit that, in light of the serious First Amendment interests at stake, the Court should allow Defendants to move for summary judgment now, before the parties (and Court) are required to expend further time and resources on protracted, intrusive discovery.[1]

This approach would, if necessary, reserve the parties' right to engage in full discovery concerning other defenses, including the substantial truth of any verifiable implication that could be drawn from the segment, or any evidence supporting Plaintiffs' burden of presenting clear and convincing evidence that Defendants made the statements with Constitutional "actual malice." *See Masson v. New Yorker*, 501 U.S. 496 (1991); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964). Any additional summary judgment motion on such defenses would only become necessary in the event the Court denies the motion contemplated by this letter. But Defendants believe that motion will ultimately not be necessary, as the Court will have sufficient evidence to dispose of the case on the multiple grounds discussed in this letter.

Defendants welcome the opportunity to discuss the contemplated motion and any other aspects of the case with the Court at a pre-motion conference.

---

[1] A district court may deny, limit or qualify discovery for "good cause" to "protect a party … from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c); *see, e.g.*, *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 104–05 (2d Cir. 1981) (affirming that district court "acted well within its discretion" in staying discovery pending determination of the defendants' motion for summary judgment). This approach is particularly called for here where Plaintiffs have made clear that they intend to seek untethered discovery having no reasonable relation to the issues involved in the action. *See, e.g.*, Plaintiff's Initial Disclosures, listing dozens of witnesses, including the CEOs of SNI and ViacomCBS.

November 13, 2020
Page 4

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/ Elizabeth A. McNamara


cc:     Plaintiffs' counsel (via CM/ECF and email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

-------------------------------------------------------------- x

ROY STEWART MOORE and KAYLA MOORE,     :
                                       :   Index No. 19 Civ. 4977 (JPC)
                    Plaintiffs,        :
                                       :   ECF CASE
          - against -                  :
                                       :
SACHA NOAM BARON COHEN, SHOWTIME       :
NETWORKS, INC., AND CBS CORPORATION,   :
                                       :
                    Defendants.        :

-------------------------------------------------------------- x

### **DEFENDANT CBS CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Southern District of New York, Defendant CBS

Corporation (n/k/a ViacomCBS Inc.) ("Defendant"), by its under-signed attorneys, hereby

responds and objects to the First Request for the Production of Documents and Things from

Defendant CBS (the "Requests" or, singularly, a "Request") served by plaintiffs Roy Moore

("Plaintiff Moore") and Kayla Moore ("Mrs. Moore") (collectively, "Plaintiffs") on September

25, 2020.

### **GENERAL OBJECTIONS**

The following general responses and objections are incorporated into each specific

response and objection as if fully set forth in such response and objection.

1.      Defendant objects to the Requests on the ground that they:  (a) are improper;

(b) are overly broad as to time frame and content; (c) are unduly burdensome and/or oppressive;

(d) are vague and ambiguous; (e) are unreasonably cumulative or duplicative; (f) seek

information that is immaterial; (g) seek information that is not relevant, in that it has no tendency

to make a fact more or less probable than it would be without the potential evidence and/or tends to prove a fact that is of no consequence in determining this action;[1] or (h) are otherwise not proportional to the needs of the case.  A statement that, subject to general and specific objections, Defendant will produce relevant documents responsive to a particular Request means that Defendant will produce only non-privileged documents in its possession, custody or control that reasonably relate to the subject matter of this action, are proportional to the needs of the case, and can be located and produced as the result of a reasonable search and review of documents.  Defendant further notes that discovery in this action is in its earliest stages. Following production of initial documents responsive to these Requests, should there be any open issues concerning the demands of Plaintiffs' Requests, counsel for Defendant will meet and confer with counsel for Plaintiffs to discuss the scope and limitations of Defendant's document productions in response to any identified Requests – including appropriate search terms and document custodians.

2.      Defendant objects to the Requests, and will not produce documents, to the extent that the Requests seek materials that:  (a) are protected from disclosure under the attorney-client privilege; (b) are protected from disclosure under the work product doctrine; (c) were prepared in anticipation of litigation or for trial; or (d) are otherwise privileged or exempted from discovery under applicable privileges, including without limitation the settlement, joint defense and common-interest privileges, law or rules.  In the event that a document that is privileged or exempt from disclosure is produced by Plaintiffs, it will have been produced through

---

[1] For the avoidance of doubt, the foregoing definition of relevance applies to all responses below addressing whether certain documents are "relevant" as well as all objections on the grounds that the requested information is "irrelevant" or "not relevant."  *See also* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

inadvertence and shall not constitute a waiver of privileges applicable to that or any other document.

3.      Defendant undertakes to respond to the Requests only in the form and to the extent required by the Federal Rules of Civil Procedure, the Local Rules, and the case law interpreting each of them (together, the "Rules").  Defendant objects to the Requests to the extent that they purport to impose obligations concerning the form or content of responses beyond those required by the Rules, or exceed the scope of investigation imposed or permitted by the Rules.

4.      Defendant objects to the Requests to the extent they seek disclosure of documents from persons over whom Defendant has no control, or seek documents not in Defendant's possession, custody, or control.

5.      Defendant objects to the Requests to the extent that they seek discovery of (a) trade secrets; (b) information that is confidential, proprietary, commercially sensitive, or competitively significant; (c) personal or proprietary information relating to Defendant and its affiliates, and their respective employees and/or clients, customers or counterparties; or (d) information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings (collectively, "Confidential Information").  Defendant will produce Confidential Information subject to a protective order negotiated by the parties and entered by the Court unless prohibited by law or court order.

6.      Defendant objects to the Requests to the extent that they seek documents already in the possession, custody or control of Plaintiffs or Plaintiffs' attorneys.

7.      Defendant objects to the Requests to the extent that they call for information readily available through public sources, from sources that are more convenient, less burdensome or less expensive, or from sources that are more readily available to Plaintiffs than to Defendant.

8.      Defendant objects to the Requests to the extent that they call for the creation of new documents, reports, spreadsheets or data compilations on the part of Defendant.

9.      In responding to the Requests, Defendant does not concede that any of the documents sought or produced are relevant, material, authentic, admissible into evidence, or proportional to the needs of the case or as a waiver of any applicable privilege.  Moreover, the production of documents by Defendant shall not constitute a waiver of any of the objections set forth herein or any other objections, including without limitation those on the grounds of relevance, materiality, and/or lack of foundation, all of which objections are expressly reserved.

10.      Defendant's responses and objections to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Defendant with Plaintiffs' characterization of any facts, circumstances, or legal obligations.  Defendant reserves the right to contest any such characterization as inaccurate.

11.      That Defendant has responded to a particular Request shall not be interpreted as implying that responsive documents exist or that Defendant acknowledges the propriety of the Request.

12.      Defendant objects to the Requests as unduly burdensome on the ground that they purport to require Defendant to produce electronically stored information that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

13.      Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they call for the production of all responsive documents within thirty (30) days.  Given the nature of the claims and defenses at issue in this

action, thirty (30) days is not a reasonable amount of time to produce all non-privileged, responsive documents that Defendant agrees to produce.  Non-privileged, responsive documents identified for production in these responses will be produced on a reasonable rolling basis after the entry of an appropriate protective order negotiated by the parties.

14.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they call for the production of "all" responsive documents on the ground that any such Request is overly broad and unduly burdensome.  As set forth in its responses to each Request, Defendant will produce only documents in its possession, custody, or control that can be located upon a reasonable search.

15.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent that they provide no limitation to the period of time for which documents are sought and even Instruction 1.6, which is never used in the Requests, is overly broad.  It would be unduly burdensome and disproportionate to the needs of the case to require Defendant to respond to each of the Requests without a reasonable time limit.  Unless otherwise specified below, Defendant will produce documents it created or received during the period from January 1, 2017 to September 5, 2018 (the "Default Time Period").

16.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent that "you" and "your" are defined to include employees and divisions of CBS Corporation that had no involvement with the segment of "Who Is America?" featuring Plaintiff Moore (the "Segment") or any other events giving rise to the claims in this case.

17.     Defendant reserves the right to modify, supplement or amend any or all of these responses, if necessary or appropriate, and to produce additional non-privileged, responsive documents at a later date if any are located.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 11 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 11 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 15 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 15 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 15 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case in that Defendant had no involvement with the Segment,

the trip to Washington, D.C. taken by Plaintiff Moore and Mrs. Moore on or around February 14,

2018, or any other events giving rise to the claims in this case.  In light of its general and specific

objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 18 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 18 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 18 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case in that Defendant had no involvement with the Segment

or any other events giving rise to the claims in this case.  In light of its general and specific

objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 19 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 19 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 19 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case in that Defendant had no involvement with the Segment

or any other events giving rise to the claims in this case.  In light of its general and specific

objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 5:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 11 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 11 of the Complaint.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including, without limitation, Request Nos. 1 and 32.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 6:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 21 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 21 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 21 of the Complaint.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 7:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 22 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 22 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 22 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment

or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 8:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 23 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 23 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 23 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or the trip to Washington, D.C. taken by Plaintiff Moore and Mrs. Moore on or around February 14, 2018, or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 9:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 24 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 24 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 24 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or Plaintiff Moore's signing of the release, or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 25 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 25 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.
Defendant further objects to this Request to the extent it assumes the truth of the allegations in
paragraph 25 of the Complaint.  Further, Defendant objects to this Request as duplicative of
Request No. 32.  Defendant further objects to this Request on the grounds that it is overbroad,
unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and
not proportional to the needs of the case in that Defendant had no involvement with the Segment
or the trip to Washington, D.C. taken by Plaintiff Moore and Mrs. Moore on or around February
14, 2018, or any other events giving rise to the claims in this case.  In light of its general and
specific objections, Defendant does not intend to produce any documents in response to this
Request.

## REQUEST FOR PRODUCTION NO. 11:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "failure to state a claim" to the allegations in this case and/or the First Defense
in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "failure to state a claim" and/or the First Defense in Defendants' Answer, Defendant

objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case.  Defendant further

objects to this Request on the grounds that it assumes any additional documents are necessary to

establish this defense, which turns on a question of law that can be resolved by reviewing the

Segment and the allegations of the Complaint.  Defendant further objects to this Request to the

extent it seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Subject to and without waiving the foregoing general or specific objections, Defendant will

produce any documents on which Defendant intends to rely to support its defense of "failure to

state a claim" and/or the First Defense in Defendants' Answer, to the extent such documents are

not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 12:

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not capable of being proven true or false" to the allegations in this case and/or the Second Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "statements are not capable of being proven true or false" and/or the Second

Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case. Defendant further objects to this Request on the grounds

that it assumes any additional documents are necessary to establish this defense, which turns on a

question of law that can be resolved by reviewing the Segment and the allegations of the

Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving the foregoing general or specific objections, Defendant will produce any documents on

which Defendant intends to rely to support its defense that "statements are not capable of being

proven true or false" and/or the Second Defense in Defendants' Answer, to the extent such

documents are not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 13:

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "opinion and satire" to the allegations in this case and/or the Third Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "opinion and satire" and/or the Third Defense in Defendants' Answer, Defendant

objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case.  Defendant further

objects to this Request on the grounds that it assumes any additional documents are necessary to

establish this defense, which turns on a question of law that can be resolved by reviewing the

Segment and the allegations of the Complaint.  Defendant further objects to this Request to the

extent it seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Subject to and without waiving the foregoing general or specific objections, Defendant will

produce any documents on which Defendant intends to rely to support its defense of "opinion

and satire" and/or the Third Defense in Defendants' Answer, to the extent such documents are

not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 14:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "substantial truth" to the allegations in this case and/or the Fourth Defense in
your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "substantial truth" and/or the Fourth Defense in Defendants' Answer, Defendant

objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case.  Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Subject to and without waiving the

foregoing general or specific objections, Defendant will produce any documents on which

Defendant intends to rely to support its defense of "substantial truth" and/or the Fourth Defense

in Defendants' Answer, to the extent such documents are not being produced by any other party in this action.

## **REQUEST FOR PRODUCTION NO. 15:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of standing" to the allegations in this case pertaining to Mrs. Moore and/or the Fifth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense of "lack of standing" and/or the Fifth Defense in Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it assumes any additional documents are necessary to establish this defense, which turns on a question of law that can be resolved by reviewing the allegations of the Complaint.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce any documents on which Defendant intends to rely to support its defense of "lack of standing" and/or the Fifth Defense in Defendants' Answer, to the extent such documents are not being produced by any other party in this action.

## **REQUEST FOR PRODUCTION NO. 16:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not susceptible of a defamatory meaning" to the allegations in this case and/or the Sixth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense that "statements are not susceptible of a defamatory meaning" and/or the Sixth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Defendant further objects to this Request on the grounds that it assumes any

additional documents are necessary to establish this defense, which turns on a question of law

that can be resolved by reviewing the Segment and the allegations of the Complaint.  Defendant

further object to this Request to the extent it seeks documents or information protected by the

attorney-client privilege, work-product privilege, common-interest privilege, joint-defense

privilege or any other applicable privilege.  Subject to and without waiving the foregoing general

or specific objections, Defendant will produce any documents on which Defendant intends to

rely to support its defense that "statements are not susceptible of a defamatory meaning" and/or

the Sixth Defense in Defendants' Answer, to the extent such documents are not being produced

by any other party in this action.

## REQUEST FOR PRODUCTION NO. 17:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "lack of negligence, gross irresponsibility or actual malice" to the allegations
in this case and/or the Seventh Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "lack of negligence, gross irresponsibility or actual malice" and/or the Seventh

Defense in Defendants' Answer, Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant

material.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving the foregoing general or specific objections, Defendant will produce any documents on

which Defendant intends to rely to support its defense of "lack of negligence, gross

irresponsibility or actual malice" and/or the Seventh Defense in Defendants' Answer, to the

extent such documents are not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 18:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that the statements are "privileged under New York, California and common
law" to the allegations in this case and/or the Ninth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that statements are "privileged under New York, California and common law" and/or the

Ninth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case. Defendant further objects to this Request on the grounds

that it assumes any additional documents are necessary to establish this defense, which turns on a

question of law that can be resolved by reviewing the Segment and the allegations of the

Complaint. Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege. Subject to and without

waiving the foregoing general or specific objections, Defendant will produce any documents on

which Defendant intends to rely to support its defense that statements are "privileged under New

York, California and common law" and/or the Ninth Defense in Defendants' Answer, to the

extent such documents are not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 19:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that Plaintiff Moore is a "libel-proof plaintiff" to the allegations in this case
and/or the Tenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that Plaintiff Moore is a "libel-proof plaintiff" and/or the Tenth Defense in Defendants'

Answer, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce any documents on which Defendant intends to rely to support

its defense that Plaintiff Moore is a "libel-proof plaintiff" and/or the Tenth Defense in

Defendants' Answer, to the extent such documents are not being produced by any other party in

this action.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "Plaintiffs did not suffer actual harm or damages" to the allegations in this
case and/or the Eleventh Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Plaintiffs did not suffer actual harm or damages" and/or the Eleventh Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce any documents on which Defendant intends to rely to support

its defense that "Plaintiffs did not suffer actual harm or damages" and/or the Eleventh Defense in Defendants' Answer, to the extent such documents are not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 21:

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements were published with a "lack of actual malice" to the allegations in this case and/or the Twelfth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that the statements were published with a "lack of actual malice" and/or the Twelfth

Defense in Defendants' Answer, Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Subject to and without waiving the foregoing general or specific objections,

Defendant will produce any documents on which Defendant intends to rely to support its defense

that the statements were published with a "lack of actual malice" and/or the Twelfth Defense in

Defendants' Answer, to the extent such documents are not being produced by any other party in

this action.

## REQUEST FOR PRODUCTION NO. 22:

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments" to the allegations in this case and/or the Thirteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments"

and/or the Thirteenth Defense in Defendants' Answer, Defendant objects to this Request as

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case.  Defendant further objects to this Request

on the grounds that it assumes any additional documents are necessary to establish this defense,

which turns on a question of law that can be resolved by reviewing the allegations of the

Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving the foregoing general or specific objections, Defendant will produce any documents on

which Defendant intends to rely to support its defense that Defendants are denied "due process

under the Fifth and Fourteenth Amendments" and/or the Thirteenth Defense in Defendants'

Answer, to the extent such documents are not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 23:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "Defendants' conduct was not sufficiently extreme or outrageous" to the
allegations in this case and/or the Fourteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Defendants' conduct was not sufficiently extreme or outrageous" and/or the

Fourteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the Segment and the allegations of

the Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving the foregoing general or specific objections, Defendant will produce any documents on

which Defendant intends to rely to support its defense that "Defendants' conduct was not

sufficiently extreme or outrageous" and/or the Fourteenth Defense in Defendants' Answer, to the

extent such documents are not being produced by any other party in this action.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "the intentional infliction of emotional distress claim is duplicative" to the
allegations in this case and/or the Fifteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "the intentional infliction of emotional distress claim is duplicative" and/or the

Fifteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the allegations of the Complaint.

Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Subject to and without waiving the

foregoing general or specific objections, Defendant will produce any documents on which

Defendant intends to rely to support its defense that "the intentional infliction of emotional

distress claim is duplicative" and/or the Fifteenth Defense in Defendants' Answer, to the extent

such documents are not being produced by any other party in this action.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants' "reliance on alleged misrepresentations was not reasonable" to the allegations in this case and/or the Sixteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that Defendants' "reliance on alleged misrepresentations was not reasonable" and/or the

Sixteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the allegations of the Complaint and

the Standard Consent Agreement that was signed by Plaintiff Moore.  Defendant further objects

to this Request to the extent it seeks documents or information protected by the attorney-client

privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other

applicable privilege.  Defendant further objects to this Request on the ground that it

mischaracterizes the Sixteenth Defense in Defendants' Answer, which alleges that Plaintiffs' –

not Defendants' – reliance on alleged misrepresentations was not reasonable.  Subject to and

without waiving the foregoing general or specific objections, Defendant will produce any

documents on which Defendant intends to rely to support its defense that Defendants' "reliance

on alleged misrepresentations was not reasonable" and/or the Sixteenth Defense in Defendants'

Answer, to the extent such documents are not being produced by any other party in this action.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer pecuniary damage" to the allegations in this case and/or the Seventeenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Plaintiffs did not suffer pecuniary damage" and/or the Seventeenth Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce any documents on which Defendant intends to rely to support

its defense that "Plaintiffs did not suffer pecuniary damage" and/or the Seventeenth Defense in

Defendants' Answer, to the extent such documents are not being produced by any other party in

this action.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "Plaintiffs failed to mitigate injuries and damages" to the allegations in this
case and/or the Eighteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Plaintiffs failed to mitigate injuries and damages" and/or the Eighteenth Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce any documents on which Defendant intends to rely to support

its defense that "Plaintiffs failed to mitigate injuries and damages" and/or the Eighteenth Defense

in Defendants' Answer, to the extent such documents are not being produced by any other party

in this action.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "damages were caused by third parties" to the allegations in this case and/or
the Nineteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "damages were caused by third parties" and/or the Nineteenth Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce any documents on which Defendant intends to rely to support

its defense that "damages were caused by third parties" and/or the Nineteenth Defense in

Defendants' Answer, to the extent such documents are not being produced by any other party in

this action.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents (regardless of form) that refer or relate in any way to or support any other
alleged defense to the allegations in this case and/or the Twentieth Defense in your Answer.
[Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" any

other defense and/or the Twentieth Defense in Defendants' Answer, Defendant objects to the

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Subject to and without waiving the

foregoing general or specific objections, Defendant will produce any relevant, non-privileged

documents responsive to this Request on which Defendant intends to rely to support any defense

to the allegations in this case and/or the Twentieth Defense in Defendants' Answer, to the extent

such documents are not being produced by any other party in this action.

## REQUEST FOR PRODUCTION NO. 30:

Any and all corporate records of Yerushalayim Television, LLC – including but not limited to:
(i) bylaws; (ii) articles of incorporation; (iii) meeting minutes; (iv) agendas; (v) summaries; (vi)
organizational charts; and (vii) list of shareholders.

**Response**: To the extent this Request seeks "meeting minutes," "agendas," "summaries," and

"organizational charts," Defendant objects to the Request on the grounds that it is vague and

ambiguous.  Defendant further objects to this Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case in that Defendant had no involvement with the

incorporation or management of Yerushalayim Television, LLC, or any other events giving rise

to the claims in this case.  Subject to and without waiving its general or specific objections,

Defendant responds that it has no reason to believe it possesses any documents responsive to this

Request.

## REQUEST FOR PRODUCTION NO. 31:

Any and all communications, documents and/or records relating in any way to either Plaintiff
Moore or Mrs. Moore concerning to [*sic*] their trip to Washington, D.C. on or around February
14, 2018.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" either Plaintiff Moore or Mrs. Moore concerning their trip to Washington, D.C. on or around February 14, 2018, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the trip to Washington, D.C. taken by Plaintiff Moore and Mrs. Moore on or around February 14, 2018, or any other events giving rise to the claims in this case. Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning the program "Who is America" featuring Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" either Plaintiff Moore or Mrs. Moore concerning the program "Who is America?" featuring Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case. In light of its general and specific objections, Defendant does not intend to produce any communications, documents and/or records in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Sasha [*sic*] Noam Baron Cohen, his agents, surrogates, affiliates, producers, and/or assignees, concerning either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any communications, documents and/or records responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Showtime Networks, Inc. that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence that "refer[s] or relate[s] in any way" to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request to the extent it

seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Defendant further objects to this Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case in that Defendant had no involvement with the Segment or

any other events giving rise to the claims in this case.  Subject to and without waiving its general

or specific objections, Defendant responds that it has no reason to believe it possesses any non-

privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 35:

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (CBS) and anyone affiliated with or allegedly affiliated with
Yerushalayim Television, LLC that refer or relate in any way to either Plaintiff Moore or Mrs.
Moore.

**Response**:  To the extent this Request seeks communications, documents and/or records

"relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs.

Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case in that Defendant had no

involvement with the incorporation or management of Yerushalayim Television, LLC, or any

other events giving rise to the claims in this case.  Subject to and without waiving its general or

specific objections, Defendant responds that it has no reason to believe it possesses any

communications, documents and/or records responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and anyone affiliated with or allegedly affiliated with La Quinta Entertainment, LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.   Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any communications, documents and/or records responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and anyone affiliated with or allegedly affiliated with Please You Can Touch LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment

or any other events giving rise to the claims in this case.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any communications, documents and/or records responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Brendan Countee, Vice President of Original Programming for Showtime Networks, Inc. that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any communications, documents and/or records responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Todd Schulman, Executive Producer of "Who is America" that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Defendant further objects to this Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case in that Defendant had no involvement with the Segment

or any other events giving rise to the claims in this case.  Subject to and without waiving its

general or specific objections, Defendant responds that it has no reason to believe it possesses

any communications, documents and/or records responsive to this Request.

## REQUEST FOR PRODUCTION NO. 40:

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (CBS) and Plaintiff Moore or Mrs. Moore.

**Response**:  To the extent this Request seeks communications, documents and/or records

"relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs.

Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.   Defendant further objects to this Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case in that Defendant had no

involvement with the Segment or the trip to Washington, D.C. taken by Plaintiff Moore and Mrs.

Moore on or around February 14, 2018, or any other events giving rise to the claims in this

case. In light of its general and specific objections, Defendant does not intend to produce any

documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 41:

Any and all communications, documents and/or records relating in any way to CBS's role in
convincing or inducing Plaintiff Moore and Mrs. Moore to travel to Washington, D.C. to receive
an award in commemoration of Israel's anniversary as a nation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Defendant further objects to this Request to the extent it seeks

communications, documents and/or records relating to "CBS's role in convincing or inducing

Plaintiff Moore and Mrs. Moore to travel to Washington, D.C." on the grounds that it is vague

and ambiguous.  Defendant further objects to this request on the ground that it is duplicative of

other Requests, including, without limitation, Request No. 31.  Defendant further objects to this

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case in that

Defendant had no involvement with the trip to Washington, D.C. taken by Plaintiff Moore and

Mrs. Moore on or around February 14, 2018, or any other events giving rise to the claims in this

case.  Subject to and without waiving its general or specific objections, Defendant responds that

it has no reason to believe it possesses any communications, documents and/or records

responsive to this Request.

## REQUEST FOR PRODUCTION NO. 42:

Any and all communications, documents and/or records by and between you (CBS) and any of
the following subjects: 1) Todd Schulman or 2) Erran Morad or 3) the "Standard Consent
Agreement" executed on February 14, 2018 or 4) Plaintiff Moore's and Mrs. Moore's
Washington, D.C. trip on or around February 14, 2018 or 5) La Quinta Entertainment, LLC or 6)
Please You Can Touch LLC.

**Response**: Defendant objects to this Request to the extent it calls for "communications,

documents and/or records by and between you (CBS) and any of the following subjects," on the

ground that it is incoherent and not susceptible to a response, including because three of the

"subjects" are not real persons with whom Defendant could have "communicate[d]."  Defendant

33

further objects to this Request on the grounds that it is unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case in that it asks for "all communications" between Defendant and certain entities with no

limitation as to subject matter or topic.  Defendant further objects to this Request on the ground

that, to the extent it can be answered at all, it is duplicative of other Requests, including, without

limitation, Requests 31, 32, 39, 41 and 47.  Defendant further objects to this Request on the

grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case in that Defendant

had no involvement with the Segment or the trip to Washington, D.C. taken by Plaintiff Moore

and Mrs. Moore on or around February 14, 2018, or any other events giving rise to the claims in

this case.  In light of its general and specific objections, Defendant does not intend to produce

any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 43:

Any and all communications, documents and/or records by and between you (CBS) and the
attorney of record for Yerushalayim Television, LLC, Jenifer Wallis.

**Response**: Defendant objects to the Request to the extent it is vague and ambiguous as to what

constitutes "communications, documents and/or records by and between you (CBS) and . . .

Jenifer Wallis."  Defendant further objects to this Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case in that it asks for "all communications" between

Defendant and Jenifer Wallis with no limitation as to subject matter or topic.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Defendant further objects to this Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the incorporation or management of Yerushalayim Television, LLC, or any other events giving rise to the claims in this case.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any communications, documents and/or records responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all corporate records of Yerushalayim Television, LLC.

**Response**: Defendant objects to this Request on the ground that it is duplicative of other Requests, including, without limitation, Request No. 30.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the incorporation or management of Yerushalayim Television, LLC, or any other events giving rise to the claims in this case.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents that refer or relate in any way to the dissolution of Yerushalayim Television, LLC.

**Response**: To the extent this Request seeks documents "relating in any way to" the dissolution of Yerushalayim Television, LLC, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Defendant further objects to this Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case in that Defendant had no involvement with the

incorporation, management or dissolution of Yerushalayim Television, LLC, or any other events

giving rise to the claims in this case.  Subject to and without waiving its general or specific

objections, Defendant responds that it has no reason to believe it possesses any documents

responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all communications, documents and/or records relating in any way to your assertion that
Plaintiff Moore "had engaged in inappropriate relationships with young women."  Defendants'
Motion to Dismiss ("MTD") at 1.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the assertion Plaintiff Moore had engaged in inappropriate relationships with

young women, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce any documents on which Defendant intends to rely to support

its assertion that Plaintiff Moore "had engaged in inappropriate relationships with young

women," to the extent such documents are not being produced by any other party in this action.

**REQUEST FOR PRODUCTION NO. 47:**

Any and all communications, documents and/or records relating in any way to the "Standard Consent Agreement" Plaintiff Moore signed on February 14, 2018.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the Standard Consent Agreement Plaintiff Moore signed on February 14, 2018, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with Plaintiff Moore's signing of the Standard Consent Agreement, or any other events giving rise to the claims in this case. Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any communications, documents and/or records responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all communications, documents and/or records relating in any way to the incorporation of Yerushalayim TV.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the incorporation of Yerushalayim TV, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege. Defendant further objects to this Request to the extent that it is

duplicative of other Requests, including, without limitation, Request 44.  Defendant further

objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case in that Defendant had no involvement with the incorporation or management of

Yerushalayim Television, LLC, or any other events giving rise to the claims in this case.  Subject

to and without waiving its general or specific objections, Defendant responds that it has no

reason to believe it possesses any communications, documents and/or records responsive to this

request.

### REQUEST FOR PRODUCTION NO. 49:

Any and all communications, documents and/or records relating in any way to the reasons for
incorporating Yerushalayim Television, LLC.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the "reasons for incorporating" Yerushalayim Television, LLC, Defendant objects

to the Request on the grounds that it is overbroad, vague unduly burdensome, and not reasonably

calculated to lead to the discovery of relevant material.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Defendant further objects to this Request to the extent that it is duplicative of other

Requests, including, without limitation, Request 48.  Defendant further objects to this Request on

the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case in that Defendant

had no involvement with the incorporation or management of Yerushalayim Television, LLC, or

any other events giving rise to the claims in this case.  Subject to and without waiving its general

or specific objections, Defendant responds that it has no reason to believe it possesses any

communications, documents and/or records responsive to this request.

## REQUEST FOR PRODUCTION NO. 50:

Any and all communications, documents and/or records by and between you (CBS) and any
woman who has accused Plaintiff Moore of misconduct.

**Response**: Defendant objects to this Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case in that Defendant had no involvement with the Segment or

any other events giving rise to the claims in this case.  In light of its general and specific

objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 51:

Any and all documents you intend to rely on in a trial of this matter.

**Response**: Defendant objects to this Request as placing obligations on Defendant beyond the

scope of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or

authority.  Defendant further objects to this Request because it calls for information in the

possession, custody and control of Plaintiffs and that is yet to be produced.  Defendant further

objects to this Request to the extent that it seeks information protected from discovery by the

attorney-client privilege, work product doctrine, and other privileges.  Subject to and without

waiving its general or specific objections, Defendant responds that it will produce relevant, non-

privileged documents, if any, in its possession, custody or control responsive to this Request that

can be located upon a reasonable search.


## REQUEST FOR PRODUCTION NO. 52:

Any and all communications, documents and/or records relating in any way to any allegation of
pedophilia against Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to "any allegation of pedophilia against Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 53:

Any and all communications, documents and/or records relating in any way to "a total of nine women have now come forward" against Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the statement that a total of nine women have now come forward against Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to

the claims in this case.  In light of its general and specific objections, Defendant does not intend

to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 54:

Any and all communications, documents and/or records relating in any way to an allegation that
Plaintiff Moore initiated a sexual encounter with a 14-year-old.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or

the possession of non-parties, and not Defendant.  Defendant further objects to this Request on

the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case in that Defendant

had no involvement with the Segment or any other events giving rise to the claims in this

case.  In light of its general and specific objections, Defendant does not intend to produce any

documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 55:

Any and all communications, documents and/or records relating in any way to the modification
of the Standard Consent Agreement wherein Plaintiff Moore crossed out and initialed the
following language: " . . . any allegedly sexual-oriented or offensive behavior or questioning."

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" Plaintiff Moore's modification of the Standard Consent Agreement, Defendant

objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case.  Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Defendant objects to this Request on

the ground that it is duplicative of other Requests, including, without limitation, Request 47.

Defendant further objects to this Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case in that Defendant had no involvement with Plaintiff

Moore's signing of the Standard Consent Agreement or any other events giving rise to the claims

in this case.  In light of its general and specific objections, Defendant does not intend to produce

any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 56:

Any and all communications, documents and/or records relating in any way to the decision to air
"Who is America" featuring Plaintiff Moore after you (CBS) were put on notice of the alleged
defamation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the decision to air "Who is America?" featuring Plaintiff Moore, Defendant

objects to the Request on the grounds that it is overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of relevant material. Defendant further objects to

this Request on the ground that it calls for a wide-ranging narrative response that is better suited

for a deposition, and is therefore overbroad and unduly burdensome.  Defendant further objects

to this Request to the extent it seeks documents or information protected by the attorney-client

privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other

applicable privilege.  Defendant further objects to this Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case in that Defendant had no involvement with

the decision to air the Segment or any other events giving rise to the claims in this case.  In light

of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 57:

Any and all communications, documents and/or records relating in any way to your (CBS) insurance coverage for either defamation, and/or intentional infliction of emotional distress and/or fraud.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Defendant's insurance coverage, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks communications, documents and/or records regarding insurance coverage inapplicable to the claims at issue in this action, on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it is premature at this time, as Defendant may possess insurance coverage that becomes applicable to the claims at issue in this action at a later date.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any relevant communications, documents and/or records responsive to this Request at this time.

## REQUEST FOR PRODUCTION NO. 58:

Any and all communications, documents and/or records relating in any way to your (CBS) prior litigation where you (CBS) were sued for defamation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" prior litigation in which Defendant was sued for defamation, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request to the extent that it calls for information readily available through public sources.  Defendant further objects to this Request on the ground that it seeks material neither relevant nor proportional to the needs of the case, including without limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not relevant to the maintenance or defense of claims in this action.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all communications, documents and/or records relating in any way to your (CBS) prior litigation where you (CBS) were sued for fraud.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" prior litigation in which Defendant was sued for fraud, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent that it calls for information readily available through public sources.  Defendant further objects to this Request on the ground that it seeks material neither relevant nor proportional to the needs of the case, including without limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not relevant to the maintenance or defense of claims in this action.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that

Defendant had no involvement with the Segment or any other events giving rise to the claims in this case. In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all communications, documents and/or records relating in any way to your (CBS) prior litigation where you (CBS) were sued for intentional infliction of emotional distress.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" prior litigation in which Defendant was sued for intentional infliction of emotional distress, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that it calls for information readily available through public sources.  Defendant further objects to this Request on the ground that it seeks material neither relevant nor proportional to the needs of the case, including without limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not relevant to the maintenance or defense of claims in this action.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all communications, documents and/or records relating in any way to your (CBS) knowledge of whether Sasha [*sic*] Noam Baron Cohen was ever convicted of committing a crime.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Defendant's knowledge of whether he was convicted for a crime, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it is vague and ambiguous as to what constitutes Defendant's "knowledge of" whether Sacha Noam Baron Cohen was convicted of a crime. Defendant further objects to this Request on the ground that it is harassing and seeks information irrelevant to this action. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case. In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all communications, documents and/or records relating in any way to your (CBS) decision to cancel "Who is America" for future seasons.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Defendant's decision to cancel "Who is America?", Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that "Who is America?" was not "cancelled." Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment

or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 63:

Any and all documents which evidence or refer or relate to accusations, complaints, and/or other writings where Sasha [*sic*] Noam Baron Cohen was or is currently being accused of sexual abuse, and/or acts of sexual perversion. Perversion is defined in the dictionary as: "sexual behavior or desire that is considered abnormal or unacceptable."

**Response**: To the extent this Request seeks documents "relating in any way to" accusations of sexual abuse and/or acts of sexual perversion against Defendant, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request on the ground that it is harassing and seeks information irrelevant to Plaintiffs or the maintenance or defense of claims in this action.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that Defendant had no involvement with the Segment or any other events giving rise to the claims in this case.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

Dated:  New York, New York
       November 5, 2020

                              Respectfully submitted,

                              DAVIS WRIGHT TREMAINE LLP

                              By:  */s/ Elizabeth A. McNamara*
                              Elizabeth A. McNamara
                              Rachel F. Strom
                              Eric J. Feder
                              1251 Avenue of the Americas, 21st Floor
                              New York, New York 10020
                              Phone (212) 489-8230
                              Fax (212) 489-8340
                              Email:   lizmcnamara@dwt.com
                                           rachelstrom@dwt.com
                                         ericfeder@dwt.com

                              *Attorneys for Defendants Sacha Baron Cohen,*
                              *Showtime Networks Inc., and CBS Corporation n/k/a*
                              *ViacomCBS Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| ROY STEWART MOORE and KAYLA MOORE, | : | |
|  | : | Index No. 19 Civ. 4977 (JPC) |
| Plaintiffs, | : | |
|  | : | ECF CASE |
| - against - | : | |
|  | : | |
| SACHA NOAM BARON COHEN, SHOWTIME | : | |
| NETWORKS, INC., AND CBS CORPORATION, | : | |
|  | : | |
| Defendants. | : | |
|  | x | |

---------------------------------------------------------------

## DEFENDANT SACHA BARON COHEN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Defendant Sacha Baron Cohen ("Defendant"), by his under-signed attorneys, hereby responds and objects to the First Request for the Production of Documents and Things from Defendant Sasha [*sic*] Noam Baron Cohen (the "Requests" or, singularly, a "Request") served by plaintiffs Roy Moore ("Plaintiff Moore") and Kayla Moore ("Mrs. Moore") (collectively, "Plaintiffs") on September 25, 2020.

## GENERAL OBJECTIONS

The following general responses and objections are incorporated into each specific response and objection as if fully set forth in such response and objection.

1.    Defendant objects to the Requests on the ground that they:  (a) are improper; (b) are overly broad as to time frame and content; (c) are unduly burdensome and/or oppressive; (d) are vague and ambiguous; (e) are unreasonably cumulative or duplicative; (f) seek information that is immaterial; (g) seek information that is not relevant, in that it has no tendency

to make a fact more or less probable than it would be without the potential evidence and/or tends to prove a fact that is of no consequence in determining this action;[1] or (h) are otherwise not proportional to the needs of the case.  A statement that, subject to general and specific objections, Defendant will produce relevant documents responsive to a particular Request means that Defendant will produce only non-privileged documents in his possession, custody or control that reasonably relate to the subject matter of this action, are proportional to the needs of the case, and can be located and produced as the result of a reasonable search and review of documents.  Defendant further notes that discovery in this action is in its earliest stages. Following production of initial documents responsive to these Requests, should there be any open issues concerning the demands of Plaintiffs' Requests, counsel for Defendant will meet and confer with counsel for Plaintiffs to discuss the scope and limitations of Defendant's document productions in response to any identified Requests – including appropriate search terms and document custodians.

2.      Defendant objects to the Requests, and will not produce documents, to the extent that the Requests seek materials that:  (a) are protected from disclosure under the attorney-client privilege; (b) are protected from disclosure under the work product doctrine; (c) were prepared in anticipation of litigation or for trial; or (d) are otherwise privileged or exempted from discovery under applicable privileges, including without limitation the settlement, joint defense and common-interest privileges, law or rules.  In the event that a document that is privileged or exempt from disclosure is produced by Plaintiffs, it will have been produced through

---

[1] For the avoidance of doubt, the foregoing definition of relevance applies to all responses below addressing whether certain documents are "relevant" as well as all objections on the grounds that the requested information is "irrelevant" or "not relevant."  *See also* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

inadvertence and shall not constitute a waiver of privileges applicable to that or any other document.

3.  Defendant undertakes to respond to the Requests only in the form and to the extent required by the Federal Rules of Civil Procedure, the Local Rules, and the case law interpreting each of them (together, the "Rules").  Defendant objects to the Requests to the extent that they purport to impose obligations concerning the form or content of responses beyond those required by the Rules, or exceed the scope of investigation imposed or permitted by the Rules.

4.  Defendant objects to the Requests to the extent they seek disclosure of documents from persons over whom Defendant has no control, or seek documents not in Defendant's possession, custody, or control.

5.  Defendant objects to the Requests to the extent that they seek discovery of (a) trade secrets; (b) information that is confidential, proprietary, commercially sensitive, or competitively significant; (c) personal or proprietary information relating to Defendant and his affiliates, and their respective employees and/or clients, customers or counterparties; or (d) information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings (collectively, "Confidential Information").  Defendant will produce Confidential Information subject to a protective order negotiated by the parties and entered by the Court unless prohibited by law or court order.

6.  Defendant objects to the Requests to the extent that they seek documents already in the possession, custody or control of Plaintiffs or Plaintiffs' attorneys.

7.  Defendant objects to the Requests to the extent that they call for information readily available through public sources, from sources that are more convenient, less burdensome or less expensive, or from sources that are more readily available to Plaintiffs than to Defendant.

8.      Defendant objects to the Requests to the extent that they call for the creation of new documents, reports, spreadsheets or data compilations on the part of Defendant.

9.      In responding to the Requests, Defendant does not concede that any of the documents sought or produced are relevant, material, authentic, admissible into evidence, or proportional to the needs of the case or as a waiver of any applicable privilege.  Moreover, the production of documents by Defendant shall not constitute a waiver of any of the objections set forth herein or any other objections, including without limitation those on the grounds of relevance, materiality, and/or lack of foundation, all of which objections are expressly reserved.

10.     Defendant's responses and objections to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Defendant with Plaintiffs' characterization of any facts, circumstances, or legal obligations.  Defendant reserves the right to contest any such characterization as inaccurate.

11.     That Defendant has responded to a particular Request shall not be interpreted as implying that responsive documents exist or that Defendant acknowledges the propriety of the Request.

12.     Defendant objects to the Requests as unduly burdensome on the ground that they purport to require Defendant to produce electronically stored information that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

13.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they call for the production of all responsive documents within thirty (30) days.  Given the nature of the claims and defenses at issue in this

action, thirty (30) days is not a reasonable amount of time to produce all non-privileged, responsive documents that Defendant agrees to produce.  Non-privileged, responsive documents identified for production in these responses will be produced on a reasonable rolling basis after the entry of an appropriate protective order negotiated by the parties.

14.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they call for the production of "all" responsive documents on the ground that any such Request is overly broad and unduly burdensome.  As set forth in its responses to each Request, Defendant will produce only documents in his possession, custody, or control that can be located upon a reasonable search.

15.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent that they provide no limitation to the period of time for which documents are sought and even Instruction 1.6, which is never used in the Requests, is overly broad.  It would be unduly burdensome and disproportionate to the needs of the case to require Defendant to respond to each of the Requests without a reasonable time limit.  Unless otherwise specified below, Defendant will produce documents he created or received during the period from January 1, 2017 to September 5, 2018 (the "Default Time Period").

16.     Defendant reserves the right to modify, supplement or amend any or all of these responses, if necessary or appropriate, and to produce additional non-privileged, responsive documents at a later date if any are located.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 11 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 11 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in his response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 2:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 15 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 15 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 15 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce the documents set forth in his response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 3:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 18 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 18 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 18 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in his response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 19 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 19 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 19 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in his response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 11 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 11 of the Complaint.  Further, Defendant objects to this Request as duplicative of other Requests, including, without limitation, Request Nos. 1 and 32.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in his response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 21 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 21 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal

pleading.  Defendant further objects to this Request to the extent it assumes the truth of the

allegations in paragraph 21 of the Complaint.  Further, Defendant objects to this Request as

duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce the documents set forth in his response to Request No. 32,

which fully encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 7:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 22 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 22 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal

pleading.  Defendant further objects to this Request to the extent it assumes the truth of the

allegations in paragraph 22 of the Complaint.  Further, Defendant objects to this Request as

duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce the documents set forth in his response to Request No. 32,

which fully encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 23 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 23 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal

pleading.  Defendant further objects to this Request to the extent it assumes the truth of the

allegations in paragraph 23 of the Complaint.  Further, Defendant objects to this Request as

duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific

objections, Defendant will produce the documents set forth in his response to Request No. 32,

which fully encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 24 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 24 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 24 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in his response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 25 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 25 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks him to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.  Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 25 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in his response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "failure to state a claim" to the allegations in this case and/or the First Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "failure to state a claim" and/or the First Defense in Defendants' Answer, Defendant

objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case.  Defendant further

objects to this Request on the grounds that it assumes any additional documents are necessary to

establish this defense, which turns on a question of law that can be resolved by reviewing the

segment of "Who is America?" featuring Plaintiff Moore that is at issue in this litigation (the

"Segment") and the allegations of the Complaint.  Defendant further objects to this Request to

the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Subject to and without waiving his general or specific objections, Defendant responds

that he will produce relevant, non-privileged documents, if any, in his possession, custody or

control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not capable of being proven true or false" to the allegations in this case and/or the Second Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "statements are not capable of being proven true or false" and/or the Second

Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request on the grounds

that it assumes any additional documents are necessary to establish this defense, which turns on a

question of law that can be resolved by reviewing the Segment and the allegations of the

Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving his general or specific objections, Defendant responds that he will produce relevant,

non-privileged documents, if any, in his possession, custody or control responsive to this Request

that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "opinion and satire" to the allegations in this case and/or the Third Defense in
your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "opinion and satire" and/or the Third Defense in Defendants' Answer, Defendant

objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case.  Defendant further

objects to this Request on the grounds that it assumes any additional documents are necessary to

establish this defense, which turns on a question of law that can be resolved by reviewing the

Segment and the allegations of the Complaint.  Defendant further objects to this Request to the

extent it seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Subject to and without waiving his general or specific objections, Defendant responds that he

will produce relevant, non-privileged documents, if any, in his possession, custody or control

responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

13

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "substantial truth" to the allegations in this case and/or the Fourth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "substantial truth" and/or the Fourth Defense in Defendants' Answer, Defendant

objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case. Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege. Subject to and without waiving his

general or specific objections, Defendant responds that he will produce relevant, non-privileged

documents, if any, in his possession, custody or control responsive to this Request that can be

located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 15:

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of standing" to the allegations in this case pertaining to Mrs. Moore and/or the Fifth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "lack of standing" and/or the Fifth Defense in Defendants' Answer, Defendant objects

to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated

to lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request on the grounds that it assumes any additional

documents are necessary to establish this defense, which turns on a question of law that can be

resolved by reviewing the allegations of the Complaint. Defendant further objects to this

Request to the extent it seeks documents or information protected by the attorney-client

privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other

applicable privilege.  Subject to and without waiving his general or specific objections,

Defendant responds that he will produce relevant, non-privileged documents, if any, in his

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

## **REQUEST FOR PRODUCTION NO. 16:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not susceptible of a defamatory meaning" to the allegations in this case and/or the Sixth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "statements are not susceptible of a defamatory meaning" and/or the Sixth Defense

in Defendants' Answer, Defendant objects to this Request as overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Defendant further objects to this Request on the grounds that it assumes any

additional documents are necessary to establish this defense, which turns on a question of law

that can be resolved by reviewing the Segment and the allegations of the Complaint.  Defendant

further object to this Request to the extent it seeks documents or information protected by the

attorney-client privilege, work-product privilege, common-interest privilege, joint-defense

privilege or any other applicable privilege.  Subject to and without waiving his general or

specific objections, Defendant responds that he will produce relevant, non-privileged documents,

if any, in his possession, custody or control responsive to this Request that can be located upon a

reasonable search.

## **REQUEST FOR PRODUCTION NO. 17:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of negligence, gross irresponsibility or actual malice" to the allegations in this case and/or the Seventh Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "lack of negligence, gross irresponsibility or actual malice" and/or the Seventh

Defense in Defendants' Answer Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant

material.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving his general or specific objections, Defendant responds that he will produce relevant,

non-privileged documents, if any, in his possession, custody or control responsive to this Request

that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 18:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that the statements are "privileged under New York, California and common
law" to the allegations in this case and/or the Ninth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that statements are "privileged under New York, California and common law" and/or the

Ninth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request on the grounds

that it assumes any additional documents are necessary to establish this defense, which turns on a

question of law that can be resolved by reviewing the Segment and the allegations of the

Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving his general or specific objections, Defendant responds that he will produce relevant,

16

non-privileged documents, if any, in his possession, custody or control responsive to this Request

that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that Plaintiff Moore is a "libel-proof plaintiff" to the allegations in this case
and/or the Tenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that Plaintiff Moore is a "libel-proof plaintiff" and/or the Tenth Defense in Defendants'

Answer, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving his general or specific objections,

Defendant responds that he will produce relevant, non-privileged documents, if any, in his

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "Plaintiffs did not suffer actual harm or damages" to the allegations in this
case and/or the Eleventh Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Plaintiffs did not suffer actual harm or damages" and/or the Eleventh Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Subject to and without waiving his general or specific objections, Defendant responds

that he will produce relevant, non-privileged documents, if any, in his possession, custody or

control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that the statements were published with a "lack of actual malice" to the
allegations in this case and/or the Twelfth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that the statements were published with a "lack of actual malice" and/or the Twelfth

Defense in Defendants' Answer, Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Subject to and without waiving his general or specific objections, Defendant responds

that he will produce relevant, non-privileged documents, if any, in his possession, custody or

control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that Defendants are denied "due process under the Fifth and Fourteenth
Amendments" to the allegations in this case and/or the Thirteenth Defense in your Answer. [Dkt.
#78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments" and/or the Thirteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it assumes any additional documents are necessary to establish this defense, which turns on a question of law that can be resolved by reviewing the allegations of the Complaint.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce relevant, non-privileged documents, if any, in his possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Defendants' conduct was not sufficiently extreme or outrageous" to the allegations in this case and/or the Fourteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense that "Defendants' conduct was not sufficiently extreme or outrageous" and/or the Fourteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it assumes any additional documents are necessary to establish this defense, which turns on a question of law that can be resolved by reviewing the Segment and the allegations of the Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving his general or specific objections, Defendant responds that he will produce relevant,

non-privileged documents, if any, in his possession, custody or control responsive to this Request

that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 24:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "the intentional infliction of emotional distress claim is duplicative" to the
allegations in this case and/or the Fifteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "the intentional infliction of emotional distress claim is duplicative" and/or the

Fifteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the allegations of the Complaint.

Defendant further object to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Subject to and without waiving his

general or specific objections, Defendant responds that he will produce relevant, non-privileged

documents, if any, in his possession, custody or control responsive to this Request that can be

located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 25:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that Defendants' "reliance on alleged misrepresentations was not reasonable" to
the allegations in this case and/or the Sixteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that Defendants' "reliance on alleged misrepresentations was not reasonable" and/or the

Sixteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the allegations of the Complaint and

the Standard Consent Agreement that was signed by Plaintiff Moore.  Defendant further objects

to this Request to the extent it seeks documents or information protected by the attorney-client

privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other

applicable privilege.  Defendant further objects to this Request on the ground that it

mischaracterizes the Sixteenth Defense in Defendants' Answer, which alleges that Plaintiffs' –

not Defendants' – reliance on alleged misrepresentations was not reasonable.  Subject to and

without waiving his general or specific objections, Defendant responds that he will produce

relevant, non-privileged documents, if any, in his possession, custody or control responsive to

this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "Plaintiffs did not suffer pecuniary damage" to the allegations in this case
and/or the Seventeenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Plaintiffs did not suffer pecuniary damage" and/or the Seventeenth Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving his general or specific objections,

Defendant responds that he will produce relevant, non-privileged documents, if any, in his

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "Plaintiffs failed to mitigate injuries and damages" to the allegations in this
case and/or the Eighteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Plaintiffs failed to mitigate injuries and damages" and/or the Eighteenth Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving his general or specific objections,

Defendant responds that he will produce relevant, non-privileged documents, if any, in his

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "damages were caused by third parties" to the allegations in this case and/or the Nineteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "damages were caused by third parties" and/or the Nineteenth Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving his general or specific objections,

Defendant responds that he will produce relevant, non-privileged documents, if any, in his

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents (regardless of form) that refer or relate in any way to or support any other alleged defense to the allegations in this case and/or the Twentieth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" any

other defense and/or the Twentieth Defense in Defendants' Answer, Defendant objects to the

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Subject to and without waiving his

general or specific objections, Defendant responds that he will produce relevant, non-privileged

documents, if any, in his possession, custody or control responsive to this Request that can be

located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all corporate records of Yerushalayim Television, LLC – including but not limited to:
(i) bylaws; (ii) articles of incorporation; (iii) meeting minutes; (iv) agendas; (v) summaries; (vi)
organizational charts; and (vii) list of shareholders.

**Response**: To the extent this Request seeks "meeting minutes," "agendas," "summaries," and

"organizational charts," Defendant objects to the Request on the grounds that it is vague and

ambiguous.  Subject to and without waiving his general or specific objections, Defendant

responds that he will produce non-privileged documents, if any, in his possession, custody or

control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all communications, documents and/or records relating in any way to either Plaintiff
Moore or Mrs. Moore concerning to [*sic*] their trip to Washington, D.C. on or around February
14, 2018.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" either Plaintiff Moore or Mrs. Moore concerning their trip to Washington, D.C.

on or around February 14, 2018, Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case.  Subject to and without waiving his

general or specific objections, Defendant responds that he will produce non-privileged

documents, if any, in his possession, custody or control that refer to either Plaintiff Moore or

Mrs. Moore with respect to their trip to Washington, D.C. on or around February 14, 2018 that

can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning the program "Who is America" featuring Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" either Plaintiff Moore or Mrs. Moore concerning the program "Who is America?" featuring Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents, if any, in his possession, custody or control that refer to either Plaintiff Moore or Mrs. Moore in connection with Plaintiff Moore's appearance on the program "Who is America?" that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 33:

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and CBS Corporation, its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate to either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged communications, documents and/or records between him and CBS Corporation, its agents, surrogates, affiliates, producers, and/or assignees that reference either Plaintiff Moore or

Mrs. Moore, if any, in his possession, custody or control that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 34:

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and Showtime Networks, Inc., its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence that "refer[s] or relate[s] in any way" to either Plaintiff or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege. Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged communications between him and Showtime Network, Inc. and/or its employees that reference either Plaintiff Moore or Mrs. Moore, if any, in his possession, custody or control that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 35:

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and anyone affiliated with or allegedly affiliated with Yerushalayim Television, LLC, its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**Response**:  To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Subject to and without waiving his general or specific

objections, Defendant responds that he will produce non-privileged communications between

him and Yerushalayim Television, LLC and/or any of its employees or members that reference

either Plaintiff Moore or Mrs. Moore, if any, in his possession, custody or control that can be

located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 36:

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Cohen) and anyone affiliated with or allegedly affiliated
with La Quinta Entertainment, LLC that refer or relate in any way to either Plaintiff Moore or
Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Subject to and without waiving his general or specific objections, Defendant

responds that he will produce non-privileged communications between him and La Quinta

Entertainment, LLC, and/or any of its employees or members that reference either Plaintiff

Moore or Mrs. Moore, if any, in his possession, custody or control that can be located upon a

reasonable search.

## REQUEST FOR PRODUCTION NO. 37:

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Cohen) and anyone affiliated with or allegedly affiliated
with Please You Can Touch LLC that refer or relate in any way to either Plaintiff Moore or Mrs.
Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Subject to and without waiving his general or specific objections, Defendant

responds that he will produce non-privileged communications between him and Please You Can

Touch LLC, and/or any of its employees or members that reference either Plaintiff Moore or

Mrs. Moore, if any, in his possession, custody or control that can be located upon a reasonable

search.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Cohen) and Brendan Countee, Vice President of Original
Programming for Showtime Networks, Inc. that refer or relate in any way to Plaintiff Moore or
Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff or Mrs. Moore, Defendant

objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case.  Subject to and without waiving his general or specific objections, Defendant responds that

he will produce non-privileged communications between him and Brendan Countee that

reference either Plaintiff Moore or Mrs. Moore, if any, in his possession, custody or control that

can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Cohen) and Todd Schulman, Executive Producer of "Who
is America" that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged communications between him and Todd Schulman that reference either Plaintiff Moore or Mrs. Moore, if any, in his possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and Plaintiff Moore or Mrs. Moore.

**Response**:  To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce any communications between him and Plaintiff Moore or Mrs. Moore and any documents that refer to such communications in his possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all communications, documents and/or records relating in any way to your (Cohen) role in convincing or inducing Plaintiff Moore and Mrs. Moore to travel to Washington, D.C. to receive an award in commemoration of Israel's anniversary as a nation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks

communications, documents and/or records relating to "your (Cohen) role in convincing or

inducing Plaintiff Moore and Mrs. Moore to travel to Washington, D.C." on the grounds that it is

vague and ambiguous.  Defendant further objects to this Request on the ground that it is

duplicative of other Requests, including, without limitation, Request No. 31.  In light of its

general and specific objections, Defendant does not intend to produce any documents in response

to this Request.

## REQUEST FOR PRODUCTION NO. 42:

Any and all communications, documents and/or records by and between you (Cohen) and any of
the following subjects: 1) Todd Schulman or 2) Erran Morad or 3) the "Standard Consent
Agreement" executed on February 14, 2018 or 4) Plaintiff Moore's and Mrs. Moore's
Washington, D.C. trip on or around February 14, 2018 or 5) La Quinta Entertainment, LLC or 6)
Please You Can Touch LLC.

**Response**: Defendant objects to this Request to the extent it calls for "communications,

documents and/or records by and between you (Cohen) and any of the following subjects," on

the ground that it is incoherent and not susceptible to a response, including because five of the

"subjects" are not real persons with whom Defendant could have "communicate[d]," or are alter

egos of Defendant.  Defendant further objects to this Request on the grounds that it is unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case in that it asks for "all communications" between Defendant

and certain entities with no limitation as to subject matter or topic.  Defendant further objects to

this Request on the ground that, to the extent it can be answered at all, it is duplicative of other

Requests, including, without limitation, Requests 31, 32, 39, 41 and 47.  In light of his general

and specific objections, Defendant does not intend to produce any documents in response to this

Request.

## REQUEST FOR PRODUCTION NO. 43:

Any and all communications, documents and/or records by and between you (Cohen) and the attorney of record for Yerushalayim Television, LLC, Jenifer Wallis.

**Response**: Defendant objects to the Request to the extent it is vague and ambiguous as to what constitutes "communications, documents and/or records by and between you (Cohen) and . . . Jennifer Wallis."  Defendant further objects to this Request on the grounds that it is unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case in that it asks for "all communications" between Defendant and Jenifer Wallis with no limitation as to subject matter or topic.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged communications with Jennifer Wallis related to Yerushalayim Television, LLC and/or Plaintiff Moore or Mrs. Moore, if any, in his possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all corporate records of Yerushalayim Television, LLC.

**Response**: Defendant objects to this Request on the ground that it is duplicative of other Requests, including, without limitation, Request No. 30.  To the extent this Request seeks "any and all" corporate records, Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents, if any, in his possession, custody or control responsive to this Request that can be located upon a reasonable search.

31

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents that refer or relate in any way to the dissolution of Yerushalayim Television, LLC.

**Response**: To the extent this Request seeks documents "relating in any way to" the dissolution

of Yerushalayim Television, LLC, Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Subject to and without waiving his general or specific objections, Defendant responds

that he will produce non-privileged documents that refer or directly relate to the dissolution of

Yerushalayim Television, LLC, if any, in his possession, custody or control responsive to this

Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all communications, documents and/or records relating in any way to your assertion that Plaintiff Moore "had engaged in inappropriate relationships with young women."  Defendants' Motion to Dismiss ("MTD") at 1.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the assertion Plaintiff Moore had engaged in inappropriate relationships with

young women, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

32

any other applicable privilege.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents, if any, in his possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

Any and all communications, documents and/or records relating in any way to the "Standard Consent Agreement" Plaintiff Moore signed on February 14, 2018.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the Standard Consent Agreement Plaintiff Moore signed on February 14, 2018, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce the Standard Consent Agreement and non-privileged documents and communications concerning Plaintiff Moore's signing of the Standard Consent Agreement, if any, in his possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all communications, documents and/or records relating in any way to the incorporation of Yerushalayim TV.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the incorporation of Yerushalayim TV, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Defendant further objects to this Request to the extent that it is

duplicative of other Requests, including, without limitation, Request 44.  Subject to and without

waiving his general or specific objections, Defendant responds that he will produce non-

privileged documents, if any, in his possession, custody or control that relate to the incorporation

of Yerushalayim TV that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all communications, documents and/or records relating in any way to the reasons for
incorporating Yerushalayim Television, LLC.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the "reasons for incorporating" Yerushalayim Television, LLC, Defendant objects

to the Request on the grounds that it is overbroad, vague unduly burdensome, and not reasonably

calculated to lead to the discovery of relevant material.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Defendant further objects to this Request to the extent that it is duplicative of other

Requests, including, without limitation, Request 48.  Subject to and without waiving his general

or specific objections, Defendant responds that he will produce non-privileged documents, if

any, in his possession, custody or control that relate to the incorporation of Yerushalayim TV,

LLC that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all communications, documents and/or records by and between you (Cohen) and any
woman who has accused Plaintiff Moore of misconduct.

**Response**: Subject to and without waiving his general or specific objections, Defendant responds

that he has no reason to believe he possesses any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents you intend to rely on in a trial of this matter.

**Response**: Defendant objects to this Request as placing obligations on Defendant beyond the scope of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or authority.  Defendant further objects to this Request because it calls for information in the possession, custody and control of Plaintiffs and that is yet to be produced.  Defendant further objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product doctrine, and other privileges.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce relevant, non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all communications, documents and/or records relating in any way to any allegation of pedophilia against Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" any allegation of pedophilia against Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or the possession of non-parties, and not Defendant.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents that relate to or reflect any allegation of pedophilia against Plaintiff Moore in his possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all communications, documents and/or records relating in any way to "a total of nine women have now come forward" against Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the statement that a total of nine women have now come forward against Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or the possession of non-parties, and not Defendant.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents relating to the fact that "a total of nine women have now come forward" against Plaintiff Moore in his possession, custody or control responsive to this Request that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 54:

Any and all communications, documents and/or records relating in any way to an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or the possession of non-parties, and not Defendant.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents that relate to the allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old in his possession, custody or control that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 55:

Any and all communications, documents and/or records relating in any way to the modification of the Standard Consent Agreement wherein Plaintiff Moore crossed out and initialed the following language: " . . . any allegedly sexual-oriented or offensive behavior or questioning."

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Plaintiff Moore's modification of the Standard Consent Agreement, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege. Defendant objects to this Request on the ground that it is duplicative of other Requests, including, without limitation, Request 47. Subject to and without waiving his general or specific objections, Defendant responds that he will produce documents that relate to Plaintiff Moore crossing out and initialing the language "any allegedly sexually-oriented behavior or questioning" in the Standard Consent Agreement that he signed, if any, in Defendant's possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

Any and all communications, documents and/or records relating in any way to the decision to air "Who is America" featuring Plaintiff Moore after you (Cohen) were put on notice of the alleged defamation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the decision to air "Who is America?" featuring Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant material. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other

applicable privilege.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents that concern the decision to air "Who Is America?" after Defendant received notice from counsel for Plaintiff Moore that he believed the Segment was defamatory of Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 57:**

Any and all communications, documents and/or records relating in any way to your (Cohen) insurance coverage for either defamation, and/or intentional infliction of emotional distress and/or fraud.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Defendant's insurance coverage, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving his general or specific objections, Defendant responds that he will produce non-privileged documents, if any, evidencing his insurance coverage for defamation, intentional infliction of emotional distress, and/or fraud, if any, in his possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all communications, documents and/or records relating in any way to your (Cohen) prior litigation where you (Cohen) were sued for defamation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" prior litigation in which Defendant was sued for defamation, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent that it calls for information readily available through public sources.  Defendant further objects to this Request on the ground that it

38

seeks material neither relevant nor proportional to the needs of the case, including without

limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not

relevant to the maintenance or defense of claims in this action.  In light of his general and

specific objections, Defendant does not intend to produce any documents in response to this

Request.

## REQUEST FOR PRODUCTION NO. 59:

Any and all communications, documents and/or records relating in any way to your (Cohen)
prior litigation where you (Cohen) were sued for fraud.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" prior litigation in which Defendant was sued for fraud, Defendant objects to the

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request to the extent that it calls for information readily

available through public sources.  Defendant further objects to this Request on the ground that it

seeks material neither relevant nor proportional to the needs of the case, including without

limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not

relevant to the maintenance or defense of claims in this action.  In light of his general and

specific objections, Defendant does not intend to produce any documents in response to this

Request.

## REQUEST FOR PRODUCTION NO. 60:

Any and all communications, documents and/or records relating in any way to your (Cohen)
prior litigation where you (Cohen) were sued for intentional infliction of emotional distress.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" prior litigation in which Defendant was sued for intentional infliction of

emotional distress, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request to the extent that

it calls for information readily available through public sources.  Defendant further objects to this

Request on the ground that it seeks material neither relevant nor proportional to the needs of the

case, including without limitation because it seeks material regarding litigation wholly unrelated

to Plaintiffs that is not relevant to the maintenance or defense of claims in this action.  In light of

his general and specific objections, Defendant does not intend to produce any documents in

response to this Request.

## REQUEST FOR PRODUCTION NO. 61:

Any and all communications, documents and/or records relating in any way to your (Cohen)
knowledge of whether you were ever convicted of committing a crime.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" Defendant's knowledge of whether he was convicted for a crime, Defendant

objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case.  Defendant further objects to this Request on the ground that it is vague and ambiguous as

to what constitutes Defendant's "knowledge of" whether he was convicted of a crime.

Defendant further objects to this Request on the ground that it is harassing and seeks information

irrelevant to this action.  In light of his general and specific objections, Defendant does not

intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 62:

Any and all communications, documents and/or records relating in any way to your (Cohen)
decision to cancel "Who is America" for future seasons.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" Defendant's decision to cancel "Who is America?", Defendant objects to the

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request on the ground that "Who is America?" was not

"cancelled." In light of his general and specific objections, Defendant does not intend to produce

any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 63:

Any and all documents which evidence or refer or relate to accusations, complaints, and/or other writings where you (Cohen) were or are currently being accused of sexual abuse, and/or acts of sexual perversion. Perversion is defined in the dictionary as: "sexual behavior or desire that is considered abnormal or unacceptable."

**Response**: To the extent this Request seeks documents "relating in any way to" accusations of

sexual abuse and/or acts of sexual perversion against Defendant, Defendant objects to the

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request on the ground that it is harassing and seeks information

irrelevant to Plaintiffs or the maintenance or defense of claims in this action.  In light of his

general and specific objections, Defendant does not intend to produce any documents in response

to this Request.

Dated:  New York, New York
        November 5, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  */s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
Rachel F. Strom
Eric J. Feder
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone (212) 489-8230
Fax (212) 489-8340
Email:   lizmcnamara@dwt.com
         rachelstrom@dwt.com
         ericfeder@dwt.com

*Attorneys for Defendants Sacha Baron Cohen,*
*Showtime Networks Inc., and CBS Corporation n/k/a*
*ViacomCBS Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

-------------------------------------------------------------- x

ROY STEWART MOORE and KAYLA MOORE,   :
                                     :   Index No. 19 Civ. 4977 (JPC)
                     Plaintiffs,     :
                                     :   ECF CASE
              - against -            :
                                     :
SACHA NOAM BARON COHEN, SHOWTIME     :
NETWORKS, INC., AND CBS CORPORATION, :
                                     :
                    Defendants.      :

-------------------------------------------------------------- x

**DEFENDANT SHOWTIME NETWORK INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Southern District of New York, Defendant Showtime

Networks Inc. ("Defendant"), by its under-signed attorneys, hereby responds and objects to the

First Request for the Production of Documents and Things from Defendant Showtime Networks,

Inc. (the "Requests" or, singularly, a "Request") served by plaintiffs Roy Moore ("Plaintiff

Moore") and Kayla Moore ("Mrs. Moore") (collectively, "Plaintiffs") on September 25, 2020.

**GENERAL OBJECTIONS**

The following general responses and objections are incorporated into each specific

response and objection as if fully set forth in such response and objection.

1.      Defendant objects to the Requests on the ground that they:  (a) are improper;

(b) are overly broad as to time frame and content; (c) are unduly burdensome and/or oppressive;

(d) are vague and ambiguous; (e) are unreasonably cumulative or duplicative; (f) seek

information that is immaterial; (g) seek information that is not relevant, in that it has no tendency

to make a fact more or less probable than it would be without the potential evidence and/or tends

to prove a fact that is of no consequence in determining this action;[1] or (h) are otherwise not proportional to the needs of the case.  A statement that, subject to general and specific objections, Defendant will produce relevant documents responsive to a particular Request means that Defendant will produce only non-privileged documents in its possession, custody or control that reasonably relate to the subject matter of this action, are proportional to the needs of the case, and can be located and produced as the result of a reasonable search and review of documents.  Defendant further notes that discovery in this action is in its earliest stages. Following production of initial documents responsive to these Requests, should there be any open issues concerning the demands of Plaintiffs' Requests, counsel for Defendant will meet and confer with counsel for Plaintiffs to discuss the scope and limitations of Defendant's document productions in response to any identified Requests – including appropriate search terms and document custodians.

2.      Defendant objects to the Requests, and will not produce documents, to the extent that the Requests seek materials that:  (a) are protected from disclosure under the attorney-client privilege; (b) are protected from disclosure under the work product doctrine; (c) were prepared in anticipation of litigation or for trial; or (d) are otherwise privileged or exempted from discovery under applicable privileges, including without limitation the settlement, joint defense and common-interest privileges, law or rules.  In the event that a document that is privileged or exempt from disclosure is produced by Plaintiffs, it will have been produced through

---

[1] For the avoidance of doubt, the foregoing definition of relevance applies to all responses below addressing whether certain documents are "relevant" as well as all objections on the grounds that the requested information is "irrelevant" or "not relevant."  *See also* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

inadvertence and shall not constitute a waiver of privileges applicable to that or any other document.

3.      Defendant undertakes to respond to the Requests only in the form and to the extent required by the Federal Rules of Civil Procedure, the Local Rules, and the case law interpreting each of them (together, the "Rules").  Defendant objects to the Requests to the extent that they purport to impose obligations concerning the form or content of responses beyond those required by the Rules, or exceed the scope of investigation imposed or permitted by the Rules.

4.      Defendant objects to the Requests to the extent they seek disclosure of documents from persons over whom Defendant has no control, or seek documents not in Defendant's possession, custody, or control.

5.      Defendant objects to the Requests to the extent that they seek discovery of (a) trade secrets; (b) information that is confidential, proprietary, commercially sensitive, or competitively significant; (c) personal or proprietary information relating to Defendant and its affiliates, and their respective employees and/or clients, customers or counterparties; or (d) information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings (collectively, "Confidential Information").  Defendant will produce Confidential Information subject to a protective order negotiated by the parties and entered by the Court unless prohibited by law or court order.

6.      Defendant objects to the Requests to the extent that they seek documents already in the possession, custody or control of Plaintiffs or Plaintiffs' attorneys.

7.      Defendant objects to the Requests to the extent that they call for information readily available through public sources, from sources that are more convenient, less burdensome or less expensive, or from sources that are more readily available to Plaintiffs than to Defendant.

8.      Defendant objects to the Requests to the extent that they call for the creation of new documents, reports, spreadsheets or data compilations on the part of Defendant.

9.      In responding to the Requests, Defendant does not concede that any of the documents sought or produced are relevant, material, authentic, admissible into evidence, or proportional to the needs of the case or as a waiver of any applicable privilege.  Moreover, the production of documents by Defendant shall not constitute a waiver of any of the objections set forth herein or any other objections, including without limitation those on the grounds of relevance, materiality, and/or lack of foundation, all of which objections are expressly reserved.

10.     Defendant's responses and objections to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Defendant with Plaintiffs' characterization of any facts, circumstances, or legal obligations.  Defendant reserves the right to contest any such characterization as inaccurate.

11.     That Defendant has responded to a particular Request shall not be interpreted as implying that responsive documents exist or that Defendant acknowledges the propriety of the Request.

12.     Defendant objects to the Requests as unduly burdensome on the ground that they purport to require Defendant to produce electronically stored information that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

13.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they call for the production of all responsive documents within thirty (30) days.  Given the nature of the claims and defenses at issue in this

action, thirty (30) days is not a reasonable amount of time to produce all non-privileged, responsive documents that Defendant agrees to produce.  Non-privileged, responsive documents identified for production in these responses will be produced on a reasonable rolling basis after the entry of an appropriate protective order negotiated by the parties.

14.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they call for the production of "all" responsive documents on the ground that any such Request is overly broad and unduly burdensome.  As set forth in its responses to each Request, Defendant will produce only documents in its possession, custody, or control that can be located upon a reasonable search.

15.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent that they provide no limitation to the period of time for which documents are sought and even Instruction 1.6, which is never used in the Requests, is overly broad.  It would be unduly burdensome and disproportionate to the needs of the case to require Defendant to respond to each of the Requests without a reasonable time limit.  Unless otherwise specified below, Defendant will produce documents it created or received during the period from January 1, 2017 to September 5, 2018 (the "Default Time Period").

16.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they purport to require Defendant to search for physical documents located at Defendant's offices during the Covid-19 pandemic.

17.     Defendant objects to the Requests, including all of the Definitions and Instructions contained therein, to the extent they seek documents or information relating to the production of the segment of "Who is America?" featuring Plaintiff Moore that is at issue in this

litigation (the "Segment"), on the ground that the Segment was produced before Defendant

licensed "Who is America?"

18.     Defendant reserves the right to modify, supplement or amend any or all of these

responses, if necessary or appropriate, and to produce additional non-privileged, responsive

documents at a later date if any are located.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 11 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 11 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 11 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Subject to and without waiving the foregoing general or specific objections,

Defendant will produce the documents set forth in its response to Request No. 32, which fully

encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 15 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 15 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 15 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in its response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 18 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 18 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 18 of the Complaint.  Further, Defendant objects to this Request as duplicative of Request No. 32.  Subject to and without waiving the foregoing general or specific objections,

7

Defendant will produce the documents set forth in its response to Request No. 32, which fully

encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 19 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 19 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 19 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Subject to and without waiving the foregoing general or specific objections,

Defendant will produce the documents set forth in its response to Request No. 32, which fully

encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 5:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 11 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 11 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 11 of the Complaint.  Further, Defendant objects to this Request as duplicative of

other Requests, including, without limitation, Request Nos. 1 and 32.  Subject to and without

waiving the foregoing general or specific objections, Defendant will produce the documents set

forth in its response to Request No. 32, which fully encompass the documents reasonably

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 21 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 21 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 21 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Subject to and without waiving the foregoing general or specific objections,

Defendant will produce the documents set forth in its response to Request No. 32, which fully

encompass the documents reasonably responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 22 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 22 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs. Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in paragraph 22 of the Complaint. Further, Defendant objects to this Request as duplicative of Request No. 32. Subject to and without waiving the foregoing general or specific objections, Defendant will produce the documents set forth in its response to Request No. 32, which fully encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 8:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 23 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the allegations in paragraph 23 of the Complaint, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent that the information requested is in the possession, custody and control of Plaintiffs. Defendant further objects to this Request as vague and ambiguous to the extent it asks it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading. Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 23 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Subject to and without waiving the foregoing general or specific objections,

Defendant will produce the documents set forth in its response to Request No. 32, which fully

encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 9:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 24 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 24 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 24 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Subject to and without waiving the foregoing general or specific objections,

Defendant will produce the documents set forth in its response to Request No. 32, which fully

encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 10:

Any and all documents (regardless of form) that refer or relate in any way to the allegations in
paragraph 25 of the Complaint made in this case.

**Response**: To the extent this Request seeks documents that "refer or relate in any way to" the

allegations in paragraph 25 of the Complaint, Defendant objects to the Request on the grounds

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of

relevant material, and not proportional to the needs of the case.  Defendant further objects to this

Request to the extent that the information requested is in the possession, custody and control of

Plaintiffs.  Defendant further objects to this Request as vague and ambiguous to the extent it asks

it to interpret what documents "relate in any way" to the allegations in Plaintiffs' legal pleading.

Defendant further objects to this Request to the extent it assumes the truth of the allegations in

paragraph 25 of the Complaint.  Further, Defendant objects to this Request as duplicative of

Request No. 32.  Subject to and without waiving the foregoing general or specific objections,

Defendant will produce the documents set forth in its response to Request No. 32, which fully

encompass the documents reasonably responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "failure to state a claim" to the allegations in this case and/or the First Defense
in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "failure to state a claim" and/or the First Defense in Defendants' Answer, Defendant

objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case.  Defendant further

objects to this Request on the grounds that it assumes any additional documents are necessary to

establish this defense, which turns on a question of law that can be resolved by reviewing the

Segment and the allegations of the Complaint.  Defendant further objects to this Request to the

extent it seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Subject to and without waiving its general or specific objections, Defendant responds that it will

produce relevant, non-privileged documents, if any, in its possession, custody or control

responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not capable of being proven true or false" to the allegations in this case and/or the Second Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "statements are not capable of being proven true or false" and/or the Second

Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request on the grounds

that it assumes any additional documents are necessary to establish this defense, which turns on a

question of law that can be resolved by reviewing the Segment and the allegations of the

Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving its general or specific objections, Defendant responds that it will produce relevant, non-

privileged documents, if any, in its possession, custody or control responsive to this Request that

can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "opinion and satire" to the allegations in this case and/or the Third Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "opinion and satire" and/or the Third Defense in Defendants' Answer, Defendant

objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the

discovery of relevant material, and not proportional to the needs of the case.  Defendant further

objects to this Request on the grounds that it assumes any additional documents are necessary to

13

establish this defense, which turns on a question of law that can be resolved by reviewing the

Segment and the allegations of the Complaint.  Defendant further objects to this Request to the

extent it seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Subject to and without waiving its general or specific objections, Defendant responds that it will

produce relevant, non-privileged documents, if any, in its possession, custody or control

responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "substantial truth" to the allegations in this case and/or the Fourth Defense in
your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "substantial truth" and/or the Fourth Defense in Defendants' Answer, Defendant

objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably

calculated to lead to the discovery of relevant material, and not proportional to the needs of the

case.  Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Subject to and without waiving its

general or specific objections, Defendant responds that it will produce relevant, non-privileged

documents, if any, in its possession, custody or control responsive to this Request that can be

located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "lack of standing" to the allegations in this case pertaining to Mrs. Moore
and/or the Fifth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense of "lack of standing" and/or the Fifth Defense in Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it assumes any additional documents are necessary to establish this defense, which turns on a question of law that can be resolved by reviewing the allegations of the Complaint. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege. Subject to and without waiving its general or specific objections, Defendant responds that it will produce relevant, non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not susceptible of a defamatory meaning" to the allegations in this case and/or the Sixth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense that "statements are not susceptible of a defamatory meaning" and/or the Sixth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it assumes any additional documents are necessary to establish this defense, which turns on a question of law that can be resolved by reviewing the Segment and the allegations of the Complaint. Defendant further object to this Request to the extent it seeks documents or information protected by the

attorney-client privilege, work-product privilege, common-interest privilege, joint-defense

privilege or any other applicable privilege.  Subject to and without waiving its general or specific

objections, Defendant responds that it will produce relevant, non-privileged documents, if any, in

its possession, custody or control responsive to this Request that can be located upon a

reasonable search.

## REQUEST FOR PRODUCTION NO. 17:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense of "lack of negligence, gross irresponsibility or actual malice" to the allegations
in this case and/or the Seventh Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense of "lack of negligence, gross irresponsibility or actual malice" and/or the Seventh

Defense in Defendants' Answer Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant

material.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving its general or specific objections, Defendant responds that it will produce relevant, non-

privileged documents, if any, in its possession, custody or control responsive to this Request that

can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 18:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that the statements are "privileged under New York, California and common
law" to the allegations in this case and/or the Ninth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that statements are "privileged under New York, California and common law" and/or the

Ninth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request on the grounds

that it assumes any additional documents are necessary to establish this defense, which turns on a

question of law that can be resolved by reviewing the Segment and the allegations of the

Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving its general or specific objections, Defendant responds that it will produce relevant, non-

privileged documents, if any, in its possession, custody or control responsive to this Request that

can be located upon a reasonable search.

### REQUEST FOR PRODUCTION NO. 19:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that Plaintiff Moore is a "libel-proof plaintiff" to the allegations in this case
and/or the Tenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that Plaintiff Moore is a "libel-proof plaintiff" and/or the Tenth Defense in Defendants'

Answer, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving its general or specific objections,

Defendant responds that it will produce relevant, non-privileged documents, if any, in its

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer actual harm or damages" to the allegations in this case and/or the Eleventh Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Plaintiffs did not suffer actual harm or damages" and/or the Eleventh Defense in

Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Subject to and without waiving its general or specific objections, Defendant responds

that it will produce relevant, non-privileged documents, if any, in its possession, custody or

control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements were published with a "lack of actual malice" to the allegations in this case and/or the Twelfth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that the statements were published with a "lack of actual malice" and/or the Twelfth

Defense in Defendants' Answer, Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case.  Defendant further objects to this Request

to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce relevant, non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 22:

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments" to the allegations in this case and/or the Thirteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments" and/or the Thirteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it assumes any additional documents are necessary to establish this defense, which turns on a question of law that can be resolved by reviewing the allegations of the Complaint.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce relevant, non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 23:

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Defendants' conduct was not sufficiently extreme or outrageous" to the allegations in this case and/or the Fourteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "Defendants' conduct was not sufficiently extreme or outrageous" and/or the

Fourteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the Segment and the allegations of

the Complaint.  Defendant further objects to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege or any other applicable privilege.  Subject to and without

waiving its general or specific objections, Defendant responds that it will produce relevant, non-

privileged documents, if any, in its possession, custody or control responsive to this Request that

can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "the intentional infliction of emotional distress claim is duplicative" to the allegations in this case and/or the Fifteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "the intentional infliction of emotional distress claim is duplicative" and/or the

Fifteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the allegations of the Complaint.

Defendant further object to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege or any other applicable privilege.  Subject to and without waiving its

general or specific objections, Defendant responds that it will produce relevant, non-privileged

documents, if any, in its possession, custody or control responsive to this Request that can be

located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 25:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that Defendants' "reliance on alleged misrepresentations was not reasonable" to
the allegations in this case and/or the Sixteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that Defendants' "reliance on alleged misrepresentations was not reasonable" and/or the

Sixteenth Defense in Defendants' Answer, Defendant objects to this Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Defendant further objects to this Request on the

grounds that it assumes any additional documents are necessary to establish this defense, which

turns on a question of law that can be resolved by reviewing the allegations of the Complaint and

the Standard Consent Agreement that was signed by Plaintiff Moore.  Defendant further objects

to this Request to the extent it seeks documents or information protected by the attorney-client

privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other

applicable privilege.  Defendant further objects to this Request on the ground that it

mischaracterizes the Sixteenth Defense in Defendants' Answer, which alleges that Plaintiffs' –

not Defendants' – reliance on alleged misrepresentations was not reasonable.  Subject to and

without waiving its general or specific objections, Defendant responds that it will produce

relevant, non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer pecuniary damage" to the allegations in this case and/or the Seventeenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense that "Plaintiffs did not suffer pecuniary damage" and/or the Seventeenth Defense in Defendants' Answer, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce relevant, non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs failed to mitigate injuries and damages" to the allegations in this case and/or the Eighteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the defense that "Plaintiffs failed to mitigate injuries and damages" and/or the Eighteenth Defense in Defendants' Answer, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving its general or specific objections,

Defendant responds that it will produce relevant, non-privileged documents, if any, in its

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

## REQUEST FOR PRODUCTION NO. 28:

Any and all documents (regardless of form) that refer or relate in any way to or support the
alleged defense that "damages were caused by third parties" to the allegations in this case and/or
the Nineteenth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" the

defense that "damages were caused by third parties" and/or the Nineteenth Defense in

Defendants' Answer, Defendant objects to this Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving its general or specific objections,

Defendant responds that it will produce relevant, non-privileged documents, if any, in its

possession, custody or control responsive to this Request that can be located upon a reasonable

search.

## REQUEST FOR PRODUCTION NO. 29:

23

Any and all documents (regardless of form) that refer or relate in any way to or support any other alleged defense to the allegations in this case and/or the Twentieth Defense in your Answer. [Dkt. #78].

**Response**: To the extent this Request seeks documents "that refer or relate in any way to" any other defense and/or the Twentieth Defense in Defendants' Answer, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege. Subject to and without waiving its general or specific objections, Defendant responds that it will produce relevant, non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 30:

Any and all corporate records of Yerushalayim Television, LLC – including but not limited to: (i) bylaws; (ii) articles of incorporation; (iii) meeting minutes; (iv) agendas; (v) summaries; (vi) organizational charts; and (vii) list of shareholders.

**Response**: To the extent this Request seeks "meeting minutes," "agendas," "summaries," and "organizational charts," Defendant objects to the Request on the grounds that it is vague and ambiguous. Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 31:

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning to [*sic*] their trip to Washington, D.C. on or around February 14, 2018.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" either Plaintiff Moore or Mrs. Moore concerning their trip to Washington, D.C.

on or around February 14, 2018, Defendant objects to the Request on the grounds that it is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant

material, and not proportional to the needs of the case.  Defendant further objects to this Request

to the extent it seeks communications, documents and/or records relating to the production of the

Segment, on the ground that the Segment was produced before Defendant licensed "Who is

America?"  Subject to and without waiving its general or specific objections, Defendant responds

that it will produce non-privileged documents, if any, in its possession, custody or control that

refer to either Plaintiff Moore or Mrs. Moore with respect to their trip to Washington, D.C. on or

around February 14, 2018 that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all communications, documents and/or records relating in any way to either Plaintiff
Moore or Mrs. Moore concerning the program "Who is America" featuring Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" either Plaintiff Moore or Mrs. Moore concerning the program "Who is America?"

featuring Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case.  Subject to and without waiving its general or specific

objections, Defendant responds that it will produce non-privileged documents, if any, in its

possession, custody or control that refer to either Plaintiff Moore or Mrs. Moore in connection

with Plaintiff Moore's appearance on the program "Who is America?" that can be located upon a

reasonable search.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and CBS Corporation, its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate to either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is nonsensical in that Defendant is an affiliate of CBS Corporation, and the Request therefore seeks communications, documents and/or records relating to communications between Defendant and itself; Defendant interprets this Request as seeking communications, documents and/or records relating to correspondence between Defendant and affiliates of CBS Corporation other than Defendant. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege. Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 34:

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and Sasha [*sic*] Noam Baron Cohen, his agents, surrogates, affiliates, producers, and/or assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence that "refer[s] or relate[s] in any way" to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request to the extent it

seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Subject to and without waiving its general or specific objections, Defendant responds that it will

produce non-privileged communications between it and Sacha Noam Baron Cohen and/or his

employees that reference either Plaintiff Moore or Mrs. Moore, if any, in its possession, custody

or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Showtime) and anyone affiliated with or allegedly
affiliated with Yerushalayim Television, LLC, its agents, surrogates, affiliates, producers, and/or
assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**Response**:  To the extent this Request seeks communications, documents and/or records

"relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs.

Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Subject to and without waiving its general or specific

objections, Defendant responds that it will produce non-privileged communications between it

and Yerushalayim Television, LLC and/or any of its employees or members that reference either

Plaintiff Moore or Mrs. Moore, if any, in its possession, custody or control that can be located

upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Showtime) and anyone affiliated with or allegedly
affiliated with La Quinta Entertainment, LLC that refer or relate in any way to either Plaintiff
Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Subject to and without waiving its general or specific objections, Defendant

responds that it will produce non-privileged communications between it and La Quinta

Entertainment, LLC, and/or any of its employees or members that reference either Plaintiff

Moore or Mrs. Moore, if any, in its possession, custody or control that can be located upon a

reasonable search.

## REQUEST FOR PRODUCTION NO. 37:

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Showtime) and anyone affiliated with or allegedly
affiliated with Please You Can Touch LLC that refer or relate in any way to either Plaintiff
Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Subject to and without waiving its general or specific objections, Defendant

responds that it will produce non-privileged communications between it and Please You Can

Touch LLC, and/or any of its employees or members that reference either Plaintiff Moore or

Mrs. Moore, if any, in its possession, custody or control that can be located upon a reasonable

search.

## REQUEST FOR PRODUCTION NO. 38:

Any and all communications, documents and/or records relating in any way to any
correspondence by and between you (Showtime) and Brendan Countee, Vice President of

Original Programming for Showtime Networks, Inc. that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged communications between it and Brendan Countee that reference either Plaintiff Moore or Mrs. Moore, if any, in its possession, custody or control that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 39:

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and Todd Schulman, Executive Producer of "Who is America" that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged communications between it and Todd Schulman that reference either Plaintiff Moore or Mrs. Moore, if any, in its possession, custody or control that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 40:

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and Plaintiff Moore or Mrs. Moore.

**Response**:  To the extent this Request seeks communications, documents and/or records

"relating in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs.

Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Subject to and without waiving its general or specific

objections, Defendant responds that it will produce any communications between it and Plaintiff

Moore or Mrs. Moore and any documents that refer to such communications in its possession,

custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all communications, documents and/or records relating in any way to your (Showtime) role in convincing or inducing Plaintiff Moore and Mrs. Moore to travel to Washington, D.C. to receive an award in commemoration of Israel's anniversary as a nation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" correspondence referring or relating to either Plaintiff Moore or Mrs. Moore,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case.  Defendant further objects to this Request to the extent it seeks

communications, documents and/or records relating to the production of the Segment, on the

ground that the Segment was produced before Defendant licensed "Who is America?"

Defendant further objects to this Request to the extent it seeks communications, documents

and/or records relating to "your (Showtime) role in convincing or inducing Plaintiff Moore and

Mrs. Moore to travel to Washington, D.C." on the grounds that it is vague and ambiguous.

Defendant further objects to this Request on the ground that it is duplicative of other Requests,

including, without limitation, Request No. 31.  In light of its general and specific objections,

Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all communications, documents and/or records by and between you (Showtime) and any of the following subjects: 1) Todd Schulman or 2) Erran Morad or 3) the "Standard Consent Agreement" executed on February 14, 2018 or 4) Plaintiff Moore's and Mrs. Moore's Washington, D.C. trip on or around February 14, 2018 or 5) La Quinta Entertainment, LLC or 6) Please You Can Touch LLC.

**Response**: Defendant objects to this Request to the extent it calls for "communications,

documents and/or records by and between you (Showtime) and any of the following subjects,"

on the ground that it is incoherent and not susceptible to a response, including because three of

the "subjects" are not real persons with whom Defendant could have "communicate[d]."

Defendant further objects to this Request on the grounds that it is unduly burdensome, not

reasonably calculated to lead to the discovery of relevant material, and not proportional to the

needs of the case in that it asks for "all communications" between Defendant and certain entities

with no limitation as to subject matter or topic.  Defendant further objects to this Request on the

ground that, to the extent it can be answered at all, it is duplicative of other Requests, including,

without limitation, Requests 31, 32, 39, 41 and 47.  In light of its general and specific objections,

Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all communications, documents and/or records by and between you (Showtime) and the attorney of record for Yerushalayim Television, LLC, Jenifer Wallis.

**Response**: Defendant objects to the Request to the extent it is vague and ambiguous as to what

constitutes "communications, documents and/or records by and between you (Showtime) and . . .

Jennifer Wallis."  Defendant further objects to this Request on the grounds that it is overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and

not proportional to the needs of the case in that it asks for "all communications" between

Defendant and Jenifer Wallis with no limitation as to subject matter or topic.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged communications with Jennifer Wallis related to Yerushalayim Television, LLC and/or Plaintiff Moore or Mrs. Moore, if any, in its possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all corporate records of Yerushalayim Television, LLC.

**Response**: Defendant objects to this Request on the ground that it is duplicative of other Requests, including, without limitation, Request No. 30.  To the extent this Request seeks "any and all" corporate records, Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged documents, if any, in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents that refer or relate in any way to the dissolution of Yerushalayim Television, LLC.

**Response**: To the extent this Request seeks documents "relating in any way to" the dissolution of Yerushalayim Television, LLC, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-

product privilege, common-interest privilege, joint-defense privilege or any other applicable

privilege.  Subject to and without waiving its general or specific objections, Defendant responds

that it will produce non-privileged documents that refer or directly relate to the dissolution of

Yerushalayim Television, LLC, if any, in its possession, custody or control responsive to this

Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all communications, documents and/or records relating in any way to your assertion that
Plaintiff Moore "had engaged in inappropriate relationships with young women."  Defendants'
Motion to Dismiss ("MTD") at 1.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the assertion Plaintiff Moore had engaged in inappropriate relationships with

young women, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Defendant further

objects to this Request to the extent it seeks documents or information protected by the attorney-

client privilege, work-product privilege, common-interest privilege, joint-defense privilege or

any other applicable privilege.  Subject to and without waiving its general or specific objections,

Defendant responds that it will produce non-privileged documents, if any, in its possession,

custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

Any and all communications, documents and/or records relating in any way to the "Standard
Consent Agreement" Plaintiff Moore signed on February 14, 2018.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the Standard Consent Agreement Plaintiff Moore signed on February 14, 2018,

Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce the Standard Consent Agreement and non-privileged documents and communications concerning Plaintiff Moore's signing of the Standard Consent Agreement, if any, in its possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all communications, documents and/or records relating in any way to the incorporation of Yerushalayim TV.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the incorporation of Yerushalayim TV, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including, without limitation, Request 44.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged documents, if any, in its possession, custody or control that relate to the incorporation of Yerushalayim TV that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all communications, documents and/or records relating in any way to the reasons for incorporating Yerushalayim Television, LLC.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the "reasons for incorporating" Yerushalayim Television, LLC, Defendant objects to the Request on the grounds that it is overbroad, vague unduly burdensome, and not reasonably calculated to lead to the discovery of relevant material.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including, without limitation, Request 48.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged documents, if any, in its possession, custody or control that relate to the incorporation of Yerushalayim TV, LLC that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all communications, documents and/or records by and between you (Showtime) and any woman who has accused Plaintiff Moore of misconduct.

**Response**: Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents you intend to rely on in a trial of this matter.

**Response**: Defendant objects to this Request as placing obligations on Defendant beyond the scope of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or authority.  Defendant further objects to this Request because it calls for information in the possession, custody and control of Plaintiffs and that is yet to be produced.  Defendant further objects to this Request to the extent that it seeks information protected from discovery by the

attorney-client privilege, work product doctrine, and other privileges.  Subject to and without

waiving its general or specific objections, Defendant responds that it will produce relevant, non-

privileged documents, if any, in its possession, custody or control responsive to this Request that

can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 52:

Any and all communications, documents and/or records relating in any way to any allegation of
pedophilia against Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" any allegation of pedophilia against Plaintiff Moore, Defendant objects to the

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case,

particularly because the relevant documents will be in Plaintiffs' possession or the possession of

non-parties, and not Defendant.  Subject to and without waiving its general or specific

objections, Defendant responds that it will produce non-privileged documents that relate to or

reflect any allegation of pedophilia against Plaintiff Moore in its possession, custody or control

that can be located upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 53:

Any and all communications, documents and/or records relating in any way to "a total of nine
women have now come forward" against Plaintiff Moore.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" the statement that a total of nine women have now come forward against Plaintiff

Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case, particularly because the relevant documents will be in

Plaintiffs' possession or the possession of non-parties, and not Defendant.  Subject to and

without waiving its general or specific objections, Defendant responds that it will produce non-privileged documents relating to the fact that "a total of nine women have now come forward" against Plaintiff Moore in its possession, custody or control responsive to this Request that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:**

Any and all communications, documents and/or records relating in any way to an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case, particularly because the relevant documents will be in Plaintiffs' possession or the possession of non-parties, and not Defendant.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged documents that relate to the allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old in its possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

Any and all communications, documents and/or records relating in any way to the modification of the Standard Consent Agreement wherein Plaintiff Moore crossed out and initialed the following language: " . . . any allegedly sexual-oriented or offensive behavior or questioning."

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Plaintiff Moore's modification of the Standard Consent Agreement, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Defendant objects to this Request on the ground that it is duplicative of other Requests, including, without limitation, Request 47. Subject to and without waiving its general or specific objections, Defendant responds that it will produce documents that relate to Plaintiff Moore crossing out and initialing the language "any allegedly sexually-oriented behavior or questioning" in the Standard Consent Agreement that he signed, if any, in Defendant's possession, custody or control that can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

Any and all communications, documents and/or records relating in any way to the decision to air "Who is America" featuring Plaintiff Moore after you (Showtime) were put on notice of the alleged defamation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" the decision to air "Who is America?" featuring Plaintiff Moore, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant material.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.  Subject to and without waiving its general or specific objections, Defendant responds that it will produce non-privileged documents that concern the decision to air "Who Is America?" after Defendant received notice from counsel for Plaintiff Moore that he believed the Segment was defamatory of Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 57:**

Any and all communications, documents and/or records relating in any way to your (Showtime) insurance coverage for either defamation, and/or intentional infliction of emotional distress and/or fraud.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Defendant's insurance coverage, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks communications, documents and/or records regarding insurance coverage inapplicable to the claims at issue in this action, on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it is premature at this time, as Defendant may possess insurance coverage that becomes applicable to the claims at issue in this action at a later date.  Subject to and without waiving its general or specific objections, Defendant responds that it has no reason to believe it possesses any relevant communications, documents and/or records responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all communications, documents and/or records relating in any way to your (Showtime) prior litigation where you (Showtime) were sued for defamation.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" prior litigation in which Defendant was sued for defamation, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request to the extent that it calls for information readily available through public sources.  Defendant further objects to this Request on the ground that it seeks material neither relevant nor proportional to the needs of the case, including without limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not

relevant to the maintenance or defense of claims in this action.  In light of its general and specific

objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all communications, documents and/or records relating in any way to your (Showtime)
prior litigation where you (Showtime) were sued for fraud.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" prior litigation in which Defendant was sued for fraud, Defendant objects to the

Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to

lead to the discovery of relevant material, and not proportional to the needs of the case.

Defendant further objects to this Request to the extent that it calls for information readily

available through public sources.  Defendant further objects to this Request on the ground that it

seeks material neither relevant nor proportional to the needs of the case, including without

limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not

relevant to the maintenance or defense of claims in this action.  In light of its general and specific

objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all communications, documents and/or records relating in any way to your (Showtime)
prior litigation where you (Showtime) were sued for intentional infliction of emotional distress.

**Response**: To the extent this Request seeks communications, documents and/or records "relating

in any way to" prior litigation in which Defendant was sued for intentional infliction of

emotional distress, Defendant objects to the Request on the grounds that it is overbroad, unduly

burdensome, not reasonably calculated to lead to the discovery of relevant material, and not

proportional to the needs of the case.  Defendant further objects to this Request to the extent that

it calls for information readily available through public sources.  Defendant further objects to this

Request on the ground that it seeks material neither relevant nor proportional to the needs of the

case, including without limitation because it seeks material regarding litigation wholly unrelated to Plaintiffs that is not relevant to the maintenance or defense of claims in this action.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all communications, documents and/or records relating in any way to your (Showtime) knowledge of whether you were ever convicted of committing a crime.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Defendant's knowledge of whether it was convicted for a crime, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it is vague and ambiguous as to what constitutes Defendant's "knowledge of" whether it was convicted of a crime.  Defendant further objects to this Request on the ground that it is harassing and seeks information irrelevant to this action.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all communications, documents and/or records relating in any way to your (Showtime) decision to cancel "Who is America" for future seasons.

**Response**: To the extent this Request seeks communications, documents and/or records "relating in any way to" Defendant's decision to cancel "Who is America?", Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that "Who is America?" was not

"cancelled."  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 63:

Any and all documents which evidence or refer or relate to accusations, complaints, and/or other writings where Sasha [*sic*] Noam Baron Cohen was or is currently being accused of sexual abuse, and/or acts of sexual perversion. Perversion is defined in the dictionary as: "sexual behavior or desire that is considered abnormal or unacceptable."

**Response**: To the extent this Request seeks documents "relating in any way to" accusations of sexual abuse and/or acts of sexual perversion against Sacha Noam Baron Cohen, Defendant objects to the Request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant material, and not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it is harassing and seeks information irrelevant to Plaintiffs or the maintenance or defense of claims in this action.  In light of its general and specific objections, Defendant does not intend to produce any documents in response to this Request.

Dated: New York, New York
        November 5, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
Rachel F. Strom
Eric J. Feder
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone (212) 489-8230
Fax (212) 489-8340
Email:   lizmcnamara@dwt.com
         rachelstrom@dwt.com
         ericfeder@dwt.com

*Attorneys for Defendants Sacha Baron Cohen,
Showtime Networks Inc., and CBS Corporation n/k/a
ViacomCBS Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROY STEWART MOORE, and KAYLA MOORE, | |
| Plaintiffs, | **Index No. 19 Civ. 4977 (ALC)** |
| v. | **ECF Case** |
| SASHA NOAM BARON COHEN, SHOWTIME NETWORKS, INC., AND CBS CORPORATION, | |
| Defendants. | |

## PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT CBS CORPORATION

Plaintiffs Roy Stewart Moore ("Judge Moore") and Kayla Moore ("Mrs. Moore") (collectively, "Plaintiffs"), by and through their undersigned counsel, Larry Klayman, hereby request that Defendant CBS Corporation ("CBS") produce true and correct copies of the following documents and things for inspection and copying within thirty (30) days of service of the following.

Plaintiffs' request for production of documents and things shall be deemed continuing so as to require supplemental responses if new or different documents are located or obtained between the time the initial responses to these requests for production are made and the final judgment is entered in this action.

## DEFINITIONS

1.1. As used herein, "you" or "your" shall mean Defendant CBS, and/or anyone acting on its behalf.

1.2.    The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

1.3.    "Agent" shall mean: any person or entity acting at the direction of or on behalf of another.

1.4.    "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

1.5.    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

1.6.    As used herein, "relevant time period" shall mean from January 2015 to the present.

1.7.    The word "identify" when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, land a general description including (1) the type of document (i.e. correspondence, memorandum, facsimile etc.; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

1.8.    The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, telephone billing records from land and cell phone providers, correspondences, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets,

flow charts, calendar or diary entries, memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## INSTRUCTIONS

1.9.    If you object to fully identifying a document or oral communication because of an alleged privilege, you must nevertheless provide the following information:

a)      the nature of the privilege claimed (including work product);

b)      if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

c)      the date of the document or oral communication;

d)      if a document: its type, custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request;

e)      if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

f)      the general subject matter of the document or oral communication.

## SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 2**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 15 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 3**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 18 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 4**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 19 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 5**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 6**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 21 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 7**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 22 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 8**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 23 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 9**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 24 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 10**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 25 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 11**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "failure to state a claim" to the allegations in this case and/or the First Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 12**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not capable of being proven true or false" to the allegations in this case and/or the Second Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 13**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "opinion and satire" to the allegations in this case and/or the Third Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 14**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "substantial truth" to the allegations in this case and/or the Fourth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 15**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of standing" to the allegations in this case pertaining to Mrs. Moore and/or the Fifth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 16**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not susceptible of a defamatory meaning" to the allegations in this case and/or the Sixth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 17**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of negligence, gross irresponsibility or actual malice" to the allegations in this case and/or the Seventh Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 18**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements are "privileged under New York, California and common law" to the allegations in this case and/or the Ninth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 19**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Plaintiff Moore is a "libel-proof plaintiff" to the allegations in this case and/or the Tenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 20**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer actual harm or damages" to the allegations in this case and/or the Eleventh Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 21**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements were published with a "lack of actual malice" to the allegations in this case and/or the Twelfth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 22**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments" to the allegations in this case and/or the Thirteenth Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 23**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Defendants' conduct was not sufficiently extreme or outrageous" to the allegations in this case and/or the Fourteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 24**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "the intentional infliction of emotional distress claim is duplicative" to the allegations in this case and/or the Fifteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 25**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants' "reliance on alleged misrepresentations was not reasonable" to the allegations in this case and/or the Sixteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 26**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer pecuniary damage" to the allegations in this case and/or the Seventeenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 27**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that  "Plaintiffs failed to mitigate injuries and damages" to the allegations in this case and/or the Eighteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 28**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "damages were caused by third parties" to the allegations in this case and/or the Nineteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 29**

Any and all documents (regardless of form) that refer or relate in any way to or support any other alleged defense to the allegations in this case and/or the Twentieth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 30**

Any and all corporate records of CBS – including but not limited to: (i) bylaws; (ii) articles of incorporation; (iii) meeting minutes; (iv) agendas; (v) summaries; (vi) organizational charts; and (vii) list of shareholders.

**REQUEST FOR PRODUCTION NO. 31**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning to their trip to Washington, D.C. on or around February 14, 2018.

**REQUEST FOR PRODUCTION NO. 32**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning the program "Who is America" featuring Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 33**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Sasha Noam Baron Cohen, his agents, surrogates, affiliates, producers, and assignees, concerning either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 34**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Showtime Networks, Inc. that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 35**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and anyone affiliated with or allegedly affiliated with Yerushalayim Television, LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 36**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and anyone affiliated with or allegedly affiliated with La Quinta Entertainment, LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 37**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and anyone affiliated with or allegedly affiliated with Please You Can Touch LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 38**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Brendan Countee, Vice President of Original Programming for Showtime Networks, Inc. that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 39**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Todd Schulman, Executive Producer of "Who is America" that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 40**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (CBS) and Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 41**

Any and all communications, documents and/or records relating in any way to CBS's role in convincing or inducing Plaintiff Moore and Mrs. Moore to travel to Washington, D.C. to receive an award in commemoration of Israel's anniversary as a nation.

**REQUEST FOR PRODUCTION NO. 42**

Any and all communications, documents and/or records by and between you (CBS) and any of the following subjects: 1) Todd Schulman or 2) Erran Morad or 3) the "Standard Consent Agreement" executed on February 14, 2018 or 4) Plaintiff Moore's and Mrs. Moore's Washington, D.C. trip on or around February 14, 2018 or 5)  La Quinta Entertainment, LLC or 6) Please You Can Touch LLC.

**REQUEST FOR PRODUCTION NO. 43**

Any and all communications, documents and/or records by and between you (CBS) and the attorney of record for Yerushalayim Television, LLC, Jenifer Wallis.

**REQUEST FOR PRODUCTION NO. 44**

Any and all corporate records of Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 45**

Any and all documents that refer or relate in any way to the dissolution of Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 46**

Any and all communications, documents and/or records relating in any way to your assertion that Plaintiff Moore "had engaged in inappropriate relationships with young women." Defendants' Motion to Dismiss ("MTD") at 1.

**REQUEST FOR PRODUCTION NO. 47**

Any and all communications, documents and/or records relating in any way to the "Standard Consent Agreement" Plaintiff Moore signed on February 14, 2018.

**REQUEST FOR PRODUCTION NO. 48**

Any and all communications, documents and/or records relating in any way to the incorporation of Yerushalayim TV.

**REQUEST FOR PRODUCTION NO. 49**

Any and all communications, documents and/or records relating in any way to the reasons for incorporating Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 50**

Any and all communications, documents and/or records by and between you (CBS) and any woman who has accused Plaintiff Moore of misconduct.

**REQUEST FOR PRODUCTION NO. 51**

Any and all documents you intend to rely on in a trial of this matter.

**REQUEST FOR PRODUCTION NO. 52**

Any and all communications, documents and/or records relating in any way to any allegation of pedophilia against Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 53**

Any and all communications, documents and/or records relating in any way to "a total of nine women have now come forward" against Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 54**

Any and all communications, documents and/or records relating in any way to an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old.

**REQUEST FOR PRODUCTION NO. 55**

Any and all communications, documents and/or records relating in any way to the modification of the Standard Consent Agreement wherein Plaintiff Moore crossed out and initialed the following language: " . . . any allegedly sexual-oriented or offensive behavior or questioning"

**REQUEST FOR PRODUCTION NO. 56**

Any and all communications, documents and/or records relating in any way to the decision to air "Who is America" featuring Plaintiff Moore after you (CBS) were put on notice of the alleged defamation.

**REQUEST FOR PRODUCTION NO. 57**

Any and all communications, documents and/or records relating in any way to your (CBS) insurance coverage for either defamation, and/or intentional infliction of emotional distress and/or fraud.

**REQUEST FOR PRODUCTION NO. 58**

Any and all communications, documents and/or records relating in any way to your (CBS) prior litigation where you (CBS) were sued for defamation.

**REQUEST FOR PRODUCTION NO. 59**

Any and all communications, documents and/or records relating in any way to your (CBS) prior litigation where you (CBS) were sued for fraud.

**REQUEST FOR PRODUCTION NO. 60**

Any and all communications, documents and/or records relating in any way to your (CBS) prior litigation where you (CBS) were sued for intentional infliction of emotional distress.

**REQUEST FOR PRODUCTION NO. 61**

Any and all communications, documents and/or records relating in any way to your (CBS) knowledge of whether Sasha Noam Baron Cohen was ever convicted of committing a crime.

**REQUEST FOR PRODUCTION NO. 62**

Any and all communications, documents and/or records relating in any way to your (CBS) decision to cancel "Who is America" for future seasons.

**REQUEST FOR PRODUCTION NO. 63**

Any and all documents which evidence or refer or relate to accusations, complaints, and/or other writings where Sasha Noam Baron Cohen was or is currently being accused of sexual abuse, and/or acts of sexual perversion. Perversion is defined in the dictionary as: "sexual behavior or desire that is considered abnormal or unacceptable."

**Dated**:  September 25, 2020                              Respectfully Submitted,

                                                                      /s/ *Larry Klayman*
                                                                    Larry Klayman, Esq.
                                                                    KLAYMAN LAW GROUP, P.A.
                                                                    7050 W. Palmetto Park Road
                                                                    Boca Raton, Florida 33433
                                                                    (561) 558-5336
                                                                    Email: leklayman@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Larry Klayman, HEREBY CERTIFY that a true and correct copy of the foregoing was

served to all counsel of record parties on September 25, 2020 via electronic mail to the following

addresses:

EricFeder@dwt.com
lizmcnamara@dwt.com
RachelStrom@dwt.com

*/s/ Larry Klayman*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROY STEWART MOORE, and KAYLA MOORE,<br><br>                    Plaintiffs,<br><br>v.<br><br>SASHA NOAM BARON COHEN, SHOWTIME NETWORKS, INC., AND CBS CORPORATION,<br><br>                    Defendants. | **Index No. 19 Civ. 4977 (ALC)**<br><br>**ECF Case** |

## PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT SASHA NOAM BARON COHEN

Plaintiffs Roy Stewart Moore ("Judge Moore") and Kayla Moore ("Mrs. Moore") (collectively, "Plaintiffs"), by and through their undersigned counsel, Larry Klayman, hereby request that Defendant Sasha Noam Baron Cohen ("Cohen") produce true and correct copies of the following documents and things for inspection and copying within thirty (30) days of service of the following.

Plaintiffs' request for production of documents and things shall be deemed continuing so as to require supplemental responses if new or different documents are located or obtained between the time the initial responses to these requests for production are made and the final judgment is entered in this action.

### DEFINITIONS

1.1.    As used herein, "you" or "your" shall mean Defendant Cohen, and/or anyone acting on his behalf.

1.2.    The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

1.3.    "Agent" shall mean: any person or entity acting at the direction of or on behalf of another.

1.4.    "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

1.5.    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

1.6.    As used herein, "relevant time period" shall mean from January 2015 to the present.

1.7.    The word "identify" when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, land a general description including (1) the type of document (i.e. correspondence, memorandum, facsimile etc.; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

1.8.    The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, telephone billing records from land and cell phone providers, correspondences, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets,

flow charts, calendar or diary entries, memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## **INSTRUCTIONS**

1.9.    If you object to fully identifying a document or oral communication because of an alleged privilege, you must nevertheless provide the following information:

a)    the nature of the privilege claimed (including work product);

b)    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

c)    the date of the document or oral communication;

d)    if a document: its type, custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request;

e)    if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

f)    the general subject matter of the document or oral communication.

## SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

### REQUEST FOR PRODUCTION NO. 2

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 15 of the Complaint made in this case.

### REQUEST FOR PRODUCTION NO. 3

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 18 of the Complaint made in this case.

### REQUEST FOR PRODUCTION NO. 4

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 19 of the Complaint made in this case.

### REQUEST FOR PRODUCTION NO. 5

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

### REQUEST FOR PRODUCTION NO. 6

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 21 of the Complaint made in this case.

### REQUEST FOR PRODUCTION NO. 7

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 22 of the Complaint made in this case.

### REQUEST FOR PRODUCTION NO. 8

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 23 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 9**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 24 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 10**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 25 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 11**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "failure to state a claim" to the allegations in this case and/or the First Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 12**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not capable of being proven true or false" to the allegations in this case and/or the Second Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 13**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "opinion and satire" to the allegations in this case and/or the Third Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 14**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "substantial truth" to the allegations in this case and/or the Fourth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 15**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of standing" to the allegations in this case pertaining to Mrs. Moore and/or the Fifth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 16**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not susceptible of a defamatory meaning" to the allegations in this case and/or the Sixth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 17**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of negligence, gross irresponsibility or actual malice" to the allegations in this case and/or the Seventh Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 18**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements are "privileged under New York, California and common law" to the allegations in this case and/or the Ninth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 19**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Plaintiff Moore is a "libel-proof plaintiff" to the allegations in this case and/or the Tenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 20**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer actual harm or damages" to the allegations in this case and/or the Eleventh Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 21**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements were published with a "lack of actual malice" to the allegations in this case and/or the Twelfth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 22**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments" to the allegations in this case and/or the Thirteenth Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 23**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Defendants' conduct was not sufficiently extreme or outrageous" to the allegations in this case and/or the Fourteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 24**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "the intentional infliction of emotional distress claim is duplicative" to the allegations in this case and/or the Fifteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 25**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants' "reliance on alleged misrepresentations was not reasonable" to the allegations in this case and/or the Sixteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 26**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer pecuniary damage" to the allegations in this case and/or the Seventeenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 27**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that  "Plaintiffs failed to mitigate injuries and damages" to the allegations in this case and/or the Eighteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 28**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "damages were caused by third parties" to the allegations in this case and/or the Nineteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 29**

Any and all documents (regardless of form) that refer or relate in any way to or support any other alleged defense to the allegations in this case and/or the Twentieth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 30**

Any and all corporate records of Yerushalayim Television, LLC – including but not limited to: (i) bylaws; (ii) articles of incorporation; (iii) meeting minutes; (iv) agendas; (v) summaries; (vi) organizational charts; and (vii) list of shareholders.

**REQUEST FOR PRODUCTION NO. 31**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning to their trip to Washington, D.C. on or around February 14, 2018.

**REQUEST FOR PRODUCTION NO. 32**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning the program "Who is America" featuring Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 33**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and CBS Corporation, its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 34**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and Showtime Networks, Inc., its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 35**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and anyone affiliated with or allegedly affiliated with Yerushalayim Television, LLC, its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 36**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and anyone affiliated with or allegedly affiliated with La Quinta Entertainment, LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 37**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and anyone affiliated with or allegedly affiliated with Please You Can Touch LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 38**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and Brendan Countee, Vice President of Original Programming for Showtime Networks, Inc. that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 39**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and Todd Schulman, Executive Producer of "Who is America" that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 40**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Cohen) and Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 41**

Any and all communications, documents and/or records relating in any way to your (Cohen) role in convincing or inducing Plaintiff Moore and Mrs. Moore to travel to Washington, D.C. to receive an award in commemoration of Israel's anniversary as a nation.

**REQUEST FOR PRODUCTION NO. 42**

Any and all communications, documents and/or records by and between you (Cohen) and any of the following subjects: 1) Todd Schulman or 2) Erran Morad or 3) the "Standard Consent Agreement" executed on February 14, 2018 or 4) Plaintiff Moore's and Mrs. Moore's Washington, D.C. trip on or around February 14, 2018 or 5)  La Quinta Entertainment, LLC or 6) Please You Can Touch LLC.

**REQUEST FOR PRODUCTION NO. 43**

Any and all communications, documents and/or records by and between you (Cohen) and the attorney of record for Yerushalayim Television, LLC, Jenifer Wallis.

**REQUEST FOR PRODUCTION NO. 44**

Any and all corporate records of Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 45**

Any and all documents that refer or relate in any way to the dissolution of Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 46**

Any and all communications, documents and/or records relating in any way to your assertion that Plaintiff Moore "had engaged in inappropriate relationships with young women." Defendants' Motion to Dismiss ("MTD") at 1.

**REQUEST FOR PRODUCTION NO. 47**

Any and all communications, documents and/or records relating in any way to the "Standard Consent Agreement" Plaintiff Moore signed on February 14, 2018.

**REQUEST FOR PRODUCTION NO. 48**

Any and all communications, documents and/or records relating in any way to the incorporation of Yerushalayim TV.

**REQUEST FOR PRODUCTION NO. 49**

Any and all communications, documents and/or records relating in any way to the reasons for incorporating Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 50**

Any and all communications, documents and/or records by and between you (Cohen) and any woman who has accused Plaintiff Moore of misconduct.

**REQUEST FOR PRODUCTION NO. 51**

Any and all documents you intend to rely on in a trial of this matter.

**REQUEST FOR PRODUCTION NO. 52**

Any and all communications, documents and/or records relating in any way to any allegation of pedophilia against Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 53**

Any and all communications, documents and/or records relating in any way to "a total of nine women have now come forward" against Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 54**

Any and all communications, documents and/or records relating in any way to an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old.

**REQUEST FOR PRODUCTION NO. 55**

Any and all communications, documents and/or records relating in any way to the modification of the Standard Consent Agreement wherein Plaintiff Moore crossed out and initialed the following language: " . . . any allegedly sexual-oriented or offensive behavior or questioning."

## REQUEST FOR PRODUCTION NO. 56

Any and all communications, documents and/or records relating in any way to the decision to air "Who is America" featuring Plaintiff Moore after you (Cohen) were put on notice of the alleged defamation.

## REQUEST FOR PRODUCTION NO. 57

Any and all communications, documents and/or records relating in any way to your (Cohen) insurance coverage for either defamation, and/or intentional infliction of emotional distress and/or fraud.

## REQUEST FOR PRODUCTION NO. 58

Any and all communications, documents and/or records relating in any way to your (Cohen) prior litigation where you (Cohen) were sued for defamation.

## REQUEST FOR PRODUCTION NO. 59

Any and all communications, documents and/or records relating in any way to your (Cohen) prior litigation where you (Cohen) were sued for fraud.

## REQUEST FOR PRODUCTION NO. 60

Any and all communications, documents and/or records relating in any way to your (Cohen) prior litigation where you (Cohen) were sued for intentional infliction of emotional distress.

## REQUEST FOR PRODUCTION NO. 61

Any and all communications, documents and/or records relating in any way to your (Cohen) knowledge of whether you were ever convicted of committing a crime.

**REQUEST FOR PRODUCTION NO. 62**

Any and all communications, documents and/or records relating in any way to your (Cohen) decision to cancel "Who is America" for future seasons.

**REQUEST FOR PRODUCTION NO. 63**

Any and all documents which evidence or refer or relate to accusations, complaints, and/or other writings where you (Cohen) were or are currently being accused of sexual abuse, and/or acts of sexual perversion. Perversion is defined in the dictionary as: "sexual behavior or desire that is considered abnormal or unacceptable."

**Dated**:  September 25, 2020                    Respectfully Submitted,

 /s/ *Larry Klayman*         
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Road
Boca Raton, Florida 33433
(561) 558-5336
Email: leklayman@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Larry Klayman, HEREBY CERTIFY that a true and correct copy of the foregoing was

served to all counsel of record parties on September 25, 2020 via electronic mail to the following

addresses:

EricFeder@dwt.com
lizmcnamara@dwt.com
RachelStrom@dwt.com

*/s/ Larry Klayman*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROY STEWART MOORE, and KAYLA MOORE, <br><br><br>               Plaintiffs, <br><br>v. <br><br>SASHA NOAM BARON COHEN, SHOWTIME NETWORKS, INC., AND CBS CORPORATION, <br><br>               Defendants. | **Index No. 19 Civ. 4977 (ALC)** <br><br> **ECF Case** |

## PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT SHOWTIME NETWORKS, INC.

Plaintiffs Roy Stewart Moore ("Judge Moore") and Kayla Moore ("Mrs. Moore") (collectively, "Plaintiffs"), by and through their undersigned counsel, Larry Klayman, hereby request that Defendant Showtime Networks, Inc. ("Showtime") produce true and correct copies of the following documents and things for inspection and copying within thirty (30) days of service of the following.

Plaintiffs' request for production of documents and things shall be deemed continuing so as to require supplemental responses if new or different documents are located or obtained between the time the initial responses to these requests for production are made and the final judgment is entered in this action.

## DEFINITIONS

1.1.    As used herein, "you" or "your" shall mean Defendant Showtime, and/or anyone acting on its behalf.

1.2.     The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

1.3.     "Agent" shall mean: any person or entity acting at the direction of or on behalf of another.

1.4.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

1.5.     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

1.6.     As used herein, "relevant time period" shall mean from January 2015 to the present.

1.7.     The word "identify" when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, land a general description including (1) the type of document (i.e. correspondence, memorandum, facsimile etc.; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

1.8.     The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, telephone billing records from land and cell phone providers, correspondences, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets,

flow charts, calendar or diary entries, memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## **INSTRUCTIONS**

1.9.    If you object to fully identifying a document or oral communication because of an alleged privilege, you must nevertheless provide the following information:

        a)    the nature of the privilege claimed (including work product);

        b)    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

        c)    the date of the document or oral communication;

        d)    if a document: its type, custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request;

        e)    if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

        f)    the general subject matter of the document or oral communication.

## SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 2**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 15 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 3**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 18 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 4**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 19 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 5**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 11 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 6**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 21 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 7**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 22 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 8**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 23 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 9**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 24 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 10**

Any and all documents (regardless of form) that refer or relate in any way to the allegations in paragraph 25 of the Complaint made in this case.

**REQUEST FOR PRODUCTION NO. 11**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "failure to state a claim" to the allegations in this case and/or the First Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 12**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not capable of being proven true or false" to the allegations in this case and/or the Second Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 13**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "opinion and satire" to the allegations in this case and/or the Third Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 14**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "substantial truth" to the allegations in this case and/or the Fourth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 15**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of standing" to the allegations in this case pertaining to Mrs. Moore and/or the Fifth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 16**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the "statements are not susceptible of a defamatory meaning" to the allegations in this case and/or the Sixth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 17**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense of "lack of negligence, gross irresponsibility or actual malice" to the allegations in this case and/or the Seventh Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 18**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements are "privileged under New York, California and common law" to the allegations in this case and/or the Ninth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 19**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Plaintiff Moore is a "libel-proof plaintiff" to the allegations in this case and/or the Tenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 20**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer actual harm or damages" to the allegations in this case and/or the Eleventh Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 21**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that the statements were published with a "lack of actual malice" to the allegations in this case and/or the Twelfth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 22**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants are denied "due process under the Fifth and Fourteenth Amendments" to the allegations in this case and/or the Thirteenth Defense in your Answer. [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 23**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Defendants' conduct was not sufficiently extreme or outrageous" to the allegations in this case and/or the Fourteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 24**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "the intentional infliction of emotional distress claim is duplicative" to the allegations in this case and/or the Fifteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 25**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that Defendants' "reliance on alleged misrepresentations was not reasonable" to the allegations in this case and/or the Sixteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 26**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "Plaintiffs did not suffer pecuniary damage" to the allegations in this case and/or the Seventeenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 27**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that  "Plaintiffs failed to mitigate injuries and damages" to the allegations in this case and/or the Eighteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 28**

Any and all documents (regardless of form) that refer or relate in any way to or support the alleged defense that "damages were caused by third parties" to the allegations in this case and/or the Nineteenth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 29**

Any and all documents (regardless of form) that refer or relate in any way to or support any other alleged defense to the allegations in this case and/or the Twentieth Defense in your Answer.  [Dkt. #78].

**REQUEST FOR PRODUCTION NO. 30**

Any and all corporate records of Yerushalayim Television, LLC – including but not limited to: (i) bylaws; (ii) articles of incorporation; (iii) meeting minutes; (iv) agendas; (v) summaries; (vi) organizational charts; and (vii) list of shareholders.

**REQUEST FOR PRODUCTION NO. 31**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning to their trip to Washington, D.C. on or around February 14, 2018.

**REQUEST FOR PRODUCTION NO. 32**

Any and all communications, documents and/or records relating in any way to either Plaintiff Moore or Mrs. Moore concerning the program "Who is America" featuring Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 33**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and CBS Corporation, its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 34**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and Sasha Noam Baron Cohen, his agents, surrogates, affiliates, producers, and/or assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 35**

Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and anyone affiliated with or allegedly affiliated with Yerushalayim Television, LLC, its agents, surrogates, affiliates, producers, and/or assignees, that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 36**

      Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and anyone affiliated with or allegedly affiliated with La Quinta Entertainment, LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 37**

      Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and anyone affiliated with or allegedly affiliated with Please You Can Touch LLC that refer or relate in any way to either Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 38**

      Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and Brendan Countee, Vice President of Original Programming for Showtime Networks, Inc. that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 39**

      Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and Todd Schulman, Executive Producer of "Who is America" that refer or relate in any way to Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 40**

      Any and all communications, documents and/or records relating in any way to any correspondence by and between you (Showtime) and Plaintiff Moore or Mrs. Moore.

**REQUEST FOR PRODUCTION NO. 41**

Any and all communications, documents and/or records relating in any way to your (Showtime) role in convincing or inducing Plaintiff Moore and Mrs. Moore to travel to Washington, D.C. to receive an award in commemoration of Israel's anniversary as a nation.

**REQUEST FOR PRODUCTION NO. 42**

Any and all communications, documents and/or records by and between you (Showtime) and any of the following subjects: 1) Todd Schulman or 2) Erran Morad or 3) the "Standard Consent Agreement" executed on February 14, 2018 or 4) Plaintiff Moore's and Mrs. Moore's Washington, D.C. trip on or around February 14, 2018 or 5) La Quinta Entertainment, LLC or 6) Please You Can Touch LLC.

**REQUEST FOR PRODUCTION NO. 43**

Any and all communications, documents and/or records by and between you (Showtime) and the attorney of record for Yerushalayim Television, LLC, Jenifer Wallis.

**REQUEST FOR PRODUCTION NO. 44**

Any and all corporate records of Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 45**

Any and all documents that refer or relate in any way to the dissolution of Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 46**

Any and all communications, documents and/or records relating in any way to your assertion that Plaintiff Moore "had engaged in inappropriate relationships with young women." Defendants' Motion to Dismiss ("MTD") at 1.

**REQUEST FOR PRODUCTION NO. 47**

Any and all communications, documents and/or records relating in any way to the "Standard Consent Agreement" Plaintiff Moore signed on February 14, 2018.

**REQUEST FOR PRODUCTION NO. 48**

Any and all communications, documents and/or records relating in any way to the incorporation of Yerushalayim TV.

**REQUEST FOR PRODUCTION NO. 49**

Any and all communications, documents and/or records relating in any way to the reasons for incorporating Yerushalayim Television, LLC.

**REQUEST FOR PRODUCTION NO. 50**

Any and all communications, documents and/or records by and between you (Showtime) and any woman who has accused Plaintiff Moore of misconduct.

**REQUEST FOR PRODUCTION NO. 51**

Any and all documents you intend to rely on in a trial of this matter.

**REQUEST FOR PRODUCTION NO. 52**

Any and all communications, documents and/or records relating in any way to any allegation of pedophilia against Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 53**

Any and all communications, documents and/or records relating in any way to "a total of nine women have now come forward" against Plaintiff Moore.

**REQUEST FOR PRODUCTION NO. 54**

Any and all communications, documents and/or records relating in any way to an allegation that Plaintiff Moore initiated a sexual encounter with a 14-year-old.

**REQUEST FOR PRODUCTION NO. 55**

Any and all communications, documents and/or records relating in any way to the modification of the Standard Consent Agreement wherein Plaintiff Moore crossed out and initialed the following language: " . . . any allegedly sexual-oriented or offensive behavior or questioning."

**REQUEST FOR PRODUCTION NO. 56**

Any and all communications, documents and/or records relating in any way to the decision to air "Who is America" featuring Plaintiff Moore after you (Showtime) were put on notice of the alleged defamation.

**REQUEST FOR PRODUCTION NO. 57**

Any and all communications, documents and/or records relating in any way to your (Showtime) insurance coverage for either defamation, and/or intentional infliction of emotional distress and/or fraud.

**REQUEST FOR PRODUCTION NO. 58**

Any and all communications, documents and/or records relating in any way to your (Showtime) prior litigation where you (Showtime) were sued for defamation.

**REQUEST FOR PRODUCTION NO. 59**

Any and all communications, documents and/or records relating in any way to your (Showtime) prior litigation where you (Showtime) were sued for fraud.

**REQUEST FOR PRODUCTION NO. 60**

Any and all communications, documents and/or records relating in any way to your (Showtime) prior litigation where you (Showtime) were sued for intentional infliction of emotional distress.

**REQUEST FOR PRODUCTION NO. 61**

Any and all communications, documents and/or records relating in any way to your (Showtime) knowledge of whether Sasha Noam Baron Cohen was ever convicted of committing a crime.

**REQUEST FOR PRODUCTION NO. 62**

Any and all communications, documents and/or records relating in any way to your (Showtime) decision to cancel "Who is America" for future seasons.

**REQUEST FOR PRODUCTION NO. 63**

Any and all documents which evidence or refer or relate to accusations, complaints, and/or other writings where Sasha Noam Baron Cohen was or is currently being accused of sexual abuse, and/or acts of sexual perversion. Perversion is defined in the dictionary as: "sexual behavior or desire that is considered abnormal or unacceptable."

**Dated**:  September 25, 2020                                    Respectfully Submitted,

                                                               /s/ *Larry Klayman*
                                                             Larry Klayman, Esq.
                                                             KLAYMAN LAW GROUP, P.A.
                                                             7050 W. Palmetto Park Road
                                                             Boca Raton, Florida 33433
                                                             (561) 558-5336
                                                             Email: leklayman@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Larry Klayman, HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record parties on September 25, 2020 via electronic mail to the following addresses:

EricFeder@dwt.com
lizmcnamara@dwt.com
RachelStrom@dwt.com