# KLAYMAN LAW GROUP
A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.  2020 Pennsylvania Ave. N.W., #800  Tel: 561-558-5336
Washington, DC, 20006  Fax: 202-379-9289

December 14, 2020

**Via ECF and Email**

Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov.

**Re:** **Letter Motion Requesting Informal Conference in *Moore, et al. v. Cohen, et al.*, 1:19-cv-4977-ALC**

Dear Judge Cronan:

Pursuant to LCvR 37.2 and Section 5(C) of this Court's "Individual Rules and Practices in Civil Cases," Plaintiffs respectfully request an informal conference in order to resolve ongoing discovery disputes between the parties in this case.

*First*, Defendants are requesting a draconian protective order designating disclosed documents as "confidential and attorneys' eyes only material." Defendants' proposed protective order is incredibly broad, and will only run up costs in this litigation and take up the valuable time of not only Plaintiffs, but also the Court. This also runs counter to the open system of justice in all of our Courts. This case should not be an effort to shield Defendants from scrutiny, especially when they have very maliciously and publicly defamed Judge Moore by falsely branding a pedophile on national television. Defendants are not above the law. To help mitigate the severe damage to Defendant Moore and his wife, these needs to be complete transparency. In effect, what is good for the gander is good for the goose that lays a less than golden and instead defamatory and otherwise tortious  egg.

*Second*, counsel for Defendants have made Defendant Cohen unavailable for deposition. Defendant Cohen is an integral part as well as the primary defendant in this case. Again, in common and colloquial vernacular, he is the "main man"  and is the most knowledgeable about his own  fraudulently crafted scheme, which included a phony fantom and corporation, such as Yerushalayim TV, which is now conveniently and predictably  dissolved for failure to make corporate filings and adhering to corporate formalities. This scheme is a "trademark" of Defendant Cohen, the master of deception who concocts them to boost his career and enhance his considerable wealth.

At the December 3, 2020 telephonic hearing on this matter, the Court made it very clear that discovery was not limited to only the Consent Agreement, but on all issues that relate to Defendants' relevant issues, including First Amendment issues and defenses. Specifically, this Court ordered:

1

Okay. Mr. Klayman, Ms. McNamara, here's what I'm inclined to do: I want to give a period of time for the parties to conduct limited discovery with respect to the issues that defendants will be moving on the consent agreement and the First Amendment issues, whether that be a deposition of Mr. Schulman, other depositions, other document exchanges. Tr. 29:6-11.

The discovery that's going to occur until February 15th will be discovery that relates to the forthcoming summary judgment motion, the summary judgment motion that's going to be on the consent agreement and on the First Amendment defenses, to the extent there's any discovery on the First Amendment issues.
With respect to other discovery in this case – and granted, there may be some overlapping discovery that applies to other claims, in addition to the claim to the subject matter of the summary judgment motion. And if there's overlap, then the discovery is fair game until January 15th. Tr. 40:7 -17.

Defendants have, after a telephonic conference, continue to refuse to produce relevant documents and take testimony with regard to the First Amendment and overlapping issues. Discovery as the that parties are aware and this Court ordered, is "fair game" to not just relevant discovery, but also that which may lead to relevant discovery.

With regard to these issues, it is clear that the deposition of Defendant Cohen and others are necessary. So too is the production of relevant documents, as Defendants literally "hold the cards" without full disclosure, making the defense of any summary judgment motion impossible.

While Defendants include at least three attorneys at each conference and court hearing, Plaintiffs, who are not trillion dollar enterprises, regrettably need swift judicial intervention to move this case along, as consultations have proven fruitless, and simply run up the costs for them while allowing defense counsel to bill handsomely with clients that can afford it.

The parties have attempted to resolve this dispute to no avail. The parties held a telephonic conference on December 7, 2020, but have reached an impasse, necessitating this letter motion for an informal conference pursuant to LCvR 37.2 and Section 5(C) of this Court's "Individual Rules and Practices in Civil Cases."

Lastly, time is of the essence, as this Court only gave until the middle of January – a little more than a month – to complete discovery. These issues must therefore be resolved quickly so that Plaintiffs have a chance to conduct meaningful discovery that is not subject to a continuing stonewall.

Your honor, thank you in advance for your courtesy and consideration.

                                                         Respectfully,

                                                         /s/ Larry Klayman
                                                         Larry Klayman, Esq.
                                                         Counsel for Plaintiffs


cc:    Elizabeth McNamara, Esq.: lizmcnamara@dwt.com
       Rachel Strom, Esq.: RachelStrom@dwt.com

Eric Feder, Esq.: EricFeder@dwt.com

Counsel for Defendants