

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax
lizmcnamara@dwt.com

December 14, 2020

**Via CM/ECF and Electronic Mail**

Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:      ***Moore, et al v. Cohen, et al.*, 1:19-cv-4977-JPC**

Dear Judge Cronan:

We represent Defendants Sacha Baron Cohen, Showtime Networks Inc. ("SNI"), and CBS Corporation n/k/a ViacomCBS Inc. ("ViacomCBS") (collectively, "Defendants") in the above-referenced case.  We write, pursuant to Rule 5.C of Your Honor's Rules, to request an informal conference regarding entry of a protective order governing the exchange of confidential information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  Plaintiffs have refused to entertain the entry of *any* protective order in this case, leaving Defendants with no option but to seek relief from the Court.

**Background**

As Your Honor is aware, Defendants have sought – and Your Honor has approved – the right to file an early motion for summary judgment, which seeks dismissal of the complaint on the basis that 1) Plaintiffs' claims are barred under the terms of the Standard Consent Agreement signed by Judge Moore, and 2) Who Is America?, the television program from which Plaintiffs' claims arise, is protected as parody and political commentary under the First Amendment.

In an effort to facilitate discovery on these issues, on November 12, 2020, Defendants sent Plaintiffs a draft Stipulation and Protective Order governing the exchange of confidential information, which Defendants noted was needed before they could produce documents containing confidential information.  A copy of the draft is attached to this letter as **Exhibit A**. Defendants received no response from Plaintiffs.

On December 3, 2020, the Court held a pre-motion conference regarding Defendants' proposed motion for summary judgment.  The Court set a deadline of January 15, 2021 to conclude discovery on these issues, and encouraged the parties to work constructively together to resolve any discovery disputes that arose.

Immediately following the pre-motion conference, Defendants sent Plaintiffs an email reiterating the need for a protective order prior to production of documents containing confidential information, and once again asked if Plaintiffs objected to the draft Stipulation and Protective Order.  Defendants again received no response from Plaintiffs.

Pursuant to the Court's directive, the parties met and conferred on December 7, 2020 in an effort to narrow the open issues for the present period of discovery.  Defendants agreed to produce documents related to the incorporation and dissolution of Yerushalayim TV, the entity named on the Standard Consent Agreement, and its relationships to other corporate entities at

issue in this case.  In addition, both parties agreed to produce 1) documents related to Judge Moore's appearance on Who Is America?, including any documents reflecting logistics and payment of costs related to Plaintiffs' travel to Washington, DC for the shoot; and 2) documents related to Judge Moore's execution of the Standard Consent Agreement.

On December 10, 2020, in anticipation of producing documents to Plaintiffs, Defendants sent Plaintiffs yet another email requesting comments on the draft Stipulation and Protective Order.  Plaintiffs responded not with specific objections to the draft, but by stating flatly that they "oppose this as it runs contrary to our system of open justice."  Plaintiffs followed up with another email later that day, stating in part: "Your clients can viciously defame Judge Moore by branding him as a pedophile and severely damage him and his family but then think they can avoid public scrutiny with draconian protective order."

Defendants assured Plaintiffs' counsel that Defendants did not "intend to overly designate information as confidential," and pointed Plaintiffs' counsel to "Paragraph 15 of the protective order," which "provides a mechanism for [Plaintiffs] to object to any 'Confidential' or 'Attorney's Eyes Only' designation."  Defendants also requested that Plaintiffs meet and confer on the issue by telephone pursuant to Your Honor's individual practices, but received no response.  On December 14, Defendants' counsel followed up with Plaintiffs' counsel yet again to ask that the parties meet and confer to discuss their dispute over the Protective Order.  Plaintiffs declined Defendants' offer to meet and confer by telephone, responding instead that "We have already met and conferred and as predicted you and your clients continue to obstruct discovery."  The emails between the parties regarding the draft Stipulation and Protective Order are attached to this letter as **Exhibit B.**

## **Entry of a Protective Order Is Appropriate Here**

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."  Fed. R. Civ. P. 26(c)(1).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1).

The protection of confidential commercial information from public disclosure constitutes "good cause," and protective orders governing the terms of its dissemination are routinely entered by courts in this district.  *See Seigel v. Structure Tone Org.*, 2020 WL 6048787, at *4 (S.D.N.Y. Oct. 13, 2020) ("[P]rotective orders limiting access to highly confidential information to counsel and experts are commonly entered in litigation involving commercial information." (internal quotes and alterations omitted)).  As a result, where discovery involves the exchange of confidential commercial information, courts can and should enter protective orders even when one party declines to stipulate to the terms.  *See id.* at *4-5 (entering protective order establishing procedures regarding the production and dissemination of defendants' "sensitive non-public commercial information," despite plaintiff's refusal to stipulate to its terms).

Pursuant to this Court's directive to complete discovery regarding Defendants' summary judgment motion by January 15, 2021, Defendants intend to produce non-public, commercially-sensitive documents, including documents concerning the corporate structures of privately-held corporations and other internal, confidential business communications – precisely the type of documents courts have stated are appropriately subject to protective orders.  *Seigel*, 2020 WL

6048787, at *4 (citing *ABC Rug & Carpet Cleaning Service Inc. v. ABC Rug Cleaners, Inc*., 2009 WL 105503, at *3 (S.D.N.Y. 2009)) (information not widely known inside or outside the business, which would be valuable to competitors and was kept secret merits most protection).

Plaintiffs' refusal even to discuss appropriate protections for such documents is now impeding Defendants' production of documents and threatening to derail the summary judgment discovery ordered by this Court.  Attempts to meet and confer with Plaintiffs have been unsuccessful.  For these reasons, Defendants respectfully request an informal conference before this Court regarding entry of the proposed protective order attached as **Exhibit C**.


Respectfully Submitted,

Davis Wright Tremaine LLP

/s/ Elizabeth A. McNamara


cc:     Plaintiffs' counsel (via CM/ECF and email)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------x

ROY STEWART MOORE and KAYLA MOORE,    :

                                                     :

                 Plaintiffs,    :

                                                    :

           - against -    :

                                                       :

SACHA NOAM BARON COHEN, SHOWTIME    :
NETWORKS, INC., AND CBS CORPORATION,    :

                                                    :

               Defendants.    :

------------------------------------------------------------x

Index No. 19 Civ. 4977 (JPC)

ECF CASE

**STIPULATION AND PROTECTIVE ORDER**

Subject to the Court's approval, Plaintiffs Roy Moore and Kayla Moore ("Plaintiffs"), by and through their undersigned counsel, and Defendants Sacha Noam Baron Cohen, Showtime Networks, Inc., and CBS Corporation ("Defendants," and with Plaintiffs, individually a "Party" and together the "Parties") hereby stipulate to the following protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### Confidential and Attorneys' Eyes Only Material

1.      Any Party producing information ("Disclosing Party") may designate as "Confidential" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith constitutes (a) non-public information that must be maintained in confidence pursuant to a confidentiality agreement, contractual provision, law, or court order; and/or (b) business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known, the public disclosure of which would, in the good faith judgment of the Disclosing Party, be detrimental to the conduct of the Disclosing Party's operations or business or the business of any of the Disclosing Party's customers or clients; and/or (c) information that falls into one or more of the following

categories: (i) sensitive personally-identifying information such as personal addresses, phone numbers, e-mail addresses, birth dates, financial account information, Social Security numbers, driver's license numbers, and IP addresses; (ii) medical, psychological, or mental health records, and other medical information, provided, however, that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law (all such information shall be referred to as "Confidential Material").

2.      Any Disclosing Party may designate as "Attorneys' Eyes Only" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith contains non-public and confidential business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known and that, in the good faith judgment of the Disclosing Party, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such Disclosing Party or its employees, customers, or clients if disclosed to the other parties in this litigation ("Attorneys' Eyes Only Material").

3.      Confidential Material and Attorneys' Eyes Only Material could include but is not limited to: (a) information disclosed in depositions; (b) documents produced in response to requests for production of documents; (c) answers to interrogatories; (d) responses to requests for admissions; (e) all other discovery in any form; and (f) all copies thereof and information contained therein.

4.      Confidential Material and Attorneys' Eyes Only Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

**Designation of Confidential and Attorneys' Eyes Only Material**

5.        Other than deposition transcripts and exhibits, the Disclosing Party or counsel thereof shall designate Confidential Material and Attorneys' Eyes Only Material by stamping or otherwise clearly marking the material as "Confidential" or "Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility.

6.        If a Disclosing Party has designated a document or information as "Confidential" or "Attorneys' Eyes Only," that Disclosing Party may remove such document or information from the scope of that protection by notifying all Parties in writing and re-producing the document or information without such designation.

**Deposition Transcripts**

7.        All transcripts of depositions taken in this action will be treated as Confidential Material in their entirety for thirty (30) days after receipt of a final copy of the deposition transcript, except to the extent that a Party designates any portion of a deposition as "Attorneys' Eyes Only" at the time of such deposition, in which case said portion of the testimony shall be treated as Attorneys' Eyes Only Material for thirty (30) days after receipt of the final deposition transcript. During that thirty (30) day period, any party may designate as Confidential Material or Attorneys' Eyes Only Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraphs 1 and 2 herein, and such designation must be provided to the Parties' counsel in writing to be deemed effective.  Any portion of a deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorneys' Eyes Only Material.

**Use of Confidential and Attorneys' Eyes Only Material**

8.        Confidential Material and Attorneys' Eyes Only Material subject to this Stipulation

3

and Protective Order may be used only for purposes of this action and shall not be disclosed by the Party receiving such material ("Receiving Party") to any persons other than those listed in Paragraphs 11 and 12 herein, except by prior written agreement of the Parties or by order of the Court. Any person receiving Confidential Material or Attorneys' Eyes Only Material shall use reasonable measures to prevent unauthorized disclosure of such material. Reasonable measures include, but are not limited to, taking any necessary action to maintain the security and integrity of data and files.

9.      Persons to whom Confidential Material or Attorneys' Eyes Only Material is disclosed per Paragraphs 11 and 12 herein shall be informed, prior to being shown Confidential Material or Attorneys' Eyes Only Material, that he/she (i) is being shown such materials solely for use in this action and (ii) shall not retain any Confidential Material or Attorneys' Eyes Only Material after the termination of this action.

10.      The recipient of any Confidential Material or Attorneys' Eyes Only Material shall use reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this Stipulation and Protective Order.  All copies, reproductions, summarizations, extractions, and abstractions of Confidential Material or Attorneys' Eyes Only Material shall be subject to the terms of this Stipulation and Protective Order and labeled in the same manner as the designated material upon which they are based.

11.      In the absence of an order of the Court or by agreement of the Parties, Confidential Material may be disclosed or made available only to the following persons:

         a.      The named parties to this Action and the attorneys working on this Action on behalf of any party, including both outside counsel and in-house attorneys, as well as any paralegals, staff, stenographic, and clerical

4

employees and contractors working under the direct supervision of such

counsel, including but not limited to any electronic discovery vendors;

b. Any expert or consultant expressly retained by any attorney described in

Paragraph 11(a) to assist in this action and their employees, with disclosure

only to the extent reasonably necessary to perform such work;

c. Any deponent: (i) if it appears that the deponent authored or received a copy

of the Confidential Material; (ii) if it appears that the deponent was involved

in the subject matter described therein; (iii) if the deponent is employed by

the Disclosing Party; or (iv) if the Disclosing Party consents to such

disclosure.

d. The Court, jury, court personnel, court reporters, and other persons

connected with the Court; and

e. Any other person whom the Disclosing Party agrees in writing may have

access to such Confidential Material.

12. In the absence of an order of the Court or by agreement of the Parties, Attorneys'

Eyes Only Material may be disclosed or made available only to the following persons:

a. The individual attorneys who have filed notices of appearance in this action

and are actively participating in the prosecution or defense of the action;

b. Any paralegals, staff, stenographic, and clerical employees and contractors

working on this action under the direct supervision of any attorney

described in Paragraph 12(a), including but not limited to any electronic

discovery vendors, with disclosure only to the extent reasonably necessary

to perform work related to this action;

5

    c.       Any expert or consultant expressly retained by any attorney described in Paragraph 12(a) to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;

    d.       The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

    e.       Any other person who the Disclosing Party agrees in writing may have access to such Attorneys' Eyes Only Material.

13.     The persons described in Paragraphs 11(b), 11(e), and 12(c) herein shall have access to Confidential Material or Attorneys' Eyes Only Material only after: (a) those persons are provided a copy of this Stipulation and Protective Order for review; and (b) those persons manifest their assent to be bound by the provisions of this Stipulation and Protective Order by signing a copy of the Nondisclosure Agreement attached hereto as Exhibit A.  Counsel shall produce a copy of any executed Nondisclosure Agreement to opposing counsel upon request prior to such person being permitted to testify (at deposition or trial) in the action or at the conclusion of the action, whichever comes first, except that counsel need not produce a Nondisclosure Agreement executed by any expert or consultant retained only for consulting purposes.  Counsel shall retain copies of any signed Nondisclosure Agreement until the completion of this action and the return or destruction of Confidential Material or Attorneys' Eyes Only Material in accordance with Paragraph 32 herein.  Inadvertent failure to provide the Nondisclosure Agreement to any individual shall not be deemed a material breach of this Stipulation and Protective Order and shall be remedied immediately upon discovery.

14.     If the Receiving Party is required by law to disclose any Confidential Material or Attorneys' Eyes Only Material, it will immediately notify the Disclosing Party in order to permit

the Disclosing Party to seek a protective order or take other appropriate action.  The Receiving

Party will cooperate in the Disclosing Party's efforts to obtain a protective order or other assurance

that the Confidential Material or Attorneys' Eyes Only Material will remain confidential.  If, in

the absence of a protective or other order prohibiting disclosure, the Receiving Party, in the written

opinion of its legal counsel, is advised to disclose the Confidential Material or Attorneys' Eyes

Only Material, it may disclose only the part of such material its legal counsel advises to be

disclosed.

### Objections to Confidentiality or Attorneys' Eyes Only Designations

15.     In the event a Party disagrees at any stage of this action with any "Confidential" or

"Attorneys' Eyes Only" designation, such Party shall provide to the Disclosing Party written notice

of its disagreement with the designation, describing with particularity the material in question and

stating the grounds for its objection.  The Disclosing Party shall respond to the objection in writing

within fourteen (14) days and shall state with particularity the grounds for asserting that the

Confidential Material or Attorneys' Eyes Only Material is properly designated.  If no written

response to the objection is made within fourteen (14) days, the challenged designation shall be

deemed void.  If a timely written response to the objection is made, counsel for the Parties shall

first try to resolve the dispute in good faith by meeting and conferring.  If the dispute cannot be

resolved, the Party challenging the designation may request appropriate relief from the Court

consistent with the Court's discovery rules.  The burden shall be on the Disclosing Party to make

an adequate showing to the Court that the challenged confidentiality designation is appropriate.

### Filing of Confidential and Attorneys' Eyes Only Material and Use at Trial

16.     Any Party that intends to use portions of a document designated as "Confidential"

or "Attorneys' Eyes Only" that do not contain Confidential Material or Attorneys' Eyes Only

Material and those portions are reasonably separable from portions containing such material, at trial or as part of a letter, motion, or deposition, may request that the Disclosing Party provide a redacted version of that document and the Disclosing Party shall promptly comply with such a request.

17.     A Party may not file in the public record in this action any information, documents, or material designated as "Confidential" or "Attorneys' Eyes Only" without written permission from the Disclosing Party.  A Party that seeks to file any information, documents, or material designated as "Confidential" or "Attorneys' Eyes Only" must do so under seal and must comply with Section 6 of the SDNY Electronic Case Filing Rules & Instructions, Rule 4 of the Individual Practices of Judge John P. Cronan, and any other applicable federal or local rules regarding the filing of materials under seal.

18.     Any documents designated as "Confidential" and "Attorneys' Eyes Only" that are designated in advance by any Party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court after such Party gives notice to the Disclosing Party and affords the Disclosing Party at least fourteen (14) days' written notice to obtain an appropriate protective order from the Court.

## Notice of Breach

19.     If Confidential Material or Attorneys' Eyes Only Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the person or Party responsible for the unauthorized disclosure must, within five (5) days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient

of such material, and seek prompt return or destruction of the Confidential Material or Attorneys'
Eyes Only Material from the unauthorized recipient.

**Clawback of Confidential and Attorneys' Eyes Only Material and Privileged Information**

20.    If at any time prior to the termination of this Action, a Party realizes that it has
produced Confidential Material or Attorneys' Eyes Only Material without designating it as such,
that Party may designate such material as "Confidential" or "Attorneys Eyes Only" by promptly
notifying the Parties in writing.  The notification must designate the material as "Confidential" or
"Attorneys' Eyes Only" according to the terms of this Stipulation and Protective Order. Such
material will thereafter be treated as Confidential Material or Attorneys' Eyes Only Material under
the terms of this Stipulation and Protective Order.  In addition, the Disclosing Party shall provide
the Parties with replacement versions of such Confidential Material or Attorneys' Eyes Only
Material and follow the designation requirements of Paragraph 5 within ten (10) business days of
providing such notice.

21.    Whether inadvertent or otherwise, the production of any privileged information,
Confidential Material, or Attorneys' Eyes Only Material without an appropriate designation shall
not be deemed a waiver or impairment of any claim of privilege or protection, including, but not
limited to, the attorney-client privilege, the protection afforded to work product materials, or the
subject matter thereof, or the confidential nature of any such information, in this action or in any
other federal or state proceeding.  This order shall be interpreted to provide the maximum
protection allowed by Federal Rule of Evidence 502(d).

22.    The Disclosing Party must notify the Receiving Party promptly, in writing, upon
discovery that any privileged information or Confidential Material or Attorneys' Eyes Only
Material has been produced.  Upon receiving written notice from the Disclosing Party that any

4812-1764-5519v.1 3940173-000105

privileged information or Confidential Material or Attorneys' Eyes Only Material has been produced, all such information, and all copies thereof, shall be returned to the Disclosing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose.  The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents or information in electronic format.

23.     The Receiving Party may contest any privilege, work-product, or confidentiality designation made by the Disclosing Party by following the procedures set forth in Paragraph 15 herein.   However, the Receiving Party may not challenge any privilege, immunity, or confidentiality claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection.

### Rights, Limitations, and Modifications

24.     Compliance with the terms of this Stipulation and Protective Order shall not operate as an admission that any particular document or information is or is not responsive, privileged, reflective of personally-identifying information, or admissible in this action.

25.     Nothing in this Stipulation and Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.  Nothing contained herein will prevent, limit, or restrict the Parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this action.  Nothing herein is intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise confidential prior to disclosure.

4812-1764-5519v.1 3940173-000105

26.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for responsiveness, personally-identifying information, and/or any privilege or protection recognized by law prior to production and/or disclosure.

27.     This Stipulation and Protective Order may be changed only by further agreement of the Parties in writing or by order of the Court and is without prejudice to the right of any Party to seek modification or judicial relief of this Stipulation and Protective Order by application to the Court on notice to counsel for the other Party.

28.     This Stipulation and Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the Parties, or by order of the Court.

## Right to Assert Other Objections

29.     This Stipulation and Protective Order shall not be construed to waive or diminish any right to assert a claim of privilege or an objection of relevance, overbreadth, proportionality, or other grounds for not producing material requested during discovery. Access to all material (whether or not designated as "Confidential" or "Attorneys' Eyes Only") shall be granted only as provided by the discovery rules and other applicable law.

## Severability

30.     The invalidity or unenforceability of any provision of this Stipulation and Protective Order shall not affect the validity or enforceability of any other provision of this order, which shall remain in full force and effect.

4812-1764-5519v.1 3940173-000105

**Termination of the Action**

31.     This Stipulation and Protective Order shall survive the termination of this action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court.

32.     Within sixty (60) days of the termination of this action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material and Attorneys' Eyes Only Material that has been designated in accordance with all of the requirements of Paragraph 5 herein, and all copies, reproductions, summarizations, extractions, and abstractions thereof, shall be returned to the Disclosing Party or destroyed. At the conclusion of this sixty-day period, counsel for each Receiving Party shall provide to counsel for the Disclosing Party a certification stating that, to counsel's knowledge and belief, the Receiving Party has either returned or made commercially-reasonable efforts to destroy all Confidential Material in accordance with this Stipulation and Protective Order. Notwithstanding the foregoing, counsel may retain Confidential Materials and Attorneys' Eyes Only Materials that (i) constitute attorney-work product, (ii) were filed with the Court and/or marked as trial exhibits, or (iii) constitute deposition transcripts and exhibits, provided that such counsel otherwise comply with the provisions of this Stipulation and Protective Order with respect to such retained material.

33.     This Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order for so long as such persons have Confidential Material or Attorneys' Eyes Only Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

4812-1764-5519v.1 3940173-000105

STIPULATED AND AGREED BY:

/s/ _____

KLAYMAN LAW GROUP, PA

Larry Klayman, Esq.
2020 Pennsylvania Ave. NW #800
Washington, DC 20006
(310) 595-0800
leklayman@gmail.com

*Counsel for Plaintiffs*

Dated: November ___ 2020
          Washington, D.C.

/s/ _____

DAVIS WRIGHT TREMAINE LLP

Elizabeth A. McNamara
Rachel F. Strom
Eric J. Feder
lizmcnamara@dwt.com
rachelstrom@dwt.com
ericfeder@dwt.com

1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489-8230
(212) 489-8340 (fax)

 Of Counsel:

Russell Smith, Esq.
Jeff Holmes, Esq.
SMITH DEHN LLP
2500 Broadway
Building F, Suite F-125
Santa Monica, California 90404
(310) 39609045
rsmith@smithdehn.com
jholmes@smithdehn.com

*Attorneys for Defendants*

Dated: November ___, 2020
          New York, NY

SO ORDERED:

 Dated: _____, 2020

_____
 Honorable John P. Cronan

13

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------- x

ROY STEWART MOORE and KAYLA MOORE,   :

                                                                     :      Index No. 19 Civ. 4977 (JPC)

                    Plaintiffs,                      :

                                                                     :      ECF CASE

                - against -                          :

                                                                     :      **NONDISCLOSURE AGREEMENT**

SACHA NOAM BARON COHEN, SHOWTIME   :

NETWORKS, INC., AND CBS CORPORATION,   :

                                                                     :

                    Defendants.                  :

------------------------------------------------------------------- x

I, _____, state that:

1.      My personal / work (circle one) address is

_____.

2.      My present employer, if applicable, is _____.

3.      I have received a copy of the Stipulation and Protective Order entered in the above-entitled action.

4.      I have carefully read and understand the provisions of the Stipulation and Protective Order and will comply with all of the provisions thereof.

5.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Protective Order, and will use only for purposes of this Action, any Confidential Material that is disclosed to me.

6.      I will return all Confidential Material or Attorneys' Eyes Only Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received such material.

7.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Stipulation and Protective Order in this Action, and I understand that my willful violation of

any term of the Stipulation and Protective Order could subject me to punishment for contempt of

Court.

_____
Signature

_____
Printed Name

_____
Date

2

# EXHIBIT B

## Strom, Rachel

| | |
|---|---|
| **From:** | Larry Klayman <klaymanlaw@gmail.com> |
| **Sent:** | Monday, December 14, 2020 4:51 PM |
| **To:** | Strom, Rachel; McNamara, Elizabeth; Feder, Eric |
| **Cc:** | Oliver Peer |
| **Subject:** | Re: Moore v. Cohen, et al - Protective Order |

**[EXTERNAL]**

We have already met and conferred and as predicted you and your clients continue to obstruct discovery. The protective order you proposed is just another way to run up time and expense for my me and my clients,  as well as other factors that I have previously set forth.

Larry

On Mon, Dec 14, 2020 at 12:36 PM Strom, Rachel <RachelStrom@dwt.com> wrote:

Larry,


I am following up on this request for a meet and confer that I sent you on Thursday. Do you have time to talk today before we let the court know about that we are at an impasse?


Thank you. Rachel

---

**From:** Strom, Rachel
**Sent:** Thursday, December 10, 2020 12:08 PM
**To:** 'Larry Klayman' <klaymanlaw@gmail.com>
**Cc:** Oliver Peer <oliverpeerfw@gmail.com>; McNamara, Elizabeth <lizmcnamara@dwt.com>; Feder, Eric <EricFeder@dwt.com>
**Subject:** RE: Moore v. Cohen, et al - Protective Order


Larry:

I understand your position. We do not intend to overly designate information as confidential and Paragraph 15 of the protective order provides a mechanism for you to object to any "Confidential" or "Attorney's Eyes Only" designation.


It does appear, however, that we have a discovery dispute, and pursuant to the court's rules, we should meet and confer about it by phone.

Are you available to discuss this with me today?

**From:** Larry Klayman <klaymanlaw@gmail.com>
**Sent:** Thursday, December 10, 2020 11:55 AM
**To:** Larry Klayman <klaymanlaw@gmail.com>
**Cc:** Strom, Rachel <RachelStrom@dwt.com>; Oliver Peer <oliverpeerfw@gmail.com>; McNamara, Elizabeth
<lizmcnamara@dwt.com>; Feder, Eric <EricFeder@dwt.com>
**Subject:** Re: Moore v. Cohen, et al - Protective Order

[EXTERNAL]

---

Your clients can viciously defame Judge Moore by branding him as a pedophile  and severely damage him and
his family but then think they can avoid public scrutiny with draconian protective order.

This unmasks further your unjustified opposition to relevant discovery.

Larry Klaymqan

On Thu, Dec 10, 2020, 8:31 AM Larry Klayman <klaymanlaw@gmail.com> wrote:

I oppose this as it runs contrary to our system of open justice.

This case should not be an effort to shield your clients. They are not above the law.

Larry

On Thu, Dec 10, 2020 at 8:23 AM Strom, Rachel <RachelStrom@dwt.com> wrote:

Larry,

2

We do need to get this protective order to the court so we can finalize our production.  Can you please let me know if it is acceptable to you.

Thank you.

**From:** Strom, Rachel
**Sent:** Thursday, December 03, 2020 3:34 PM
**To:** 'Larry Klayman' <klaymanlaw@gmail.com>
**Cc:** Oliver Peer <oliverpeerfw@gmail.com>; McNamara, Elizabeth <lizmcnamara@dwt.com>; Feder, Eric <EricFeder@dwt.com>
**Subject:** FW: Moore v. Cohen, et al - Protective Order

Larry,

I wanted to follow up on our proposed protective order so we can the additional documentation referenced below.

Also, we should set up a time a time to discuss the scope of discovery.  Are you available Monday after 2pm ET?

Thank you. Rachel

**From:** McNamara, Elizabeth <lizmcnamara@dwt.com>
**Sent:** Thursday, November 12, 2020 2:30 PM
**To:** Larry Klayman <klaymanlaw@gmail.com>
**Cc:** Oliver Peer <oliverpeerfw@gmail.com>; Strom, Rachel <RachelStrom@dwt.com>; Feder, Eric <EricFeder@dwt.com>
**Subject:** Moore v. Cohen, et al - Protective Order

Hi Larry, we will be producing some documents with confidential information and wanted to get a protective order in place for this action.  Here is a draft we're prepared to file.  Let us know if you have any comments.  Thanks, Liz

**Elizabeth McNamara** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6437 | Fax: (212) 379-5237
Email: lizmcnamara@dwt.com | Website: www.dwt.com

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------x

ROY STEWART MOORE and KAYLA MOORE,   :
                                      :          Index No. 19 Civ. 4977 (JPC)
                  Plaintiffs,         :
                                      :          ECF CASE
            - against -               :
                                      :          **(PROPOSED) PROTECTIVE ORDER**
SACHA NOAM BARON COHEN, SHOWTIME      :
NETWORKS, INC., AND CBS CORPORATION,  :
                                      :
                  Defendants.         :
---------------------------------------------------------------x

WHEREAS, the Court having found that good cause exists for the issuance of a protective order governing the exchange of confidential information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

### Confidential and Attorneys' Eyes Only Material

1.      Any Party producing information ("Disclosing Party") may designate as "Confidential" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith constitutes (a) non-public information that must be maintained in confidence pursuant to a confidentiality agreement, contractual provision, law, or court order; and/or (b) business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known, the public disclosure of which would, in the good faith judgment of the Disclosing Party, be detrimental to the conduct of the Disclosing Party's operations or business or the business of any of the Disclosing Party's customers or clients; and/or (c) information that falls into one or more of the following

categories: (i) sensitive personally-identifying information such as personal addresses, phone numbers, e-mail addresses, birth dates, financial account information, Social Security numbers, driver's license numbers, and IP addresses; (ii) medical, psychological, or mental health records, and other medical information, provided, however, that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law (all such information shall be referred to as "Confidential Material").

2.     Any Disclosing Party may designate as "Attorneys' Eyes Only" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith contains non-public and confidential business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known and that, in the good faith judgment of the Disclosing Party, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such Disclosing Party or its employees, customers, or clients if disclosed to the other parties in this litigation ("Attorneys' Eyes Only Material").

3.     Confidential Material and Attorneys' Eyes Only Material could include but is not limited to: (a) information disclosed in depositions; (b) documents produced in response to requests for production of documents; (c) answers to interrogatories; (d) responses to requests for admissions; (e) all other discovery in any form; and (f) all copies thereof and information contained therein.

4.     Confidential Material and Attorneys' Eyes Only Material shall be treated as confidential and not disclosed, except to the extent provided in this Protective Order or as otherwise ordered by the Court.

**Designation of Confidential and Attorneys' Eyes Only Material**

5.      Other than deposition transcripts and exhibits, the Disclosing Party or counsel thereof shall designate Confidential Material and Attorneys' Eyes Only Material by stamping or otherwise clearly marking the material as "Confidential" or "Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility.

6.      If a Disclosing Party has designated a document or information as "Confidential" or "Attorneys' Eyes Only," that Disclosing Party may remove such document or information from the scope of that protection by notifying all Parties in writing and re-producing the document or information without such designation.

**Deposition Transcripts**

7.      All transcripts of depositions taken in this action will be treated as Confidential Material in their entirety for thirty (30) days after receipt of a final copy of the deposition transcript, except to the extent that a Party designates any portion of a deposition as "Attorneys' Eyes Only" at the time of such deposition, in which case said portion of the testimony shall be treated as Attorneys' Eyes Only Material for thirty (30) days after receipt of the final deposition transcript. During that thirty (30) day period, any party may designate as Confidential Material or Attorneys' Eyes Only Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraphs 1 and 2 herein, and such designation must be provided to the Parties' counsel in writing to be deemed effective.  Any portion of a deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorneys' Eyes Only Material.

**Use of Confidential and Attorneys' Eyes Only Material**

8.      Confidential Material and Attorneys' Eyes Only Material subject to this Protective

Order may be used only for purposes of this action and shall not be disclosed by the Party receiving such material ("Receiving Party") to any persons other than those listed in Paragraphs 11 and 12 herein, except by prior written agreement of the Parties or by order of the Court. Any person receiving Confidential Material or Attorneys' Eyes Only Material shall use reasonable measures to prevent unauthorized disclosure of such material. Reasonable measures include, but are not limited to, taking any necessary action to maintain the security and integrity of data and files.

9.      Persons to whom Confidential Material or Attorneys' Eyes Only Material is disclosed per Paragraphs 11 and 12 herein shall be informed, prior to being shown Confidential Material or Attorneys' Eyes Only Material, that he/she (i) is being shown such materials solely for use in this action and (ii) shall not retain any Confidential Material or Attorneys' Eyes Only Material after the termination of this action.

10.     The recipient of any Confidential Material or Attorneys' Eyes Only Material shall use reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this Protective Order.  All copies, reproductions, summarizations, extractions, and abstractions of Confidential Material or Attorneys' Eyes Only Material shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material upon which they are based.

11.     In the absence of an order of the Court or by agreement of the Parties, Confidential Material may be disclosed or made available only to the following persons:

    a.      The named parties to this Action and the attorneys working on this Action on behalf of any party, including both outside counsel and in-house attorneys, as well as any paralegals, staff, stenographic, and clerical employees and contractors working under the direct supervision of such

counsel, including but not limited to any electronic discovery vendors;

b.      Any expert or consultant expressly retained by any attorney described in Paragraph 11(a) to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;

c.      Any deponent: (i) if it appears that the deponent authored or received a copy of the Confidential Material; (ii) if it appears that the deponent was involved in the subject matter described therein; (iii) if the deponent is employed by the Disclosing Party; or (iv) if the Disclosing Party consents to such disclosure.

d.      The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

e.      Any other person whom the Disclosing Party agrees in writing may have access to such Confidential Material.

12.     In the absence of an order of the Court or by agreement of the Parties, Attorneys' Eyes Only Material may be disclosed or made available only to the following persons:

a.      The individual attorneys who have filed notices of appearance in this action and are actively participating in the prosecution or defense of the action;

b.      Any paralegals, staff, stenographic, and clerical employees and contractors working on this action under the direct supervision of any attorney described in Paragraph 12(a), including but not limited to any electronic discovery vendors, with disclosure only to the extent reasonably necessary to perform work related to this action;

c.      Any expert or consultant expressly retained by any attorney described in

Paragraph 12(a) to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;

d.   The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

e.   Any other person who the Disclosing Party agrees in writing may have access to such Attorneys' Eyes Only Material.

13.   The persons described in Paragraphs 11(b), 11(e), and 12(c) herein shall have access to Confidential Material or Attorneys' Eyes Only Material only after: (a) those persons are provided a copy of this Protective Order for review; and (b) those persons manifest their assent to be bound by the provisions of this Protective Order by signing a copy of the Nondisclosure Agreement attached hereto as Exhibit A.   Counsel shall produce a copy of any executed Nondisclosure Agreement to opposing counsel upon request prior to such person being permitted to testify (at deposition or trial) in the action or at the conclusion of the action, whichever comes first, except that counsel need not produce a Nondisclosure Agreement executed by any expert or consultant retained only for consulting purposes.   Counsel shall retain copies of any signed Nondisclosure Agreement until the completion of this action and the return or destruction of Confidential Material or Attorneys' Eyes Only Material in accordance with Paragraph 32 herein. Inadvertent failure to provide the Nondisclosure Agreement to any individual shall not be deemed a material breach of this Protective Order and shall be remedied immediately upon discovery.

14.   If the Receiving Party is required by law to disclose any Confidential Material or Attorneys' Eyes Only Material, it will immediately notify the Disclosing Party in order to permit the Disclosing Party to seek a protective order or take other appropriate action.   The Receiving Party will cooperate in the Disclosing Party's efforts to obtain a protective order or other assurance

that the Confidential Material or Attorneys' Eyes Only Material will remain confidential.  If, in the absence of a protective or other order prohibiting disclosure, the Receiving Party, in the written opinion of its legal counsel, is advised to disclose the Confidential Material or Attorneys' Eyes Only Material, it may disclose only the part of such material its legal counsel advises to be disclosed.

<u>**Objections to Confidentiality or Attorneys' Eyes Only Designations**</u>

15.     In the event a Party disagrees at any stage of this action with any "Confidential" or "Attorneys' Eyes Only" designation, such Party shall provide to the Disclosing Party written notice of its disagreement with the designation, describing with particularity the material in question and stating the grounds for its objection.  The Disclosing Party shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Material or Attorneys' Eyes Only Material is properly designated.  If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void.  If a timely written response to the objection is made, counsel for the Parties shall first try to resolve the dispute in good faith by meeting and conferring.  If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court consistent with the Court's discovery rules.  The burden shall be on the Disclosing Party to make an adequate showing to the Court that the challenged confidentiality designation is appropriate.

<u>**Filing of Confidential and Attorneys' Eyes Only Material and Use at Trial**</u>

16.     Any Party that intends to use portions of a document designated as "Confidential" or "Attorneys' Eyes Only" that do not contain Confidential Material or Attorneys' Eyes Only Material and those portions are reasonably separable from portions containing such material, at trial or as part of a letter, motion, or deposition, may request that the Disclosing Party provide a

7

redacted version of that document and the Disclosing Party shall promptly comply with such a request.

17.    A Party may not file in the public record in this action any information, documents, or material designated as "Confidential" or "Attorneys' Eyes Only" without written permission from the Disclosing Party.  A Party that seeks to file any information, documents, or material designated as "Confidential" or "Attorneys' Eyes Only" must do so under seal and must comply with Section 6 of the SDNY Electronic Case Filing Rules & Instructions, Rule 4 of the Individual Practices of Judge John P. Cronan, and any other applicable federal or local rules regarding the filing of materials under seal.

18.    Any documents designated as "Confidential" and "Attorneys' Eyes Only" that are designated in advance by any Party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court after such Party gives notice to the Disclosing Party and affords the Disclosing Party at least fourteen (14) days' written notice to obtain an appropriate protective order from the Court.

## Notice of Breach

19.    If Confidential Material or Attorneys' Eyes Only Material is disclosed to any person other than in the manner authorized by this Protective Order, the person or Party responsible for the unauthorized disclosure must, within five (5) days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material, and seek prompt return or destruction of the Confidential Material or Attorneys' Eyes Only Material from the unauthorized recipient.

**Clawback of Confidential and Attorneys' Eyes Only Material and Privileged Information**

20.     If at any time prior to the termination of this Action, a Party realizes that it has produced Confidential Material or Attorneys' Eyes Only Material without designating it as such, that Party may designate such material as "Confidential" or "Attorneys Eyes Only" by promptly notifying the Parties in writing.  The notification must designate the material as "Confidential" or "Attorneys' Eyes Only" according to the terms of this Protective Order. Such material will thereafter be treated as Confidential Material or Attorneys' Eyes Only Material under the terms of this Protective Order.  In addition, the Disclosing Party shall provide the Parties with replacement versions of such Confidential Material or Attorneys' Eyes Only Material and follow the designation requirements of Paragraph 5 within ten (10) business days of providing such notice.

21.     Whether inadvertent or otherwise, the production of any privileged information, Confidential Material, or Attorneys' Eyes Only Material without an appropriate designation shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, in this action or in any other federal or state proceeding.  This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

22.     The Disclosing Party must notify the Receiving Party promptly, in writing, upon discovery that any privileged information or Confidential Material or Attorneys' Eyes Only Material has been produced.  Upon receiving written notice from the Disclosing Party that any privileged information or Confidential Material or Attorneys' Eyes Only Material has been produced, all such information, and all copies thereof, shall be returned to the Disclosing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such

information for any purpose.  The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents or information in electronic format.

23.     The Receiving Party may contest any privilege, work-product, or confidentiality designation made by the Disclosing Party by following the procedures set forth in Paragraph 15 herein.    However,  the  Receiving  Party  may  not  challenge  any  privilege,  immunity,  or confidentiality claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection.

<u>**Rights, Limitations, and Modifications**</u>

24.     Compliance  with  the  terms  of  this  Protective  Order  shall  not  operate  as  an admission that any particular document or information is or is not responsive, privileged, reflective of personally-identifying information, or admissible in this action.

25.     Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to  be  privileged  and  to  inform  the  Disclosing  Party  that  such  materials  have  been  produced. Nothing contained herein will prevent, limit, or restrict the Parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this action.  Nothing herein is intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise confidential prior to disclosure.

26.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for responsiveness, personally-identifying information, and/or any privilege or protection recognized by law prior to production and/or disclosure.

27.     This Protective Order may be changed only by agreement of the Parties in writing or by order of the Court and is without prejudice to the right of any Party to seek modification or judicial relief of this Protective Order by application to the Court on notice to counsel for the other Party.

28.     This Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the Parties, or by order of the Court.

### Right to Assert Other Objections

29.     This Protective Order shall not be construed to waive or diminish any right to assert a claim of privilege or an objection of relevance, overbreadth, proportionality, or other grounds for not producing material requested during discovery. Access to all material (whether or not designated as "Confidential" or "Attorneys' Eyes Only") shall be granted only as provided by the discovery rules and other applicable law.

### Severability

30.     The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision of this order, which shall remain in full force and effect.

### Termination of the Action

31.     This Protective Order shall survive the termination of this action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court.

32.     Within sixty (60) days of the termination of this action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material and Attorneys' Eyes Only Material that has been designated in accordance with all of the requirements of Paragraph 5 herein, and all copies, reproductions, summarizations, extractions, and abstractions

thereof, shall be returned to the Disclosing Party or destroyed. At the conclusion of this sixty-day period, counsel for each Receiving Party shall provide to counsel for the Disclosing Party a certification stating that, to counsel's knowledge and belief, the Receiving Party has either returned or made commercially-reasonable efforts to destroy all Confidential Material in accordance with this Protective Order. Notwithstanding the foregoing, counsel may retain Confidential Materials and Attorneys' Eyes Only Materials that (i) constitute attorney-work product, (ii) were filed with the Court and/or marked as trial exhibits, or (iii) constitute deposition transcripts and exhibits, provided that such counsel otherwise comply with the provisions of this Protective Order with respect to such retained material.

33.    This Court shall retain jurisdiction over all persons subject to this Protective Order for so long as such persons have Confidential Material or Attorneys' Eyes Only Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

Dated: _____, 2020

_____
Honorable John P. Cronan

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

......................................................................... x

ROY STEWART MOORE and KAYLA MOORE,   :

                                            :   Index No. 19 Civ. 4977 (JPC)

            Plaintiffs,   :

                                            :   ECF CASE

        - against -   :

                                            :   **NONDISCLOSURE AGREEMENT**

SACHA NOAM BARON COHEN, SHOWTIME   :
NETWORKS, INC., AND CBS CORPORATION,   :

                                            :

          Defendants.   :

......................................................................... x

      I, _____, state that:

      1.     My personal / work (circle one) address is

_____.

      2.     My present employer, if applicable, is _____.

      3.     I have received a copy of the Protective Order entered in the above-entitled

action.

      4.     I have carefully read and understand the provisions of the Protective Order and

will comply with all of the provisions thereof.

      5.     I will hold in confidence, will not disclose to anyone not qualified under the

Protective Order, and will use only for purposes of this Action, any Confidential Material that is

disclosed to me.

      6.     I will return all Confidential Material or Attorneys' Eyes Only Material that

comes into my possession, and documents or things that I have prepared relating thereto, to

counsel for the party by whom I am employed or retained, or to counsel from whom I received

such material.

7.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action, and I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Signature

_____
Printed Name

_____
Date