

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax
lizmcnamara@dwt.com

December 17, 2020

**Via CM/ECF and Electronic Mail**
Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *Moore, et al v. Cohen, et al.*, **1:19-cv-4977-JPC**

Dear Judge Cronan:

    We write in response to the Court's December 15, 2020 Order directing Defendants to respond to Plaintiffs' request to depose Defendant Sacha Baron Cohen during the limited discovery period for Defendants' anticipated early motion for summary judgment (Dkt. 101).

    As discussed below, Plaintiffs seek to depose Mr. Cohen concerning issues – like actual and common law malice – that are outside the discrete issues raised in the early summary judgment motion. While Mr. Cohen was the ultimate owner of the entity that entered into the Standard Consent Agreement ("SCA") with Plaintiff Roy Moore and of the entities that licensed the show to Showtime, he was not directly involved in the process or mechanics of forming the entities and would not be knowledgeable (except at the most abstract level) of the relevant corporate structures. Defendants have offered to make available those individuals who are directly knowledgeable concerning those events. Further, Defendants have agreed that Mr. Cohen could be deposed should the anticipated motion for summary judgment be denied, when those issues would likely be relevant. But, at this time, where this Court has limited discovery to the issues relevant to the motion, a deposition of Mr. Cohen would not only be irrelevant, it will likely lead to the type of "annoyance [or] undue burden," the Federal Rules are meant to protect against. Fed. R. Civ. P. 26(c).

**Background**

    On November 13, 2020, Defendants requested a pre-motion conference for an early motion for summary judgment on two independent grounds: 1) that the SCA is binding and bars Plaintiffs' claims against all Defendants; and 2) that Plaintiffs' claims fail because they are based on satirical and political commentary that is, as a matter of law, fully protected under the First Amendment. ECF 90 at 1. Defendants additionally requested a stay of discovery on other issues (such as substantial truth and actual malice) pending resolution of the anticipated motion. *Id*. At the parties' December 3 pre-motion conference, this Court granted that request, but permitted Plaintiffs to take limited additional discovery necessary to address the arguments at issue in Defendants' summary judgment motion, with a view to providing a final ruling on those issues before the parties engaged in any further discovery.[1]

    On December 7, the parties conferred by phone regarding the discovery required for the summary judgment motion. Plaintiffs' counsel argued a deposition of Mr. Cohen was necessary

---

[1] *See* ECF 96 Tr. at 29:7-11 ("I want to give a period of time for the parties to conduct limited discovery **with respect to the issues that defendants will be moving on** the consent agreement and the First Amendment issues.").

to establish facts related to actual or common law malice. At the same time, Plaintiffs' counsel made clear that his clients were prepared to be deposed on issues related to the early motion. On December 8, Defendants confirmed this conversation in an email laying out in detail the areas where the parties agreed or disagreed. *See* **Ex. A**. Plaintiffs never responded to that email, or identified any additional discovery they needed to take to oppose Defendants' upcoming motion. Instead, on December 14, Plaintiffs filed a letter contesting the entry of a protective order and arguing the need to take Mr. Cohen's deposition to inquire about his "fraudulently crafted scheme." (ECF 98).[2] The next day, after now refusing to provide dates for the depositions of Plaintiffs unless Defendants agreed to make Mr. Cohen available for deposition, Plaintiffs filed another letter announcing their intent to seek sanctions against Defendants (ECF 100).[3]

Defendants have already produced the key documents necessary for summary judgment and are ready to produce additional documents upon entry of an appropriate protective order. To that end, Defendants have conferred in good faith with Plaintiffs to ensure the parties provide all discovery reasonably relevant to the issues in the anticipated motion. Defendants have made the witnesses who are knowledgeable on the relevant issues available for deposition. But Plaintiffs' intransigence has ground the process of completing this discovery to a halt.

**The Deposition of Mr. Cohen is Beyond the Scope of the Court-Ordered Limited Discovery**

This Court has appropriately limited discovery to those issues relevant to the anticipated summary judgment motion. *See, e.g.*, *Contemporary Mission, Inc. v. U.S, Postal Serv.*, 648 F.2d 97, 104–05 (2d Cir. 1981). Under Rule 56(d), a party seeking additional discovery to oppose summary judgment "must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative." *Alphonse Hotel Corp. v Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (affirming denial of discovery that would not change the outcome of the motion).

The deposition of Mr. Cohen contemplated by Plaintiffs is simply outside the Court-ordered limited discovery in connection with the contemplated early summary judgment motion. *First*, the only *factual* question regarding the applicability of the SCA is ownership of Yerushalayim TV and its relationship to other corporate entities, such that the SCA applies to the Defendants in this action. As noted (and the documents show), Mr. Cohen was not involved in the organization and formation of the corporate structures except at the most general levels. Moreover, Cohen did not draft or sign the SCA, and was not even present when it was executed.

*Second*, Plaintiffs have made clear (both before the Court and during the parties' phone conference) that they believe Cohen's deposition would relate to questions of constitutional and common law malice. *See, e.g.,* Tr. 23:8-10 (seeking to "hear it from Cohen exactly what he did here and what he knew, what they know about the fact that Judge Moore was not a pedophile"); ECF 98 at 2; **Ex. A**. But these issues are precisely what the Court already recognized were outside the bounds of this early discovery:

> Mr. Klayman: …[W]e are entitled to get information, even with regard to the intent of the parties, because you're dealing here not just with actual malice, but constitutional malice. …

---

[2] On the same day, Defendants filed a letter outlining the need for a protective order in this case. ECF 99.

[3] The parties' emails regarding deposition scheduling are attached as **Ex. B**.

2

> The Court: Mr. Klayman, I understand what you're saying, to the extent that there would be a need for additional discovery were the other issues here to come before the Court, whether it be the question of actual malice, the question of the factual truth of any statement. But right now we are talking about the consent agreement, and we are talking about the First Amendment issues.

Tr. at 14:10-13, 25-15:6. Should the Court deny Defendants' forthcoming motion, Plaintiffs would be able to depose Mr. Cohen on these issues.

*Third*, despite this Court's clear direction at the conference, Plaintiffs have not articulated any reason – to the Court or Defendants – why Cohen's deposition is necessary for Plaintiffs to oppose the actual arguments at issue in the summary judgment motion, beyond vague assertions that Cohen is the "main man." *See* Tr: 39:6-11; Tr. 33:3-6 ("[I]f there is a disagreement as to whether or not particular depositions are appropriate, both parties should be prepared to brief for me why the deposition is appropriate."). Defendants' motion (and, in turn, the Court-ordered limited discovery) turns on (1) whether the SCA bars all Plaintiffs' claims; and (2) whether Plaintiffs' claims are based on First Amendment-protected parody and political commentary.[4]

For the SCA issue, contrary to Plaintiffs' contentions,[5] Defendants' (or Mr. Cohen's) alleged "intent" behind the SCA is irrelevant to interpretation of unambiguous contractual language.[6] Plaintiffs seek to question Mr. Cohen about his "trademark" "scheme" to convince Judge Moore to sign the SCA. But, as Judge Preska held in *Psenicska v. Twentieth Century Fox Film Corp.*, while reviewing the exact same waiver clause (and a similar alleged "scheme"), "[t]hat line of argument is foreclosed to Plaintiffs here … because each waived his or her reliance on 'any promises or statements made by anyone about the nature of the Film or the identity of any other Participants or persons involved in the Film.'" 2008 WL 4185752, at *6 (S.D.N.Y. 2008), *aff'd*, 409 F. App'x 368 (2d. Cir. 2009).

**Conclusion**

As Defendants have repeatedly stated, they are not looking to preclude Mr. Cohen from ever being deposed in this case: should this Court deny Defendants' summary judgment motion, Mr. Cohen's deposition would surely be relevant to issues of actual malice and intent. *See* **Ex. A**; Tr. at 9:11:-10:2. Indeed, in the depositions that end up being taken during this discovery period, the parties will be limited to questioning the witnesses about the issues directly relevant to the motion. Thus, for example, if and when Defendants depose the Plaintiffs, they will not be asking questions related to the substantial truth of the allegedly defamatory statements because those questions are outside the scope of the limited discovery. Given that, by Plaintiffs' own admission, the deposition of Mr. Cohen would focus entirely on issues unrelated to the summary judgment motion, there is no reason for his deposition to take place now.

---

[4] Defendants have explained, and Plaintiffs have not contested, that no further discovery beyond copies of relevant episodes is necessary to the parody defense. *See* **Ex. A**; *see, e.g. Torain v. Liu*, 279 F. App'x 46, 46–47 (2d Cir. 2008) ("Whether a statement is …a factual representation is a question of law for the court," and affirming dismissal of libel claim based on radio broadcast calling plaintiff a "sick racist pedophile" and "child predator").

[5] *See, e.g.,* Tr. at 7:11-13 (Mr. Klayman: "issues involving intent with regard to a release are subject to discovery").

[6] *See, e.g.*, *Chesapeake Energy Corp. v. Bank of N.Y. Mellon*, 773 F.3d 110, 120–21 (2d Cir. 2014) ("It is not the real intent but the intent expressed or apparent in the writing which is sought; it is the objective, not the subjective, intent that controls." (quoting Williston on Contracts § 31:4)).

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/ Elizabeth A. McNamara

cc: Plaintiffs' counsel (via CM/ECF and email)

4833-9312-3540v.7 3940173-000105