UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------x

ROY STEWART MOORE and KAYLA MOORE, :

                Plaintiffs, :

       - against - :

     :

SACHA NOAM BARON COHEN, SHOWTIME :
NETWORKS, INC., AND CBS CORPORATION, :

               Defendants. :

------------------------------------------------------------x

Index No. 19 Civ. 4977 (JPC)

ECF CASE

~~(PROPOSED)~~ **PROTECTIVE ORDER**

WHEREAS, the Court having found that good cause exists for the issuance of a protective order governing the exchange of confidential information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

**<u>Confidential Material</u>**

1.    Any Party producing information ("<u>Disclosing Party</u>") may designate as "Confidential" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith constitutes (a) non-public information that must be maintained in confidence pursuant to a confidentiality agreement, contractual provision, law, or court order; and/or (b) business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known, the public disclosure of which would, in the good faith judgment of the Disclosing Party, be detrimental to the conduct of the Disclosing Party's operations or business or the business of any of the Disclosing Party's customers or clients; and/or (c) information that falls into one or more of the following

categories: (i) sensitive personally-identifying information such as personal addresses, phone numbers, e-mail addresses, birth dates, financial account information, Social Security numbers, driver's license numbers, and IP addresses; (ii) medical, psychological, or mental health records, and other medical information, provided, however, that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law (all such information shall be referred to as "Confidential Material").

2.     Confidential Material could include but is not limited to: (a) information disclosed in depositions; (b) documents produced in response to requests for production of documents; (c) answers to interrogatories; (d) responses to requests for admissions; (e) all other discovery in any form; and (f) all copies thereof and information contained therein.

3.     Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Protective Order or as otherwise ordered by the Court.

### Designation of Confidential Material

4.     Other than deposition transcripts and exhibits, the Disclosing Party or counsel thereof shall designate Confidential Material by stamping or otherwise clearly marking the material as "Confidential" in a manner that will not interfere with legibility or audibility.

5.     If a Disclosing Party has designated a document or information as "Confidential," that Disclosing Party may remove such document or information from the scope of that protection by notifying all Parties in writing and re-producing the document or information without such designation.

### Deposition Transcripts

6.     All transcripts of depositions taken in this action will be treated as Confidential Material in their entirety for thirty (30) days after receipt of a final copy of the deposition transcript.

2

During that thirty (30) day period, any party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraphs 1 and 2 herein, and such designation must be provided to the Parties' counsel in writing to be deemed effective.  Any portion of a deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material.

## Use of Confidential Material

7.      Confidential Material subject to this Protective Order may be used only for purposes of this action and shall not be disclosed by the Party receiving such material ("Receiving Party") to any persons other than those listed in Paragraph 10 herein, except by prior written agreement of the Parties or by order of the Court. Any person receiving Confidential Material shall use reasonable measures to prevent unauthorized disclosure of such material. Reasonable measures include, but are not limited to, taking any necessary action to maintain the security and integrity of data and files.

8.      Persons to whom Confidential Material is disclosed per Paragraph 10 herein shall be informed, prior to being shown Confidential Material Material, that he/she (i) is being shown such materials solely for use in this action and (ii) shall not retain any Confidential Material after the termination of this action.

9.      The recipient of any Confidential Material shall use reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this Protective Order.  All copies, reproductions, summarizations, extractions, and abstractions of Confidential Material shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material upon which they are based.

10.      In the absence of an order of the Court or by agreement of the Parties, Confidential

Material may be disclosed or made available only to the following persons:

    a.    The named parties to this Action and the attorneys working on this Action on behalf of any party, including both outside counsel and in-house attorneys, as well as any paralegals, staff, stenographic, and clerical employees and contractors working under the direct supervision of such counsel, including but not limited to any electronic discovery vendors;

    b.    Any expert or consultant expressly retained by any attorney described in Paragraph 10(a) to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;

    c.    Any deponent: (i) if it appears that the deponent authored or received a copy of the Confidential Material; (ii) if it appears that the deponent was involved in the subject matter described therein; (iii) if the deponent is employed by the Disclosing Party; or (iv) if the Disclosing Party consents to such disclosure.

    d.    The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

    e.    Any other person whom the Disclosing Party agrees in writing may have access to such Confidential Material.

11.    The persons described in Paragraphs 10(b) and 10(e) herein shall have access to Confidential Material only after: (a) those persons are provided a copy of this Protective Order for review; and (b) those persons manifest their assent to be bound by the provisions of this Protective Order by signing a copy of the Nondisclosure Agreement attached hereto as Exhibit A.  Counsel shall produce a copy of any executed Nondisclosure Agreement to opposing counsel upon request

prior to such person being permitted to testify (at deposition or trial) in the action or at the conclusion of the action, whichever comes first, except that counsel need not produce a Nondisclosure Agreement executed by any expert or consultant retained only for consulting purposes. Counsel shall retain copies of any signed Nondisclosure Agreement until the completion of this action and the return or destruction of Confidential Material in accordance with Paragraph 30 herein. Inadvertent failure to provide the Nondisclosure Agreement to any individual shall not be deemed a material breach of this Protective Order and shall be remedied immediately upon discovery.

12.     If the Receiving Party is required by law to disclose any Confidential Material, it will immediately notify the Disclosing Party in order to permit the Disclosing Party to seek a protective order or take other appropriate action. The Receiving Party will cooperate in the Disclosing Party's efforts to obtain a protective order or other assurance that the Confidential Material will remain confidential. If, in the absence of a protective or other order prohibiting disclosure, the Receiving Party, in the written opinion of its legal counsel, is advised to disclose the Confidential Material, it may disclose only the part of such material its legal counsel advises to be disclosed.

## Objections to Confidentiality Designations

13.     In the event a Party disagrees at any stage of this action with any "Confidential" designation, such Party shall provide to the Disclosing Party written notice of its disagreement with the designation, describing with particularity the material in question and stating the grounds for its objection. The Disclosing Party shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no written response to the objection is made within fourteen (14) days,

the challenged designation shall be deemed void.  If a timely written response to the objection is made, counsel for the Parties shall first try to resolve the dispute in good faith by meeting and conferring.  If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court consistent with the Court's discovery rules.  The burden shall be on the Disclosing Party to make an adequate showing to the Court that the challenged confidentiality designation is appropriate.

<u>**Filing of Confidential Material and Use at Trial**</u>

14.     Any Party that intends to use portions of a document designated as "Confidential" that do not contain Confidential Material and those portions are reasonably separable from portions containing such material, at trial or as part of a letter, motion, or deposition, may request that the Disclosing Party provide a redacted version of that document and the Disclosing Party shall promptly comply with such a request.

15.     A Party may not file in the public record in this action any information, documents, or material designated as "Confidential" without written permission from the Disclosing Party.  A Party that seeks to file any information, documents, or material designated as "Confidential" must do so under seal and must comply with Section 6 of the SDNY Electronic Case Filing Rules & Instructions, Rule 4 of the Individual Practices of Judge John P. Cronan, and any other applicable federal or local rules regarding the filing of materials under seal.

16.     Any documents designated as "Confidential" that are designated in advance by any Party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court after such Party gives notice to the Disclosing Party and affords the Disclosing Party at least fourteen (14) days' written notice to obtain an appropriate protective order from the Court.

### Notice of Breach

17.     If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the person or Party responsible for the unauthorized disclosure must, within five (5) days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material, and seek prompt return or destruction of the Confidential Material from the unauthorized recipient.

### Clawback of Confidential Material and Privileged Information

18.     If at any time prior to the termination of this Action, a Party realizes that it has produced Confidential Material without designating it as such, that Party may designate such material as "Confidential" by promptly notifying the Parties in writing.  The notification must designate the material as "Confidential" according to the terms of this Protective Order. Such material will thereafter be treated as Confidential Material under the terms of this Protective Order. In addition, the Disclosing Party shall provide the Parties with replacement versions of such Confidential Material and follow the designation requirements of Paragraph 4 within ten (10) business days of providing such notice.

19.     Whether inadvertent or otherwise, the production of any privileged information, Confidential Material, without an appropriate designation shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, in this action or in any other federal or state

proceeding.  This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20.     The Disclosing Party must notify the Receiving Party promptly, in writing, upon discovery that any privileged information or Confidential Material has been produced.  Upon receiving written notice from the Disclosing Party that any privileged information or Confidential Material has been produced, all such information, and all copies thereof, shall be returned to the Disclosing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose.  The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents or information in electronic format.

21.     The Receiving Party may contest any privilege, work-product, or confidentiality designation made by the Disclosing Party by following the procedures set forth in Paragraph 13 herein.   However, the Receiving Party may not challenge any privilege, immunity, or confidentiality claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection.

### Rights, Limitations, and Modifications

22.     Compliance with the terms of this Protective Order shall not operate as an admission that any particular document or information is or is not responsive, privileged, reflective of personally-identifying information, or admissible in this action.

23.     Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the Parties in any way from objecting to or

asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this action.  Nothing herein is intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise confidential prior to disclosure.

24.      Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for responsiveness, personally-identifying information, and/or any privilege or protection recognized by law prior to production and/or disclosure.

25.      This Protective Order may be changed only by agreement of the Parties in writing or by order of the Court and is without prejudice to the right of any Party to seek modification or judicial relief of this Protective Order by application to the Court on notice to counsel for the other Party.

26.      This Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the Parties, or by order of the Court.

**<u>Right to Assert Other Objections</u>**

27.      This Protective Order shall not be construed to waive or diminish any right to assert a claim of privilege or an objection of relevance, overbreadth, proportionality, or other grounds for not producing material requested during discovery. Access to all material (whether or not designated as "Confidential") shall be granted only as provided by the discovery rules and other applicable law.

**<u>Severability</u>**

28.      The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision of this order, which shall remain in full force and effect.

**Termination of the Action**

29.     This Protective Order shall survive the termination of this action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court.

30.     Within sixty (60) days of the termination of this action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material that has been designated in accordance with all of the requirements of Paragraph 4 herein, and all copies, reproductions, summarizations, extractions, and abstractions thereof, shall be returned to the Disclosing Party or destroyed. At the conclusion of this sixty-day period, counsel for each Receiving Party shall provide to counsel for the Disclosing Party a certification stating that, to counsel's knowledge and belief, the Receiving Party has either returned or made commercially-reasonable efforts to destroy all Confidential Material in accordance with this Protective Order. Notwithstanding the foregoing, counsel may retain Confidential Materials that (i) constitute attorney-work product, (ii) were filed with the Court and/or marked as trial exhibits, or (iii) constitute deposition transcripts and exhibits, provided that such counsel otherwise comply with the provisions of this Protective Order with respect to such retained material.

31.     This Court shall retain jurisdiction over all persons subject to this Protective Order for so long as such persons have Confidential Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


SO ORDERED:

Dated: _____, 2020
                    December 22

_____
Honorable John P. Cronan
U.S. District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------x

ROY STEWART MOORE and KAYLA MOORE,   :

                                       Plaintiffs,   :

                      - against -   :

SACHA NOAM BARON COHEN, SHOWTIME   :
NETWORKS, INC., AND CBS CORPORATION,   :
                                     :
                        Defendants.   :

------------------------------------------------------------x

Index No. 19 Civ. 4977 (JPC)

ECF CASE

**NONDISCLOSURE AGREEMENT**

I, _____, state that:

1.      My personal / work (circle one) address is

_____.

2.      My present employer, if applicable, is _____.

3.      I have received a copy of the Protective Order entered in the above-entitled

action.

4.      I have carefully read and understand the provisions of the Protective Order and

will comply with all of the provisions thereof.

5.      I will hold in confidence, will not disclose to anyone not qualified under the

Protective Order, and will use only for purposes of this Action, any Confidential Material that is

disclosed to me.

6.      I will return all Confidential Material that comes into my possession, and

documents or things that I have prepared relating thereto, to counsel for the party by whom I am

employed or retained, or to counsel from whom I received such material.

7.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action, and I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Signature

_____
Printed Name

_____
Date