UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------------- x

ROY STEWART MOORE and KAYLA MOORE,    :
                                                             :
                              Plaintiffs,                    :      Index No. 19 Civ. 4977 (JPC)
                                                             :
                                                             :      **ORAL ARGUMENT REQUESTED**
           - against -                                       :
                                                             :
SACHA NOAM BARON COHEN, SHOWTIME           :
NETWORKS, INC., AND CBS CORPORATION,       :
                                                             :
                              Defendants.                    :
                                                             :
----------------------------------------------- x

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT

Defendants Sacha Baron Cohen ("Cohen"), Showtime Networks Inc. ("SNI"), and CBS Corporation n/k/a ViacomCBS Inc. ("ViacomCBS") (collectively, "Defendants") submit this Reply to Plaintiffs' Response to Defendants' Rule 56.1 Statement.

Preliminarily, as a whole, Plaintiffs' purported denials of the facts contains in Defendants' Statement of Undisputed Material Facts (the "56.1 Statement") fail to comply with the requirements of Rule 56.1 of the Local Rules for the United States District Court for the Southern District of New York or Rule 56 of the Federal Rules of Civil Procedure. And Plaintiffs' attempts to avoid their obligation under the Local Rules by requesting additional discovery is equally deficient. For these two reasons, the responses should be deemed deficient and not credited on Defendants' Motion for Summary Judgment (the "Motion").

***First***, Plaintiff has not appropriately denied any of the material facts set forth in Defendants' 56.1 Statement. Local Rule 56.1(c) specifically states that "[e]ach numbered paragraph in the [movant's] statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered

paragraph in the statement required to be served by the opposing party." But here, Plaintiffs' purported denials repeatedly fail to "specifically controvert[]" the facts alleged by Defendants. In each of these instances, as set forth specifically below, Plaintiffs' response should be disregarded. *See Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) ("If the opposing party then fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to the local rule." (citation and internal quotes omitted)).

Further, Local Rule 56.1(d) requires that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." But, here, *none* of Plaintiffs' denials of facts is supported by a citation to evidence in the record as required. *See Baity*, 51 F. Supp. at 421 (disregarding purported denials that were not supported by citations to admissible evidence in the record). Instead, many responses rely on Plaintiffs' lack of knowledge regarding facts, and include legal arguments or conclusory statements, which is equally inappropriate. *See Baity*, 51 F. Supp. 3d at 421 (disregarding purported denials that were in fact "improper legal arguments"); *Stepheny v. Brooklyn Hebrew School for Special Children*, 356 F. Supp. 2d 248, 255 n. 4 (E.D.N.Y. 2005) ("[T]o the extent that [a nonmovant] ha[s] denied statements for lack of 'knowledge and information,' they will be deemed admitted."); *Hartley v. Rubio*, 785 F. Supp. 2d 165, 170 n. 1 (S.D.N.Y. 2011) (rejecting as insufficient "conclusory or non-responsive objections"). In each of these instances too, as set forth specifically below, Plaintiffs' response should be disregarded.

***Second***, Plaintiffs have improperly attempted to invoke Rule 56(d) of the Federal Rules of Civil Procedure and seek additional discovery. Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may grant relief to the nonmovant, including deferring consideration of the

motion or denying it, if the nonmovant "shows by affidavit or declaration that, for specified

reasons, it cannot present facts essential to justify its opposition."   Here, again, Plaintiffs have

wholly failed to submit an affidavit or declaration in support of this claim, or show "specified

reasons" why they cannot present facts essential to their opposition.   Indeed, Plaintiffs have not

pointed to a single fact they seek, or explained how any such fact would change the outcome of

Defendants' Motion.   The Court should therefore disregard Plaintiffs' perfunctory invocation of

Rule 56(d).   *See 1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 464 (2d Cir. 2020) (holding

failure to submit an affidavit or declaration explaining the need for additional discovery "is itself

sufficient grounds to reject a claim that the opportunity for discovery was inadequate") (internal

quotes omitted); *Alphonse Hotel Corp. v. Tran,* 828 F.3d 146, 151 (2d Cir. 2016) (holding that

party seeking to delay summary judgment under Rule 56(d) for lack of discovery "must show

that the material sought is germane to the defense, and that it is neither cumulative nor

speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the

hands of the defendant is insufficient") (citation and internal quotes omitted).   At their core,

Plaintiffs' cries of insufficient discovery simply represent an improper attempt to circumvent the

Court's order at the December 3, 2021 hearing, which limited discovery for purposes of

Defendants' Motion.   *See Fazzari v. Cohen, Pontani, Lieberman, & Pavane, LLP,* 14 Civ. 6549,

2019 WL 1258483, at *4 (S.D.N.Y. Mar. 19, 2019) (holding 56(d) requests made in

nonmovant's 56.1 responses were "duplicative of prior discovery disputes and easily rejected by

the Court," and noting that 56(d) "cannot be used to circumvent prior discovery orders").   But

here, as at the December 3 hearing, Plaintiffs have failed to identify any discovery they need that

is relevant to the issues on which Defendants' Motion is based.

3

For these reasons, and the reasons addressed below, Plaintiffs' Response to Defendants'

Rule 56.1 Statement should not be credited.

| | Defendants' Statement of Undisputed Material Facts | Plaintiffs' Response | Defendants' Reply |
|---|---|---|---|
| 1. | Plaintiff Roy Moore ("Judge Moore") is a former Chief Justice of the Supreme Court of Alabama. Compl. ¶ 9. | Admit. | |
| 2. | Judge Moore is the Founder and President Emeritus of the Foundation for Moral Law. *See* http://morallaw.org/about/; Compl. at 1 (listing Judge Moore in caption as "c/o Foundation for Moral Law, P.O. Box 4086, Birmingham, AL, 36103). | Admit. | |
| 3. | In 2017, Plaintiff Judge Moore ran for the U.S. Senate for the State of Alabama in a special election to replace Senator Jeff Sessions, who had been appointed Attorney General. Compl. ¶ 9; Declaration of Elizabeth A. McNamara, sworn to February 8, 2021 ("McNamara Decl.") ¶ 5 & Ex. 3 (Alexander Burns & Jonathan Martin, *Once a Long Shot, Democrat Doug Jones Wins Alabama Senate Race*, N.Y. Times (Dec. 12, 2017)). | Admit. | |
| 4. | During Judge Moore's U.S. Senate campaign, he faced | Deny. These false accusations were never | Plaintiffs' response does not controvert the fact set forth |

| | | |
|---|---|---|
| | mounting and widely reported claims that he had inappropriate sexual encounters with young women—including one who was underage at the time—in the 1970s, while he was in his 30s.  McNamara Decl. ¶ 3 & Ex. 1 (Stephanie McCrummen, *et al.*, *Woman says Roy Moore initiated sexual encounter when she was 14, he was 32*, Wash. Post (Nov. 9, 2017)); McNamara Decl. ¶ 4 & Ex. 2 (Stephanie McCrummen, *Woman shares new evidence of relationship with Roy Moore when she was 17*, Wash. Post (Dec. 4, 2017)). | corroborated by any reputable source. | in Defendants' statement that Judge Moore "faced" claims of inappropriate sexual encounters with young women, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).  Instead, Plaintiffs' response "simply advocate[s] for a different spin on otherwise uncontroverted facts."  *See Hartley*, 785 F. Supp. 2d at 170 n. 1 (rejecting such arguments as insufficient to controvert facts). Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contention. *See Baity*, 51 F. Supp. 3d at 421. |
| 5. | On December 12, 2017, Judge Moore lost the U.S. Senate election to Democratic candidate Doug Jones.  McNamara Decl. ¶ 5 & Ex. 3 (Alexander Burns & Jonathan Martin, *Once a Long Shot, Democrat Doug Jones Wins Alabama Senate Race*, N.Y. Times (Dec. 12, 2017)). | Admit. | |
| 6. | Many analysts attributed Judge Moore's election loss to Doug Jones to the allegations of sexual misconduct made against Judge Moore.  McNamara Decl. ¶ 5 & Ex. 3 (Alexander Burns & | Deny. These false accusations were never corroborated by any reputable source. Plaintiffs are unaware if "many" analysts attributed Judge Moore's election loss to Doug Jones to the | Plaintiffs' response does not controvert the fact set forth in Defendants' statement that analysts "attributed" Judge Moore's election loss to allegations of sexual misconduct, and the fact should therefore be deemed |

| | | | |
|---|---|---|---|
| | Jonathan Martin, *Once a Long Shot, Democrat Doug Jones Wins Alabama Senate Race*, N.Y. Times (Dec. 12, 2017) (describing Judge Moore as "scandal-scarred" "after a brutal campaign marked by accusations of sexual abuse and child molestation")); McNamara Decl. ¶ 6 & Ex. 4 (Jonathan Allen, *Alabama's Women Wrote the Verdict on Roy Moore*, NBC News (Dec. 13, 2017)). | allegations of sexual misconduct made against Judge Moore. | admitted.  Local Rule 56.1(c).  Instead, Plaintiffs' response improperly "advocate[s] for a different spin on otherwise uncontroverted facts." *See Hartley*, 785 F. Supp. 2d at 170 n. 1.  Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.  Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contention. *See Baity*, 51 F. Supp. 3d at 421. |
| 7. | After his election loss, Plaintiffs filed a libel suit against several of the women who had accused Judge Moore of misconduct. McNamara Decl. ¶ 7 & Ex. 5 (Complaint in *Moore v. Hagedorn, et al.* (Ala. Cir. Ct. Etowah Cty.)). | Admit. | |
| 8. | Plaintiff Kayla Moore is Judge Moore's wife. Compl. ¶ 4. | Admit. | |
| 9. | Kayla Moore is the President of the Foundation for Moral Law.  *See* http://morallaw.org/our-staff/kmoore/; Compl. at 1 (listing Kayla Moore in | Admit. | |

| | | | |
|---|---|---|---|
| | caption as "c/o Foundation for Moral Law, P.O. Box 4086, Birmingham, AL, 36103). | | |
| 10. | Kayla Moore unsuccessfully ran for state Republican Executive Committee in June 2018.  McNamara Decl. ¶ 8 & Ex. 6 (Connor Sheets, *Roy Moore's wife, Kayla Moore, loses bid for state Republican Executive Committee*, AL.com (June 6, 2018)). | Admit. | |
| 11. | Defendant Cohen is a comedian and political satirist, who has created numerous projects in which he "portray[s] disguised fictional characters" who interact with "real" people, including the television series *Da Ali G Show*, and the films *Borat* and *Brüno*. Compl. ¶ 10. | Deny as Defendant Cohen is simply a fraudster. | The fact should be deemed admitted because it is contained in Plaintiffs' complaint.  *See* Compl. ¶ 10.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).  Instead, Plaintiffs' response improperly "advocate[s] for a different spin on otherwise uncontroverted facts."  *See Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contention. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because |

| | | |
|---|---|---|
| | | it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. |
| 12. | Defendant SNI is a wholly owned subsidiary of ViacomCBS.  Declaration of Brendan Countee, sworn to February 8, 2021 ("Countee Decl.") ¶ 3. | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Their attempt to invoke it should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.

Plaintiffs' response should also be disregarded as its assertions that the statement |

| | | |
|---|---|---|
| | | is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421 (disregarding purported denials that were in fact "improper legal arguments"). |
| 13. | Four By Two Films, Inc. is a production company solely owned by Cohen. Declaration of Todd Schulman, sworn to February 7, 2021 ("Schulman Decl.") ¶ 2. | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Their attempt to invoke it should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |

| | | | |
|---|---|---|---|
| | | | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 14. | Yerushalayim Television, LLC ("YTV") was formed on October 6, 2017 under Wyoming law.  McNamara Decl. ¶ 12 & Ex. 10 (YTV Articles of Organization). | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, the YTV Articles of Organization – which Plaintiffs do not dispute support Defendants' statement – were produced by Defendants in discovery (McNamara Decl. ¶ 12) and were the subject of questioning by Plaintiffs at the deposition of Jenifer |

| | | claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Wallis (McNamara Decl. ¶ 11 & Ex. 9 ("Wallis Tr.") at 28:15-29:18).  Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  *Baity*, 51 F. Supp. 3d at 418. Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.

Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a |

| | | |
|---|---|---|
| | | Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 15. | The sole member of YTV is Greenpark Television, LLC ("Greenpark"). McNamara Decl. ¶ 13 & Ex. 11 (Registered Agent Services Agreement for YTV, listing Greenpark as the sole member of YTV); McNamara Decl. ¶ 11 & Ex. 9 (Excerpts from Transcript of Deposition of Jenifer Wallis, January 14, 2021 ("Wallis Tr.")) at 21:24-22:5; McNamara Decl. ¶ 10 & Ex. 8 (Excerpts from Transcript of Deposition of Todd Schulman, January 14, 2021 ("Schulman Tr.")) at 33:20-22. | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue. Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word. This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition. Indeed, the Registered Service Agreement for YTV – which Plaintiffs do not dispute supports Defendants' statement – was produced by Defendants in discovery (McNamara Decl. ¶ 13) and was the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis (Wallis Tr. at 37:1-21). Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |

| | | |
|---|---|---|
| | | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 16. | YTV was an active LLC under Wyoming law on October 1, 2018. McNamara Decl. ¶ 14 & Ex. 12 (YTV 2018 Annual Report). | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, the YTV 2018 Annual Report – which Plaintiffs do not dispute supports Defendants' statement – was produced by Defendants in discovery (McNamara Decl. ¶ 14) and was the subject of questioning by Plaintiffs at the deposition of Jenifer |

<table>
<tr>
<td></td>
<td></td>
<td>claims involving any allegedly sexual-oriented or offensive behavior or questioning.</td>
<td>Wallis (Wallis Tr. at 43:3-21). Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.

Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421.</td>
</tr>
</table>

| 17. | YTV was administratively dissolved in 2019. McNamara Decl. ¶ 15 & Ex. 13; Wallis Tr. at 49:9-13. | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Plaintiffs had the opportunity specifically to ask about the dissolution of YTV at the deposition of Jenifer Wallis.  Wallis Tr. at 49:9-13.  Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |

| | | |
|---|---|---|
| | | Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 18. | Greenpark was formed on May 23, 2017 under California law.  McNamara Decl. ¶ 16 & Ex. 14 (Greenpark Articles of Organization). | Disputed with explanation.  Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, the Greenpark Articles of Organization – which Plaintiffs do not dispute support Defendants' statement – were produced by Defendants in discovery (McNamara Decl. ¶ 16) and were the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis (Wallis Tr. at 50:4-52:3).  Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore |

| | | |
|---|---|---|
| | | be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions.  *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 19. | The sole member of Greenpark is La Quinta Entertainment, LLC ("La Quinta").  McNamara Decl. ¶ 17 & Ex. 15 (Greenpark June 5, 2017 Statement of Information, naming La Quinta in the section setting forth the Manager(s) and Member(s) of Greenpark); | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their |

| | | |
|---|---|---|
| McNamara Decl. ¶ 18 & Ex. 16 (notification from United States Internal Revenue Service that Greenpark had been assigned an Employer Identification Number for tax purposes, addressed to "Greenpark Television LLC c/o La Quinta Entertainment LLC Sole."); Wallis Tr. at 22:8-9; Schulman Tr. at 33:23-25. | shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word. This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | opposition. Indeed, the documents referenced in Defendants' statement – which Plaintiffs do not dispute support Defendants' statement – were produced by Defendants in discovery (McNamara Decl. ¶¶ 17-18) and were the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis (Wallis Tr. at 52:9-23 and 53:3-13). Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. *Baity*, 51 F. Supp. 3d at 418. Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.

Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the |

| | | |
|---|---|---|
| | | Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 20. | La Quinta was formed on March 30, 2017 under California law. McNamara Decl. ¶ 19 & Ex. 17 (La Quinta Articles of Organization). | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue. Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word. This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition. Indeed, the La Quinta Articles of Organization – which Plaintiffs do not dispute support Defendants' statement – were produced by Defendants in discovery (McNamara Decl. ¶ 19) and were the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis (Wallis Tr. at 54:4-19). Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c). |

| | | |
|---|---|---|
| | | Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 21. | The sole member of La Quinta is Please You Can Touch, LLC ("PYCT"). McNamara Decl. ¶ 21 & Ex. 19 (La Quinta Operating Agreement, listing PYCT as the sole member of La Quinta); McNamara Decl. ¶ 20 & Ex. 18 (La Quinta April 17, 2017 Statement of Information, naming PYCT in the section setting forth the Manager(s) and | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue. Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition. Indeed, the documents referenced in Defendants' Statement – |

| | | |
|---|---|---|
| Member(s) of La Quinta); Wallis Tr. at 22:11-12; Schulman Tr. at 34:1-3. | word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | which Plaintiffs do not dispute support Defendants' statement – were produced by Defendants in discovery (McNamara Decl. ¶¶ 20-21) and were the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis (Wallis Tr. at 55:14-56:14 and 58:24-60:2). Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.

Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to |

| | | |
|---|---|---|
| | | waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 22. | PYCT was formed on August 11, 2009 under California law.  McNamara Decl. ¶ 22 & Ex. 20 (PYCT Articles of Organization). | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, the PYCT Articles of Organization – which Plaintiffs do not dispute support Defendants' statement – were produced by Defendants in discovery (McNamara Decl. ¶ 22) and were the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis (Wallis Tr. at 60:16-61:10).  Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded. |
| | | | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| | | | Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed |

| | | |
|---|---|---|
| | | admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 23. | The sole member of PYCT is Cohen.  McNamara Decl. ¶ 23 & Ex. 21 (PYCT Operating Agreement, naming Cohen as the initial member of PYCT); McNamara Decl. ¶ 24 & Ex. 22 (PYCT January 13, 2019 Statement of Information, naming Cohen in the section setting forth the Manager(s) and Member(s) of PYCT); McNamara Decl. ¶ 25 & Ex. 23 (PYCT May 1, 2019 Statement of Information, naming Cohen in the section setting forth the Manager(s) and Member(s) of PYCT); | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, the PYCT Operating Agreement – which Plaintiffs do not dispute supports Defendants' statement – was produced by Defendants in discovery (McNamara Decl. ¶ 23) and |

| | | |
|---|---|---|
| McNamara Decl. ¶ 9 & Ex. 7 (Excerpts from Transcript of Deposition of Sacha Baron Cohen, January 13, 2021 ("Cohen Tr.")) at 30:16-24; Wallis Tr. at 22:12. | Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | was the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis (Wallis Tr. at 71:1-13).  Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a |

| | | |
|---|---|---|
| | | Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 24. | Cohen is the ultimate sole owner of YTV, Greenpark, La Quinta, and PYCT, and, as such, is the parent of YTV.  Cohen Tr. at 30:13-31:5. | Disputed with explanation.  Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Plaintiffs had the opportunity specifically to ask Cohen about his ownership of YTV, Greenpark, La Quinta, and PYCT at Cohen's deposition.  McNamara Decl. ¶ 9 & Ex. 7 ("Cohen Tr.") at 30:13-31:5.  Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material |

| | | | |
|---|---|---|---|
| | | | fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 25. | *Who Is America?* is a comedy series that employs fictional characters from across the political spectrum (all played by Cohen) who conduct interviews with real individuals to expose and comment on the disparate political views in the United States.  Schulman Decl. ¶ 3. | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this |

| | | | |
|---|---|---|---|
| | | | fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 26. | *Who Is America?* was created, co-produced, and co-written by its star, Defendant Cohen. Schulman Decl. ¶¶ 3-4. | Admit. | |
| 27. | Defendant SNI aired and distributed the Program through the cable network it owns and operates, SHOWTIME. Countee Decl. ¶ 7. | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue. Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word. This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition. Their attempt to invoke it should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material |

| | | | |
|---|---|---|---|
| | | | fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 28. | The program was licensed to SNI by La Quinta and PYCT, two parent companies of YTV. Countee Decl. ¶ 4; McNamara Decl. ¶¶ 12-25 & Exs. 10-23. | Disputed with explanation. Pursuant to F.R.C.P 56(d), Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue. Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word. This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition. Indeed, Defendants produced documents in discovery that Plaintiffs do not dispute demonstrate the corporate ownership of YTV, and that were the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis. *See McNamara* Decl. ¶¶ 12-25 & Exs. 10-23. Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded. |

| | | | |
|---|---|---|---|
| | | | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 29. | The first episode of the Program ("Episode 1") aired on SHOWTIME on July 15, 2018.  Countee Decl. ¶ 10. | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore |

| | | | |
|---|---|---|---|
| | | | be deemed admitted.  Local Rule 56.1(c). |
| | | | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| | | | Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. |
| | | | Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 30. | In Episode 1, Cohen, playing Billy Wayne Ruddick Jr., PhD, conducts an interview of Bernie Sanders, in which Ruddick explains to Sanders that his solution to economic disparity in America is to have the entire population become part of the "1 percent."  Countee Decl. ¶ 13 & Ex. 2 (Episode 1, DEF0000413.mp4). | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| | | | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |

| | | | |
|---|---|---|---|
| | | | Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 31. | In Episode 1, Cohen, playing Erran Morad, an Israeli "anti-terrorism" expert, promotes a "Kinderguardians" program to various advocates, lobbyists, and politicians. Countee Decl. ¶ 13 & Ex. 2 (Episode 1 DEF0000413.mp4). | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 |

| | | | |
|---|---|---|---|
| | | | statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 32. | The Kinderguardians program promoted by Morad consists of training children between the ages of three and sixteen to use firearms as a defense against school shootings.  Countee Decl. ¶ 13 & Ex. 2 (Episode 1, DEF0000413.mp4). | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 33. | The Kinderguardians segment of Episode 1 includes a mock educational video set against a colorful cartoon background, featuring gun rights activist Philip Van Cleave, who instructs the audience in the use of firearms using children's songs and guns accessorized with stuffed | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create |

| | | | |
|---|---|---|---|
| | animals bearing names like "Puppy Pistol," "Gunny Rabbit" and "Uzicorn." Countee Decl. ¶ 13 & Ex. 2 (Episode 1, DEF0000413.mp4). | | a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 34. | In Episode 1, former Congressman Joe Walsh, then-Congressmen Dana Rohrbacher and Joe Wilson, and others express their support for the Kinderguardians program. Countee Decl. ¶ 13 & Ex. 2 (Episode 1, DEF0000413.mp4). | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. |

|  |  |  | Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
|---|---|---|---|
| 35. | The second episode of the Program ("Episode 2") was first exhibited on SHOWTIME on July 22, 2018.  Countee Decl. ¶ 11. | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
|  |  |  | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
|  |  |  | Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. |
|  |  |  | Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 36. | In Episode 2, Cohen, playing Erran Morad, teaches a former Georgia state politician to combat ISIS, instructing him to | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore |

| | | | |
|---|---|---|---|
| | detect and repel terrorists by yelling epithets, wearing a burqa, and attempting to touch them with his bare buttocks.  Countee Decl. ¶ 13 & Ex. 2 (Episode 2, DEF0000414.mp4). | | be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.

Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.

Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 37. | In Episode 2, Cohen, playing Erran Morad, conducts an interview with former Vice President Dick Cheney, over the course of which Morad makes a number of double entendres based on Vice President Cheney's first name. Countee Decl. ¶ 13 & Ex. 2 (Episode 2, DEF0000414.mp4). | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |

| | | | |
|---|---|---|---|
| | | | Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 38. | During Morad's interview with Dick Cheney, after the conversation turns to the subject of waterboarding, Morad notes that he has waterboarded his own wife and asks Vice President Cheney to sign his "waterboarding kit," which he does.  Countee Decl. ¶ 13 & Ex. 2 (Episode 2, DEF0000414.mp4). | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 |

| | | | |
|---|---|---|---|
| | | | statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 39. | On February 13, 2018, Plaintiffs flew from Montgomery, Alabama to Washington, D.C. Schulman Decl. ¶ 10. | Admit. | |
| 40. | The Moores' flight from Montgomery to Washington on February 13, 2018 was paid for by a representative of La Quinta.  Schulman Decl. ¶¶ 10, 15 & Ex. 1. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs do not have adequate knowledge who expended these funds. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Plaintiffs do not challenge the authenticity of the referenced evidence showing the Moores' flight was paid for by a representative of La Quinta, which was produced by Defendants in discovery. Their attempt to invoke Rule 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |

| | | |
|---|---|---|
| | | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| 41. | After Plaintiffs' flight from Montgomery, Alabama to Washington, D.C., a car service took Plaintiffs from the airport in Washington, D.C. to the Mandarin Oriental Hotel.  Schulman Decl. ¶ 11. | Admit. | |
| 42. | Plaintiffs' car service from the airport in Washington, D.C. to the Mandarin Oriental Hotel on February 13, 2018 was paid for by a representative of La Quinta. Schulman Decl. ¶¶ 11, 15 & Ex. 2. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs do not have adequate knowledge who expended these funds. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Plaintiffs do not challenge the authenticity of the referenced evidence showing the Moores' flight was paid for by a representative of La Quinta, which was produced by Defendants in discovery. Their attempt to invoke Rule 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore |

| | | |
|---|---|---|
| | | be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| 43. | From February 13, 2018 to February 14, 2018, Plaintiffs stayed at the Mandarin Oriental hotel in Washington, D.C. Schulman Decl. ¶ 12. | Admit. | |
| 44. | Plaintiffs' room at the Mandarin Oriental hotel from February 13, 2018 to February 14, 2018 was paid for by a representative of La Quinta.  Schulman Decl. ¶¶ 12, 15 & Ex. 3. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs do not have adequate knowledge who expended these funds. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Plaintiffs do not challenge the authenticity of the referenced evidence showing the Moores' room at the Mandarin Oriental Hotel was paid for by a representative of La Quinta, which was produced by |

| | | |
|---|---|---|
| | | Defendants in discovery. Their attempt to invoke Rule 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| 45. | On February 14, 2018, a car service took Plaintiffs from the Mandarin Oriental Hotel in Washington, D.C. to the location of an interview that Judge Moore conducted with Cohen, and then from the location of interview to the airport in Washington, D.C.  Schulman Decl. ¶ 13. | Admit. | |
| 46. | Plaintiffs' car service on February 14, 2018 from the Mandarin Oriental Hotel to the location of the interview, and from the location of the interview to | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs do not have adequate knowledge who expended these funds. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need |

| | | | |
|---|---|---|---|
| | the airport in Washington, D.C., was paid for by a representative of La Quinta. Schulman Decl. ¶¶ 13, 15 & Ex. 4. | | for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Plaintiffs do not challenge the authenticity of the referenced evidence showing the Moores' car service was paid for by a representative of La Quinta, which was produced by Defendants in discovery.  Their attempt to invoke Rule 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions.  *See Baity*, 51 F. Supp. 3d at 421. |
| 47. | On February 14, 2018, Plaintiffs flew from Washington, D.C. to | Admit. | |

| | | |
|---|---|---|
| | Montgomery, Alabama. Schulman Decl. ¶ 14. | | |
| 48. | Plaintiffs' flight from Washington, D.C. to Montgomery, Alabama was paid for by a representative of La Quinta.  Schulman Decl. ¶¶ 14, 15 & Ex. 1. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs do not have adequate knowledge who expended these funds. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Plaintiffs do not challenge the authenticity of the referenced evidence showing the Moores' flight was paid for by a representative of La Quinta, which was produced by Defendants in discovery. Their attempt to invoke Rule 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence |

| | | | |
|---|---|---|---|
| | | | to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| 49. | The third episode of the Program ("Episode 3") was first exhibited on SHOWTIME on July 29, 2018.  Countee Decl. ¶ 12. | Admit. | |
| 50. | Episode 3 contains an interview Cohen, playing Erran Morad, conducted of Judge Moore.  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | Admit. | |
| 51. | The interview of Judge Moore by Morad took place at a hotel in Washington, D.C. on February 14, 2018. Schulman Decl. ¶ 9. | Admit. | |
| 52. | The interview of Judge Moore by Morad was the first segment in the 25-minute Episode 3.  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself. Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 53. | After an introduction from "Morad," the segment shows a montage of news anchors discussing the rising tide of accusations of sexual misconduct against Judge Moore, with a succession of news anchors saying "Four women…," "A fifth woman…," "A total of nine women have now come forward," with one clip | Deny as irrelevant. The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself. Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |

| | | | |
|---|---|---|---|
| | showing onscreen text from a *Washington Post* article stating "Woman says Roy Moore initiated sexual encounter when she was 14, he was 32." Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | | Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 54. | The segment then cuts to President Trump at a rally telling his audience "Get out and vote for Roy Moore. Do it." Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | Deny as irrelevant. The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 55. | After first discussing with Judge Moore why the State of Alabama is so closely connected to Israel (during which Judge Moore states that "Alabama has always been a state that valued freedom, valued liberty"), Morad brings up the Israeli military's use of technology to fight terrorist attacks. Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted. Local Rule 56.1(c). |

| 56. | Morad describes a device which he claims can detect the location of tunnels used to infiltrate Israel using "seismic waves."  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
|---|---|---|---|
| 57. | Morad explains that the technology is also able to "identify other abnormalities," including "sex offenders and particularly pedophiles," who secrete a certain "enzyme" at "three times the level of non-perverts." Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 58. | Morad then holds up a black plastic wand that looks like an ordinary metal detector that would be used for security checks at airports and courthouses.  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 59. | Morad waves the wand in front of himself and Judge Moore, noting that "because neither of us are sex offenders, then it make absolutely nothing [*sic*]." Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore |

| | | | be deemed admitted.  Local Rule 56.1(c). |
|---|---|---|---|
| 60. | To Morad's apparent surprise, as he waves the wand in front of Judge Moore, it emits a beep. Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | Deny as this was not to Morad's surprise. Defendant Cohen knew what he was doing. | Plaintiffs' response does not controvert Defendants' description of Morad's "apparent" surprise at the wand beeping, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 61. | Morad insists the device "must be faulty," smacks it against his hand, and asks if Judge Moore may have lent the jacket he was wearing to someone else.  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.  Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 62. | Judge Moore states that he has "been married for 33 – and never had an accusation of such things."  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.  Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 63. | Judge Moore then cuts off the interview and leaves, as Morad insists that the device is "not saying that you are a pedophile, of course not" and that he is "not saying you are a sex offender at all."  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | The segment with Judge Moore speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.  Plaintiffs' response does not controvert Defendants' description and quotation of this portion of the segment, and the fact should therefore |

| | | | |
|---|---|---|---|
| | | | be deemed admitted.  Local Rule 56.1(c). |
| 64. | In Episode 3, Cohen, playing Dr. Nira Cain-N'Degeocello, facilitates a "debate" between a Republican state legislator and rapper named "Bone Crusher" and engages in a rap battle on the streets of Atlanta.  Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions.  *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]."  *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 65. | In Episode 3, Cohen, playing Erran Morad, teaches three would-be vigilantes how to lure and trap illegal immigrants by hosting a fake Quinceañera celebration, which involves one of the men dressing up as a teenage girl (complete with a ball gown and tiara), before the plan is foiled by | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create |

| | | | |
|---|---|---|---|
| | the arrival of the police. Countee Decl. ¶ 13 & Ex. 2 (Episode 3, DEF0000415.mp4). | | a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1.<br><br>Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 66. | Prior to the taping of his interview with Cohen on February 14, 2018, Judge Moore signed a Standard Consent Agreement ("SCA") with "Yerushalayim TV (including its assigns, licensees, parents, subsidiaries, and affiliates)," which are collectively defined as the "Producer" in the agreement. Schulman Decl. ¶ 16 & Ex. 5. | Deny as this Consent Agreement was modified in writing by all parties | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. |

| 67. | The SCA is signed by "Roy S. Moore." Schulman Decl. ¶ 16 & Ex. 5. | Admit. | |
|---|---|---|---|
| 68. | The SCA is dated "2/14/2018." Schulman Decl. ¶ 16 & Ex. 5. | Admit. | |
| 69. | Mrs. Moore was present when Judge Moore signed the SCA. Schulman Decl. ¶ 18. | Admit. | |
| 70. | The preamble to the SCA states: "This is an agreement between Yerushalayim TV (including its assigns, licensees, parents, subsidiaries, and affiliates) (collectively, the "Producer") and the undersigned participant (the "Participant"). In exchange for the Producer making a $200 donation to a charity chosen by the Participant and allowing an opportunity for the Participant to appear in a television series, the Participant agrees as follows." Schulman Decl. ¶ 16 & Ex. 5. | Deny as the document speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' quotation of this portion of the SCA, and the fact should therefore be deemed admitted. Local Rule 56.1(c). |
| 71. | Cohen is a producer of the Program, Schulman Decl. ¶¶ 3-4, and a parent of YTV. Cohen Tr. at 30:13-31:5. | Disputed with explanation. Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue. Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word. This is also irrelevant, as this matter | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition. Their attempt to invoke it should therefore be disregarded. |

| | | does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 72. | SNI is a licensee of YTV through its parents, La Quinta and PYCT.  Countee Decl. ¶ 4; McNamara Decl. ¶¶ 12-25 & Exs. 10-23. | Disputed with explanation.  Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need |

| | | only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Indeed, Defendants produced documents in discovery that Plaintiffs do not dispute demonstrate the corporate ownership of YTV, and that were the subject of questioning by Plaintiffs at the deposition of Jenifer Wallis.  McNamara Decl. ¶¶ 12-25 & Exs. 10-23.  Plaintiffs' attempt to invoke F.R.C.P. 56(d) should therefore be disregarded.

Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).

Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.

Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions.  *See Baity*, 51 F. Supp. 3d at 421.

Plaintiffs' response should also be disregarded as its assertions that the statement |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
| 73. | ViacomCBS is the parent of SNI.  Countee Decl. ¶ 3. | Disputed with explanation. Plaintiffs do not have adequate knowledge of the actual of the corporate entities used to defraud Judge Moore, as they were only allowed extremely limited discovery into this issue.  Defendants have shown a pattern and practice of fraud and dishonesty, and cannot be taken at their word.  This is also irrelevant, as this matter does not reach the question of whether Defendants can enforce the "Consent Agreement," as it is void for fraud and Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Their attempt to invoke it should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material |

| | | | |
|---|---|---|---|
| | | | fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertions that the statement is "irrelevant," that the Standard Consent Agreement is "void for fraud," and that "Judge Moore expressly declined to waive claims involving any allegedly sexual-oriented or offensive behavior or questioning" are legal arguments inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 74. | Beneath the preamble to the SCA the text "Foundation For Moral Law" is written in ink.  Schulman Decl. ¶ 16 & Ex. 5. | Deny as the document speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' quotation of this portion of the SCA, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 75. | Paragraph 4 of the SCA states:<br><br>The Participant specifically, but without limitation, waives, and agrees not to bring at any time in the future, any claims against the Producer, or against any of its assignees or licensees or anyone associated with the Program, which are related to the Program or its production, or this | Deny as the document speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself.<br><br>Plaintiffs' response does not controvert Defendants' quotation of this portion of the SCA, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |

| | | |
|---|---|---|
| agreement, including, but not limited to, claims involving assertions of (a) failure to adequately compensate Participant, (b) failure to use the footage of Participant in the Program, (c) infringement of rights of publicity or misappropriation (such as any allegedly improper or unauthorized use of the Participant's name or likeness or image), (d) damages caused by "acts of God" (such as, but not limited to, injuries from natural disasters), (e) damages caused by acts of terrorism or war, (f) intrusion or invasion of privacy (such as any allegedly sexual-oriented or offensive behavior or questioning), (g) false light (such as any allegedly false or misleading portrayal of the Participant), (h) infliction of emotional distress (whether allegedly intentional or negligent), (i) trespass (to property or person), (j) breach of any alleged contract (whether the alleged contract is verbal or in writing), (k) allegedly deceptive business or trade practices, (l) copyright or trademark infringement, (m) defamation (such as any allegedly false statements made in the Program), (n) violations of Section 43(a) of the Lanham Act (such as allegedly false or misleading statements or | | |

| | | | |
|---|---|---|---|
| | suggestions about the Participant in relation to the Program or the Program in relation to the Participant), (o) prima facie tort (such as alleged intentional harm to the Participant), (p) fraud (such as any alleged deception about the Program or this consent agreement), (q) breach of alleged moral rights, or (r) tortious or wrongful interference with any contracts or business of the Participant." Schulman Decl. ¶ 16 & Ex. 5 § 4. | | |
| 76. | The following parenthetical language of Paragraph 4 of the SCA is struck through, with the initials "RSM" handwritten alongside in the margin: "(such as any allegedly sexual-oriented or offensive behavior or questioning)." Schulman Decl. ¶ 16 & Ex. 5 § 4. | Admit. | |
| 77. | Paragraph 5 of the SCA states: This is the entire agreement between the Participant and the Producer or anyone else in relation to the Program, and the Participant acknowledges that in entering into it, the Participant is not relying upon any promises or statements made by anyone about the nature of the Program or the identity, behavior, or qualifications | Deny as the document speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself. Plaintiffs' response does not controvert Defendants' quotation of this portion of the SCA, and the fact should therefore be deemed admitted. Local Rule 56.1(c). |

| | | | |
|---|---|---|---|
| | of any other Participants, cast members, or other persons involved in the Program. Participant is signing this agreement with no expectations or understandings concerning the conduct, offensive or otherwise, of anyone involved in this Program." Schulman Decl. ¶ 16 & Ex. 5 § 5. | | |
| 78. | Paragraph 6 of the SCA state: Although the Participant agrees not to bring any claim in connection with the Program or its production, if any claim nevertheless is made, the Participant agrees that any such claim must be brought before, and adjudicated by, only a competent court located in the State and County of New York, and governed by the substantive laws of the State of New York. This paragraph is intended by the parties to stand on its own, and it is intended to be valid and enforceable, even if a court finds that other paragraphs are not valid or enforceable. | Deny as the document speaks for itself. | Defendants agree that the segment with Judge Moore speaks for itself. Plaintiffs' response does not controvert Defendants' quotation of this portion of the SCA, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| 79. | On February 20, 2018, an employee of La Quinta made a donation of $200 to the Foundation for Moral Law.  Schulman Decl. ¶¶ 19-20 & Ex. 7. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs do not have adequate knowledge who expended these funds. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" |

| | | | |
|---|---|---|---|
| | | | why they cannot present facts essential to their opposition.  Indeed, Plaintiffs do not challenge the authenticity of the referenced evidence showing the contribution was made, which was produced by Defendants in discovery.  Their attempt to invoke Rule 56(d) should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions.  *See Baity*, 51 F. Supp. 3d at 421. |
| 80. | Joe Walsh, Dana Rohrbacher, Joe Wilson and Dick Cheney signed agreements with YTV prior to their participation in *Who Is America?*. Schulman Decl. ¶ 17 & Ex. 6. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no actual knowledge of any agreements signed by Joe Walsh, Dana Rohrbacher, Joe Wilson, and Dick Cheney. | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present |

| | | |
|---|---|---|
| | | facts essential to their opposition.  Their attempt to invoke it should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| 81. | With the exception of the strikethrough and the information regarding the charitable donation written in ink, the SCA signed by Judge Moore is identical to the agreements signed by Walsh, Rohrbacher, Wilson, and Cheney with YTV. Schulman Decl. ¶¶ 16, 17 & Exs. 5, 6. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no actual knowledge of any agreements signed by Joe Walsh, Dana Rohrbacher, Joe Wilson, and Dick Cheney, but Judge Moore's "Consent Agreement" expressly forbade "any allegedly sexual-oriented or offensive behavior or questioning." Moore Dec. ¶X | Plaintiffs have not met the requirements for relief under F.R.C.P. 56(d), as they did not submit an affidavit or declaration in support of their alleged need for additional discovery, or show "specified reasons" why they cannot present facts essential to their opposition.  Their attempt to invoke it should therefore be disregarded.<br><br>Plaintiffs' response does not controvert the fact set forth in Defendants' statement, |

| | | | |
|---|---|---|---|
| | | | and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted.  *See Stepheny*, 356 F. Supp. 2d at 255 n. 4.<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions.  *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' response should also be disregarded as its assertion that "Judge Moore's 'Consent Agreement' expressly forbade 'any allegedly sexual-oriented or offensive behavior or questioning'" is a legal argument inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 82. | The First Amended Complaint in *Martin v. Mazer et al.*, No. 08-cv-1828 (S.D.N.Y.) (the "*Martin* Case"), alleged that the producers of *Borat*, "through fraud and deceit, Defendants hijacked [the plaintiff's] name, image, likeness and goodwill and used them in an R-rated blockbuster movie without | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material |

| | | | |
|---|---|---|---|
| | her permission." McNamara Decl. ¶ 26 & Ex. 24 ¶ 2. | | fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| | | | Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. |
| | | | Plaintiffs' response purporting to "[d]eny" this fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement.  *See Baity*, 51 F. Supp. 3d at 421. |
| 83. | The First Amended Complaint in *Streit v. Twentieth Century Fox Film Corp.*, No. 08-cv-1571 (S.D.N.Y.) (the "*Streit* Case"), alleged that the producers of *Borat* "cast[] Plaintiffs as racially intolerant."  McNamara Decl. ¶ 27 & Ex. 25 ¶ 35. | Deny as irrelevant. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |
| | | | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421. |
| | | | Plaintiffs' response should also be disregarded because it is a "conclusory [and] non-responsive objection[]." *Hartley*, 785 F. Supp. 2d at 170 n. 1. |
| | | | Plaintiffs' response purporting to "[d]eny" this |

| | | fact as "irrelevant" should also be disregarded, as it is a legal argument inappropriate to a Rule 56.1 statement. *See Baity*, 51 F. Supp. 3d at 421. |
|---|---|---|
| 84. | The plaintiff in *Psenicska v. Twentieth Century Fox Film Corp.*, No. 07-cv-10972 (S.D.N.Y.) (the "*Psenicska* Case"), entered into a "standard consent agreement" with "Springland Films" in connection with his appearance in *Borat*, which waived all claims against "anyone associated with the Film," including any claims for "fraud (such as any alleged deception or surprise about the Film or this consent agreement)." McNamara Decl. ¶ 28.a & Ex. 26 § 4. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no knowledge of the actual "agreements" entered into by the Plaintiffs in the *Psenicska* Case. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).  Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.  Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |
| 85. | The plaintiff in the *Psenicska* Case entered into a "standard consent agreement" with "Springland Films" in connection with his appearance in *Borat*, which stated that "the Participant acknowledges that in entering into [the agreement], the Participant is not relying upon any promises or statements made by anyone about the nature of the Film or the | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no knowledge of the actual "agreements" entered into by the Plaintiffs in the *Psenicska* Case. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).  Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. |

| | | | |
|---|---|---|---|
| | identity of any other Participants or persons involved in the Film. McNamara Decl. ¶ 28.a & Ex. 26 § 5. | | *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |
| 86. | The plaintiffs in the *Streit* Case entered into a "standard consent agreement" with a "Springland Films" in connection with their appearance in *Borat*, which waived all claims against "anyone associated with the Film," including any claims for "fraud (such as any alleged deception or surprise about the Film or this consent agreement)." McNamara Decl. ¶ 28.b & Ex. 27 § 4. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no knowledge of the actual "agreements" entered into by the Plaintiffs in the *Streit* Case. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |
| 87. | The plaintiffs in the *Streit* Case entered into a "standard consent agreement" with a "Springland Films" in connection with their appearance in *Borat*, which stated that "the Participant acknowledges that in entering into [the agreement], the Participant | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no knowledge of the actual "agreements" entered into by the Plaintiffs in the *Streit* Case. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create |

| | | |
|---|---|---|
| | is not relying upon any promises or statements made by anyone about the nature of the Film or the identity of any other Participants or persons involved in the Film. McNamara Decl. ¶ 28.b & Ex. 27 § 5. | | a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |
| 88. | The plaintiff in the *Martin* Case entered into a "standard consent agreement" with "Springland Films" in connection with her appearance in *Borat*, which waived all claims against "anyone associated with the Film," including any claims for "fraud (such as any alleged deception or surprise about the Film or this consent agreement)." McNamara Decl. ¶ 28.c & Ex. 28 § 4. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no knowledge of the actual "agreements" entered into by the Plaintiffs in the *Martin* Case. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |
| 89. | The plaintiff in the *Martin* Case entered into a "standard consent agreement" with "Springland Films" in connection with her appearance in *Borat*, which stated that "the Participant | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no knowledge of the actual "agreements" entered into by the Plaintiffs in the *Martin* Case. | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted.  Local Rule 56.1(c). |

| | | | |
|---|---|---|---|
| | acknowledges that in entering into [the agreement], the Participant is not relying upon any promises or statements made by anyone about the nature of the Film or the identity of any other Participants or persons involved in the Film. McNamara Decl. ¶ 28.c & Ex. 28 § 5. | | Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |
| 90. | Paragraphs 4 and 5 of the SCA entered into by Judge Moore contain language materially identical in to the language quoted in ¶¶ 84-89 *supra* from Paragraphs 4 and 5 of the agreements entered into by the Plaintiffs in the *Psenicska* Case, the *Streit* Case, and the *Martin* Case. *Compare* Schulman Decl. ¶ 16 & Ex. 5 §§ 4 and 5 *with* McNamara Decl. ¶ 28.a & Ex. 26 §§ 4 and 5; McNamara Decl. ¶ 28.b & Ex. 27 §§ 4 and 5; McNamara Decl. ¶ 28.c & Ex. 28 §§ 4 and 5. | Disputed with explanation. Pursuant to F.R.C.P. 56(d), Plaintiffs have no knowledge of the actual "agreements" entered into by the Plaintiffs in the *Psenicska* Case, the *Streit* Case, and the *Martin* Case | Plaintiffs' response does not controvert the fact set forth in Defendants' statement, and the fact should therefore be deemed admitted. Local Rule 56.1(c).<br><br>Plaintiffs' response should also be disregarded because it does not point to evidence in the record that may create a genuine issue of material fact, or cite to any evidence to support its contentions. *See Baity*, 51 F. Supp. 3d at 421.<br><br>Plaintiffs' lack of knowledge is not a proper ground for denying a statement, and the fact should therefore be deemed admitted. *See Stepheny*, 356 F. Supp. 2d at 255 n. 4. |
| 91. | The *Psenicska* Case, the *Streit* Case, and the *Martin* Case were consolidated, and subsequently dismissed in | Admit | |

| | | |
|---|---|---|
| *Psenicska v. Twentieth Century Fox Film Corp.*, Nos. 07 Civ. 10972, *et al.*, 2008 WL 4185752 (S.D.N.Y. Sept. 3, 2008), *aff'd*, 409 F. App'x 368 (2d Cir. 2009). | | |

Dated: April 5, 2021

Respectfully Submitted,

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
Rachel F. Strom
Eric J. Feder
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
(212) 489-8230
(212) 489-8340 (fax)


Of Counsel:

Russell Smith, Esq.
Jeff Holmes, Esq.
SMITH DEHN LLP
654 San Juan Avenue
Venice Beach
Los Angeles, California  90291
(310) 396-9045
rsmith@smithdehn.com
jholmes@smithdehn.com

*Attorneys for Defendants*