

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax
lizmcnamara@dwt.com

April 9, 2021

<u>**Via CM/ECF and Electronic Mail**</u>

Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:     *<u>Moore, et al. v. Cohen, et al.</u>*, 1:19-cv-4977-JPC

Dear Judge Cronan:

        We represent Defendants in the above-referenced case.  We write pursuant to Rule 5.C.
of Your Honor's Rules in response to Plaintiffs' letters to this Court dated April 7, 2021 (ECF
Nos. 130 and 131).  As discussed below, there is absolutely no basis to grant Plaintiffs' requests.

**Background**

        After Plaintiffs took the deposition of Defendant Sacha Baron Cohen by video,
Defendants designated the video footage "confidential," pursuant to the Protective Order entered
by this Court (ECF No. 104), but did not designate the transcript of that deposition (or the
transcripts or videos of the other depositions taken in the limited discovery period) confidential.

        On the evening of April 6, 2021 – a day after conclusion of briefing on Defendants'
Motion for Summary Judgment – Plaintiffs' counsel sent an email to Defendants' counsel
demanding a response by 10 a.m. the next day regarding "your clients [*sic*] position on making
the video of the Sacha Baron Cohen deposition public."  **Exhibit A**.  Defendants' counsel
responded the next morning that the confidentiality designation was appropriate, and that
Plaintiffs should follow the procedures in the Protective Order if they wished to challenge it.  *Id.*

        On April 7, 2021, Plaintiffs instead filed a letter to this Court falsely asserting Defendants
had designated as confidential both the video and transcripts of all of the depositions, and
requesting that the Court "unseal[]" the documents.  ECF No. 130 at 2.  After Defendants sent an
email to Plaintiffs' counsel pointing out that the letter provided false information to the Court
and requesting its immediate withdrawal, Plaintiffs filed an amended letter (ECF No. 131).

        Plaintiffs' letters represent the latest example of the repeated deceptive conduct of
Plaintiffs and their counsel toward this Court.  Plaintiffs' counsel has previously failed to notify
the Court – as required under Local Rule 1.5(h)(1) – of his suspension by the D.C. Court of
Appeals, despite being informed on June 26, 2020 of his obligation to do so by Defendants'
counsel.  *See* **Exhibit B**; *see also In re Klayman*, 2021 WL 1149379 at *5-6 (D.C. Cir. Mar. 26,
2021) (attached as **Exhibit C**) (imposing reciprocal 90-day suspension and referring matter for
possible further discipline for failure to notify court of suspension pursuant to similar local rule).
He also repeatedly "mischaracterize[ed]" Judge Carter's prior rulings in this action and, as this
Court recognized, improperly tried to invoke the "law of the case."  *See* ECF No. 96 at 7:24-8:9,
26:1-12.  Now, Plaintiffs falsely claimed that Defendants designated all of the deposition
transcripts in the case confidential – a statement Plaintiffs had to know was false, as Defendants

explicitly stated exactly the opposite in an email to Plaintiffs.  *See* **Exhibit D**.  Although Plaintiffs "amended" their letter with these misrepresentations, they still did not withdraw the letter or otherwise notify the Court of the misrepresentations.

## Plaintiffs' Challenge to Defendants' Confidentiality Designation Is Without Merit

With this background in mind, the Court should deny Plaintiffs' challenge to Defendants' designation of the video of the Cohen deposition as confidential for at least two reasons.  *First*, Plaintiffs have failed to follow the procedure for challenging confidentiality designations under the Protective Order.  Paragraph 13 of the Protective Order provides that "[a] party objecting to a confidentiality designation must provide written notice of its disagreement, *describing with particularity the grounds for the objection*" (emphasis added).  But Plaintiffs failed to state *any* basis for the objection, much less describe the grounds "with particularity."  In addition, the Protective Order provides that the challenging party may request relief from the Court only "[i]f the dispute cannot be resolved" after a "good faith" attempt by the parties to do so.  Here, Plaintiffs made no good-faith attempt to resolve the dispute over Defendants' confidentiality designation; they simply demanded that Defendants state their position, and then filed their letter to the Court less than 24 hours later.

*Second*, Defendants' decision to designate the video of the Cohen deposition as confidential was appropriate.[1]  Courts have regularly restricted access to the videos of depositions of celebrities, noting that videos present a heightened risk of manipulation and dissemination by media.[2]  This is especially true where, as here, there is reason to suspect that a party is seeking to make use of the deposition video for non-litigation purposes.[3]

At no point have Plaintiffs provided any explanation of what actual evidentiary value the video footage of the deposition would have to the pending motion for summary judgment independent of the transcript of Mr. Cohen's deposition, portions of which have been filed on the public record.  Rather, it is abundantly clear that Plaintiffs' desire to make the video of the Cohen deposition public is unrelated to any legitimate litigation purpose.  To begin with, Plaintiffs' counsel insisted on taking Mr. Cohen's deposition despite being warned by both Defendants and the Court that he had little unique knowledge of the topics relevant to Defendants' pending motion.[4]  Plaintiffs' counsel proceeded to promote the upcoming deposition

---

[1] Contrary to Plaintiffs' contention, there is no presumption of public access to transcripts or videos of depositions that have not been filed with the Court or otherwise used in litigation.  *Antidote Int'l Films v. Bloomsbury Publ'g*, 2008 WL 11517159, at *1 (S.D.N.Y. June 17, 2008); *Stern v. Cosby*, 529 F. Supp. 2d 417, 421 (S.D.N.Y. 2007).  Plaintiffs falsely state this Court "acknowledge[d] the public nature of discovery" (ECF No. 131 at 1); rather, the Court stated that "unless there's a showing under precedent … all *filings* will continue to be public."  ECF No. 105 ("Dec. 18 Tr.") at 8:25-9:2 (emphasis added).

[2] *See, e.g.*, *Paisley Park Enters. v. Uptown Prods.*, 54 F. Supp. 2d 347 (S.D.N.Y. 1999) (restricting access to video of deposition of the artist known as Prince); *Stern*, 529 F. Supp. 2d at 422 (granting protective order limiting access to video of deposition, and noting that "videos can be more easily abused as they can be cut and spliced and used as 'sound-bites' on the evening news or sports shows, or, even worse, 'celebrity gossip' shows" (citations and internal quotes omitted)); *Low v. Trump Univ., LLC*, 2016 WL 4098195, at *5 (S.D. Cal. Aug. 2, 2016) (refusing to lift confidentiality designation of video of deposition of then-presidential candidate Donald Trump, noting that videos "are subject to a higher degree of potential abuse than written transcripts" (citations and internal quotes omitted)).

[3] *See, e.g.*, *Paisley Park*, 54 F. Supp. 2d at 349; *Stern*, 529 F. Supp. 2d at 422; *Low*, 2016 WL 4098195 at *6 ("[C]ourts have tended to restrict access to video depositions of celebrities where the improper purpose for which the deposition is sought is commercial gain or prurient interest…" (citing *Paisley Park*)).

[4] ECF No. 102 at 2-3; Dec. 18 Tr. at 33:23-34:2 ("I cannot say that Mr. Cohen will necessarily have nothing to

on his website.[5]  But then, after having taken the deposition, Plaintiffs did not cite to a word of Mr. Cohen's testimony – or any specific portion of the video footage – in their opposition to the summary judgment motion, tacitly acknowledging its irrelevance to the merits of the motion.

Instead, Plaintiffs have repeatedly confirmed that their objection to Defendants' confidentiality designation is based on their outrage at the fact that the *Who Is America?* segment featuring Roy Moore is available to the public while the video of the Cohen deposition is not.[6] In other words, Plaintiffs wish to make the video public purely to cause Mr. Cohen public discomfort in retaliation for the discomfort Defendants allegedly caused Plaintiffs and, at the same time, to generate publicity for Plaintiffs' counsel.  Such use of deposition video is inappropriate and should not be countenanced by the Court.  *See Paisley Park*, 54 F. Supp. 2d at 349 (noting that video depositions are "not intended to be a vehicle for generating content for broadcast and other media"); *see also Stern*, 529 F. Supp. 2d at 422-23.

Lastly, the public has not been deprived of access to any of the *substance* of Mr. Cohen's testimony, as the transcript is not confidential – indeed, Defendants themselves filed unredacted excerpts from it with their motion.  *See* ECF No. 114-7.

## The Court Should Not Credit Plaintiffs' Baseless Allegations of Deposition Coaching

It is clear that Plaintiffs' baseless claim that Mr. Cohen "was being fed answers" during his deposition – which Defendants unequivocally deny – is nothing more than a pretext to attempt to drum up some controversy around the Cohen deposition.  ECF No. 131 at 2.  Plaintiffs did not even file the video of the Cohen deposition (which they could have done under seal) for this Court to review.  Nor have they produced a shred of evidence in support of their false accusation, or even identify any response they believe to be suspect (let alone one that would have any effect on the motion).  To the contrary, Mr. Cohen's answers consisted of entirely noncontroversial testimony about corporate ownership of companies that Plaintiffs do not even dispute.

Nevertheless, Plaintiffs continue to use their public filings to hurl unsubstantiated falsehoods at Defendants and their counsel.  The Court should put an end to this abuse of the litigation process and deny Plaintiffs' request for an "evidentiary hearing" on the matter.

## Conclusion

For the above reasons, Defendants respectfully request that this Court deny the relief requested by Plaintiffs in its entirety.

---

contribute as to the narrow issues — again, I say narrow issues — to be raised in the defendants' anticipated summary judgment motion, although it certainly sounds like to the Court he will have very little to contribute.").

[5] *See* http://www.larryklayman.com/news.php (promoting press coverage of this case, including articles about the taking of Mr. Cohen's deposition).  Indeed, Plaintiffs' counsel frequently seeks publicity for his litigations, including by issuing press releases posting video depositions of prominent deponents.  *See, e.g.*, http://www.larryklayman.com/roger-stone-video-deposition-in-corsiklayman-defamation-sui2.

[6] *See* **Exhibit D** ("Apparently it is OK to defame Chief Justice Moore and harm him and his family by branding him as a pedofile [*sic*], but Cohen is a 'protected species' because he gave a video deposition in some residence which no one could tell where it is."); ECF No. 131 at 2 ("Apparently Defendant Cohen has no problem maliciously and publicly defaming Judge Moore as a pedophile but yet seeks to hide his video testimony from public view.").

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/ Elizabeth A. McNamara

cc:      Plaintiffs' counsel (via CM/ECF and email)