April 16, 2021

**Via CM/ECF and Electronic Mail**

Hon. John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

Re:     *Moore, et al v. Cohen, et al.*, **1:19-cv-4977-JPC**

Dear Judge Cronan:

      The parties in the above-referenced case provide the following Joint Status Report pursuant to the Court's order of April 12, 2021.  On April 15, 2021 the parties met and conferred and were not able to reach an agreement regarding the confidentiality designation of the video of Sacha Baron Cohen's deposition or the need for a hearing regarding Plaintiffs' allegation regarding Mr. Cohen having been fed answers at his videoed deposition.

      **A.**     **Plaintiff's Statement**

      The substance and tenor of Defendants' statement is misleading concerning the court ordered conference call for the following reasons.

      First, the original claimed contrived "rationale" by Defendants' counsel for not agreeing to make the video deposition of Defendant Sacha Baron Cohen's public was that it was taken in a private residence. *See* Exhibit 1 - Attached email from defense counsel. This alleged rationale is bogus, as there is no way for anyone to discern where the deposition was taken from by Zoom. The ex post facto alleged rationale offered later, after Plaintiff's counsel sent the letter of April 7, 2021 to this Court,  that Plaintiffs would exploit its being made public is just that.

      It is not an exploitation to have the video removed from the overly broad confidential protective order, as discovery, like all court proceedings, are public. Moreover, a witness's demeanor is the reason why video depositions are the accepted norm. Making the video public requires no justification, as this is required. To rule otherwise, would show, as Plaintiffs have argued in the past, that this Court is being overly protective of Defendant Cohen. That he is a Hollywood movie and television star, does not accord to him special privileges that other litigants do not enjoy. As one example, was this Court's having overridden the prior discovery order of the previous presiding judge the Honorable Andrew Carter – which was the law of the case -- which allowed for full discovery of the issues before this Court, and instead then  limiting the deposition of Defendant Sacha Baron Cohen on the overly narrow issue of simply his alleged corporate ownership for one hour.

      Further, the videographer, Mr. Demerath, told Mr. Klayman before the commencement of the deposition of Cohen  (who was the first to be deposed), that defense counsel Eric Feder had told him that the Cohen deposition was not to be videoed. Attached as Exhibit 2 is an email circulated by the deposition provider, Naegeli, which included the videographer, Mr. Demerath, prior to the deposition of Defendant Cohen, which is why the videographer was present. Also attached as is the notice of deposition which was served on defense counsel, which shows that

April 16, 2021
Page 2

the depositions would be videotaped. When Mr. Klayman advised the videographer otherwise, contrary to what Mr. Federer and told him, Mr. Demerath videoed the deposition.

Finally, Plaintiff's counsel, Larry Klayman, sought to resolve the issue of Defendant Sacha Baron Cohen's having appeared to be fed answers at his deposition by someone who perhaps was in the room with him or elsewhere at the time, by proposing that Cohen swear out an affidavit refuting this. Defense counsel refused to even further this suggestion to Defendant Cohen, simply dismissing Plaintiffs' concern as unwarranted, based on the claim that defense counsel did no such thing. Defense counsel were at the time in the United States and Defendant Cohen was in Australia. As Plaintiff's counsel pointed out, there never was never the allegation that defense counsel fed answers to Defendant Cohen, adding that the failure to prepare and submit an affidavit for Defendant Cohen to sign, much less raise the proposal with him, raises a strong presumption that he was fed answers by someone, since fraud and deceit is the modus operandi of Defendant Cohen and his staff, such as his main producer and "right hand man" Todd Schulman, who acknowledged this by way of admitted actions during his deposition. For instance, Shulman admitted that he knew that Moore had crossed out of the release that sexual content was not to be discussed, but that they went ahead to defame Plaintiff Moore a pedophile in any event during the interview which Schulman watched and was directing and supervising.

The above is why Plaintiff Roy Moore has requested an evidentiary hearing on these serious matters. Given that Defendant Cohen will not even be asked by his counsel to swear out an affidavit under oath, this is necessary to get to the truth. The video of Defendant Cohen's deposition is being emailed to the presiding judge.

Second, having reviewed the transcripts of prior court proceedings with the current presiding judge, comparing it to the transcripts of proceedings with the prior presiding judge, the Honorable Andrew Carter, as well as the manner in which this serious matter was responded to by the current presiding judge on April 12, 2021, Plaintiff Roy Moore has instructed counsel to request that the current presiding judge recuse himself from this case based on the appearance of unequal treatment, based on extra-judicial bias and prejudice likely emanating from Plaintiff Roy Moore's political and religious beliefs and activism. The presiding judge has also made statements showing that he has prejudged this case. A motion is being prepared with an affidavit signed under oath by Plaintiff Roy Moore pursuant 28 U.S.C. 144 et. seq and will be filed shortly, with a request that this case be transferred back and assigned to the Honorable Andrew Carter.

Third, Melissa Isaak, Plaintiff Moore's counsel in Alabama who put Defendants on advance notice that airing the interview would result in the actionable defamation of Plaintiff Roy Moore – which notice was ignored -- will be moving in pro hac vice to join in the 28 U.S.C. 144 et. seq. motion as co-counsel and to engage in any further proceedings before this Court, including trial. Defendants do not object to her pro hac vice admission.

### B.     Defendants' Statement

The entire transcript of Sacha Baron Cohen's deposition was designated non-confidential and certain portions were submitted on the record in connection with the pending motion for

April 16, 2021
Page 3

summary judgment. Defendants designated the video of the deposition confidential to prevent exploitation of the video independent of any purpose legitimately connected to this litigation. At the meet and confer, when asked for an explanation as to why it was necessary to remove the video's confidentiality designation, given that the transcript of Mr. Cohen's deposition was not designated confidential, Plaintiffs' counsel admitted, "I just want to make it public so people can see it and see [Mr. Cohen's] demeanor." Plaintiffs' counsel explained, he felt there is "no reason not to do it," and added, "I don't need to justify" it. Based on this representation, Defendants declined to remove the confidentiality designation from the video of Mr. Cohen's deposition for the reasons set forth in Defendants' April 9, 2021 letter.

With regard to the evidentiary hearing requested by Plaintiffs, Defendants' counsel reiterated that Plaintiffs' request for an "evidentiary hearing" regarding any alleged coaching at Mr. Cohen's deposition was baseless, noting that no support for the accusation had been provided beyond vague and speculative contentions. Nonetheless, to hopefully resolve the issue, Defendants' counsel represented that counsel for Mr. Cohen did not transmit any texts or emails to Mr. Cohen during the deposition. Notwithstanding that representation, Plaintiffs' counsel demanded affidavits from the parties involved. Defendants made clear that affidavits are unnecessary given that no foundation for the claim had been made and the request amounted to harassment.

As an independent issue, Defendants agreed that they would not object to Plaintiffs' co-counsel, Melissa Isaak, being admitted *pro hac vice*.

Finally, Plaintiffs' counsel informed Defendants' counsel of Plaintiffs' intention to move Your Honor to recuse himself from this case, stating that Your Honor "has shown a pattern and practice of protecting" Defendants. Defendants' counsel objected to that conclusion as unfounded and declined to join any recusal motion.

As for the other incidental issues raised by Plaintiffs in this letter, Defendants will be happy to address any questions the Court may have concerning such issues at the conference.

Respectfully Submitted,

Klayman Law Group, P.A.

/s/ Larry Klayman

*Attorneys for Plaintiffs*


Davis Wright Tremaine LLP

/s/Elizabeth A. McNamara

*Attorneys for Defendants*