```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ROY STEWART MOORE and KAYLA
MOORE,

                Plaintiffs,            New York, N.Y.

          v.                           19 Civ. 4977 (ALC)

SACHA NOAM BARON COHEN,
SHOWTIME, INC., AND CBS
CORPORATION,

                Defendants.

------------------------------x        Teleconference


                                       July 31, 2020
                                       3:00 p.m.
Before:

          HON. ANDREW L. CARTER, JR.,

                                       District Judge



                          APPEARANCES


KLAYMAN LAW GROUP, P.A.
     Attorneys for Plaintiffs
BY:  LARRY E. KLAYMAN


DAVIS WRIGHT TREMAINE LLP
     Attorneys for Defendants
BY:  ELIZABETH A. McNAMARA
     RACHEL F. STROM
     ERIC J. FEDER
```

1                (Case called)
2                THE DEPUTY CLERK:  Counsel, please state your
3     appearance for the plaintiffs.
4                MR. KLAYMAN:  Larry Klayman for Roy and Kayla Moore,
5     plaintiffs.
6                THE DEPUTY CLERK:  And for the defendants.
7                MS. McNAMARA:  Elizabeth McNamara, for the defendants,
8     at Davis Wright Tremaine.
9                THE DEPUTY CLERK:  Go ahead.  Other counsel state your
10    appearance for the record.
11               MR. FEDER:  Eric Feder, Davis Wright Tremaine, for
12    defendants.
13               MS. STROM:  And Rachel Strom, also Davis Wright
14    Tremaine, for the defendants.
15               THE COURT:  Thank you.
16               Okay.  Good afternoon.  I hope everyone is safe and
17    healthy.
18               I have reviewed the parties' joint status report
19    laying out their positions on how discovery should proceed in
20    this matter.  Before I hear from the parties, I will let you
21    know my thoughts at this point.  I may change my mind after
22    hearing from counsel, but as of now, I am not inclined to
23    bifurcate discovery.
24               It seems as though, in the interest of fairness, all
25    discovery related to the standard consent agreement, fraud

1   allegation, and defamation should proceed simultaneously.
2   Discovery should, however, be limited to the particular claims
3   and transactions at issue in this matter.  At this time, I am
4   also not inclined to limit the instruments of discovery as
5   proposed by defendants, and I am inclined, instead, to allow
6   depositions to go forward.
7           These are my thoughts at this time, but I will hear
8   now from the parties, beginning with plaintiffs, on the
9   discovery issues.
10          MR. KLAYMAN:  Yes, your Honor.  We agree with your
11  ruling, subject to, obviously, these arguments.
12          This is a situation where, not just in the economy of
13  taking discovery -- and your Honor recognized that economy, in
14  effect, in your order of July 8, 2020 -- but the very fact that
15  we need spontaneous responses from the various parties,
16  including my own plaintiffs, the parties that I represent.
17  They are ready, willing, and able to submit to discovery and
18  depositions.
19          The approach that was proposed by the defendants would
20  basically constrain discovery to lawyer responses, and we all
21  know that -- we are experienced litigators -- that we need
22  responses from the parties themselves, we need the ability to
23  be able to cross-examine, to probe.  And the defendant, Sacha
24  Baron Cohen, you know, is someone who is obviously very
25  talented in his own right, but he is a master of deception.

1   And what's really important here is, when you look even at the
2   corporate documents, his name isn't on it.  It doesn't even
3   show that he owns that.  All we see is the name Jennifer
4   Lawless.  And so consequently we will need discovery into that,
5   and also all of the various other issues that are involved
6   here.
7              We will proceed, you know, with respect to everybody,
8   and I hope that the same will occur with regard to my clients,
9   but they will make themselves fully available and let the truth
10  prevail.  That's basically the purpose of discovery.
11             So, your Honor, we appreciate your ruling here and
12  would strongly urge that we stick to it in the interests of
13  justice.
14             THE COURT:  Okay.  Defense counsel.
15             MS. McNAMARA:  Your Honor, yes.  This is Elizabeth
16  McNamara.
17             We made our proposal predicated on what the Court had
18  done and said at the last conference with regard to the motion
19  to dismiss, where the Court had made clear, and I think
20  appropriately, we accept the Court's observation that certain
21  information was outside of the scope of the complaint *per se*.
22  And so, in order to assess the corporate -- incorporation of
23  YTV and its relationship with the various defendants, we are
24  prepared to produce any and all documents that support that,
25  as well as any testimony that would need in order to

1  substantiate that.
2          But it was our understanding, in connection with the
3  Court's reasoning, on the motion to dismiss that the Court was
4  denying that largely based upon that information being outside
5  the four corners of the complaint and that there needed to be
6  understandable discovery in order to confirm those issues.
7          If the discovery is going to go into any and all
8  claims and defenses in this action, then we are talking about
9  something much more significant and time consuming, costly,
10 and, frankly, I think, prejudicial, given kind of the import of
11 our motion and the clarity of a -- given the Second Circuit law
12 with Borat.  And so that if we were to proceed with full
13 discovery, as I am hearing the Court suggesting now, then we
14 would need to be getting discovery on all -- any and all issues
15 and claims here, including, you know, substantial truth of the
16 statements at issue, which would involve a lot of third-party
17 discovery regarding the press reporting and surrounding the
18 allegations against Judge Moore as well as the women who made
19 the allegations against Judge Moore.  We understand that there
20 is pending litigation with one of those women, and that would
21 need to be looked into and involved.
22         So there would be full discovery on substantial truth,
23 there would need to be full discovery on actual malice, and
24 there would need to be full discovery on damages, as well as
25 other ancillary issues.

1           However, we have understood that we could obviate
2    that major undertaking and to focus on the discrete issues that
3    were raised by the motion to dismiss, which involved
4    predominantly the enforceability of the consent agreement and
5    the arguments against that enforceability, which are addressed
6    in part by the Court in its observations about the
7    relationship, the corporate relationship, as well as the
8    fraudulent statements that the plaintiffs rely on which, as we
9    indicated in our correspondence with the Court, we would want
10   to -- we would look at -- you know, if we were going to have
11   this preliminary summary judgment renewal that focused on these
12   discrete issues, we would look at stipulating to certain of
13   those facts to obviate having to involve a lot of discovery on
14   that.
15          So the Court has never articulated any other
16   reasonings as to the denial other than the facts I have
17   identified, which is the corporate relationship and the
18   relationship, so -- and given what the Court has said at the
19   last conference, it was our understanding that we were going to
20   move forward with very quick discovery on that.  We proposed 60
21   days, and then we could renew that motion.  If that motion is
22   denied, then we can proceed promptly with full discovery on
23   substantial truth, actual malice, damages, and all of the other
24   discovery.
25          MR. KLAYMAN:  Your Honor, I have a response, if I

1    may?
2         THE COURT:  You may.  Let me just --
3         MR. KLAYMAN:  Okay.
4         THE COURT:  -- make some thoughts first --
5         MR. KLAYMAN:  Sure.
6         THE COURT:  -- and then I will hear from plaintiffs'
7    counsel.
8         MR. KLAYMAN:  Okay.
9         THE COURT:  My thinking, when the defendants
10   originally filed their motion to dismiss, you filed your motion
11   to dismiss based on the standard consent agreement as well as
12   under First Amendment grounds, and I had decided that we would
13   focus on the motion to dismiss on the standard consent
14   agreement with the hope that this would be something that could
15   be decided on a 12(b)(6) standard and that there may be
16   documents such that, and in fact I asked for documents
17   regarding the ownership of this enterprise with the thought
18   that these documents might be able to be the sort of documents
19   of which I could take judicial notice and we could deal with
20   that issue, up or down, regarding the standard consent
21   agreement.
22        The documents, again, I wasn't able to do that on a
23   12(b)(6) motion, and then therefore the efficiencies of dealing
24   with this case in that way have disappeared.  So I do think now
25   it would not be efficient to bifurcate this discovery in this

1  matter.  If we are going to have discovery, it seems to me that
2  it makes sense to just have all the discovery.  And as I
3  mentioned the last time, we should have discovery regarding the
4  First Amendment grounds as well as the standard consent
5  agreement, and it seems to me we might as well have discovery
6  regarding the allegations of fraud as well.
7          But that's my thinking, that there would be no
8  efficiencies now.  And if we are going to have some depositions
9  and have this sort of discovery, to bifurcate that discovery.
10 That's my thinking.
11         But let me hear from plaintiffs' counsel.
12         MR. KLAYMAN:  Well, that's my thinking, too, your
13 Honor.
14         Your order of July 8, 2020, does not deny the motion
15 to dismiss in its entirety.  So consequently, we should now
16 proceed.  We will obviously try to be as efficient as possible.
17 The parties will work together.  But we need to get to the
18 basic issues right now, and depositions and document
19 productions are the way to start.
20         And of course defendants are free to move for summary
21 judgment at any time.  So that doesn't preclude them from doing
22 it, if they feel they have sufficient proof to do that.
23         So I agree completely with your reasoning and your
24 thinking, and it is consistent with your order of July 11,
25 2020.

1       THE COURT: Okay. Anything else from defense counsel?
2       MS. McNAMARA: No, your Honor. I mean, other than to,
3  I think, reiterate, you know, that we do think that given
4  the -- there hasn't been any articulation on the First
5  Amendment arguments or anything else, and so we were hoping to
6  have, you know, a determination. But if the Court wants to
7  proceed with full discovery on all of the issues in the case,
8  then obviously we will comply with the Court's desire.
9       THE COURT: Okay. All right. So let's go ahead with
10 full discovery. I will give the parties a chance to try to
11 work this out. Obviously there will be -- well, I shouldn't
12 say that. There may be disputes between the parties and, if
13 so, I will deal with those as they arise.
14      I think it makes sense to find out from the parties,
15 get an estimate of how long do you think discovery will take?
16 Do the parties anticipate that discovery could be wrapped up in
17 90 days or 120 days?
18      What's plaintiffs' counsel's view on that?
19      MR. KLAYMAN: Your Honor, I would say at the outset
20 150 days would be reasonable.
21      THE COURT: Okay. Defendants, what's your view in
22 terms of that time estimate?
23      MS. McNAMARA: I think that's exceedingly optimistic
24 for the reasons that I have identified. This is going to
25 involve significant third-party discovery into all the women

1  who have made accusations against, you know, Judge Moore and
2  amongst other myriad issues, and so I think that, you know, as
3  I say, that would be optimistic.  I think we should be looking
4  at six months at least.
5              MR. KLAYMAN:  I will agree to six months, your Honor.
6              THE COURT:  Okay.  All right.  So let's try to wrap up
7  discovery six months from now.
8              Can we get a date in February, Tara?
9              THE DEPUTY CLERK:  February 2, Judge.
10             THE COURT:  Okay.  So let's try to wrap up discovery
11 by Groundhog's Day, and in the interim I think it makes sense
12 to have some status reports to get the updates from the parties
13 to make sure that we are moving on track.
14             Let's have the first joint status report filed by
15 September 16.  Does that work for counsel?  Again, that will
16 just be a joint status report.  Does that work for plaintiffs'
17 counsel?
18             MR. KLAYMAN:  Yes, your Honor.  Larry Klayman.
19             THE COURT:  Does that work for --
20             MS. McNAMARA:  Yes, yes.
21             THE COURT:  -- defendant?
22             MS. McNAMARA:  It's Elizabeth Macnamara.  That works
23 for us, as well.  And you know, I said six months, your Honor,
24 but if we anticipate some of the roadblocks we may well
25 encounter, we may be back to your Honor seeking a little leave

K7v2MooC

1 on that.  But I'm happy to proceed expeditiously and address
2 this.
3       THE COURT:  Okay.  All right.  Anything else from
4 plaintiffs' counsel?
5       MR. KLAYMAN:  No, your Honor.  Have a very nice
6 weekend and stay safe.  Larry Klayman.
7       THE COURT:  All right.  Anything else from defense
8 counsel?
9       MS. McNAMARA:  No, your Honor.  Thank you.
10       THE COURT:  Okay.  We are adjourned.  Thank you.
11       MS. McNAMARA:  Okay.  Okay.  Thank you.
12       MR. KLAYMAN:  Thank you.
13       oOo

SOUTHERN DISTRICT REPORTERS, P.C.