UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------------- x
ROY STEWART MOORE and KAYLA MOORE,    :
:
              Plaintiffs,    :  Index No. 19 Civ. 4977 (JPC)
:
              - against -    :
:
SACHA NOAM BARON COHEN, SHOWTIME    :
NETWORKS, INC., AND CBS CORPORATION,    :
:
              Defendants.    :
-------------------------------------------------------------------- x

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RECUSE AND/OR DISQUALIFY THE HONORABLE JOHN P. CRONAN UNDER 28 U.S.C. § 144

Defendants submit this memorandum of law in opposition to Plaintiffs' Motion to Recuse and/or Disqualify the Honorable John P. Cronan Under 28 U.S.C. § 144 (ECF 136, the "Motion"). Plaintiffs' Motion is baseless and should be denied.

In their Motion, Plaintiffs argue for the second time in this case the assigned judge should recuse himself because Plaintiffs disagree with certain rulings. Specifically, here Plaintiffs target two of this Court's rulings: that it entered a standard protective order in the action, and granted Defendants' request to file a limited summary judgment motion. Further, Plaintiffs argue that two of Judge Cronan's remarks at a court conference showed "bias and protectionism" in favor of Defendants – even though one of those remarks was made while quite literally ruling against the Defendants on a discovery dispute. But, as Plaintiffs' counsel knows, these complaints are far from sufficient to remove a judge from a litigation.

Rather, absent extraordinary circumstances, it is well established that disqualification or recusal of a judge on the basis of prejudice requires a showing of bias stemming from a source *external* to the litigation. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result

in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). As the Second Circuit has made clear, "claim[s] of prejudice [that are] based completely on [a judge's] conduct and rulings in the case at hand . . . form no basis for a finding of extrajudicial bias." *In re Int'l Business Machines Corp.*, 618 F.2d 923, 928 (2d Cir. 1980). To be clear, then, "rulings made by (the trial judge) during the trial or statements made by him in the course of his judicial duties . . . [are] not any basis for disqualification." *Id.* (citation and internal quotation marks omitted). Indeed, even "a stern and short-tempered judge's ordinary efforts at courtroom administration" cannot support recusal. *Liteky*, 510 U.S. at 555–56.

Plaintiffs' counsel, Mr. Klayman, should know this standard better than most, given the voluminous case law devoted specifically to denying the recusal motions he aims with regularity at judges he perceives to be unreceptive to his legal arguments. Over 20 years ago Judge Denny Chin remarked that Mr. Klayman "has a history of accusing judges of bias or prejudging cases," and that his "repeated efforts to find fault with the judges before whom he appears certainly interferes with the administration of justice." *MacDraw, Inc. v. CIT Grp. Equip. Fin.*, 994 F. Supp. 447, 459 (S.D.N.Y. 1997) (noting that Mr. Klayman had already threatened to move for recusal of the previous judge assigned to the case, and sanctioning Mr. Klayman for suggesting Judge Chin could not be impartial due to his ethnicity), *aff'd*, 138 F.3d 33 (2d Cir. 1998).

Undeterred, Mr. Klayman has continued to make a habit of filing meritless recusal motions – often multiple times in a single case – based on little more than his disagreement with statements or rulings made by judges in the course of judicial proceedings. *See*, *e.g.*, *Klayman v. Lim*, No. 18-2209 (RDM), 2019 WL 3752774, at *1 (D.D.C. Aug. 8, 2019), *aff'd*, 830 F. App'x 660 (D.C. Cir. 2020) (denying recusal motion that was based in part on disagreement with

district court's decision dismissing complaint), *reh'g en banc denied* (Nov. 23, 2020); *Klayman v. Judicial Watch, Inc.*, No. 06-670 (CKK), 2019 WL 3719008, at *6 (D.D.C. Aug. 7, 2019) (denying fourth recusal motion in the same case, and citing to orders denying previous three recusal motions); *Robles v. In the Name of Humanity, We Refuse to Accept a Fascist Am.*, No. C 17-cv-4864-CW, 2018 WL 10604118, at *3 (N.D. Cal. Oct. 24, 2018) (denying recusal motion that alleged judge's "demonstrated bias or prejudice based on rulings against Plaintiff"); *Freedom Watch, Inc. v. Sessions*, 729 F. App'x 7, 7 (D.C. Cir. 2018) (per curiam) (affirming denial of motion for recusal or disqualification, noting that judicial rulings are almost never a valid basis for such a motion); *Pennie v. Obama*, 255 F. Supp. 3d 648, 673 (N.D. Tex. 2017) (denying recusal motion and stating if plaintiffs filed another such motion the court would issue an order to show cause why plaintiffs or their counsel should not be held in contempt and sanctioned), *appeal dismissed sub nom. Klayman v. Obama*, No. 17-10653, 2017 WL 6343520 (5th Cir. Nov. 14, 2017); *Klayman v. City Pages*, No. 5:13-cv-143-Oc-22PRL, 2015 WL 12852310, at *2 (M.D. Fla. June 8, 2015) (denying recusal motion that was based on court's rulings), *aff'd,* 650 F. App'x 744 (11th Cir. 2016); *Strange v. Islamic Republic of Iran*, 46 F. Supp. 3d 78, 82–85 (D.D.C. 2014) (denying disqualification motion that was based on judicial rulings, and noting denial of similar disqualification motions in two related cases); *Meng v. Schwartz*, 97 F. Supp. 2d 56, 58 (D.D.C. 2000) (finding motion for recusal fell "far short" of demonstrating the requisite bias, despite the "strong terms" in which the court expressed its opinion as to defendant's credibility).

     True to form, Plaintiffs have already filed a motion for recusal of Judge Thomas Hogan, to whom this case was assigned when it was improperly filed in the District Court for the District of Columbia, on the basis of the alleged "bias" he demonstrated against them in his judicial

rulings and remarks. *See Moore v. Cohen*, ECF 36, No. 18-cv-02082 (TFH) (D.D.C.). While Judge Hogan ultimately denied the motion on the grounds that the court lacked jurisdiction over it once it transferred the case to this District, he noted nevertheless that "the Court has serious doubts about the merits of each of the plaintiffs' arguments" regarding recusal. *Id.* ECF 39 at 2.

Plaintiffs further argue that just by filing their Motion, Judge Cronan is automatically "disqualified" from the case. Motion at 10. But Plaintiffs' counsel knows that this too is wrong as a matter of law. As the United States District Court for the District of Columbia has already explained to Plaintiffs' counsel, "the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification." *Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 256 (D.D.C. 2017) (citation and internal quotation marks omitted). Rather, a court must review the purported basis for recusal – and when recusal is sought based on ordinary disagreements with judicial rulings and remarks, the recusal motion can and should be denied. *Id.*

In this case, Plaintiffs' Motion provides four bases for its allegation that Judge Cronan is somehow biased against Plaintiffs: 1) the limitation of discovery to issues related to Defendants' motion for summary judgment;[1] 2) Judge Cronan's remarks during a hearing while *denying* Defendants' request to prevent a deposition of Defendant Sacha Baron Cohen; 3) Judge Cronan's

---

[1] Plaintiffs improperly invoke the "law of the case" doctrine to argue that Judge Cronan was bound to follow Judge Carter's decision to allow full discovery. *See* ECF 96 ("Dec. 3 Tr."), 5:16–20, 7:16-23, 25:22-26:7; ECF 105 ("Dec. 18 Tr."), 25:17–20, 30:5–12. But, they are wrong – the doctrine applies to "a prior ruling on an issue of law" and does not abrogate the Court's "broad discretion in handling pre-trial discovery and scheduling." *City of Almaty v. Ablyazov*, 15-cv-05345 (KHP), et al., 2019 WL 11662228, at *1 (S.D.N.Y. Oct. 24, 2019) (citations and internal quotation marks omitted). In any event, "under law of the case a trial court cannot reconsider on remand an issue decided by an appellate court," but "rulings of the district court are subject to revision by that court 'at any time before the entry of final judgment.'" *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148–49 (2d Cir. 1999) (quoting Fed. R. Civ. P. 54(b)).

4

entry of a protective order; and 4) a remark that the decision in *Psenicska v. Twentieth Century Fox Film Corp.*, No. 07 Civ. 10972 (LAP), et al., 2008 WL 4185752 (S.D.N.Y. Sept. 3, 2008), affirmed by the Second Circuit, appeared to present facts similar to the present case.  Motion at 3-10.  But these disagreements over the law – or Judge Cronan's "efforts at courtroom administration" – cannot support recusal.  Indeed, Plaintiffs do not point to any extrajudicial source of the bias they allege, making this exactly the sort of recusal motion Mr. Klayman routinely makes – and which are routinely denied.

While it is true that Plaintiffs also claim – without any evidence or support – that Judge Cronan's alleged bias "can only be logically be explained as a reaction to Judge Moore's devout political and religious beliefs," Motion at 1, this is precisely the type of unsupported allegation that Mr. Klayman has been admonished for making before.  *See MacDraw, Inc.*, 994 F. Supp. at 456 (Mr. Klayman argued that Judge Chin was biased against him merely because he was appointed by President Clinton and is Asian-American, but, as Judge Chin held, "[t]his sentiment is absurd and demeans me individually and the Court as a whole."); *see also Klayman v. Judicial Watch, Inc.*, 628 F. Supp. 2d 98, 111 (D.D.C. 2009) ("Klayman's allegation that recusal is warranted or that an appearance of bias against him has been created because of the Court's rulings in this case, along with the fact that the undersigned was appointed by former President William J. Clinton, completely lack merit.").  Plaintiffs offer no support for the conclusory claim of bias here.  In fact, it appears to be the same type of "histrionics" that Judge Hogan already rejected in this case.  *Moore v. Cohen*, ECF 39 at 2 n.1, No. 18-cv-02082 (TFH) (D.D.C.) (rejecting claim that Judge Hogan "disrespect[ed] and disparage[d]" Plaintiffs at a court hearing).

In short, Plaintiffs' Motion conforms to the pattern of myriad meritless recusal and disqualification motions Mr. Klayman has filed in the past, including in this case. This Court should follow the lead of its sister courts across the country and deny the Motion.

Dated: May 3, 2021                   Respectfully submitted,

*/s/Elizabeth A. McNamara*
Elizabeth A. McNamara
Rachel F. Strom
Eric J. Feder
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
(212) 489-8230
(212) 489-8340 (fax)